VINCENT A. HARRINGTON, JR., Bar No. 071119
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501-1091
Telephone 510.337.1001
Fax 510.337.1023

Attorneys for Respondent

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANFORD HOSPITAL & CLINICS AND LUCILE PACKARD CHILDREN'S HOSPITAL,<br><br>　　　　Petitioners,<br><br>　　v.<br><br>SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715,<br><br>　　　　Respondent. | No.　C-07-5158-MMC<br><br>**ANSWER OF RESPONDENT SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715 TO PETITION TO VACATE ARBITRATION AWARD** |

Now comes the Respondent Service Employees International Union, Local 715 ("SEIU"), and by way of Answer to the above-captioned Petition to Vacate Arbitration Award, responds as follows:

**I.　JURISDICTION**

1. The SEIU admits the allegations of paragraphs 1 through and including 3 of the Complaint.

**II.　INTRADISTRICT ASSIGNMENT**

2. The SEIU admits the allegations of paragraph 4 of the Complaint.

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

ANSWER OF RESPONDENT SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715 TO PETITION TO VACATE ARBITRATION AWARD

### III. THE COLLECTIVE BARGAINING AGREEMENT

3. The SEIU admits the allegations of paragraph 5 of the Complaint.

4. By way of answer to paragraph 6 of the Complaint, the SEIU admits that the Agreement is effective between January 20, 2006 and November 4, 2008, and except as so admitted, denies each and every, all and singular, the remaining allegations of said paragraph on the grounds that the Collective Bargaining Agreement, which is attached to this Complaint, speaks for itself.

5. By way of answer to paragraph 7 of the Complaint, the SEIU admits that the Collective Bargaining Agreement contains Article 26, a procedure for the processing and adjusting of grievances, culminating in arbitration; except as so admitted, the SEIU denies each and every, all and singular, the remainder of said paragraph on the ground that the Collective Bargaining Agreement, which is attached to the Complaint, speaks for itself.

6. By way of answer to paragraph 8 of the Complaint, the SEIU admits that Article 2 of the Collective Bargaining Agreement contains a so-called "Management's Rights" Article, and except as so admitted, denies each and every, all and singular, the remaining allegations of said paragraph on the ground that the Collective Bargaining Agreement, attached to the Complaint, speaks for itself.

7. By way of answer to paragraph 9 of the Complaint, the SEIU acknowledges that Article 18 of the Agreement contains provisions concerning "work rules" as well as other matters, and except as so admitted, denies each and every, all and singular, the remaining allegations of said paragraph on the ground that the Collective Bargaining Agreement, attached to the Complaint, speaks for itself.

8. By way of answer to paragraph 10 of the Complaint, the SEIU admits that Article 28 of the Agreement is entitled "Waiver" and except as so admitted, denies each and every, all and singular, the remaining allegations of said paragraph, on the ground that the Collective Bargaining Agreement, attached to the Complaint, speaks for itself.

9. By way of answer to paragraph 11 of the Complaint, the SEIU admits that Article 9

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

ANSWER OF RESPONDENT SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715 TO PETITION TO VACATE ARBITRATION AWARD

of the Collective Bargaining Agreement is entitled "Temporary Assignment," and further admits that the paragraph accurately recites a portion of Article 9. Except as so admitted, the SEIU denies and every, all and singular, the remaining allegations of said paragraph.

### IV.  THE ARBITRATION PROCEEDINGS

10. By way of answer to paragraph 12 of the Complaint, the SEIU acknowledges that on or about April 25, 2006, it did initiate a formal grievance under Article 26 of the Collective Bargaining Agreement in effect between the parties at that time. Except as so admitted, the SEIU denies each and every, all and singular, the remaining allegations of said paragraph.

11. The SEIU admits the allegations of paragraphs 13 and 14 of the Complaint.

12. By way of answer to paragraph 15 of the Complaint, the SEIU admits that on July 2, 2007, the Arbitrator issued the Award, and admits that a true and correct copy of that Award is attached to the Complaint as Exhibit B. Except as so admitted, the SEIU denies each and every, all and singular, the remaining allegations of said paragraph on the ground that the Arbitrator's Award, attached to the Complaint, speaks for itself.

### V.  GROUNDS FOR VACATUR

13. The SEIU denies each and every, all and singular, the allegations of paragraphs 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, and 26.

### VI.  AFFIRMATIVE DEFENSES

1. As and for a first, separate Affirmative Defense, the SEIU alleges that the Complaint, and each of its paragraphs and subparagraphs fails to set forth sufficient facts on which to base a claim against the SEIU, or to warrant the vacation of the Arbitration Award in this matter, and thus all relief should be denied to the Petitioner.

2. As and for a second, separate Affirmative Defense, the SEIU alleges that this Petition is brought in bad faith, for purposes of delay, and in an attempt to deny to the Union and the members covered by the Collective Bargaining Agreement, the benefits of that Agreement. Thus, the Court should award attorney fees and costs against the Petitioner.

3. As and for a third, separate Affirmative Defense, the SEIU alleges that this Petition

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 3 -
ANSWER OF RESPONDENT SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715 TO PETITION TO VACATE ARBITRATION AWARD

is untimely and is barred by the applicable statute of limitations found in California Code of Civil Procedure § 1288 in that it was not filed and served within 100 days of the service of a signed copy of the Award on Petitioner.

### VII.  PRAYER FOR RELIEF

WHEREFORE, the SEIU prays to that this Court:

1. Deny the Petition to Vacate the underlying Arbitration Award, and enter a new and different Order confirming that Award;

2. Award attorney fees and costs incurred in defending this action to the SEIU, on the ground that this Petition is submitted in bad faith, and is meritless;

3. That the Court grant such other and further relief that it appears just and proper under the circumstances.

Dated:  November 6, 2007

        WEINBERG, ROGER & ROSENFELD
        A Professional Corporation

        By:  /s/ Vincent A. Harrington, Jr.

        VINCENT A. HARRINGTON, JR.
        Attorneys for Respondent Service Employees
        International Union, Local 715

117443/474703

**WEINBERG, ROGER & ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 4 -

ANSWER OF RESPONDENT SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715 TO PETITION TO VACATE ARBITRATION AWARD