FOLEY & LARDNER LLP
ONE MARITIME PLAZA, SIXTH FLOOR
SAN FRANCISCO, CA 94111-3409
TELEPHONE:    415.434.4484
FACSIMILE:    415.434.4507

LAURENCE R. ARNOLD, CA BAR NO. 133715
EILEEN R. RIDLEY, CA BAR NO. 151735
SCOTT P. INCIARDI, CA BAR NO. 228814
Attorneys for Petitioner Stanford Hospital & Clinics
and Lucile Packard Children's Hospital

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANFORD HOSPITAL & CLINICS and LUCILE PACKARD CHILDREN'S HOSPITAL<br><br>Petitioners,<br><br>v.<br><br>SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715<br><br>Respondent. | Case No: C-07-5158-MMC<br><br>**OPPOSITION TO ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>[CIVIL L.R. 3-12 & 7-11]<br><br>Judge: Hon. Maxine M. Chesney |

Petitioners Stanford Hospital & Clinics and Lucile Packard Children's Hospital (the "Hospitals") hereby submit their opposition to motions filed by Service Employees International Union, Local 715 ("Local 715") seeking to declare this case related to three other cases recently filed in this District.

I.    **INTRODUCTION**

On January 11, 2008, Local 715 filed three actions in the United States District Court for the Northern District of California, designated case numbers C-08-0213 EMC, C-08-0215 JCS, and C-08-0216 JL.  All three cases name Stanford Hospital & Clinics and Lucile Packard

Children's Hospital (the "Hospitals") as respondent. On the same date, in each of these cases, Local 715 filed substantially identical motions titled "Administrative Motion To Consider Whether Cases Should Be Related" (the "Related Case Motions") Each of the Related Case Motions seeks an order (apparently from the judges in those cases) declaring that each of the cases is related to the instant case. Civil Local Rule 3-12 states that where a litigant believes that two or more cases are related, he or she must file an appropriate motion "in the earliest filed case", and that it is the judge in the earliest filed case who rules on such a motion. Here, Local 715 has filed its motions in each of the later filed cases, but has failed to file the motion in this case, which is the earliest filed case.[1] Civil Local Rule 3-12(e) states that opposition to a related case motion must be filed in the earliest filed case. Therefore, although Local 715 has failed to file its motion in this case, the Hospitals are filing their opposition in this case pursuant to Civil Local Rule 3-12.

Although the Hospitals received copies of the petitions in C-08-0213 EMC, C-08-0215 JCS, and C-08-0216 JL on January 14, 2008, to date, the Hospitals have not been served with summons in any of the cases. Therefore, at this time, the Hospitals have not been properly served in any of those cases, and they have not made an appearance. The Hospitals submit this Opposition without prejudice to their right to insist upon proper service of the petitions, and without waiving their right to challenge improper service of the petitions.

## II. TO THE EXTENT THAT THE COURT DECIDES TO CONSIDER THE MOTIONS, THEY SHOULD BE DENIED

To the extent that Local 715's related case motions are procedurally proper and the Court decides to consider them, they should be denied. While the three newly-filed cases do involve the same named parties, and involve the same collective bargaining agreement, there is very little commonality between this case and the three newly filed cases. This case involves the issue of whether an arbitrator rendered an invalid award when he ordered that the Hospitals were

---

[1] Local 715 also failed to list this, or any other case, as a related case in the Civil Cover Sheets filed along with the petitions filed on January 11, 2008.

obligated to make premium payments to certain employees based upon a "past practice" by the Hospitals that, according to the arbitrator, required such payments.

The three recently filed cases, in contrast, present entirely different issues. Behind each of those issues is the fundamental underlying issue of Local 715's status as bargaining representative of the Hospitals' employees. In all three cases, the Hospitals would assert that Local 715 has effectively ceased to exist (or at least that the Hospitals were given reason to believe that it had ceased to exist), and/or that its former functions have been transferred to another SEIU local, either directly or through an invalid "servicing agreement" with another local. The local that has assumed the functions of Local 715 has not been certified as bargaining representative of any of the Hospitals' employees, meaning that the Hospitals are not required to deal with it under the National Labor Relations Act ("NLRA"), in grievance and arbitration proceedings or otherwise, and in fact, are prohibited from doing so.

The underlying issue of Local 715's status is at the heart of each of the three newly filed complaints. Case number C-08-0213-EMC arose out of a grievance filed by Local 715 on behalf of a former employee of the Hospitals named Victor Acosta. The Hospitals have not denied that the grievance is substantively arbitrable, and have not refused to arbitrate it. However, the attorney (from the firm of Weinberg, Roger & Rosenfeld) who appeared to represent Local 715 during the arbitration hearing refused to state whether he was, in fact, retained by Local 715 directly, or was actually retained by another local, Service Employees International Union, United Healthcare Workers – West ("UHW") and was appearing pursuant to a "servicing agreement" between Local 715 and UHW – a servicing agreement that the Hospitals have rejected as invalid. The Hospitals refused to participate in the arbitration absent such confirmation. The arbitrator, although he conceded that he lacked the power or authorization to determine whether the servicing agreement was valid, or whether the attorney from Weinberg, Roger & Rosenfeld (the "Weinberg Firm") and an SEIU representative accompanying him were proper representatives of Local 715, issued a decision that, in effect, upheld the servicing agreement and/or decided the representational issue, at least as to the proceeding.

Case number C-08-0215-JCS involves the issue of whether the Hospitals are obligated to arbitrate over their alleged withholding of dues monies from Local 715. To the extent that the Hospitals are required to appear in the case, they would contend, among other things, that they were entitled, if not statutorily obligated, to cease remitting dues monies to Local 715 because Local 715 has ceased to exist, or at least until and unless they receive adequate information confirming its continued existence. The Hospitals would further contend that they were entitled to refuse to select and arbitrate or otherwise proceed with the Weinberg Firm unless and until the nature of its representation and/or the validity of the servicing agreement is adequately established.

Case number C-08-0216-JL involves a grievance filed by an employee of the Hospitals' named John Simien. As in the grievance involving Victor Acosta, the Hospitals have not refused to arbitrate the matter. They have, however, refused to participate in any phase of the arbitration process with the Weinberg Firm purportedly appearing on behalf of Local 715, where the Hospitals are not provided proper and adequate assurances that the Weinberg Firm is, in fact, retained by Local 715 and is appearing directly on behalf of Local 715, rather than being retained by another local union and appearing pursuant to a rejected servicing agreement. Again, the Hospitals have not been provided with adequate assurances.

Thus, each of the three newly filed cases centers on the representative status of Local 715 and would involve issues including whether Local 715 continues to exist and/or whether the "servicing agreement" between Local 715 and UHW is valid. Given that the cases raise the issue of the representative status of a labor organization (or former labor organization) the judge or judges deciding these cases would also be called upon to determine whether the representative status of Local 715 is a matter for judicial determination at all, or whether it is an issue within the exclusive jurisdiction of the National Labor Relations Board.

None of the above-referenced determinations or issues are involved in this case. The grievance and demand for arbitration at issue in this case arose before the representative status of Local 715 became an issue. The grievance in this case was filed in April, 2006, the arbitration

hearing was held in April, 2007, and the award issued on July 2, 2007. The issue of the nature of the Weinberg Firm's representation of Local 715 did not ripen until October, 2007, when the Hospitals informed Local 715 that they would no longer participate in arbitration proceedings with the Weinberg Firm absent adequate assurances regarding the nature of its representation of Local 715. The Hospitals did not challenge Local 715's status with respect to the arbitration at issue here, nor did they challenge the propriety of the appearance of Local 715's attorney at the arbitration, because such issues had not developed at the time of the arbitration. Thus, this case is of an entirely different character than the three newly filed cases, and consolidating this case with any of the newly filed cases would create confusion and unnecessary complication, rather than economy of judicial resources.[2]

For these reasons, Petitioners Stanford Hospital & Clinics and Lucile Packard Children's Hospitals respectfully submit that the Motion(s) To Consider Whether Cases Should Be Related should be DENIED.

Dated: January 16, 2008

FOLEY & LARDNER LLP
LAURENCE R. ARNOLD
EILEEN R. RIDLEY
SCOTT P. INCIARDI

By: _____
LAURENCE R. ARNOLD
Attorneys for Petitioners
Stanford Hospital & Clinics and Lucile
Packard Children's Hospital

---

[2] Although the Hospitals oppose relating any of the newly filed cases to the present case, they would not oppose the newly filed cases being related to one another.