VINCENT A. HARRINGTON, JR., Bar No. 071119
BRUCE A. HARLAND, Bar No. 230477
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501-1091
Telephone 510.337.1001
Fax 510.337.1023

Attorneys for Respondent
SEIU Local 715

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANFORD HOSPITAL & CLINICS and LUCILE PACKARD CHILDREN'S HOSPITAL,<br><br>             Petitioners,<br><br>     v.<br><br>SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715<br><br>             Respondent. | No.   C-07-5158-MMC<br><br>**LOCAL 715's OPPOSITION TO PETITIONERS' MOTION FOR INTRA-DISTRICT ASSIGNMENT**<br><br>**[CIVIL L.R. 3-2]**<br><br>Judge:  Hon. Maxine M. Chesney |

## I.  INTRODUCTION

For the first time since Petitioners Stanford Hospital & Clinics and Lucile Packard Children's Hospital (collectively "Stanford") initiated this case in October 2007, they now move this Court for a change of intra-district assignment.  Given that Stanford filed the instant action in the San Francisco Division, that the parties have been engaged in this litigation for three months, that the Court has already issued orders, accommodated the schedule of Stanford's lawyers, and that Stanford waited until now to bring the instant motion, the effect of transferring this case to the San Jose Division would be a waste of judicial resources and would prejudice the progress of the case.

## II. FACTUAL BACKGROUND

Stanford filed a Petition to Vacate in the San Francisco Division of the Northern District of California on or about October 9, 2007. The Court then assigned the matter to the Honorable Maxine M. Chesney, and, along with the Petition, Stanford served Respondent, Service Employees International Union, Local 715 ("Local 715") with an Order Setting Initial Case Management Conference and ADR Deadlines.

On or about November 6, 2007, Local 715 filed an Answer to Stanford's Petition. At no time prior to Local 715's Answer did Stanford seek to have the matter transferred to the San Jose Division. In fact, pursuant to the Court's Order Setting Initial Case Management Conference and the Federal Rules of Civil Procedure, the parties met and conferred. On December 28, 2007 the parties jointly filed a Stipulated Motion for Relief From the Case Management Schedule. In that Stipulated Motion, the parties requested that the Case Management Conference be postponed because the parties agreed that the case would "likely be resolved through the filing of a dispositive motion, and there likely will be no need for formal discovery or a trial in this case." (Stipulated Mtn. at p. 3; *see also* Decl. of Laurence R. Arnold in Support of Stipulated Mtn. at p. 2.) Stanford did not raise the issue or object to the district assignment during the meet and confer process or in either the Stipulated Motion or in Mr. Arnold's declaration in support of the Stipulated Motion. Moreover, this court has already accommodated the schedule of counsel for Stanford with regard to the timing of the Initial Case Management Conference. (*See* Decl. of Laurence R. Arnold in Support of Motion for Relief from Case Management Schedule, dated December 28, 2007 at ¶¶ 3 and 4.) Having submitted these issues to the court's discretion, and having obtained a ruling from the court, it is now too late for Stanford to claim that the matter is inappropriately assigned to Judge Chesney.

On January 11, 2008, the parties exchanged a draft of a Joint Case Management Conference Statement in this matter. At no time during the drafting or discussion of the statement did the Petitioner raise the issue of the intra-district assignment. In fact, Petitioner repeated, as it did in the Stipulated Motion, that the parties "believe that this case will be resolved by a dispositive motion,

**WEINBERG, ROGER & ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 2 -
LOCAL 715's OPPOSITION TO PETITIONER'S MOTION FOR CHANGE OF INTRA-DISTRICT ASSIGNMENT
CASE NO. C-07-5158-MMC

and propose that the determination of dates for designation of experts, discovery cutoff, and pretrial conference and trail [sic] be postponed until after the resolution of such motion, if necessary." (Decl. of Bruce A. Harland at ¶ 2, Exh. A.)

For strategic or tactical expediency, Petitioners have now decided to move this Court for a change of intra-district assignment, despite the fact that they filed the action in the San Francisco Division and never objected to the assignment, and despite the fact that the Court has already issued orders in this case.

### III.  ARGUMENT

**A.  STANFORD'S DELAYED MOTION SHOULD BE DENIED BECAUSE IT WOULD BE WASTE OF JUDICIAL RESOURCES AND PREJUDICIAL TO THE PROGRESS OF THE CASE TO HAVE IT TRANSFERRED TO THE SAN JOSE DIVISION NOW.**

Stanford waived the right to object to the intra-district assignment because it not only filed this action in the San Francisco Division, but also because it unreasonably delayed in filing the instant motion for a change in the intra-district assignment. By commencing an action in an improper judicial district, a Plaintiff can waive the right to object to venue. *See Olbelling v. Ill. Centr. Railway Co.*, 346 U.S. 338, 390, 74 S.Ct. 83, 85 (1953) (holding that "plaintiff, by bringing the suit in a district other than that authorized by the statute, relinquished his right to object to the venue"). Furthermore, where a party delays in requesting a transfer, such objections are waived. *See Apache Prods. Co. v. Employers Ins. of Wausau*, 154 F.R.D. 650, 657 (S.D. Miss. 1994); *In re PG & E Corp.*, 281 B.R. 1 at *4, fn.4 (N.D. Cal. 2002), *aff'd*, *City & County of San Francisco v. PG & E Corp.*, 433 F.3d 1115 (9th Cir. 2006).

Here, Stanford initiated the instant action by filing its Petition in the San Francisco Division. Now, three months after Stanford initiated the instant action and after the Court has issued orders, Stanford seeks to change the intra-district assignment.

Despite Stanford's claim that because the parties reside in Santa Clara County and the acts and omissions giving rise to the action occurred in Santa Clara, for whatever reason, Stanford chose to file their petition in the San Francisco Division. Stanford now claims in its motion that

**WEINBERG, ROGER & ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 3 -
LOCAL 715's OPPOSITION TO PETITIONER'S MOTION FOR CHANGE OF INTRA-DISTRICT ASSIGNMENT
CASE NO. C-07-5158-MMC

the "convenience of the parties and witnesses will be served by having the matter properly venued in Santa Clara . . . ." (Pets. Mtn. at p. 2, lines 18-20.) This claim is remarkable given that (1) this action is a petition to vacate and cross-petition to confirm a final and binding arbitration award. No witnesses are necessary for the claims to be adjudicated and (2) that Stanford has agreed that this case would "likely be resolved through the filing of a dispositive motion, and there likely will be no need for formal discovery or a trial in this case." (Stipulated Mtn. at p. 3; *see also* Decl. of Laurence R. Arnold in Support of Stipulated Mtn. at p. 2.) Indeed, that was the very purpose behind the parties filing a Stipulated Motion for Relief from the Case Management Order.

At this stage of the proceedings, the practical effect of transferring the case to the San Jose Division would be a waste of judicial resources and prejudicial to the progress of this matter. Accordingly, the Court should deny Stanford's motion.

### IV. CONCLUSION

For the foregoing reasons, Local 715 respectfully requests that the Court deny Plaintiff's motion for change of intra-district assignment.

Dated: January 23, 2008

                                        WEINBERG, ROGER & ROSENFELD
                                        A Professional Corporation

                                 By:  */s/* VINCENT A. HARRINGTON, JR.
                                          VINCENT A. HARRINGTON, JR.
                                          BRUCE A. HARLAND
                                          Attorneys for Respondent
                                          SEIU, Local 715

117443/481695

**WEINBERG, ROGER & ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 4 -
LOCAL 715's OPPOSITION TO PETITIONER'S MOTION FOR CHANGE OF INTRA-DISTRICT ASSIGNMENT
CASE NO. C-07-5158-MMC