VINCENT A. HARRINGTON, JR., Bar No. 071119
BRUCE A. HARLAND, Bar No. 230477
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501-1091
Telephone 510.337.1001
Fax 510.337.1023

Attorneys for Respondent
SEIU Local 715

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANFORD HOSPITAL & CLINICS and LUCILE PACKARD CHILDREN'S HOSPITAL,<br><br>       Petitioners,<br><br>       v.<br><br>SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715<br><br>       Respondent. | No.    C-07-5158-MMC<br><br>**DECLARATION IN SUPPORT OF LOCAL 715's OPPOSITION TO MOTION FOR CHANGE OF INTRA-DISTRICT ASSIGNMENT**<br><br>**[CIVIL L.R. 3-2]**<br><br>Judge:  Hon. Maxine M. Chesney |

I, Bruce A. Harland, hereby declare:

1.     I am an associate in the law firm of Weinberg, Roger and Rosenfeld, and am one of the attorneys representing Respondent, Service Employees International Union, Local 715 in the above-entitled case.  I make this declaration upon my personal knowledge, and, if called as a witness, I could competently testify to the facts hereinafter stated.

2.     Attached hereto and marked as Exhibit A is a true and correct copy of a letter dated January 2, 2008 from Vincent Harrington, Jr. to Scott Powers Inciardi, attaching suggested inclusions/rewrites of portions of the Joint Case Management Conference Statement drafted by Petitioners' counsel.

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

1     I declare under penalty of perjury under the laws of the United States of America and the

2   State of California that the foregoing is true and correct.  Executed this 23rd day of January 2008

3   in Alameda, California.

4

5                                             _____
                                                    BRUCE A. HARLAND
6

7   117443/481714

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 2 -

DECLARATION OF BRUCE A. HARLAND IN SUPPORT OF LOCAL 715's OPPOSITION TO MOTION FOR
CHANGE OF INTRA-DISTRICT ASSIGNMENT
Case No. C-07-5158-MMC

STEWART WEINBERG
DAVID A. ROSENFELD
WILLIAM A. SOKOL
VINCENT A. HARRINGTON, JR.
W. DANIEL BOONE
BLYTHE MICKELSON
BARRY E. HINKLE
JAMES RUTKOWSKI +
SANDRA RAE BENSON
CHRISTIAN L. RAISNER
JAMES J. WESSER
THEODORE FRANKLIN
ANTONIO RUIZ
MATTHEW J. GAUGER
ASHLEY K. IKEDA ++
LINDA BALDWIN JONES
PATRICIA A. DAVIS
ALAN G. CROWLEY
J. FELIX DE LA TORRE
KRISTINA L. HILLMAN +++
ANDREA LAIACONA
EMILY P. RICH

# WEINBERG, ROGER & ROSENFELD
A PROFESSIONAL CORPORATION

1001 Marina Village Parkway, Suite 200
Alameda, CA 94501-1091
TELEPHONE 510.337.1001
FAX  510.337.1023

GAIL K. MARINO ++
ANNE I. YEN
NICOLE M. PHILLIPS
BRUCE A. HARLAND
CONCEPCIÓN E. LOZANO-BATISTA
CAREN P. SENCER
LINELLE S. MOGADO
MANJARI CHAWLA
KRISTINA M. ZINNEN
JANNAH V. MANANSALA
MANUEL A. BOÍGUES ++++
KERIANNE R. STEELE
ANA M. GALLEGOS
GARY P. PROVENCHER

PATRICIA M. GATES, Of Counsel
ROBERTA D. PERKINS, Of Counsel

+ Also admitted in Arizona
++ Admitted in Hawaii
+++ Also admitted in Nevada
++++ Also admitted in Illinois

January 2, 2008

EMAIL ATTACHMENT

Scott Powers Inciardi
Foley & Lardner LLP
One Maritime Plaza, Suite 600
San Francisco, CA  94111

Re:   *Stanford Hospital & Clinics and Lucile Packard Children's Hospital*
      *v. Service Employees International Union, Local 715*
      U.S. District Court, Northern District, Case No. C-07-5158-MMC

Dear Mr. Inciardi:

The attachment contains suggested inclusions/rewrites of portions of the Joint Case Management Conference Statement which you earlier sent to me.  Please include my changes in the appropriate location.  If you need to discuss these matters with me at any time, please do not hesitate to contact me.

Sincerely,

Vincent A. Harrington, Jr.

VAH/map
opeiu 3 afl-cio(1)
Attachment
117443/479673

# EXHIBIT A

LOS ANGELES OFFICE
3435 Wilshire Boulevard, Suite 620
Los Angeles, CA  90010-1907
TEL 213.380.2344 FAX 213.381.1088

SACRAMENTO OFFICE
428 J Street, Suite 520
Sacramento, CA  95814-2341
TEL 916.443.6600 FAX 916.442.0244

HONOLULU OFFICE
1099 Alakea Street, Suite 1602
Honolulu, HI  96813-4500
TEL 808.528.8880 FAX 808.528.8881

1    **FOLEY & LARDNER LLP**
     ONE MARITIME PLAZA, SIXTH FLOOR
     SAN FRANCISCO, CA 94111-3409
2    TELEPHONE:     415.434.4484
     FACSIMILE:     415.434.4507
3
     LAURENCE R. ARNOLD, CA BAR NO. 133715
     SCOTT P. INCIARDI, CA BAR NO. 228814
4    Attorneys for Petitioner Stanford Hospital & Clinics
     and Lucile Packard Children's Hospital
5
     **WEINBERG, ROGER & ROSENFELD**
6    **A PROFESSIONAL CORPORATION**
     1001 MARINA VILLAGE PARKWAY, SUITE 200
     ALAMEDA, CA 94501-1091
7    TELEPHONE:     510.337.1001
     FACSIMILE:     510.337.1023
8
     VINCENT A. HARRINGTON, JR., CA BAR NO. 071119
     Attorneys for Respondent,
9    Service Employees International Union, Local 715

10
                      **UNITED STATES DISTRICT COURT**
11
                      **NORTHERN DISTRICT OF CALIFORNIA**
12

13

14   **STANFORD HOSPITAL & CLINICS and**      Case No:  C-07-5158-MMC
     **LUCILE PACKARD CHILDREN'S**
15   **HOSPITAL**

16              **Petitioners,**
                                             **JOINT CASE MANAGEMENT**
17        v.                                 **CONFERENCE STATEMENT**

18   **SERVICE EMPLOYEES**
     **INTERNATIONAL UNION, LOCAL 715**
19
                **Respondent.**              **Judge:  Hon. Maxine M. Chesney**
20

21
              Pursuant to Local Rule 16-9 and the Court's "Standing Order For All Judges Of The
22
     Northern District Of California; Contents Of Joint Case Management Statement" (the "Standing
23
     Order"), Petitioners Stanford Hospital & Clinics and Lucile Packard Children's Hospital (the
24
     "Hospitals") and Respondent Service Employees International Union, Local 715 (the "Union")
25
     respectfully submit their Joint Case Management Conference Statement.
26
     **I.     JURISDICTION AND SERVICE**
27
              The Court has personal jurisdiction by virtue of, Section 301 of the Labor-Management
28

---

SFCA 882560.3

1  Relations Act of 1947 (hereinafter "Section 301"). 29 U.S.C. § 185. The Petition was served on
2  the Union by personal service on October 18, 2007.

3  **II.    FACTS**

4      The Hospitals and the Union (sometimes collectively referred to as the "Parties") are
5  signatory to a collective bargaining agreement (the "Agreement") effective between January 20,
6  2006 through November 4, 2008. The Agreement covers certain classifications of the Hospitals'
7  employees, including the job classification known as "Anesthesia Tech" ("Tech"). The
8  Agreement sets forth a procedure for processing and adjusting grievances culminating in
9  arbitration.

10     The Agreement contains provisions pertaining to the jurisdiction and powers of
11 arbitrators to hear and decide grievances. Article 26.1.1 defines a "grievance" as "a claim during
12 the term of this Agreement that the Employer has violated this Agreement . . ." Article 26.7.3 of
13 the Agreement provides that, in the event that a grievance is taken to arbitration, "[t]he
14 arbitrator's authority will be limited to interpreting the specific provisions of this Agreement and
15 will have no power to add to, subtract from, or to change any part of the terms or conditions of
16 this Agreement." Article 26.7.10 further provides that "[t]he arbitrator's authority will be limited
17 to determining whether the Employer has violated the provision(s) of this Agreement. The
18 arbitrator will not have jurisdiction or authority to add to, amend, modify, nullify, or ignore in
19 any way the provisions of this Agreement, and will not make any award that would, in effect,
20 grant the Union or the employee(s) any matters that were not obtained in the negotiation
21 process."

22     Article 2 of the Agreement sets forth certain "management rights" reserved to the
23 Hospitals under the Agreement. Among the rights specifically reserved to the Hospitals by
24 Article 2 are the rights to "direct and assign the work force," "to abolish, create, alter or combine
25 job classifications," "to introduce new or improved equipment, facilities or operations," and "to
26 determine whether employees, both within and without the bargaining unit, will or will not
27 perform certain functions, duties or tasks." Article 2 further states that the Hospitals "may, in its

28

2

SFCA 882560 3

1    discretion, continue any current policies and practices which do not conflict with express written

2    provisions of this Agreement."

3          9.    Article 18 of the Agreement sets forth provisions governing "work rules" and

4    states, in part, that "[t]he Employer has the right at its discretion to promulgate, alter, modify,

5    amend, rescind, and enforce work rules which are not inconsistent with this Agreement." Article

6    18 defines "work rules" as "rules promulgated by the Employer, or a particular department or

7    departments thereof, within its discretion, that regulate employees relative to and affecting their

8    employment."

9          10.    Article 28 of the Agreement is titled "waiver" and states in relevant part that

10   "[t]he Employer and the Union, for the life of this Agreement, each voluntarily and unqualifiedly

11   waives the right, and each agrees that the other will not be obligated to bargain collectively with

12   respect to any subject or matter referred to, or covered in this Agreement, or with respect to any

13   subject or matter not specifically referred to or covered by this Agreement, even though such

14   subject or matter may not have been within the knowledge or contemplation of either or both of

15   the parties at the time they negotiated or signed the Agreement."

16         11.    Article 9 of the Agreement, titled "temporary assignment," governs the conditions

17   under which employees covered by the Agreement may become entitled to premium payments

18   known as "relief in higher classification" or "RHC" pay.  Article 9 states in relevant part:

19

20           An employee temporarily assigned by the Employer to perform the
             typical duties of a position in a higher pay grade for four (4)

21           consecutive hours or more will receive a differential of five percent
             (5%) for each grade above the grade of the employee's regular

22           classification for all hours during which the employee is so
             assigned (e.g., if an employee in Grade SEIU0006 is assigned to a

23           position in SEIU0008 the employee will receive a differential of
             ten percent (10%)).  As an exception if an employee is assigned by

24           the Employer to a position in a lead classification listed in
             Appendix A and to perform all of the duties thereof, the employee

25           will be paid a lead premium of five percent (5%) for the actual
             hours worked in the lead position provided the lead position is in a

26           classification in a higher wage range than the employee's regular
             classification or position.

27

28

SFCA 882560.3

1   On or around April 25, 2006, the Union filed a grievance (the "Grievance") alleging that

2   the Hospitals violated Article 9 of the Agreement by refusing to pay RHC pay to techs who

3   carried a "Spectralink" telephone ("Spectralink") in the Main Operating Room ("Main O.R.") of

4   the Hospitals.  The Grievance was submitted to Paul D. Staudohar (the "Arbitartor") for

5   arbitration.

6   In post-hearing briefs to the Arbitrator, the Union and the Employer each argued the

7   applicability of these contract clauses, and the presence or absence of a "binding past practice"

8   arising out of the implementation of Article 9.

9   The Arbitrator issued a "Decision and Award" (the "Award") on July 2, 2007.  ~~In the~~

10  ~~Award, the Arbitrator found that there existed for some period of time a "past practice" of paying~~

11  ~~a five percent "differential wage" to anesthesia techs who carried a Spectralink, but that in early~~

12  ~~2006, Stanford determined that such payments were not authorized by the Agreement, and,~~

13  ~~without securing the Union's "consent or approval," announced that it was discontinuing such~~

14  ~~payments in February, 2006.~~  In the Award the Arbitrator found that there had existed for some

15  time under the prior Agreement a "past practice" of paying a five percent "differential wage" to

16  Anesthesia Techs who carried the Spectralink, and that this practice continued for a period of

17  time under the new Agreement.  The Arbitrator concluded, based on the undisputed evidence,

18  that in early 2006 Stanford ended the payment of the Spectralink differential, purportedly

19  because such payments were not authorized by the Agreement, but without securing the Union's

20  "consent or approval."  The Arbitrator concluded that, "the Employer violated Article 9 of the

21  collective bargaining agreement when it terminated the five percent differential to Anesthesia

22  Techs who were assigned to carry the Spectralink telephone on shifts in the Main Operating

23  Room.  The remedy is restoration of the five percent differential and making whole of

24  [anesthesia techs] in the Main Operating Room for lost wages.  The differential will remain in

25  effect unless and until altered by mutual agreement of the Parties."

26  **III.    LEGAL ISSUES**

27  The legal issue is whether the Award must be vacated under Section 301 of the Labor

28

SFCA 882560.3

1  Management Relations Act because it is invalid in that it fails to draw its essence from the

2  Agreement and/or does not represent a plausible interpretation of the Agreement.  The Hospitals

3  contend that the Award is invalid in the following respects:

4          1)  The Award ignores, modifies, and/or contradicts multiple provisions of the

5  Agreement, including Articles 2, 9, 18, 26, and 28;

6          2)  The Award decided issues that were not submitted to the Arbitrator;

7          3)  The Award decided issues that were not arbitrable under the Agreement.

8          The Union contends that the Award is valid and enforceable because it draws its essence

9  from the Agreement, represents a plausible interpretation of the Agreement, and resolves issues

10 expressly submitted for decision by the parties, or questions reasonably determined as necessary

11 by the Arbitrator to decide the question submitted.  Further, the Union contends that the petition

12 to vacate the arbitration award is untimely because it was not filed and served on the Union

13 within 100 days of the date of the service of a signed copy of the Award on the Employer as

14 required by California C.C.P. § 1288(a).  Alternatively, the Union contends the petition to vacate

15 is untimely under the Federal Arbitration Act (9 U.S.C. § 12), should it be argued to apply,

16 because the notice of motion to vacate the award was not served upon either the Union or the

17 attorney for the Union "within 3 months" after the Award was filed or delivered.

18 **IV.    MOTIONS**

19         No motions have been filed in the case to date.  The Parties expect that a dispositive

20 motion (or motions) will be filed in the near future seeking adjudication of all material issues in

21 the case.

22 **V.     AMENDMENT OF PLEADINGS**

23         The Hospitals do not anticipate amending any of its pleadings, but reserve the right to do

24 so.  The Parties propose a deadline for amending the pleadings of June 1, 2008February 15,

25 2008.

26 **VI.    EVIDENCE PRESERVATION**

27         The evidence relevant to the issues in this case is expected to be limited to the

28

SFCA 882560.3

1   Agreement, the Award, and the transcripts, exhibits, and briefs filed in connection with the

2   arbitration proceedings and the pleadings and other documents on file in this matter. The Parties

3   have taken all necessary steps to preserve this evidence.

4   **VII.   DISCLOSURES**

5        Under Federal Rule of Procedure 26(a)(1)(E), this action is exempt from the requirement

6   of Rule 26(a) disclosures. The Parties have made arrangements for an informal exchange of

7   documents and information (see "Discovery" below).

8   **VIII.   DISCOVERY**

9        The Parties have not conducted any discovery to date. The Parties believe and anticipate

10  that all the evidence that will be relied upon in the case is already in the possession of the parties

11  or can be exchanged informally without the need for formal discovery. The Parties have made

12  arrangements for the informal exchange of evidence to the extent that either party contends that

13  it is not in possession of relevant evidence.

14  **IX.   CLASS ACTIONS**

15       Neither party has asserted any claims or defenses on behalf of a class.

16  **X.   RELATED CASES**

17       The Parties are not aware of any related cases or proceedings bending before another

18  judge of this court, or before another court or administrative body.

19  **XI.   RELIEF**

20       The Hospitals seek an order by this Court vacating the Award and directing the

21  submission of the Grievance to a new arbitrator to be selected by the Parties under the

22  procedures set forth in the Agreement, that the Court award the Hospitals' costs, and such other

23  and further relief that the Court may deem proper.

24       The Union seeks an order by this Court denying the Petition to Vacate, and entering a

25  new and different order confirming the Award, attorneys fees and costs incurred on the ground

26  that the Petition is submitted in bad faith and is meritless, and such other and such other and

27  further relief that appears just and proper under the circumstances.

28

SFCA  882560.3

**XII.    SETTLEMENT AND ADR**

The Parties believe that settlement of the case is unlikely at this point.  The Parties have not engaged in any ADR efforts to date, and do not believe that such efforts would be helpful at this stage, as the case is likely to be resolved by motion.  <u>In the event that the parties are required to select an ADR procedure, the Union is agreeable to Early Neutral Evaluation.</u>

**XIII.    CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The Parties do not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

**XIV.    OTHER REFERENCES**

The Parties do not believe that the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**XV.    NARROWING OF ISSUES**

The Parties believe that all the factual and legal issues in the case can be resolved by motion.

**XVI.    EXPEDITED SCHEDULE**

As the case is likely to be resolved through a motion, the Parties do not believe that it is necessary to established an expedited schedule.

**XVII. SCHEDULING**

The Parties believe that this case will be resolved by a dispositive motion, and propose that the determination of dates for designation of experts, discovery cutoff, and pretrial conference and trail be postponed until after the resolution of such motion, if necessary.

**XVIII. TRIAL**

Neither party has requested a jury trial.  While the Parties believe it is very unlikely that a trial will be necessary in this case, in the event that a trial becomes necessary, the Parties expect the trial to last one (1) to two (2) days.

**XIX.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

The Hospitals have filed a "Certification Of Interested Entities Or Persons" with the

SFCA 882560 3

1   Court. Additionally, in accordance with the Court's Standing Order, counsel for the Hospitals

2   certifies as follows:

3
        The following listed persons, associations of persons, firms,
4       partnerships, corporations (including parent corporations) or other
        entities (i) have a financial interest in the subject matter in
5       controversy or in a party to the proceeding, or (ii) have a non-
        financial interest in that subject matter or in a party that could be
6       substantially affected by the outcome of this proceeding:

7
        •       Paul D. Staudohar, served as arbitrator in the arbitration at
8       issue in this proceeding, and therefore may have a non-financial
        interest in the subject matter that could be substantially affected by
9       the outcome of this proceeding.

10          The Union has not filed a "Certification Of Interested Entities Or Persons" with the

11  Court. Additionally, in accordance with the Court's Standing Order, counsel for the Union

12  certifies as follows:

13          The following listed persons, associations of persons, firms, partnerships, corporations

14  (including parent corporations) or other entities (i) have a financial interest in the subject matter

15  in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject

16  matter or in a party that could be substantially affected by the outcome of this proceeding:

17          [INSERT] Bargaining unit employees who may be entitled to the benefits of the

18  Arbitrator's award reinstating the five percent differential, and making affected employees whole

19  for any lost wages arising from the employer's elimination of the differential are potential

20  interested persons affected by the outcome of this proceeding.  The specific identities of those

21  employees are presently not known to counsel for the Union.

22  XX. OTHER MATTERS

23          [INSERT (IF NECESSARY)]

24

25

26

27

28

SFCA 882560 3

Dated: January \_\_\_, 2008

FOLEY & LARDNER LLP
LAURENCE R. ARNOLD
SCOTT P. INCIARDI


By: _____

LAURENCE R. ARNOLD
Attorneys for Petitioners
Stanford Hospital & Clinics and Lucile
Packard Children's Hospital


Dated: January \_\_\_, 2008

WEINBERG, ROGER & ROSENFELD
VINCENT A. HARRINGTON, JR.


By: _____

VINCENT A. HARRINGTON, JR.
Attorneys for Respondent
Service Employees International Union,
Local 715

9

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
CASE NO. C-07-5158-MMC

SFCA 882560.3