FOLEY & LARDNER LLP
ONE MARITIME PLAZA, SIXTH FLOOR
SAN FRANCISCO, CA 94111-3409
TELEPHONE: 415.434.4484
FACSIMILE: 415.434.4507

LAURENCE R. ARNOLD, CA BAR NO. 133715
EILEEN R. RIDLEY, CA BAR NO. 151735
SCOTT P. INCIARDI, CA BAR NO. 228814

Attorneys for Petitioners Stanford Hospital & Clinics
and Lucile Packard Children's Hospital

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANFORD HOSPITAL & CLINICS and LUCILE PACKARD CHILDREN'S HOSPITAL<br><br>Petitioners,<br><br>v.<br><br>SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715<br><br>Respondent. | Case No: C-07-5158-JF<br><br>OPPOSITION TO ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED<br><br>[CIVIL L.R. 3-12 & 7-11]<br><br>Judge: Hon. Jeremy Fogel |

Petitioners Stanford Hospital & Clinics and Lucile Packard Children's Hospital (the "Hospitals") hereby submit their opposition to a motion filed by Service Employees International Union, Local 715 ("Local 715") titled "Administrative Motion To Consider Whether Cases Should Be Consolidated" filed on April 17, 2008.

I. **INTRODUCTION**

The instant action was commenced on October 8, 2007 with the filing of a Petition To Vacate Arbitration Award filed by the Hospitals naming Local 715 as respondent. The Hospitals assert that the arbitration award is improper because the arbitrator exceeded the authority granted

to him by the applicable collective bargaining agreement.

Meanwhile, a dispute arose between the Hospitals and Local 715 not directly related to the arbitration at issue in the instant case. beginning in 2006, Hospitals became aware of facts leading it to suspect that Local 715 had effectively ceased to exist, and that its former functions had been transferred to another local or locals, either outright or in the guise of a "servicing agreement," the validity of which the Hospitals rejected. The Hospitals also came to believe that attorneys of the law firm Weinberg, Roger & Rosenfeld (the "Weinberg Firm") were participating in arbitration proceedings ostensibly on behalf of Local 715, but in actuality on behalf of the local or locals to whom Local 715's former functions had been transferred. Accordingly, in October, 2007, after the decision at issue in this case had already issued, the Hospitals announced that they would henceforth refuse to participate in any grievance or arbitration proceedings with representatives of the Weinberg Firm unless the Hospitals were given adequate assurances that Weinberg Firm attorneys were directly representing Local 715, and not another local or via the rejected servicing agreement. To date, the Hospitals have not received such assurances.

On January 11, 2008, Local 715 filed three (3) actions in the United States District Court for the Northern District of California, designated case numbers C-08-0213, C-08-0215, and C-08-0216 (sometimes referred to herein as the "January, 2008 Actions") and naming Hospitals as respondents. Unlike the instant case, which involved the validity of an arbitration award in which no challenge was made to the status of Local 715 or the Weinberg Firm, the January, 2008 Actions each involved a grievance or arbitration in which the Hospitals refused to arbitrate based upon the representative status issues outlined above. Local 715 moved to declare January, 2008 Actions related to the instant case. The Hospitals opposed the motion and argued that the cases should not be declared related because the instant case is of a fundamentally different character than the January, 2008 Actions. The Court, however, granted Local 715's motion and declared all four cases related.

1    On March 31, 2008, Local 715 filed two additional actions in the Northern District
2 designated C-08-1726 RS and C-08-1727 HRL (sometimes referred to herein as the "March,
3 2008 Actions"). Both of those actions are styled "Petition To Compel Arbitration" and name the
4 Hospitals as respondents. The Hospitals have been served with copies of the petitions, but as yet
5 have not appeared in either case.
6    On April 17, 2007, Local 715 filed the instant motion titled "Administrative Motion To
7 Consider Whether Cases Should Be Consolidated" (the "Motion"). The case numbers C-08-
8 1726 RS and C-08-1727 HRL are listed in the caption of the Motion. However, the Motion
9 states, "Local 715 believes that this case should be related to the cases referenced below" and
10 lists case numbers C-07-5158 JF (i.e. the instant case), along with C-08-0213 JF, C-08-0215 JF,
11 and C-08-0216 (the January, 2008 Actions). As these four (4) cases have already been declared
12 related by an earlier order of this Court, and although neither case number C-08-1726 RS nor C-
13 08-1727 HRL are identified in the body of the motion, the Hospitals assume that Local 715's
14 motion was intended as a motion to relate the instant case to case numbers C-08-1726 RS and C-
15 08-1727 HRL. On that basis, and for the same reasons they opposed Local 715's earlier related
16 case motion, the Hospitals oppose the Motion pursuant to Civil Local Rule 3-12.[1]

17   **II.   THE RELATED CASE MOTION SHOULD BE DENIED**

18    To the extent that the Motion requests that this case be declared related to case numbers
19 C-08-1726 RS and C-08-1727 HRL, it should be denied. There is very little commonality
20 between this case and the March, 2008 Actions. This case involves the issue of whether an
21 arbitrator rendered an invalid award when he ordered that the Hospitals were obligated to make
22 premium payments to certain employees based upon a "past practice" by the Hospitals that,
23 according to the arbitrator, required such payments. The instant case does not involve a
24 challenge to the representative status of Local 715 or the status of the Weinberg Firm, as such

---

[1] As noted previously, the Hospitals have made no appearance in C-08-1726 RS and C-08-1727 HRL. The Hospitals submit this opposition without prejudice to their right to challenge improper service of the petitions.

3
OPPOSITION TO ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED
CASE NO. C-07-5158-JF

issues, although existing, had not ripened at the time of the events at issue.[2] The grievance in this case was filed in April, 2006, the arbitration hearing was held in April, 2007, and the award issued on July 2, 2007. The issue of the nature of the Weinberg Firm's representation of Local 715 did not ripen until October, 2007, when the Hospitals informed Local 715 that they would no longer participate in arbitration proceedings with the Weinberg Firm absent adequate assurances regarding the nature of its representation of Local 715. The Hospitals did not challenge Local 715's status with respect to the arbitration at issue here, nor did they challenge the propriety of the appearance of Local 715's attorney at the arbitration, because such issues had not developed at the time of the arbitration.

The March, 2008 Actions, in contrast, present entirely different issues. Behind each of those issues is the fundamental underlying issue of Local 715's status as bargaining representative of the Hospitals' employees. In the March, 2008 Actions, the Hospitals would assert, among other things, that Local 715 has effectively ceased to exist (or at least that the Hospitals were given reason to believe that it had ceased to exist), and/or that its former functions have been transferred to another SEIU local (namely, Service Employees International Union, United Healthcare Workers – West ("UHW")), either directly or through an invalid "servicing agreement" with UHW. UHW has assumed the functions of Local 715, but has not been certified as bargaining representative of any of the Hospitals' employees, meaning that the Hospitals are not required to deal with it under the National Labor Relations Act ("NLRA"), in grievance and arbitration proceedings or otherwise, and in fact, are prohibited from doing so.

The underlying issue of Local 715's status is at the heart of the March, 2008 Actions. They arise out of grievances filed on behalf of former employees of the Hospitals (James Satuito in C-08-1726 RS and Jesus Andrade in C-08-1727 HRL). The Hospitals have not refused to arbitrate these grievances (at least to the extent that they are procedurally arbitrable). They have, however, refused to participate in any phase of the arbitration process in which representatives of

---

[2] The Hospitals do not foreclose the possibility that the status of Local 715 and/or the Weinberg Firm may become issues in the instant case.

the Weinberg Firm purportedly appear on behalf of Local 715, where the Hospitals are not provided proper and adequate assurances that the Weinberg Firm is, in fact, retained by Local 715 and is appearing directly on behalf of Local 715, rather than being retained by another local union and/or appearing pursuant to a rejected servicing agreement.

Thus, the March, 2008 Actions center on the representative status of Local 715 and would involve issues including whether Local 715 continues to exist and/or whether the "servicing agreement" between Local 715 and UHW is valid. Given that the cases raise the issue of the representative status of a labor organization (or former labor organization) the judge or judges deciding these cases would also be called upon to determine whether the representative status of Local 715 is a matter for judicial determination at all, or whether it is an issue within the exclusive jurisdiction of the National Labor Relations Board. The March, 2008 Actions are of an entirely different character than the instant case, and are therefore not related. In fact, relation of this case to the March, 2008 Actions would create confusion and unnecessary complication, rather than economy of judicial resources.[3]

For the foregoing reasons, Petitioners Stanford Hospital & Clinics and Lucile Packard Children's Hospitals respectfully submit that the Administrative Motion To Consider Whether Cases Should Be Related should be DENIED.

Dated: April 22, 2008

FOLEY & LARDNER LLP
LAURENCE R. ARNOLD
EILEEN R. RIDLEY
SCOTT P. INCIARDI

By: *Eileen Ridley /SPI/*
EILEEN R. RIDLEY
Attorneys for Petitioners
Stanford Hospital & Clinics and Lucile Packard Children's Hospital

---

[3] Although the Hospitals oppose relating the instant case to C-08-1726 RS and/or C-08-1727 HRL, they do not object to C-08-1726 RS and C-08-1727 HRL being declared related to C-08-0213 JF, C-08-0215 JF, and C-08-0216, to the extent that the Motion requests such relief.

1  FOLEY & LARDNER LLP
   ONE MARITIME PLAZA, SIXTH FLOOR
   SAN FRANCISCO, CA 94111-3409
2  TELEPHONE:  415.434.4484
   FACSIMILE:  415.434.4507
3
   LAURENCE R. ARNOLD, CA BAR NO. 133715
   EILEEN R. RIDLEY, CA BAR NO. 151735
4  SCOTT P. INCIARDI, CA BAR NO. 228814
   Attorneys for Petitioner Stanford Hospital & Clinics
5  and Lucile Packard Children's Hospital

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

| STANFORD HOSPITAL & CLINICS and LUCILE PACKARD CHILDREN'S HOSPITAL | Case No: C-07-5158-JF |
|---|---|
| Petitioners, | |
| v. | **[PROPOSED] ORDER DENYING ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |
| SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715 | |
| Respondent. | |
| | Judge: Hon. Jeremy Fogel |

Service Employees International Union, Local 715 ("Local 715), respondent in the above-captioned case, has filed an Administrative Motion To Consider Whether Cases Should Be Related requesting that that the above-captioned case be related to two (3) other cases filed in this District, designated case numbers C-08-1726 RS and C-08-1727 HRL. Petitioners Stanford Hospital & Clinics and Lucile Packard Children's Hospital filed an Opposition to the Motion.

Upon considering the papers and arguments submitted in support of and in opposition to the Motion, the Court has decided that case numbers C-08-1726 RS and C-08-1727 HRL are not related to the above-captioned case within the meaning of Civil Local Rule 3-12, and therefore

1  that the Motion is DENIED.

3     IT IS SO ORDERED

DATE:

                                        _____
                                        JEREMY FOGEL
                                        UNITED STATES DISTRICT JUDGE