WILLIAM A. SOKOL, Bar No. 072740
BRUCE A. HARLAND, Bar No. 230477
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501-1091
Telephone 510.337.1001
Fax 510.337.1023

Attorneys for Respondent
SEIU, Local 715

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANFORD HOSPITAL & CLINICS and LUCILE PACKARD CHILDREN'S HOSPITAL,<br><br>        Petitioners,<br><br>    v.<br><br>SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715<br><br>        Respondent. | No.   5:07-CV-05158-JF<br><br>**SEIU, LOCAL 715'S OPPOSITION TO MOTION TO CONTINUE DEADLINE TO FILE/HEAR DISPOSITIVE MOTION**<br><br>**[Local Rules 6-1 and 6-3]**<br><br>Judge: Hon. Jeremy Fogel |

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

## I. INTRODUCTION

In effort to delay proceedings, Petitioners Stanford Hospital & Clinics and Lucile Packard Children's Hospital (the "Hospitals") seek an order from this Court to continue the date to file and hear dispositive motions in the above matter. The Hospitals brought the instant action under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, alleging that the Respondent Service Employees International Union, Local 715 ("Local 715") was a labor organization within the meaning of the LMRA. In his August 2007 award and decision, an Arbitrator found that the Hospitals violated the parties' collective bargaining agreement by failing to pay a differential to Anesthesia Techs. Every day of delay costs Anesthesia Techs wages that an Arbitrator determined that they should be paid and that they are owed under the parties' collective bargaining agreement.

Although the Hospitals never raised the issue of the Local 715's existence or standing at the arbitration involving the Anesthesia Techs and, in fact, alleged in their petition to vacate that Local 715 was a labor organization under Section 301 of the LMRA, the Hospitals have just recently insisted that Local 715's existence is an issue. To this end, the Court permitted limited discovery on the issue of whether Local 715 had standing to participate in the arbitration hearings at issue and as to the Union's existence. (*See* Decl. of Eileen Ridley ("Ridley Decl.") In Support of Motion to Continue at ¶ 2, Exh. A, Tr. 7:15-22.) However, the Hospitals have decided to misuse the discovery process for reasons that are totally and completely unrelated to their simple and straightforward petition to vacate that the Hospitals filed.[1]

On May 13, 2008, the Hospitals served fifty-seven (57) Requests for Production of Documents on not only Local 715. Additionally, through the misuse of subpoenas, the Hospitals propounded the same fifty-seven requests several other Unions, including the Service Employees

---

[1] Counsel for the Hospitals recently prepared a report for the California Hospital Association detailing the "Impact of Current Disputes Among Unions in the California Healthcare Industry." Much of the report focuses on the Service Employees International Union ("SEIU") and its affiliates. Read in conjunction with the Hospitals discovery requests, it is clear that counsel for the Hospitals are engaging in a fishing expedition to gain more information about SEIU and its affiliates for strategic and tactical purposes. (*See* Decl. of Bruce A. Harland at ¶ 2, Exh. A.)

- 2 -

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

International Union ("SEIU"), SEIU, Local 521, and SEIU, United Healthcare Workers – West ("UHW"). The fifty-seven requests are so overbroad that they essentially request production of every document since June 30, 2005 to be authored by an agent of Local 715. (*See* Ridley Decl. at ¶ 3, Exh. B.) The Hospitals' discovery requests also seek documents involving separate, autonomous labor organizations – documents that would clearly not be in the possession, control or custody of Local 715. (*See*, *e.g.*, Requests 25-26, 29-30, 32-33, 35-36, 38-39, 41-42, 54-55, 57.) After being granted a one-week extension, Local 715 produced documents in response to the Hospitals requests, responded that some documents were not in the possession, control or custody of Local 715, and asserted various objections. The parties are in the process of meeting and conferring over outstanding discovery issues.

In addition, rather than contact counsel for Local 715 immediately after the April 25, 2008 Case Management Conference, the Hospitals waited until mid-June 2008 to serve five notices of deposition, noticing the depositions for the end of June and first week of July. Contrary to the Hospitals' contention that Local 715 refused to produce the Trustee of Local 715, Local 715 never refused to produce the Trustee but simply stated that the Trustee was not available on June 26, 2008 and, subsequently, offered alternative dates. (Decl. of Bruce A. Harland ("Harland Decl.") at ¶ 3, Exh. B.)

The Hospitals also noticed the deposition of Andrew Stern, the President of the second largest labor organization in the United States. While Mr. Stern was not available to be deposed on the date that the Hospitals noticed his deposition because he was out of the country, counsel for SEIU proposed an alternative, offering "a person most knowledgeable" about Local 715's existence as a substitute for Mr. Stern. SEIU has also proposed as alternative to Mr. Stern's deposition to stipulate to the authenticity of documents. (*Id*. at ¶¶ 9-10, Exh. E.) The Hospitals have declined both offers, and continue to insist on taking Mr. Stern's deposition.

Indeed, the Hospitals "need" to take these five outstanding depositions before they file their dispositive motions is simply undercut by their own actions. On July 7, 2008, the Hospitals failed to appear at a deposition that they noticed for Gregory Pullman. (*Id*. at ¶¶ 4-5.) Although Mr.

**WEINBERG, ROGER & ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 3 -

SEIU, Local 715's Opposition to Motion to Continue Deadline to File/Hear Dispositive Motions
Case No. 5:07-CV-05158-JF

Pullman appeared and counsel for Local 715 appeared at the deposition, the Hospitals did not appear, disingenuously claiming that counsel for Mr. Pullman stated that Mr. Pullman's deposition could not go forward on July 7. (*Id.* at ¶ 5.) Counsel for Mr. Pullman denies that he ever had such a conversation with the Hospitals' counsel. (*Id.* at ¶ 6, Exh. C.)

The Hospitals have made certain choices with respect to discovery, and, as a consequence, find themselves in their current position. Instead of focusing on the specific issue of Local 715's standing to participate in the arbitration proceedings or the Union's existence, the Hospitals embarked on a fishing expedition and have unsurprisingly encountered discovery disputes. Local 715 should not be punished because of the Hospitals' discovery choices; and, therefore, the Court should deny the Hospitals' motion.

## II. ARGUMENT

### A. THE HOSPITALS WILL NOT BE PREJUDICED IF THE HEARING AND FILING DEADLINES FOR DISPOSITIVE MOTIONS ARE NOT CONTINUED.

The Hospitals will not be prejudiced if the hearing and filing deadlines are not continued. The Hospitals have received responsive documents from both Local 715 and SEIU. (Harland Decl. at ¶¶ 7-8, Exh. D.) In addition, SEIU has offered to produce "a person most knowledgeable" as to Local 715's existence. The Hospitals have declined. (*Id.* at ¶ 9, Exh. E.) SEIU has offered to stipulate to the authenticity of documents involving Mr. Stern. The Hospitals have declined. (*Id.* at ¶ 10, Exh. E.) It was the Hospitals' decision to propound fifty-seven requests for production of documents and to wait until mid-June to notice five depositions for the middle of the summer. If the Hospitals truly "needed" to obtain the outstanding discovery and to take each and every deposition, they would have appeared at Mr. Pullman's deposition. The Hospitals should not be able to take advantage of their failure to focus their discovery.

Moreover, if the Hospitals knew that they were going to propound fifty-seven requests for production of documents and notice five depositions, they should have been forthright about this fact at the Case Management Conference. At least, this would have given the Court and the parties the opportunity to properly evaluate whether or not discovery could have been completed by July 18, 2008, and would have aided the Court in limiting discovery so that discovery would be focused

**WEINBERG, ROGER & ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 4 -

SEIU, Local 715's Opposition to Motion to Continue Deadline to File/Hear Dispositive Motions
Case No. 5:07-CV-05158-JF

and completed by July 18.

Finally, the Court has already continued the instant matter. Originally, the last day for dispositive motions in the instant matter was set for June 20, 2008. (Harland Decl. at ¶ __.) The Court decided to move that date to July 18 to allow the Hospitals to conduct discovery in the other related cases. (Id. at ¶ __.) Any further delay will prejudice the Anesthesia Techs who continue to labor under conditions that a neutral Arbitrator has found is in violation of the parties' collective bargaining agreement.

### III.  CONCLUSION

The Hospitals have attempted to take advantage of and have decided to misuse the discovery process for their own tactical and strategic reasons. Rather than simply focus on the issue of Local 715's standing to participate in the arbitration proceedings and/or existence, the Hospitals have launched into a fishing expedition. Accordingly, Local 715 requests that the Court deny the Hospitals' motion to continue.

Dated: July 8, 2008

>                    WEINBERG, ROGER & ROSENFELD
>                    A Professional Corporation
>
>                    By:  /s/ BRUCE A. HARLAND
>                         WILLIAM A. SOKOL
>                         BRUCE A. HARLAND
>                         Attorneys for Respondent
>                         SEIU, Local 715

117443/499059

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 5 -

SEIU, Local 715's Opposition to Motion to Continue Deadline to File/Hear Dispositive Motions
Case No. 5:07-CV-05158-JF