**EXHIBIT A**

1

**FOLEY & LARDNER LLP**
ONE MARITIME PLAZA, SIXTH FLOOR
SAN FRANCISCO, CA 94111-3409

2

TELEPHONE:    415.434.4484
FACSIMILE:    415.434.4507

3

LAURENCE R. ARNOLD, CA BAR NO. 133715
EILEEN R. RIDLEY, CA BAR NO. 151735

4

SCOTT P. INCIARDI, CA BAR NO. 228814
Attorneys for STANFORD HOSPITAL & CLINICS and

5

LUCILE PACKARD CHILDREN'S HOSPITAL

6

7

8

**UNITED STATES DISTRICT COURT**

9

**NORTHERN DISTRICT OF CALIFORNIA**

10

11

STANFORD HOSPITAL & CLINICS and LUCILE PACKARD CHILDREN'S HOSPITAL,

Case No:  5:07-CV-05158-JF

12

13

                    Petitioners,

APPENDIX IN SUPPORT OF STANFORD HOSPITAL AND CLINICS AND LUCILE PACKARD CHILDREN'S HOSPITAL'S MOTION TO COMPEL FURTHER RESPONSES TO DISCOVERY REQUESTS

14

        vs.

15

SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715,

16

                    Respondent.

| | |
|---|---|
| Date: | August 27, 2008 |
| Time: | 9:30 A.M. |
| Dept: | Courtroom 4, 5th Floor |

17

| | |
|---|---|
| Judge: | Hon. Jeremy Fogel |
| Magis. Judge: | Hon. Richard Seeborg |

18

19

20

SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715

Case No:  5:08-CV-00213-JF

21

                    Petitioner and Counter-Respondent,

22

23

        vs.

24

STANFORD HOSPITAL & CLINICS and LUCILE PACKARD CHILDREN'S HOSPITAL

25

26

                    Respondents and Counter-Petitioners.

Judge:      Hon. Jeremy Fogel

27

28

APPENDIX IN SUPPORT OF MOTION TO COMPEL FURTHER
RESPONSES TO DISCOVERY REQUESTS
CASE NOS. 5:07-CV-05158-JF, 5:08-CV-00213-JF, 5:08-CV-00215-JF;
5:08-CV-00216-JF; 5:08-CV-01726-JF; 5:08-CV-01727-JF

SFCA_1420162.3

///

1

2  SERVICE EMPLOYEES
   INTERNATIONAL UNION, LOCAL 715

3              Petitioner,

4          vs.

5  STANFORD HOSPITAL & CLINICS and
   LUCILE PACKARD CHILDREN'S

6  HOSPITAL

7              Respondents.

Case No:  5:08-CV-00215-JF

Judge:      Hon. Jeremy Fogel

---

8  SERVICE EMPLOYEES
   INTERNATIONAL UNION, LOCAL 715

9

10             Petitioner,

11         vs.

12  STANFORD HOSPITAL & CLINICS and
    LUCILE PACKARD CHILDREN'S

13  HOSPITAL

14             Respondents.

Case No:  5:08-CV-00216-JF

Judge:      Hon. Jeremy Fogel

---

15  SERVICE EMPLOYEES
    INTERNATIONAL UNION, LOCAL 715

16

17             Petitioner,

18         vs.

18  STANFORD HOSPITAL & CLINICS and
    LUCILE PACKARD CHILDREN'S

19  HOSPITAL

20             Respondents.

Case No:  5:08-CV-01726-JF

Judge:      Hon. Jeremy Fogel

---

21  SERVICE EMPLOYEES
    INTERNATIONAL UNION, LOCAL 715

22

23             Petitioner,

24         vs.

25  STANFORD HOSPITAL & CLINICS and
    LUCILE PACKARD CHILDREN'S

26  HOSPITAL

27             Respondents.

28

Case No:  5:08-CV-01727-JF

Judge:      Hon. Jeremy Fogel

2

APPENDIX IN SUPPORT OF MOTION TO COMPEL FURTHER
RESPONSES TO DISCOVERY REQUESTS
CASE NOS. 5:07-CV-05158-JF, 5:08-CV-00213-JF, 5:08-CV-00215-JF;
5:08-CV-00216-JF; 5:08-CV-01726-JF; 5:08-CV-01727-JF

1

2      Stanford Hospital And Clinics And Lucile Packard Children's Hospital (the

3  "Hospitals") submit this Appendix in support of their motion to compel responses to

4  requests for production of documents ("RFPs") propounded on Service Employees

5  International Union, Local 715.  Civil Local Rule 37-2 requires a motion to compel to set

6  forth each request and disputed response in full and for each request detail the basis for

7  the party's contention that it is entitled to receive the requested discovery.  Due to the

8  large number of disputed discovery responses, the Hospitals are setting forth the requests,

9  responses and arguments pertaining thereto in this Appendix, while the Memorandum of

10  Points and Authorities in support of the Motion sets forth the Hospitals arguments in a

11  more summary fashion.

12  **REQUEST FOR PRODUCTION NO. 1:**

13      Produce all DOCUMENTS and WRITINGS RELATING TO the identification of

14  counsel representing LOCAL 715 regarding the issues which are the subject of the

15  COMPLAINT.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

17      Petitioner objects to this Request on the grounds that is it overbroad, unduly

18  burdensome, onerous and vague and ambiguous as to time and scope.  This Request is

19  vague, ambiguous, and unintelligible as it is in reference to include alleged action on

20  behalf of multiple parties and at multiple periods of time, therefore Petitioner cannot

21  provide a complete response to this Request.  The Request is vague as to the meaning

22  "identification of counsel representing Local 715 regarding issues which are the subject

23  of the COMPLAINT."  Petitioner objects on the ground that this Request exceeds the

24  scope of permissible discovery and is not likely to lead to the discovery of admissible

25  evidence.  Petitioner also objects as this Request violates the privacy of third parties and

26  that this information is protected from disclosure by, including but not limited to the

27  attorney client privilege, work product doctrine, the National Labor Relations Act, the

28

SFCA_1420162.3

1   First Amendment of the United States Constitution, and on public policy grounds.

2   Petitioner further objects to this Request on the ground that the matter seeks unreasonably

3   to intrude upon the right of privacy to the personal financial affairs of third parties.

4        Discovery is continuing. Petitioner reserves the right to alter, amend, modify

5   and/or supplement this response at a later time, up to and including at the time of trial.

6   **ARGUMENT**

7        Local 715 objects that the request is "overbroad, unduly burdensome, onerous and

8   vague and ambiguous as to time and scope." It is well-established that a party responding

9   to requests for admissions must do more than make generalized boilerplate claims of

10   overbreadth, undue burden or vagueness. *Thomas v. Hickman*, 2007 WL 4302974

11   (E.D.Cal. 2007) (Slip Op. at 10) ("Objections that are not sufficiently specific, such as

12   statements that requests are overly broad, burdensome, or oppressive, are waived.");

13   *Ramirez v. City Of Los Angeles*, 231 F.R.D. 407, 409 (E.D.Cal. 2005) ("it is well-settled

14   that all grounds for objection must be stated with specificity."); *Josephs v. Harris*

15   *Corporation*, 677 F.2d 985, 992 (3d Cir. 1982) ("The litany of overly burdensome,

16   oppressive, and irrelevant does not alone constitute a successful objection to a discovery

17   request."). Local 715 makes no attempt to describe the nature of the burden or

18   oppression that would be visited upon it by complying with the Hospitals' discovery

19   requests. Nor does Local 715 attempt to quantify the degree of burden that it would

20   experience.

21        Local 715 further objects that the request is "vague, ambiguous, and

22   unintelligible" on the grounds that "it is in reference to include alleged action on behalf

23   of multiple parties and at multiple periods of time." This objection is itself unintelligible.

24   The fact that a request calls for documents that relate to "multiple parties" or "multiple

25   periods of time" is not a legitimate reason to refuse to respond. The subject matter of the

26   request – the identity of counsel for Local 715 concerning the issues that are the subject

27   of the complaint – is easily understood. Local 715's assertion that the language used in

28

4

APPENDIX IN SUPPORT OF MOTION TO COMPEL FURTHER
RESPONSES TO DISCOVERY REQUESTS
CASE NOS. 5:07-CV-05158-JF; 5:08-CV-00213-JF, 5:08-CV-00215-JF;
5:08-CV-00216-JF; 5:08-CV-01726-JF; 5:08-CV-01727-JF

SFCA_1420162.3

1  the request is vague is without merit.

2       Local 715 asserts that production of documents is excused due to a privilege or

3  other protection.  The privileges and protections identified are the attorney-client

4  privilege, the attorney work product doctrine, the National Labor Relations Act

5  ("NLRA") The First Amendment to the United States Constitution ("First Amendment")

6  and unspecified "public policy grounds."

7       Initially, it is unclear (and Local 715 does not explain) why any of the requested

8  documents would be privileged or protected by the First Amendment or the NLRA.

9  Local 715 reference to "public policy" without identification whatsoever of the public

10  policy that would prevent the disclosure of otherwise discoverable documents is not a

11  valid ground for refusing to produce documents.  However, even assuming that the First

12  Amendment, the NLRA, or a "public policy" might privilege or protect some of the

13  requested documents, the Federal Rules are clear that a party must do more than simply

14  assert privileges or protections in order to preserve otherwise legitimate objections.

15       Rule 26(b)(5)(A) expressly states that where otherwise discoverable information is

16  withheld based on a claim of privilege or protection for trial preparation material (i.e.

17  work product protection), the party must "describe the nature of the documents,

18  communications, or tangible things not produced or disclosed – and do so in a manner

19  that, without revealing information itself privileged or protected, will enable other parties

20  to assess the claim."  F.R.Civ.P. 26(b)(5)(A)(ii).  The bare invocation of a privilege or

21  protection does not constitute a valid objection and may result in the waiver of any

22  privilege or protection that may exist. *Burlington Northern & Santa Fe Railway*

23  *Company v. United States District Court For The District Of Montana*, 408 F.3d 1142,

24  1147-1148 (9th Cir. 2005) ("boilerplate assertion of an evidentiary privilege in response

25  to a discovery request does not satisfy the demands of Rule 26(b)(5)").

26       Local 715 has not even attempted to produce this required "privilege log" to

27  support its objections, and enable the Hospitals to evaluate its claims of privilege.  Local

28

SFCA_1420162.3

715 did not explain the categories of documents that are allegedly privileged or protected, or even explain why the asserted privileges or protections are applicable to any documents. Such patently insufficient objections are not only legally deficient, they are indicative of bad faith and should result in the waiver of any privilege or protection that may have otherwise existed (if any).

Local 715's objections that production would violate the privacy rights of certain unidentified third parties. In federal court cases such as the present one, where the court's jurisdiction is based on a federal question, federal, rather than state, privacy law governs. *Thomas, supra*, 2007 WL 4302974, (Slip Op. at 3-4). As noted previously, where a party objects to discovery requests, those objections must be stated with specificity. Here, as with Local 715's other objections Local 715 has failed to provide any specifics regarding the basis of its privacy objection. The objection is therefore defective and waived. Furthermore, the right to privacy (to the extent that it applies here at all) is not absolute, but must be weighed against the need for the information. *Ragge v. MCA Universal Studios*, 165 F.R.D. 601, 604-605 (C.D. Cal. 1995). Local 715's bare assertion of third party privacy rights gives no means to evaluate the claim and balance it against the Hospitals' need for discovery.

Local 715 objects that the requested documents are not relevant. The documents, however, pertain to the identity of legal counsel representing Local 715. This is among the topics that the Court approved as proper areas for discovery.

Finally, there are responsive documents in the Hospitals' possession that it believes are in the possession of Local 715, but which were not produced. For example, the Hospitals are in possession of letters to and from persons purporting to represent Local 715 on the issue of the identity of those providing legal representation to Local 715 and the nature of such representation. [Declaration Of Eileen Ridley In Support Of Motion To Compel ("Ridley Decl.") Exh. XX.] None of these letters were produced. It is likely that there are other documents not specifically known to the Hospitals, which

1  were also not produced.  Local 715 should be ordered to make a complete response to

2  this request and sanctions should be imposed.

3  **REQUEST FOR PRODUCTION NO. 2:**

4      Produce all DOCUMENTS and WRITINGS RELATING TO the present or future

5  representative capacity of LOCAL 715 regarding any employees of RESPONDENT from

6  June 30, 2005 to the present.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

8      Petitioner objects to this Request on the grounds that is it overbroad, unduly

9  burdensome, onerous and vague and ambiguous as to time and scope.  This Request is

10 vague, ambiguous, and unintelligible as it is in reference to include alleged action on

11 behalf of multiple parties and at multiple periods of time, therefore Petitioner cannot

12 provide a complete response to this Request.  This Request is also vague as to the

13 meaning of "present or future representative capacity of Local 715 regarding employees

14 of Respondent from June 30, 2005 to the present."  Petitioner objects on the ground that

15 this Request exceeds the scope of permissible discovery and is not likely to lead to the

16 discovery of admissible evidence.  Petitioner also objects as this Request violates the

17 privacy of third parties and that this information is protected from disclosure by,

18 including but not limited to the attorney client privilege, work product doctrine, the

19 National Labor Relations Act, the First Amendment of the United States Constitution,

20 and on public policy grounds.  Petitioner further objects to this Request on the ground

21 that the matter seeks unreasonably to intrude upon the right of privacy to the personal

22 financial affairs of third parties.

23      Discovery is continuing.  Petitioner reserves the right to alter, amend, modify

24 and/or supplement this response at a later time, up to and including the time of trial.

25 **ARGUMENT**

26      Local 715 objects that the request is "overbroad, unduly burdensome, onerous and

27 vague and ambiguous as to time and scope."  It is well-established that a party responding

28

SFCA_1420162.3

1   to requests for admissions must do more than make generalized boilerplate claims of

2   overbreadth, undue burden or vagueness. *Thomas v. Hickman*, 2007 WL 4302974

3   (E.D.Cal. 2007) (Slip Op. at 10) ("Objections that are not sufficiently specific, such as

4   statements that requests are overly broad, burdensome, or oppressive, are waived.");

5   *Ramirez v. City Of Los Angeles*, 231 F.R.D. 407, 409 (E.D.Cal. 2005) ("it is well-settled

6   that all grounds for objection must be stated with specificity."); *Josephs v. Harris*

7   *Corporation*, 677 F.2d 985, 992 (3d Cir. 1982) ("The litany of overly burdensome,

8   oppressive, and irrelevant does not alone constitute a successful objection to a discovery

9   request."). Local 715 makes no attempt to describe the nature of the burden or

10  oppression that would be visited upon it by complying with the Hospitals' discovery

11  requests. Nor does Local 715 attempt to quantify the degree of burden that it would

12  experience.

13         Local 715 further objects that the request is "vague, ambiguous, and

14  unintelligible" on the grounds that "it is in reference to include alleged action on behalf

15  of multiple parties and at multiple periods of time." This objection is itself unintelligible.

16  The fact that a request calls for documents that relate to "multiple parties" or "multiple

17  periods of time" is not a legitimate reason to refuse to respond. The subject matter of the

18  request – the identity of counsel for Local 715 concerning the issues that are the subject

19  of the complaint – is easily understood. Local 715's assertion that the language used in

20  the request is vague is without merit.

21         Local 715 asserts that production of documents is excused due to a privilege or

22  other protection. The privileges and protections identified are the attorney-client

23  privilege, the attorney work product doctrine, the National Labor Relations Act

24  ("NLRA") The First Amendment to the United States Constitution ("First Amendment")

25  and unspecified "public policy grounds."

26         Initially, it is unclear (and Local 715 does not explain) why any of the requested

27  documents would be privileged or protected by the First Amendment or the NLRA.

28
                                          8
                  APPENDIX IN SUPPORT OF MOTION TO COMPEL FURTHER
                             RESPONSES TO DISCOVERY REQUESTS
                  CASE NOS. 5:07-CV-05158-JF, 5:08-CV-00213-JF, 5:08-CV-00215-JF;
                       5:08-CV-00216-JF; 5:08-CV-01726-JF; 5:08-CV-01727-JF

SFCA_1420162.3

1  Local 715 reference to "public policy" without identification whatsoever of the public

2  policy that would prevent the disclosure of otherwise discoverable documents is not a

3  valid ground for refusing to produce documents.  However, even assuming that the First

4  Amendment, the NLRA, or a "public policy" might privilege or protect some of the

5  requested documents, the Federal Rules are clear that a party must do more than simply

6  assert privileges or protections in order to preserve otherwise legitimate objections.

7        Rule 26(b)(5)(A) expressly states that where otherwise discoverable information is

8  withheld based on a claim of privilege or protection for trial preparation material (i.e.

9  work product protection), the party must "describe the nature of the documents,

10  communications, or tangible things not produced or disclosed – and do so in a manner

11  that, without revealing information itself privileged or protected, will enable other parties

12  to assess the claim."  F.R.Civ.P. 26(b)(5)(A)(ii).  The bare invocation of a privilege or

13  protection does not constitute a valid objection and may result in the waiver of any

14  privilege or protection that may exist. *Burlington Northern & Santa Fe Railway*

15  *Company v. United States District Court For The District Of Montana*, 408 F.3d 1142,

16  1147-1148 (9th Cir. 2005) ("boilerplate assertion of an evidentiary privilege in response

17  to a discovery request does not satisfy the demands of Rule 26(b)(5)").

18        Local 715 has not even attempted to produce this required "privilege log" to

19  support its objections, and enable the Hospitals to evaluate its claims of privilege.  Local

20  715 did not explain the categories of documents that are allegedly privileged or protected,

21  or even explain why the asserted privileges or protections are applicable to any

22  documents.  Such patently insufficient objections are not only legally deficient, they are

23  indicative of bad faith and should result in the waiver of any privilege or protection that

24  may have otherwise existed (if any).

25        Local 715's objections that production would violate the privacy rights of certain

26  unidentified third parties.  In federal court cases such as the present one, where the

27  court's jurisdiction is based on a federal question, federal, rather than state, privacy law

28                                    9

SFCA_1420162.3

1  governs. *Thomas, supra*, 2007 WL 4302974, (Slip Op. at 3-4). As noted previously,
2  where a party objects to discovery requests, those objections must be stated with
3  specificity. Here, as with Local 715's other objections Local 715 has failed to provide
4  any specifics regarding the basis of its privacy objection. The objection is therefore
5  defective and waived. Furthermore, the right to privacy (to the extent that it applies here
6  at all) is not absolute, but must be weighed against the need for the information. *Ragge v.*
7  *MCA Universal Studios*, 165 F.R.D. 601, 604-605 (C.D. Cal. 1995). Local 715's bare
8  assertion of third party privacy rights gives no means to evaluate the claim and balance it
9  against the Hospitals' need for discovery.

10  Local 715 objects that the requested documents are not relevant. The documents,
11  however, pertain to representative status of Local 715 with respect to persons employed
12  by the Hospitals. This is among the topics that the Court approved as proper areas for
13  discovery.

14  Finally, there are responsive documents in the Hospitals' possession that it
15  believes are in the possession of Local 715, but which were not produced. For example,
16  the Hospitals are in possession of letters and e-mails to an from persons purporting to
17  represent Local 715 pertaining to the issue of Local 715's representation of Hospital
18  employees. The Hospital is also in possession of statements made on Local 715's
19  website pertaining to the representation of Hospital employees. [Ridley Decl. Exh XX.]
20  There are also internal SEIU documents bearing on the representation issue. [Ridley
21  Decl. Exh CCC.] None of the above-referenced documents were produced by Local 715.
22  It is likely that there are other documents not specifically known to the Hospitals, which
23  were also not produced. Local 715 should be ordered to make a complete response to
24  this request and sanctions should be imposed.

25  **REQUEST FOR PRODUCTION NO. 3:**

26  Produce all DOCUMENTS and WRITINGS RELATING TO the present or future
27  representative capacity of LOCAL 521, whether by that name or by other reference to the

28
10

APPENDIX IN SUPPORT OF MOTION TO COMPEL FURTHER
RESPONSES TO DISCOVERY REQUESTS
CASE NOS. 5:07-CV-05158-JF, 5:08-CV-00213-JF, 5:08-CV-00215-JF;
5:08-CV-00216-JF; 5:08-CV-01726-JF; 5:08-CV-01727-JF

1  entity which became LOCAL 521 when chartered by SEIU International, regarding any

2  employees of RESPONDENT from June 30, 2005 to the present.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

4      Petitioner objects to this Request on the grounds that is it overbroad, unduly

5  burdensome, onerous and vague and ambiguous as to time and scope. This Request is

6  vague, ambiguous, and unintelligible as it is in reference to include alleged action on

7  behalf of multiple parties and at multiple periods of time, therefore Petitioner cannot

8  provide a complete response to this Request. This Request is also vague as to the

9  meaning of "the present or future representative capacity of Local 521, whether by name

10  or by other reference to the entity which became Local 521 when chartered by SEIU,

11  International, regarding any employees of Respondent from June 30, 2005 to present."

12  Petitioner objects on the ground that this Request exceeds the scope of permissible

13  discovery and is not likely to lead to the discovery of admissible evidence. Petitioner

14  also objects as this Request violates the privacy of third parties and that this information

15  is protected from disclosure by, including but not limited to the attorney client privilege,

16  work product doctrine, the National Labor Relations Act, the First Amendment of the

17  United States Constitution, and on public policy grounds. Petitioner further objects to

18  this Request on the ground that the matter seeks unreasonably to intrude upon the right of

19  privacy to the personal financial affairs of third parties.

20      Discovery is continuing. Petitioner reserves the right to alter, amend, modify

21  and/or supplement this response at a later time, up to and including at the time trial.

22  **ARGUMENT**

23      Local 715 objects that the request is "overbroad, unduly burdensome, onerous and

24  vague and ambiguous as to time and scope." It is well-established that a party responding

25  to requests for admissions must do more than make generalized boilerplate claims of

26  overbreadth, undue burden or vagueness. *Thomas v. Hickman*, 2007 WL 4302974

27  (E.D.Cal. 2007) (Slip Op. at 10) ("Objections that are not sufficiently specific, such as

28

SFCA_1420162.3

1  statements that requests are overly broad, burdensome, or oppressive, are waived.");

2  *Ramirez v. City Of Los Angeles*, 231 F.R.D. 407, 409 (E.D.Cal. 2005) ("it is well-settled

3  that all grounds for objection must be stated with specificity."); *Josephs v. Harris*

4  *Corporation*, 677 F.2d 985, 992 (3d Cir. 1982) ("The litany of overly burdensome,

5  oppressive, and irrelevant does not alone constitute a successful objection to a discovery

6  request."). Local 715 makes no attempt to describe the nature of the burden or

7  oppression that would be visited upon it by complying with the Hospitals' discovery

8  requests. Nor does Local 715 attempt to quantify the degree of burden that it would

9  experience.

10     Local 715 further objects that the request is "vague, ambiguous, and

11  unintelligible" on the grounds that "it is in reference to include alleged action on behalf

12  of multiple parties and at multiple periods of time." This objection is itself unintelligible.

13  The fact that a request calls for documents that relate to "multiple parties" or "multiple

14  periods of time" is not a legitimate reason to refuse to respond. The subject matter of the

15  request – the identity of counsel for Local 715 concerning the issues that are the subject

16  of the complaint – is easily understood. Local 715's assertion that the language used in

17  the request is vague is without merit.

18     Local 715 asserts that production of documents is excused due to a privilege or

19  other protection. The privileges and protections identified are the attorney-client

20  privilege, the attorney work product doctrine, the National Labor Relations Act

21  ("NLRA") The First Amendment to the United States Constitution ("First Amendment")

22  and unspecified "public policy grounds."

23     Initially, it is unclear (and Local 715 does not explain) why any of the requested

24  documents would be privileged or protected by the First Amendment or the NLRA.

25  Local 715 reference to "public policy" without identification whatsoever of the public

26  policy that would prevent the disclosure of otherwise discoverable documents is not a

27  valid ground for refusing to produce documents. However, even assuming that the First

28

SFCA_1420162.3

1  Amendment, the NLRA, or a "public policy" might privilege or protect some of the

2  requested documents, the Federal Rules are clear that a party must do more than simply

3  assert privileges or protections in order to preserve otherwise legitimate objections.

4  Rule 26(b)(5)(A) expressly states that where otherwise discoverable information is

5  withheld based on a claim of privilege or protection for trial preparation material (i.e.

6  work product protection), the party must "describe the nature of the documents,

7  communications, or tangible things not produced or disclosed – and do so in a manner

8  that, without revealing information itself privileged or protected, will enable other parties

9  to assess the claim." F.R.Civ.P. 26(b)(5)(A)(ii). The bare invocation of a privilege or

10  protection does not constitute a valid objection and may result in the waiver of any

11  privilege or protection that may exist. *Burlington Northern & Santa Fe Railway*

12  *Company v. United States District Court For The District Of Montana*, 408 F.3d 1142,

13  1147-1148 (9th Cir. 2005) ("boilerplate assertion of an evidentiary privilege in response

14  to a discovery request does not satisfy the demands of Rule 26(b)(5)").

15  Local 715 has not even attempted to produce this required "privilege log" to

16  support its objections, and enable the Hospitals to evaluate its claims of privilege. Local

17  715 did not explain the categories of documents that are allegedly privileged or protected,

18  or even explain why the asserted privileges or protections are applicable to any

19  documents. Such patently insufficient objections are not only legally deficient, they are

20  indicative of bad faith and should result in the waiver of any privilege or protection that

21  may have otherwise existed (if any).

22  Local 715's objections that production would violate the privacy rights of certain

23  unidentified third parties. In federal court cases such as the present one, where the

24  court's jurisdiction is based on a federal question, federal, rather than state, privacy law

25  governs. *Thomas, supra*, 2007 WL 4302974, (Slip Op. at 3-4). As noted previously,

26  where a party objects to discovery requests, those objections must be stated with

27  specificity. Here, as with Local 715's other objections Local 715 has failed to provide

28

APPENDIX IN SUPPORT OF MOTION TO COMPEL FURTHER
RESPONSES TO DISCOVERY REQUESTS
CASE NOS. 5:07-CV-05158-JF, 5:08-CV-00213-JF, 5:08-CV-00215-JF;
5:08-CV-00216-JF; 5:08-CV-01726-JF; 5:08-CV-01727-JF

SFCA_1420162.3

1  any specifics regarding the basis of its privacy objection. The objection is therefore

2  defective and waived. Furthermore, the right to privacy (to the extent that it applies here

3  at all) is not absolute, but must be weighed against the need for the information. *Ragge v.*

4  *MCA Universal Studios*, 165 F.R.D. 601, 604-605 (C.D. Cal. 1995). Local 715's bare

5  assertion of third party privacy rights gives no means to evaluate the claim and balance it

6  against the Hospitals' need for discovery.

7      Local 715 objects that the requested documents are not relevant. The documents,

8  however, pertain to representative status of Local 521 with respect to persons employed

9  by the Hospitals, which necessarily bears on the representative status of Local 715. This

10  is among the topics that the Court approved as proper areas for discovery.

11      Finally, there are responsive documents in the Hospitals' possession that it

12  believes are in the possession of Local 715, but which were not produced. The Hospitals

13  are in possession of internal SEIU documents bearing on the representation issue, and

14  specifically, the merger of Local 715's functions into Local 521. [Ridley Decl. Exh

15  CCC.] These documents were not produced by Local 715. It is likely that there are other

16  documents not specifically known to the Hospitals, which were also not produced. Local

17  715 should be ordered to make a complete response to this request and sanctions should

18  be imposed.

19  **REQUEST FOR PRODUCTION NO. 4:**

20      Produce all DOCUMENTS and WRITINGS RELATING TO the present or future

21  representative capacity of SEIU-UHW regarding any employees of RESPONDENT from

22  June 30 2005 to the present.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

24      Petitioner objects to this Request on the grounds that is it overbroad, unduly

25  burdensome, onerous and vague and ambiguous as to time and scope. This Request is

26  vague, ambiguous, and unintelligible as it is in reference to include alleged action on

27  behalf of multiple parties and at multiple periods of time, therefore Petitioner cannot

28

SFCA_1420162.3

1  provide a complete response to this Request. This Request is also vague as to the
2  meaning of "the present or future representative capacity of SEIU-UHW regarding any
3  employees of Respondent from June 30, 2005 to present." Petitioner objects on the
4  ground that this Request exceeds the scope of permissible discovery and is not likely to
5  lead to the discovery of admissible evidence. Petitioner also objects as this Request
6  violates the privacy of third parties and that this information is protected from disclosure
7  by, including but not limited to the attorney client privilege, work product doctrine, the
8  National Labor Relations Act, the First Amendment of the United States Constitution,
9  and on public policy grounds. Petitioner further objects to this Request on the ground
10 that the matter seeks unreasonably to intrude upon the right of privacy to the personal
11 financial affairs of third parties. After a diligent search and reasonable inquiry, and
12 without waiving any objections, there are no documents that are responsive to this
13 request.
14      Discovery is continuing. Petitioner reserves the right to alter, amend, modify
15 and/or supplement this response at a later time, up to and including at the time trial.
16 **ARGUMENT**
17      Local 715 objects that the request is "overbroad, unduly burdensome, onerous and
18 vague and ambiguous as to time and scope." It is well-established that a party responding
19 to requests for admissions must do more than make generalized boilerplate claims of
20 overbreadth, undue burden or vagueness. *Thomas v. Hickman*, 2007 WL 4302974
21 (E.D.Cal. 2007) (Slip Op. at 10) ("Objections that are not sufficiently specific, such as
22 statements that requests are overly broad, burdensome, or oppressive, are waived.");
23 *Ramirez v. City Of Los Angeles*, 231 F.R.D. 407, 409 (E.D.Cal. 2005) ("it is well-settled
24 that all grounds for objection must be stated with specificity."); *Josephs v. Harris
25 Corporation*, 677 F.2d 985, 992 (3d Cir. 1982) ("The litany of overly burdensome,
26 oppressive, and irrelevant does not alone constitute a successful objection to a discovery
27 request."). Local 715 makes no attempt to describe the nature of the burden or
28

SFCA_1420162.3

1  oppression that would be visited upon it by complying with the Hospitals' discovery

2  requests. Nor does Local 715 attempt to quantify the degree of burden that it would

3  experience.

4      Local 715 further objects that the request is "vague, ambiguous, and

5  unintelligible" on the grounds that "it is in reference to include alleged action on behalf

6  of multiple parties and at multiple periods of time." This objection is itself unintelligible.

7  The fact that a request calls for documents that relate to "multiple parties" or "multiple

8  periods of time" is not a legitimate reason to refuse to respond. The subject matter of the

9  request – the identity of counsel for Local 715 concerning the issues that are the subject

10  of the complaint – is easily understood. Local 715's assertion that the language used in

11  the request is vague is without merit.

12      Local 715 asserts that production of documents is excused due to a privilege or

13  other protection. The privileges and protections identified are the attorney-client

14  privilege, the attorney work product doctrine, the National Labor Relations Act

15  ("NLRA") The First Amendment to the United States Constitution ("First Amendment")

16  and unspecified "public policy grounds."

17      Initially, it is unclear (and Local 715 does not explain) why any of the requested

18  documents would be privileged or protected by the First Amendment or the NLRA.

19  Local 715 reference to "public policy" without identification whatsoever of the public

20  policy that would prevent the disclosure of otherwise discoverable documents is not a

21  valid ground for refusing to produce documents. However, even assuming that the First

22  Amendment, the NLRA, or a "public policy" might privilege or protect some of the

23  requested documents, the Federal Rules are clear that a party must do more than simply

24  assert privileges or protections in order to preserve otherwise legitimate objections.

25      Rule 26(b)(5)(A) expressly states that where otherwise discoverable information is

26  withheld based on a claim of privilege or protection for trial preparation material (i.e.

27  work product protection), the party must "describe the nature of the documents,

28

APPENDIX IN SUPPORT OF MOTION TO COMPEL FURTHER
RESPONSES TO DISCOVERY REQUESTS
CASE NOS. 5:07-CV-05158-JF; 5:08-CV-00213-JF; 5:08-CV-00215-JF;
5:08-CV-00216-JF; 5:08-CV-01726-JF; 5:08-CV-01727-JF

SFCA_1420162.3

1  communications, or tangible things not produced or disclosed – and do so in a manner

2  that, without revealing information itself privileged or protected, will enable other parties

3  to assess the claim." F.R.Civ.P. 26(b)(5)(A)(ii). The bare invocation of a privilege or

4  protection does not constitute a valid objection and may result in the waiver of any

5  privilege or protection that may exist. *Burlington Northern & Santa Fe Railway*

6  *Company v. United States District Court For The District Of Montana*, 408 F.3d 1142,

7  1147-1148 (9th Cir. 2005) ("boilerplate assertion of an evidentiary privilege in response

8  to a discovery request does not satisfy the demands of Rule 26(b)(5)").

9      Local 715 has not even attempted to produce this required "privilege log" to

10  support its objections, and enable the Hospitals to evaluate its claims of privilege. Local

11  715 did not explain the categories of documents that are allegedly privileged or protected,

12  or even explain why the asserted privileges or protections are applicable to any

13  documents. Such patently insufficient objections are not only legally deficient, they are

14  indicative of bad faith and should result in the waiver of any privilege or protection that

15  may have otherwise existed (if any).

16      Local 715's objections that production would violate the privacy rights of certain

17  unidentified third parties. In federal court cases such as the present one, where the

18  court's jurisdiction is based on a federal question, federal, rather than state, privacy law

19  governs. *Thomas, supra*, 2007 WL 4302974, (Slip Op. at 3-4). As noted previously,

20  where a party objects to discovery requests, those objections must be stated with

21  specificity. Here, as with Local 715's other objections Local 715 has failed to provide

22  any specifics regarding the basis of its privacy objection. The objection is therefore

23  defective and waived. Furthermore, the right to privacy (to the extent that it applies here

24  at all) is not absolute, but must be weighed against the need for the information. *Ragge v.*

25  *MCA Universal Studios*, 165 F.R.D. 601, 604-605 (C.D. Cal. 1995). Local 715's bare

26  assertion of third party privacy rights gives no means to evaluate the claim and balance it

27  against the Hospitals' need for discovery.

28

17

1    Local 715 objects that the requested documents are not relevant. The documents,
2  however, pertain to the representative capacity of UHW with respect to persons
3  employed by the Hospitals, which necessarily bears on the representative capacity of
4  Local 715. The Court has approved discovery on these issues.

5    Finally, there are responsive documents in the Hospitals' possession that it
6  believes are in the possession of Local 715, but which were not produced. The Hospitals
7  are in possession of internal SEIU documents bearing on the representation issue, and
8  specifically, the "servicing" of Hospital employees by UHW, and the contemplated or
9  actual merger of Local 715's functions into UHW. [Ridley Decl. Exh CCC.] These
10  documents were not produced by Local 715. It is likely that there are other documents
11  not specifically known to the Hospitals, which were also not produced. Local 715 should
12  be ordered to make a complete response to this request and sanctions should be imposed.

13  **REQUEST FOR PRODUCTION NO. 5:**

14    Produce all DOCUMENTS and WRITINGS RELATING TO correspondence
15  between YOU and any SEIU International official and/or representative from June 30,
16  2005 to the present regarding the status of LOCAL 715 (including, without limitation, its
17  existence, its termination and/or its merger with or into another LOCAL, or the transfer
18  by any manner of any of its represented bargaining units to another LOCAL or
19  LOCALS).

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

21    Petitioner objects to this Request on the grounds that is it overbroad, unduly
22  burdensome, onerous and vague and ambiguous as to time and scope. This Request is
23  vague, ambiguous, and unintelligible as it is in reference to include alleged action on
24  behalf of multiple parties and at multiple periods of time, therefore Petitioner cannot
25  provide a complete response to this Request. This Request is vague as to the meaning of
26  the "status of Local 715". Petitioner objects on the ground that this Request exceeds the
27  scope of permissible discovery and is not likely to lead to the discovery of admissible

28                                    18
APPENDIX IN SUPPORT OF MOTION TO COMPEL FURTHER
RESPONSES TO DISCOVERY REQUESTS
CASE NOS. 5:07-CV-05158-JF, 5:08-CV-00213-JF, 5:08-CV-00215-JF;
5:08-CV-00216-JF; 5:08-CV-01726-JF; 5:08-CV-01727-JF

SFCA_1420162.3

1  evidence.  Petitioner also objects as this Request violates the privacy of third parties and

2  that this information is protected from disclosure by, including but not limited to the

3  attorney client privilege, work product doctrine, the National Labor Relations Act, the

4  First Amendment of the United States Constitution, and on public policy grounds.

5  Petitioner further objects to this Request on the ground that the matter seeks unreasonably

6  to intrude upon the right of privacy to the personal financial affairs of third parties.

7      Discovery is continuing.  Petitioner reserves the right to alter, amend, modify

8  and/or supplement this response at a later time, up to and including at the time trial.

9  **ARGUMENT**

10      Local 715 objects that the request is "overbroad, unduly burdensome, onerous and

11  vague and ambiguous as to time and scope."  It is well-established that a party responding

12  to requests for admissions must do more than make generalized boilerplate claims of

13  overbreadth, undue burden or vagueness.  *Thomas v. Hickman*, 2007 WL 4302974

14  (E.D.Cal. 2007) (Slip Op. at 10) ("Objections that are not sufficiently specific, such as

15  statements that requests are overly broad, burdensome, or oppressive, are waived.");

16  *Ramirez v. City Of Los Angeles*, 231 F.R.D. 407, 409 (E.D.Cal. 2005) ("it is well-settled

17  that all grounds for objection must be stated with specificity."); *Josephs v. Harris*

18  *Corporation*, 677 F.2d 985, 992 (3d Cir. 1982) ("The litany of overly burdensome,

19  oppressive, and irrelevant does not alone constitute a successful objection to a discovery

20  request.").  Local 715 makes no attempt to describe the nature of the burden or

21  oppression that would be visited upon it by complying with the Hospitals' discovery

22  requests.  Nor does Local 715 attempt to quantify the degree of burden that it would

23  experience.

24      Local 715 further objects that the request is "vague, ambiguous, and

25  unintelligible" on the grounds that "it is in reference to include alleged action on behalf

26  of multiple parties and at multiple periods of time."  This objection is itself unintelligible.

27  The fact that a request calls for documents that relate to "multiple parties" or "multiple

28

19

SFCA_1420162.3

1  periods of time" is not a legitimate reason to refuse to respond. The subject matter of the

2  request – the identity of counsel for Local 715 concerning the issues that are the subject

3  of the complaint – is easily understood. Local 715's assertion that the language used in

4  the request is vague is without merit.

5       Local 715 asserts that production of documents is excused due to a privilege or

6  other protection. The privileges and protections identified are the attorney-client

7  privilege, the attorney work product doctrine, the National Labor Relations Act

8  ("NLRA") The First Amendment to the United States Constitution ("First Amendment")

9  and unspecified "public policy grounds."

10       Initially, it is unclear (and Local 715 does not explain) why any of the requested

11  documents would be privileged or protected by the First Amendment or the NLRA.

12  Local 715 reference to "public policy" without identification whatsoever of the public

13  policy that would prevent the disclosure of otherwise discoverable documents is not a

14  valid ground for refusing to produce documents. However, even assuming that the First

15  Amendment, the NLRA, or a "public policy" might privilege or protect some of the

16  requested documents, the Federal Rules are clear that a party must do more than simply

17  assert privileges or protections in order to preserve otherwise legitimate objections.

18       Rule 26(b)(5)(A) expressly states that where otherwise discoverable information is

19  withheld based on a claim of privilege or protection for trial preparation material (i.e.

20  work product protection), the party must "describe the nature of the documents,

21  communications, or tangible things not produced or disclosed – and do so in a manner

22  that, without revealing information itself privileged or protected, will enable other parties

23  to assess the claim." F.R.Civ.P. 26(b)(5)(A)(ii). The bare invocation of a privilege or

24  protection does not constitute a valid objection and may result in the waiver of any

25  privilege or protection that may exist. *Burlington Northern & Santa Fe Railway*

26  *Company v. United States District Court For The District Of Montana*, 408 F.3d 1142,

27  1147-1148 (9th Cir. 2005) ("boilerplate assertion of an evidentiary privilege in response

28

APPENDIX IN SUPPORT OF MOTION TO COMPEL FURTHER
RESPONSES TO DISCOVERY REQUESTS
CASE NOS. 5:07-CV-05158-JF; 5:08-CV-00213-JF; 5:08-CV-00215-JF;
5:08-CV-00216-JF; 5:08-CV-01726-JF; 5:08-CV-01727-JF

SFCA_1420162.3

1  to a discovery request does not satisfy the demands of Rule 26(b)(5)").

2    Local 715 has not even attempted to produce this required "privilege log" to

3  support its objections, and enable the Hospitals to evaluate its claims of privilege.  Local

4  715 did not explain the categories of documents that are allegedly privileged or protected,

5  or even explain why the asserted privileges or protections are applicable to any

6  documents.  Such patently insufficient objections are not only legally deficient, they are

7  indicative of bad faith and should result in the waiver of any privilege or protection that

8  may have otherwise existed (if any).

9    Local 715's objections that production would violate the privacy rights of certain

10  unidentified third parties.  In federal court cases such as the present one, where the

11  court's jurisdiction is based on a federal question, federal, rather than state, privacy law

12  governs.  *Thomas, supra*, 2007 WL 4302974, (Slip Op. at 3-4).  As noted previously,

13  where a party objects to discovery requests, those objections must be stated with

14  specificity.  Here, as with Local 715's other objections Local 715 has failed to provide

15  any specifics regarding the basis of its privacy objection.  The objection is therefore

16  defective and waived.  Furthermore, the right to privacy (to the extent that it applies here

17  at all) is not absolute, but must be weighed against the need for the information.  *Ragge v.*

18  *MCA Universal Studios*, 165 F.R.D. 601, 604-605 (C.D. Cal. 1995).  Local 715's bare

19  assertion of third party privacy rights gives no means to evaluate the claim and balance it

20  against the Hospitals' need for discovery.

21    Local 715 objects that the requested documents are not relevant.  The documents,

22  however, pertain to communications relating to the existence and status of Local 715.

23  The Court has approved discovery on these issues.

24    Finally, there are responsive documents in the Hospitals' possession that it

25  believes are in the possession of Local 715, but which were not produced.  The Hospitals

26  are in possession of letters on the subject of the existence and representative capacity of

27  Local 715, which were copied to an attorney for the international.  [Ridley Decl. Exh

28

APPENDIX IN SUPPORT OF MOTION TO COMPEL FURTHER
RESPONSES TO DISCOVERY REQUESTS
CASE NOS. 5:07-CV-05158-JF; 5:08-CV-00213-JF; 5:08-CV-00215-JF;
5:08-CV-00216-JF; 5:08-CV-01726-JF; 5:08-CV-01727-JF

SFCA_1420162.3

1  XX.] These documents were not produced by Local 715. Additionally, among the

2  documents produced by Local 715 is a memorandum from SEIU International President

3  Andrew Stern which references a "request from the officers and Executive Board of

4  Local 715" requesting the imposition of an emergency trusteeship over Local 715.

5  [Ridley Decl. Exh CCC.] This report was not produced. from It is likely that there are

6  other documents not specifically known to the Hospitals, which were also not produced.

7  Local 715 should be ordered to make a complete response to this request and sanctions

8  should be imposed.

9  **REQUEST FOR PRODUCTION NO. 6:**

10      Produce all DOCUMENTS and WRITINGS RELATING TO correspondence

11  between YOU and any SEIU-UHW official and/or representative from June 30, 2005 to

12  the present regarding the status of LOCAL 715 (including, without limitation, its

13  existence, its termination and/or its merger with or into another LOCAL, or the transfer

14  by any manner of its represented bargaining units to another LOCAL or LOCALS).

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

16      Petitioner objects to this Request on the grounds that is it overbroad, unduly

17  burdensome, onerous and vague and ambiguous as to time and scope. This Request is

18  vague, ambiguous, and unintelligible as it is in reference to include alleged action on

19  behalf of multiple parties and at multiple periods of time, therefore Petitioner cannot

20  provide a complete response to this Request. Petitioner objects on the ground that this

21  Request exceeds the scope of permissible discovery and is not likely to lead to the

22  discovery of admissible evidence. Petitioner also objects as this Request violates the

23  privacy of third parties and that this information is protected from disclosure by,

24  including but not limited to the attorney client privilege, work product doctrine, the

25  National Labor Relations Act, the First Amendment of the United States Constitution,

26  and on public policy grounds. Petitioner further objects to this Request on the ground

27  that the matter seeks unreasonably to intrude upon the right of privacy to the personal

28

SFCA_1420162.3

1  financial affairs of third parties.  After a diligent search and reasonable inquiry, and

2  without waiving any objections, there are no documents that are responsive to this

3  request.

4    Discovery is continuing.  Petitioner reserves the right to alter, amend, modify

5  and/or supplement this response at a later time, up to and including at the time trial.

6  **ARGUMENT**

7    Local 715 objects that the request is "overbroad, unduly burdensome, onerous and

8  vague and ambiguous as to time and scope."  It is well-established that a party responding

9  to requests for admissions must do more than make generalized boilerplate claims of

10  overbreadth, undue burden or vagueness.  *Thomas v. Hickman*, 2007 WL 4302974

11  (E.D.Cal. 2007) (Slip Op. at 10) ("Objections that are not sufficiently specific, such as

12  statements that requests are overly broad, burdensome, or oppressive, are waived.");

13  *Ramirez v. City Of Los Angeles*, 231 F.R.D. 407, 409 (E.D.Cal. 2005) ("it is well-settled

14  that all grounds for objection must be stated with specificity."); *Josephs v. Harris*

15  *Corporation*, 677 F.2d 985, 992 (3d Cir. 1982) ("The litany of overly burdensome,

16  oppressive, and irrelevant does not alone constitute a successful objection to a discovery

17  request.").  Local 715 makes no attempt to describe the nature of the burden or

18  oppression that would be visited upon it by complying with the Hospitals' discovery

19  requests.  Nor does Local 715 attempt to quantify the degree of burden that it would

20  experience.

21    Local 715 further objects that the request is "vague, ambiguous, and

22  unintelligible" on the grounds that "it is in reference to include alleged action on behalf

23  of multiple parties and at multiple periods of time."  This objection is itself unintelligible.

24  The fact that a request calls for documents that relate to "multiple parties" or "multiple

25  periods of time" is not a legitimate reason to refuse to respond.  The subject matter of the

26  request – the identity of counsel for Local 715 concerning the issues that are the subject

27  of the complaint – is easily understood.  Local 715's assertion that the language used in

28

APPENDIX IN SUPPORT OF MOTION TO COMPEL FURTHER
RESPONSES TO DISCOVERY REQUESTS
CASE NOS. 5:07-CV-05158-JF; 5:08-CV-00213-JF; 5:08-CV-00215-JF;
5:08-CV-00216-JF; 5:08-CV-01726-JF; 5:08-CV-01727-JF

SFCA_1420162.3

1  the request is vague is without merit.

2      Local 715 asserts that production of documents is excused due to a privilege or

3  other protection.  The privileges and protections identified are the attorney-client

4  privilege, the attorney work product doctrine, the National Labor Relations Act

5  ("NLRA") The First Amendment to the United States Constitution ("First Amendment")

6  and unspecified "public policy grounds."

7      Initially, it is unclear (and Local 715 does not explain) why any of the requested

8  documents would be privileged or protected by the First Amendment or the NLRA.

9  Local 715 reference to "public policy" without identification whatsoever of the public

10  policy that would prevent the disclosure of otherwise discoverable documents is not a

11  valid ground for refusing to produce documents.  However, even assuming that the First

12  Amendment, the NLRA, or a "public policy" might privilege or protect some of the

13  requested documents, the Federal Rules are clear that a party must do more than simply

14  assert privileges or protections in order to preserve otherwise legitimate objections.

15      Rule 26(b)(5)(A) expressly states that where otherwise discoverable information is

16  withheld based on a claim of privilege or protection for trial preparation material (i.e.

17  work product protection), the party must "describe the nature of the documents,

18  communications, or tangible things not produced or disclosed – and do so in a manner

19  that, without revealing information itself privileged or protected, will enable other parties

20  to assess the claim."  F.R.Civ.P. 26(b)(5)(A)(ii).  The bare invocation of a privilege or

21  protection does not constitute a valid objection and may result in the waiver of any

22  privilege or protection that may exist. *Burlington Northern & Santa Fe Railway*

23  *Company v. United States District Court For The District Of Montana*, 408 F.3d 1142,

24  1147-1148 (9th Cir. 2005) ("boilerplate assertion of an evidentiary privilege in response

25  to a discovery request does not satisfy the demands of Rule 26(b)(5)").

26      Local 715 has not even attempted to produce this required "privilege log" to

27  support its objections, and enable the Hospitals to evaluate its claims of privilege.  Local

28   

SFCA_1420162.3

1    715 did not explain the categories of documents that are allegedly privileged or protected,
2    or even explain why the asserted privileges or protections are applicable to any
3    documents. Such patently insufficient objections are not only legally deficient, they are
4    indicative of bad faith and should result in the waiver of any privilege or protection that
5    may have otherwise existed (if any).

6          Local 715's objections that production would violate the privacy rights of certain
7    unidentified third parties. In federal court cases such as the present one, where the
8    court's jurisdiction is based on a federal question, federal, rather than state, privacy law
9    governs. *Thomas, supra*, 2007 WL 4302974, (Slip Op. at 3-4). As noted previously,
10   where a party objects to discovery requests, those objections must be stated with
11   specificity. Here, as with Local 715's other objections Local 715 has failed to provide
12   any specifics regarding the basis of its privacy objection. The objection is therefore
13   defective and waived. Furthermore, the right to privacy (to the extent that it applies here
14   at all) is not absolute, but must be weighed against the need for the information. *Ragge v.*
15   *MCA Universal Studios*, 165 F.R.D. 601, 604-605 (C.D. Cal. 1995). Local 715's bare
16   assertion of third party privacy rights gives no means to evaluate the claim and balance it
17   against the Hospitals' need for discovery.

18         Local 715 objects that the requested documents are not relevant. The documents,
19   however, pertain to communications relating to the existence and representative status of
20   Local 715. The Court has approved discovery on these issues.

21         Finally, there are responsive documents in the Hospitals' possession that it
22   believes are in the possession of Local 715, but which were not produced. The Hospitals
23   are in possession of letters and e-mails from persons representing Local 715 that were
24   also sent to employees of UHW. [Ridley Decl. Exh XX.] These documents were not
25   produced by Local 715. It is likely that there are other documents not specifically known
26   to the Hospitals, which were also not produced. Local 715 should be ordered to make a
27   complete response to this request and sanctions should be imposed.

28

SFCA_1420162.3

1  **REQUEST FOR PRODUCTION NO. 7:**

2    Produce all DOCUMENTS and WRITINGS RELATING TO correspondence

3  between YOU and any LOCAL 521 official and/or representative from June 30, 2005 to

4  the present regarding the status of LOCAL 715 (including, without limitation, its

5  existence, its termination and/or its merger with or into another LOCAL, or the transfer

6  by any manner of any of its represented bargaining units to another LOCAL or

7  LOCALS).

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

9    Petitioner objects to this Request on the grounds that is it overbroad, unduly

10  burdensome, onerous and vague and ambiguous as to time and scope.  This Request is

11  vague, ambiguous, and unintelligible as it is in reference to include alleged action on

12  behalf of multiple parties and at multiple periods of time, therefore Petitioner cannot

13  provide a complete response to this Request.  Petitioner objects on the ground that this

14  Request exceeds the scope of permissible discovery and is not likely to lead to the

15  discovery of admissible evidence.  Petitioner also objects as this Request violates the

16  privacy of third parties and that this information is protected from disclosure by,

17  including but not limited to the attorney client privilege, work product doctrine, the

18  National Labor Relations Act, the First Amendment of the United States Constitution,

19  and on public policy grounds.  Petitioner further objects to this Request on the ground

20  that the matter seeks unreasonably to intrude upon the right of privacy to the personal

21  financial affairs of third parties.  After a diligent search and reasonable inquiry, and

22  without waiving any objections, there are no documents that are responsive to this

23  request.

24    Discovery is continuing.  Petitioner reserves the right to alter, amend, modify

25  and/or supplement this response at a later time, up to and including at the time trial.

26  **ARGUMENT**

27    Local 715 objects that the request is "overbroad, unduly burdensome, onerous and

28                                    26

SFCA_1420162.3

1   vague and ambiguous as to time and scope." It is well-established that a party responding

2   to requests for admissions must do more than make generalized boilerplate claims of

3   overbreadth, undue burden or vagueness. *Thomas v. Hickman*, 2007 WL 4302974

4   (E.D.Cal. 2007) (Slip Op. at 10) ("Objections that are not sufficiently specific, such as

5   statements that requests are overly broad, burdensome, or oppressive, are waived.");

6   *Ramirez v. City Of Los Angeles*, 231 F.R.D. 407, 409 (E.D.Cal. 2005) ("it is well-settled

7   that all grounds for objection must be stated with specificity."); *Josephs v. Harris*

8   *Corporation*, 677 F.2d 985, 992 (3d Cir. 1982) ("The litany of overly burdensome,

9   oppressive, and irrelevant does not alone constitute a successful objection to a discovery

10  request."). Local 715 makes no attempt to describe the nature of the burden or

11  oppression that would be visited upon it by complying with the Hospitals' discovery

12  requests. Nor does Local 715 attempt to quantify the degree of burden that it would

13  experience.

14      Local 715 further objects that the request is "vague, ambiguous, and

15  unintelligible" on the grounds that "it is in reference to include alleged action on behalf

16  of multiple parties and at multiple periods of time." This objection is itself unintelligible.

17  The fact that a request calls for documents that relate to "multiple parties" or "multiple

18  periods of time" is not a legitimate reason to refuse to respond. The subject matter of the

19  request – the identity of counsel for Local 715 concerning the issues that are the subject

20  of the complaint – is easily understood. Local 715's assertion that the language used in

21  the request is vague is without merit.

22      Local 715 asserts that production of documents is excused due to a privilege or

23  other protection. The privileges and protections identified are the attorney-client

24  privilege, the attorney work product doctrine, the National Labor Relations Act

25  ("NLRA") The First Amendment to the United States Constitution ("First Amendment")

26  and unspecified "public policy grounds."

27      Initially, it is unclear (and Local 715 does not explain) why any of the requested

28

SFCA_1420162.3

1    documents would be privileged or protected by the First Amendment or the NLRA.

2    Local 715 reference to "public policy" without identification whatsoever of the public

3    policy that would prevent the disclosure of otherwise discoverable documents is not a

4    valid ground for refusing to produce documents.  However, even assuming that the First

5    Amendment, the NLRA, or a "public policy" might privilege or protect some of the

6    requested documents, the Federal Rules are clear that a party must do more than simply

7    assert privileges or protections in order to preserve otherwise legitimate objections.

8        Rule 26(b)(5)(A) expressly states that where otherwise discoverable information is

9    withheld based on a claim of privilege or protection for trial preparation material (i.e.

10   work product protection), the party must "describe the nature of the documents,

11   communications, or tangible things not produced or disclosed – and do so in a manner

12   that, without revealing information itself privileged or protected, will enable other parties

13   to assess the claim."  F.R.Civ.P. 26(b)(5)(A)(ii).  The bare invocation of a privilege or

14   protection does not constitute a valid objection and may result in the waiver of any

15   privilege or protection that may exist. *Burlington Northern & Santa Fe Railway*

16   *Company v. United States District Court For The District Of Montana*, 408 F.3d 1142,

17   1147-1148 (9th Cir. 2005) ("boilerplate assertion of an evidentiary privilege in response

18   to a discovery request does not satisfy the demands of Rule 26(b)(5)").

19       Local 715 has not even attempted to produce this required "privilege log" to

20   support its objections, and enable the Hospitals to evaluate its claims of privilege.  Local

21   715 did not explain the categories of documents that are allegedly privileged or protected,

22   or even explain why the asserted privileges or protections are applicable to any

23   documents.  Such patently insufficient objections are not only legally deficient, they are

24   indicative of bad faith and should result in the waiver of any privilege or protection that

25   may have otherwise existed (if any).

26       Local 715's objections that production would violate the privacy rights of certain

27   unidentified third parties.  In federal court cases such as the present one, where the

28
                                      28

SFCA_1420162.3

1   court's jurisdiction is based on a federal question, federal, rather than state, privacy law

2   governs. *Thomas, supra*, 2007 WL 4302974, (Slip Op. at 3-4). As noted previously,

3   where a party objects to discovery requests, those objections must be stated with

4   specificity. Here, as with Local 715's other objections Local 715 has failed to provide

5   any specifics regarding the basis of its privacy objection. The objection is therefore

6   defective and waived. Furthermore, the right to privacy (to the extent that it applies here

7   at all) is not absolute, but must be weighed against the need for the information. *Ragge v.*

8   *MCA Universal Studios*, 165 F.R.D. 601, 604-605 (C.D. Cal. 1995). Local 715's bare

9   assertion of third party privacy rights gives no means to evaluate the claim and balance it

10  against the Hospitals' need for discovery.

11      Local 715 objects that the requested documents are not relevant. The documents,

12  however, pertain to the existence of Local 715. This is among the topics that the Court

13  approved as proper areas for discovery.

14      Finally, the Hospitals note that there were statements posted on the website of

15  Local 521 indicating that Local 715, or parts of it, had been absorbed into Local 521.

16  [Ridley Decl. Exh AAA.] Local 715 also made statements on its website that it was

17  being absorbed into Local 521. [Ridley Decl. Exh ZZ.] Therefore, there should be some

18  (if not a great deal) of documents reflecting communications between the organizations

19  that are responsive to this request. Such documents must be produced.

20  **REQUEST FOR PRODUCTION NO. 8:**

21      Produce all DOCUMENTS and WRITINGS RELATING TO correspondence

22  between YOU and any LOCAL 715 official and/or representative from June 30, 2005 to

23  the present regarding the status of LOCAL 715 (including, without limitation, its

24  existence, its termination and/or its merger with or into another LOCAL, or the transfer

25  by any manner of any of its represented bargaining units to another LOCAL or

26  LOCALS).

27

28

APPENDIX IN SUPPORT OF MOTION TO COMPEL FURTHER
RESPONSES TO DISCOVERY REQUESTS
CASE NOS. 5:07-CV-05158-JF; 5:08-CV-00213-JF; 5:08-CV-00215-JF;
5:08-CV-00216-JF; 5:08-CV-01726-JF; 5:08-CV-01727-JF

1 **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

2      Petitioner objects to this Request on the grounds that is it overbroad, unduly

3 burdensome, onerous and vague and ambiguous as to time and scope.  This Request is

4 vague, ambiguous, and unintelligible as it is in reference to include alleged action on

5 behalf of multiple parties and at multiple periods of time, therefore Petitioner cannot

6 provide a complete response to this Request.  This Request is vague as to the meaning

7 "between YOU and any LOCAL 715 official and/or representative" and as to "the status

8 of LOCAL 715".  Petitioner objects on the ground that this Request exceeds the scope of

9 permissible discovery and is not likely to lead to the discovery of admissible evidence.

10 Petitioner also objects as this Request violates the privacy of third parties and that this

11 information is protected from disclosure by, including but not limited to the attorney

12 client privilege, work product doctrine, the National Labor Relations Act, the First

13 Amendment of the United States Constitution, and on public policy grounds.  Petitioner

14 further objects to this Request on the ground that the matter seeks unreasonably to intrude

15 upon the right of privacy to the personal financial affairs of third parties.

16      Discovery is continuing.  Petitioner reserves the right to alter, amend, modify

17 and/or supplement this response at a later time, up to and including at the time trial.

18 **ARGUMENT**

19      Local 715 objects that the request is "overbroad, unduly burdensome, onerous and

20 vague and ambiguous as to time and scope."  It is well-established that a party responding

21 to requests for admissions must do more than make generalized boilerplate claims of

22 overbreadth, undue burden or vagueness.  *Thomas v. Hickman*, 2007 WL 4302974

23 (E.D.Cal. 2007) (Slip Op. at 10) ("Objections that are not sufficiently specific, such as

24 statements that requests are overly broad, burdensome, or oppressive, are waived.");

25 *Ramirez v. City Of Los Angeles*, 231 F.R.D. 407, 409 (E.D.Cal. 2005) ("it is well-settled

26 that all grounds for objection must be stated with specificity."); *Josephs v. Harris*

27 *Corporation*, 677 F.2d 985, 992 (3d Cir. 1982) ("The litany of overly burdensome,

28

SFCA_1420162.3

1  oppressive, and irrelevant does not alone constitute a successful objection to a discovery

2  request."). Local 715 makes no attempt to describe the nature of the burden or

3  oppression that would be visited upon it by complying with the Hospitals' discovery

4  requests. Nor does Local 715 attempt to quantify the degree of burden that it would

5  experience.

6        Local 715 further objects that the request is "vague, ambiguous, and

7  unintelligible" on the grounds that "it is in reference to include alleged action on behalf

8  of multiple parties and at multiple periods of time." This objection is itself unintelligible.

9  The fact that a request calls for documents that relate to "multiple parties" or "multiple

10  periods of time" is not a legitimate reason to refuse to respond. The subject matter of the

11  request – the identity of counsel for Local 715 concerning the issues that are the subject

12  of the complaint – is easily understood. Local 715's assertion that the language used in

13  the request is vague is without merit.

14        Local 715 asserts that production of documents is excused due to a privilege or

15  other protection. The privileges and protections identified are the attorney-client

16  privilege, the attorney work product doctrine, the National Labor Relations Act

17  ("NLRA") The First Amendment to the United States Constitution ("First Amendment")

18  and unspecified "public policy grounds."

19        Initially, it is unclear (and Local 715 does not explain) why any of the requested

20  documents would be privileged or protected by the First Amendment or the NLRA.

21  Local 715 reference to "public policy" without identification whatsoever of the public

22  policy that would prevent the disclosure of otherwise discoverable documents is not a

23  valid ground for refusing to produce documents. However, even assuming that the First

24  Amendment, the NLRA, or a "public policy" might privilege or protect some of the

25  requested documents, the Federal Rules are clear that a party must do more than simply

26  assert privileges or protections in order to preserve otherwise legitimate objections.

27        Rule 26(b)(5)(A) expressly states that where otherwise discoverable information is

28                                      31

SFCA_1420162.3

1 | withheld based on a claim of privilege or protection for trial preparation material (i.e.
2 | work product protection), the party must "describe the nature of the documents,
3 | communications, or tangible things not produced or disclosed – and do so in a manner
4 | that, without revealing information itself privileged or protected, will enable other parties
5 | to assess the claim." F.R.Civ.P. 26(b)(5)(A)(ii). The bare invocation of a privilege or
6 | protection does not constitute a valid objection and may result in the waiver of any
7 | privilege or protection that may exist. *Burlington Northern & Santa Fe Railway*
8 | *Company v. United States District Court For The District Of Montana*, 408 F.3d 1142,
9 | 1147-1148 (9th Cir. 2005) ("boilerplate assertion of an evidentiary privilege in response
10 | to a discovery request does not satisfy the demands of Rule 26(b)(5)").

11 | Local 715 has not even attempted to produce this required "privilege log" to
12 | support its objections, and enable the Hospitals to evaluate its claims of privilege. Local
13 | 715 did not explain the categories of documents that are allegedly privileged or protected,
14 | or even explain why the asserted privileges or protections are applicable to any
15 | documents. Such patently insufficient objections are not only legally deficient, they are
16 | indicative of bad faith and should result in the waiver of any privilege or protection that
17 | may have otherwise existed (if any).

18 | Local 715's objections that production would violate the privacy rights of certain
19 | unidentified third parties. In federal court cases such as the present one, where the
20 | court's jurisdiction is based on a federal question, federal, rather than state, privacy law
21 | governs. *Thomas, supra*, 2007 WL 4302974, (Slip Op. at 3-4). As noted previously,
22 | where a party objects to discovery requests, those objections must be stated with
23 | specificity. Here, as with Local 715's other objections Local 715 has failed to provide
24 | any specifics regarding the basis of its privacy objection. The objection is therefore
25 | defective and waived. Furthermore, the right to privacy (to the extent that it applies here
26 | at all) is not absolute, but must be weighed against the need for the information. *Ragge v.*
27 | *MCA Universal Studios*, 165 F.R.D. 601, 604-605 (C.D. Cal. 1995). Local 715's bare

28 |

32

SFCA_1420162.3

1  assertion of third party privacy rights gives no means to evaluate the claim and balance it
2  against the Hospitals' need for discovery.

3      Local 715 objects that the requested documents are not relevant. The documents,
4  however, pertain to the existence of Local 715. This is among the topics that the Court
5  approved as proper areas for discovery.

6  **REQUEST FOR PRODUCTION NO. 9:**

7      Produce all DOCUMENTS and WRITINGS RELATING TO the handling of any
8  funds (including, without limitation, dues payments) RELATING TO LOCAL 715
9  (including, without limitation, all deposits, payments and transfers of said funds) from
10  January 2007 to the present.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

12      Petitioner objects to this Request on the grounds that is it overbroad, unduly
13  burdensome, onerous and vague and ambiguous as to time and scope. This Request is
14  vague, ambiguous, and unintelligible as it is in reference to include alleged action on
15  behalf of multiple parties and at multiple periods of time, therefore Petitioner cannot
16  provide a complete response to this Request. This Request is vague as to the meaning of
17  "handling of any funds". Petitioner objects on the ground that this Request exceeds the
18  scope of permissible discovery and is not likely to lead to the discovery of admissible
19  evidence. Petitioner also objects as this Request violates the privacy of third parties and
20  that this information is protected from disclosure by, including but not limited to the
21  attorney client privilege, work product doctrine, the National Labor Relations Act, the
22  First Amendment of the United States Constitution, and on public policy grounds.
23  Petitioner further objects to this Request on the ground that the matter seeks unreasonably
24  to intrude upon the right of privacy to the personal financial affairs of third parties.

25      Discovery is continuing. Petitioner reserves the right to alter, amend, modify
26  and/or supplement this response at a later time, up to and including at the time trial.

27

28

SFCA_1420162.3

1  **ARGUMENT**

2      Local 715 objects that the request is "overbroad, unduly burdensome, onerous and

3  vague and ambiguous as to time and scope." It is well-established that a party responding

4  to requests for admissions must do more than make generalized boilerplate claims of

5  overbreadth, undue burden or vagueness. *Thomas v. Hickman*, 2007 WL 4302974

6  (E.D.Cal. 2007) (Slip Op. at 10) ("Objections that are not sufficiently specific, such as

7  statements that requests are overly broad, burdensome, or oppressive, are waived.");

8  *Ramirez v. City Of Los Angeles*, 231 F.R.D. 407, 409 (E.D.Cal. 2005) ("it is well-settled

9  that all grounds for objection must be stated with specificity."); *Josephs v. Harris*

10  *Corporation*, 677 F.2d 985, 992 (3d Cir. 1982) ("The litany of overly burdensome,

11  oppressive, and irrelevant does not alone constitute a successful objection to a discovery

12  request."). Local 715 makes no attempt to describe the nature of the burden or

13  oppression that would be visited upon it by complying with the Hospitals' discovery

14  requests. Nor does Local 715 attempt to quantify the degree of burden that it would

15  experience.

16      Local 715 further objects that the request is "vague, ambiguous, and

17  unintelligible" on the grounds that "it is in reference to include alleged action on behalf

18  of multiple parties and at multiple periods of time." This objection is itself unintelligible.

19  The fact that a request calls for documents that relate to "multiple parties" or "multiple

20  periods of time" is not a legitimate reason to refuse to respond. The subject matter of the

21  request – the identity of counsel for Local 715 concerning the issues that are the subject

22  of the complaint – is easily understood. Local 715's assertion that the language used in

23  the request is vague is without merit.

24      Local 715 asserts that production of documents is excused due to a privilege or

25  other protection. The privileges and protections identified are the attorney-client

26  privilege, the attorney work product doctrine, the National Labor Relations Act

27  ("NLRA") The First Amendment to the United States Constitution ("First Amendment")

28  

SFCA_1420162.3

1 | and unspecified "public policy grounds."

2 |       Initially, it is unclear (and Local 715 does not explain) why any of the requested

3 | documents would be privileged or protected by the First Amendment or the NLRA.

4 | Local 715 reference to "public policy" without identification whatsoever of the public

5 | policy that would prevent the disclosure of otherwise discoverable documents is not a

6 | valid ground for refusing to produce documents.  However, even assuming that the First

7 | Amendment, the NLRA, or a "public policy" might privilege or protect some of the

8 | requested documents, the Federal Rules are clear that a party must do more than simply

9 | assert privileges or protections in order to preserve otherwise legitimate objections.

10 |       Rule 26(b)(5)(A) expressly states that where otherwise discoverable information is

11 | withheld based on a claim of privilege or protection for trial preparation material (i.e.

12 | work product protection), the party must "describe the nature of the documents,

13 | communications, or tangible things not produced or disclosed – and do so in a manner

14 | that, without revealing information itself privileged or protected, will enable other parties

15 | to assess the claim."  F.R.Civ.P. 26(b)(5)(A)(ii).  The bare invocation of a privilege or

16 | protection does not constitute a valid objection and may result in the waiver of any

17 | privilege or protection that may exist. *Burlington Northern & Santa Fe Railway*

18 | *Company v. United States District Court For The District Of Montana*, 408 F.3d 1142,

19 | 1147-1148 (9th Cir. 2005) ("boilerplate assertion of an evidentiary privilege in response

20 | to a discovery request does not satisfy the demands of Rule 26(b)(5)").

21 |       Local 715 has not even attempted to produce this required "privilege log" to

22 | support its objections, and enable the Hospitals to evaluate its claims of privilege.  Local

23 | 715 did not explain the categories of documents that are allegedly privileged or protected,

24 | or even explain why the asserted privileges or protections are applicable to any

25 | documents.  Such patently insufficient objections are not only legally deficient, they are

26 | indicative of bad faith and should result in the waiver of any privilege or protection that

27 | may have otherwise existed (if any).

28 |

SFCA_1420162.3

1    Local 715's objections that production would violate the privacy rights of certain

2  unidentified third parties. In federal court cases such as the present one, where the

3  court's jurisdiction is based on a federal question, federal, rather than state, privacy law

4  governs. *Thomas, supra*, 2007 WL 4302974, (Slip Op. at 3-4). As noted previously,

5  where a party objects to discovery requests, those objections must be stated with

6  specificity. Here, as with Local 715's other objections Local 715 has failed to provide

7  any specifics regarding the basis of its privacy objection. The objection is therefore

8  defective and waived. Furthermore, the right to privacy (to the extent that it applies here

9  at all) is not absolute, but must be weighed against the need for the information. *Ragge v.*

10  *MCA Universal Studios*, 165 F.R.D. 601, 604-605 (C.D. Cal. 1995). Local 715's bare

11  assertion of third party privacy rights gives no means to evaluate the claim and balance it

12  against the Hospitals' need for discovery.

13    Local 715 objects that the requested documents are not relevant. The documents,

14  however, pertain to the existence and to the resources of Local 715. The Court has

15  approved discovery on these issues.

16    Finally, there are responsive documents in the Hospitals' possession that it

17  believes are in the possession of Local 715, but which were not produced. The Hospitals

18  are in possession of LM-2 reports filed with the Department of Justice by Local 715,

19  which detail many aspects of the handling of Local 715's funds. [Ridley Decl. Exh DDD

20  & EEE.] These reports were not produced by Local 715, nor were the underlying

21  documents upon which the report was based. It is likely that there are other documents

22  not specifically known to the Hospitals, which were also not produced. Local 715 should

23  be ordered to make a complete response to this request and sanctions should be imposed.

24  **REQUEST FOR PRODUCTION NO. 10:**

25    Produce all DOCUMENTS and WRITINGS RELATING TO the affairs and

26  transactions of LOCAL 715 from January 2006 to the present (including, without

27  limitation, all reports and monitoring activities of said affairs and transactions).

28

APPENDIX IN SUPPORT OF MOTION TO COMPEL FURTHER
RESPONSES TO DISCOVERY REQUESTS
CASE NOS. 5:07-CV-05158-JF, 5:08-CV-00213-JF, 5:08-CV-00215-JF;
5:08-CV-00216-JF; 5:08-CV-01726-JF; 5:08-CV-01727-JF

SFCA_1420162.3

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

2    Petitioner objects to this Request on the grounds that is it overbroad, unduly

3    burdensome, onerous and vague and ambiguous as to time and scope. This Request is

4    vague, ambiguous, and unintelligible as it is in reference to include alleged action on

5    behalf of multiple parties and at multiple periods of time, therefore Petitioner cannot

6    provide a complete response to this Request. This Request is vague as to the meaning of

7    "affairs and transactions of LOCAL 715" and "all reports and monitoring activities of

8    said affairs and transactions." Petitioner objects on the ground that this Request exceeds

9    the scope of permissible discovery and is not likely to lead to the discovery of admissible

10    evidence. Petitioner also objects as this Request violates the privacy of third parties and

11    that this information is protected from disclosure by, including but not limited to the

12    attorney client privilege, work product doctrine, the National Labor Relations Act, the

13    First Amendment of the United States Constitution, and on public policy grounds.

14    Petitioner further objects to this Request on the ground that the matter seeks unreasonably

15    to intrude upon the right of privacy to the personal financial affairs of third parties.

16    Discovery is continuing. Petitioner reserves the right to alter, amend, modify

17    and/or supplement this response at a later time, up to and including at the time trial.

18    **ARGUMENT**

19    Local 715 objects that the request is "overbroad, unduly burdensome, onerous and

20    vague and ambiguous as to time and scope." It is well-established that a party responding

21    to requests for admissions must do more than make generalized boilerplate claims of

22    overbreadth, undue burden or vagueness. *Thomas v. Hickman*, 2007 WL 4302974

23    (E.D.Cal. 2007) (Slip Op. at 10) ("Objections that are not sufficiently specific, such as

24    statements that requests are overly broad, burdensome, or oppressive, are waived.");

25    *Ramirez v. City Of Los Angeles*, 231 F.R.D. 407, 409 (E.D.Cal. 2005) ("it is well-settled

26    that all grounds for objection must be stated with specificity."); *Josephs v. Harris*

27    *Corporation*, 677 F.2d 985, 992 (3d Cir. 1982) ("The litany of overly burdensome,

28    
37

SFCA_1420162.3

1    oppressive, and irrelevant does not alone constitute a successful objection to a discovery

2    request."). Local 715 makes no attempt to describe the nature of the burden or

3    oppression that would be visited upon it by complying with the Hospitals' discovery

4    requests. Nor does Local 715 attempt to quantify the degree of burden that it would

5    experience.

6         Local 715 further objects that the request is "vague, ambiguous, and

7    unintelligible" on the grounds that "it is in reference to include alleged action on behalf

8    of multiple parties and at multiple periods of time." This objection is itself unintelligible.

9    The fact that a request calls for documents that relate to "multiple parties" or "multiple

10   periods of time" is not a legitimate reason to refuse to respond. The subject matter of the

11   request – the identity of counsel for Local 715 concerning the issues that are the subject

12   of the complaint – is easily understood. Local 715's assertion that the language used in

13   the request is vague is without merit.

14        Local 715 asserts that production of documents is excused due to a privilege or

15   other protection. The privileges and protections identified are the attorney-client

16   privilege, the attorney work product doctrine, the National Labor Relations Act

17   ("NLRA") The First Amendment to the United States Constitution ("First Amendment")

18   and unspecified "public policy grounds."

19        Initially, it is unclear (and Local 715 does not explain) why any of the requested

20   documents would be privileged or protected by the First Amendment or the NLRA.

21   Local 715 reference to "public policy" without identification whatsoever of the public

22   policy that would prevent the disclosure of otherwise discoverable documents is not a

23   valid ground for refusing to produce documents. However, even assuming that the First

24   Amendment, the NLRA, or a "public policy" might privilege or protect some of the

25   requested documents, the Federal Rules are clear that a party must do more than simply

26   assert privileges or protections in order to preserve otherwise legitimate objections.

27        Rule 26(b)(5)(A) expressly states that where otherwise discoverable information is

28

1   withheld based on a claim of privilege or protection for trial preparation material (i.e.

2   work product protection), the party must "describe the nature of the documents,

3   communications, or tangible things not produced or disclosed – and do so in a manner

4   that, without revealing information itself privileged or protected, will enable other parties

5   to assess the claim." F.R.Civ.P. 26(b)(5)(A)(ii). The bare invocation of a privilege or

6   protection does not constitute a valid objection and may result in the waiver of any

7   privilege or protection that may exist. *Burlington Northern & Santa Fe Railway*

8   *Company v. United States District Court For The District Of Montana*, 408 F.3d 1142,

9   1147-1148 (9th Cir. 2005) ("boilerplate assertion of an evidentiary privilege in response

10  to a discovery request does not satisfy the demands of Rule 26(b)(5)").

11       Local 715 has not even attempted to produce this required "privilege log" to

12  support its objections, and enable the Hospitals to evaluate its claims of privilege. Local

13  715 did not explain the categories of documents that are allegedly privileged or protected,

14  or even explain why the asserted privileges or protections are applicable to any

15  documents. Such patently insufficient objections are not only legally deficient, they are

16  indicative of bad faith and should result in the waiver of any privilege or protection that

17  may have otherwise existed (if any).

18       Local 715's objections that production would violate the privacy rights of certain

19  unidentified third parties. In federal court cases such as the present one, where the

20  court's jurisdiction is based on a federal question, federal, rather than state, privacy law

21  governs. *Thomas, supra*, 2007 WL 4302974, (Slip Op. at 3-4). As noted previously,

22  where a party objects to discovery requests, those objections must be stated with

23  specificity. Here, as with Local 715's other objections Local 715 has failed to provide

24  any specifics regarding the basis of its privacy objection. The objection is therefore

25  defective and waived. Furthermore, the right to privacy (to the extent that it applies here

26  at all) is not absolute, but must be weighed against the need for the information. *Ragge v.*

27  *MCA Universal Studios*, 165 F.R.D. 601, 604-605 (C.D. Cal. 1995). Local 715's bare

28

39

SFCA_1420162.3

1  assertion of third party privacy rights gives no means to evaluate the claim and balance it

2  against the Hospitals' need for discovery.

3      Local 715 objects that the requested documents are not relevant.  The documents,

4  however, pertain to the affairs and transactions of Local 715.  The Court has approved

5  discovery on these issues.

6      Finally, there are responsive documents in the Hospitals' possession that it

7  believes are in the possession of Local 715, but which were not produced.  The Hospitals

8  are in possession of LM-2 reports filed with the Department of Justice by Local 715,

9  which detail many aspects of the handling of Local 715's funds.  [Ridley Decl. Exh DDD

10 & EEE.]  These reports were not produced by Local 715, nor were the underlying

11 documents upon which the report was based.  It is likely that there are other documents

12 not specifically known to the Hospitals, which were also not produced.  Local 715 should

13 be ordered to make a complete response to this request and sanctions should be imposed.

14 **REQUEST FOR PRODUCTION NO. 11:**

15     Produce all DOCUMENTS and WRITINGS RELATING TO the establishment of

16 a trusteeship for LOCAL 715 from January 2007 to the present.

17 **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

18     Petitioner objects to this Request on the grounds that is it overbroad, unduly

19 burdensome, onerous and vague and ambiguous as to time and scope.  This Request is

20 vague, ambiguous, and unintelligible as it is in reference to include alleged action on

21 behalf of multiple parties and at multiple periods of time, therefore Petitioner cannot

22 provide a complete response to this Request.  Petitioner objects on the ground that this

23 Request exceeds the scope of permissible discovery and is not likely to lead to the

24 discovery of admissible evidence.  Petitioner also objects as this Request violates the

25 privacy of third parties and that this information is protected from disclosure by,

26 including but not limited to the attorney client privilege, work product doctrine, the

27 National Labor Relations Act, the First Amendment of the United States Constitution,

28

40

SFCA_1420162.3

1  and on public policy grounds.  Petitioner further objects to this Request on the ground

2  that the matter seeks unreasonably to intrude upon the right of privacy to the personal

3  financial affairs of third parties.  Subject to and without waiving any objections,

4  Petitioner produces SEIU0001 to SEIU0009 and SEIU0029 to SEIU0034.

5      Discovery is continuing.  Petitioner reserves the right to alter, amend, modify

6  and/or supplement this response at a later time, up to and including at the time trial.

7  **ARGUMENT**

8      Local 715 objects that the request is "overbroad, unduly burdensome, onerous and

9  vague and ambiguous as to time and scope."  It is well-established that a party responding

10  to requests for admissions must do more than make generalized boilerplate claims of

11  overbreadth, undue burden or vagueness.  *Thomas v. Hickman*, 2007 WL 4302974

12  (E.D.Cal. 2007) (Slip Op. at 10) ("Objections that are not sufficiently specific, such as

13  statements that requests are overly broad, burdensome, or oppressive, are waived.");

14  *Ramirez v. City Of Los Angeles*, 231 F.R.D. 407, 409 (E.D.Cal. 2005) ("it is well-settled

15  that all grounds for objection must be stated with specificity."); *Josephs v. Harris*

16  *Corporation*, 677 F.2d 985, 992 (3d Cir. 1982) ("The litany of overly burdensome,

17  oppressive, and irrelevant does not alone constitute a successful objection to a discovery

18  request.").  Local 715 makes no attempt to describe the nature of the burden or

19  oppression that would be visited upon it by complying with the Hospitals' discovery

20  requests.  Nor does Local 715 attempt to quantify the degree of burden that it would

21  experience.

22      Local 715 further objects that the request is "vague, ambiguous, and

23  unintelligible" on the grounds that "it is in reference to include alleged action on behalf

24  of multiple parties and at multiple periods of time."  This objection is itself unintelligible.

25  The fact that a request calls for documents that relate to "multiple parties" or "multiple

26  periods of time" is not a legitimate reason to refuse to respond.  The subject matter of the

27  request – the identity of counsel for Local 715 concerning the issues that are the subject

28

41

SFCA_1420162.3

1  of the complaint – is easily understood.  Local 715's assertion that the language used in

2  the request is vague is without merit.

3      Local 715 asserts that production of documents is excused due to a privilege or

4  other protection.  The privileges and protections identified are the attorney-client

5  privilege, the attorney work product doctrine, the National Labor Relations Act

6  ("NLRA") The First Amendment to the United States Constitution ("First Amendment")

7  and unspecified "public policy grounds."

8      Initially, it is unclear (and Local 715 does not explain) why any of the requested

9  documents would be privileged or protected by the First Amendment or the NLRA.

10  Local 715 reference to "public policy" without identification whatsoever of the public

11  policy that would prevent the disclosure of otherwise discoverable documents is not a

12  valid ground for refusing to produce documents.  However, even assuming that the First

13  Amendment, the NLRA, or a "public policy" might privilege or protect some of the

14  requested documents, the Federal Rules are clear that a party must do more than simply

15  assert privileges or protections in order to preserve otherwise legitimate objections.

16      Rule 26(b)(5)(A) expressly states that where otherwise discoverable information is

17  withheld based on a claim of privilege or protection for trial preparation material (i.e.

18  work product protection), the party must "describe the nature of the documents,

19  communications, or tangible things not produced or disclosed – and do so in a manner

20  that, without revealing information itself privileged or protected, will enable other parties

21  to assess the claim."  F.R.Civ.P. 26(b)(5)(A)(ii).  The bare invocation of a privilege or

22  protection does not constitute a valid objection and may result in the waiver of any

23  privilege or protection that may exist. *Burlington Northern & Santa Fe Railway*

24  *Company v. United States District Court For The District Of Montana*, 408 F.3d 1142,

25  1147-1148 (9th Cir. 2005) ("boilerplate assertion of an evidentiary privilege in response

26  to a discovery request does not satisfy the demands of Rule 26(b)(5)").

27      Local 715 has not even attempted to produce this required "privilege log" to

28

SFCA_1420162.3

1 | support its objections, and enable the Hospitals to evaluate its claims of privilege. Local
2 | 715 did not explain the categories of documents that are allegedly privileged or protected,
3 | or even explain why the asserted privileges or protections are applicable to any
4 | documents. Such patently insufficient objections are not only legally deficient, they are
5 | indicative of bad faith and should result in the waiver of any privilege or protection that
6 | may have otherwise existed (if any).

7 | Local 715's objections that production would violate the privacy rights of certain
8 | unidentified third parties. In federal court cases such as the present one, where the
9 | court's jurisdiction is based on a federal question, federal, rather than state, privacy law
10 | governs. *Thomas, supra*, 2007 WL 4302974, (Slip Op. at 3-4). As noted previously,
11 | where a party objects to discovery requests, those objections must be stated with
12 | specificity. Here, as with Local 715's other objections Local 715 has failed to provide
13 | any specifics regarding the basis of its privacy objection. The objection is therefore
14 | defective and waived. Furthermore, the right to privacy (to the extent that it applies here
15 | at all) is not absolute, but must be weighed against the need for the information. *Ragge v.*
16 | *MCA Universal Studios*, 165 F.R.D. 601, 604-605 (C.D. Cal. 1995). Local 715's bare
17 | assertion of third party privacy rights gives no means to evaluate the claim and balance it
18 | against the Hospitals' need for discovery.

19 | Local 715 objects that the requested documents are not relevant. The documents,
20 | however, pertain to the existence and representative status of Local 715. The Court has
21 | approved discovery on these issues.

22 | Finally, there appear to be responsive documents that were not produced by Local
23 | 715. Among the documents produced by Local 715 is a June 8, 2007 memorandum from
24 | SEIU International President Andrew Stern that references "a request from the officers
25 | and Executive Board of Local 715" requesting the imposition of a trusteeship over the
26 | local. [Ridley Decl. Exh CCC.] The documents pertaining to this request were not
27 | produced by Local 715. It is likely that there are other documents not specifically known
28 |

SFCA_1420162.3

1    to the Hospitals, which were also not produced.  Local 715 should be ordered to make a

2    complete response to this request and sanctions should be imposed.

3    **REQUEST FOR PRODUCTION NO. 12:**

4           Produce all DOCUMENTS and WRITINGS RELATING TO LOCAL 715's

5    website from January 2007 to the present including, without limitation, all links from the

6    website to other sites, all references to LOCAL 715's status (including existence,

7    termination or merger with or into another LOCAL), all references to LOCAL 715's

8    funds, and all references to LOCAL 715's officers and/or trustees.  This request

9    specifically includes all versions of LOCAL 715's website during the time period

10   including, without limitation, all changes to the website and the reasons for such changes.

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

12          Petitioner objects to this Request on the grounds that is it overbroad, unduly

13   burdensome, onerous and vague and ambiguous as to time and scope.  This Request is

14   vague, ambiguous, and unintelligible as it is in reference to include alleged action on

15   behalf of multiple parties and at multiple periods of time, therefore Petitioner cannot

16   provide a complete response to this Request.  Petitioner objects on the ground that this

17   Request exceeds the scope of permissible discovery and is not likely to lead to the

18   discovery of admissible evidence.  Petitioner also objects as this Request violates the

19   privacy of third parties and that this information is protected from disclosure by,

20   including but not limited to the attorney client privilege, work product doctrine, the

21   National Labor Relations Act, the First Amendment of the United States Constitution,

22   and on public policy grounds.  Petitioner further objects to this Request on the ground

23   that the matter seeks unreasonably to intrude upon the right of privacy to the personal

24   financial affairs of third parties.  Finally, the requested documents are equally available to

25   Respondent.  Subject to and without waiving any objections, Petitioner produces

26   SEIU0010 to SEIU0019.

27          Discovery is continuing.  Petitioner reserves the right to alter, amend, modify

28                                            44

SFCA_1420162.3

1 and/or supplement this response at a later time, up to and including at the time trial.

2 **ARGUMENT**

3       Local 715 objects that the request is "overbroad, unduly burdensome, onerous and

4 vague and ambiguous as to time and scope."  It is well-established that a party responding

5 to requests for admissions must do more than make generalized boilerplate claims of

6 overbreadth, undue burden or vagueness.  *Thomas v. Hickman*, 2007 WL 4302974

7 (E.D.Cal. 2007) (Slip Op. at 10) ("Objections that are not sufficiently specific, such as

8 statements that requests are overly broad, burdensome, or oppressive, are waived.");

9 *Ramirez v. City Of Los Angeles*, 231 F.R.D. 407, 409 (E.D.Cal. 2005) ("it is well-settled

10 that all grounds for objection must be stated with specificity."); *Josephs v. Harris*

11 *Corporation*, 677 F.2d 985, 992 (3d Cir. 1982) ("The litany of overly burdensome,

12 oppressive, and irrelevant does not alone constitute a successful objection to a discovery

13 request.").  Local 715 makes no attempt to describe the nature of the burden or

14 oppression that would be visited upon it by complying with the Hospitals' discovery

15 requests.  Nor does Local 715 attempt to quantify the degree of burden that it would

16 experience.

17       Local 715 further objects that the request is "vague, ambiguous, and

18 unintelligible" on the grounds that "it is in reference to include alleged action on behalf

19 of multiple parties and at multiple periods of time."  This objection is itself unintelligible.

20 The fact that a request calls for documents that relate to "multiple parties" or "multiple

21 periods of time" is not a legitimate reason to refuse to respond.  The subject matter of the

22 request – the identity of counsel for Local 715 concerning the issues that are the subject

23 of the complaint – is easily understood.  Local 715's assertion that the language used in

24 the request is vague is without merit.

25       Local 715 asserts that production of documents is excused due to a privilege or

26 other protection.  The privileges and protections identified are the attorney-client

27 privilege, the attorney work product doctrine, the National Labor Relations Act

28

45

APPENDIX IN SUPPORT OF MOTION TO COMPEL FURTHER
RESPONSES TO DISCOVERY REQUESTS
CASE NOS. 5:07-CV-05158-JF, 5:08-CV-00213-JF, 5:08-CV-00215-JF;
5:08-CV-00216-JF; 5:08-CV-01726-JF; 5:08-CV-01727-JF

1    ("NLRA") The First Amendment to the United States Constitution ("First Amendment")

2    and unspecified "public policy grounds."

3         Initially, it is unclear (and Local 715 does not explain) why any of the requested

4    documents would be privileged or protected by the First Amendment or the NLRA.

5    Local 715 reference to "public policy" without identification whatsoever of the public

6    policy that would prevent the disclosure of otherwise discoverable documents is not a

7    valid ground for refusing to produce documents.  However, even assuming that the First

8    Amendment, the NLRA, or a "public policy" might privilege or protect some of the

9    requested documents, the Federal Rules are clear that a party must do more than simply

10   assert privileges or protections in order to preserve otherwise legitimate objections.

11        Rule 26(b)(5)(A) expressly states that where otherwise discoverable information is

12   withheld based on a claim of privilege or protection for trial preparation material (i.e.

13   work product protection), the party must "describe the nature of the documents,

14   communications, or tangible things not produced or disclosed – and do so in a manner

15   that, without revealing information itself privileged or protected, will enable other parties

16   to assess the claim."  F.R.Civ.P. 26(b)(5)(A)(ii).  The bare invocation of a privilege or

17   protection does not constitute a valid objection and may result in the waiver of any

18   privilege or protection that may exist. *Burlington Northern & Santa Fe Railway*

19   *Company v. United States District Court For The District Of Montana*, 408 F.3d 1142,

20   1147-1148 (9th Cir. 2005) ("boilerplate assertion of an evidentiary privilege in response

21   to a discovery request does not satisfy the demands of Rule 26(b)(5)").

22        Local 715 has not even attempted to produce this required "privilege log" to

23   support its objections, and enable the Hospitals to evaluate its claims of privilege.  Local

24   715 did not explain the categories of documents that are allegedly privileged or protected,

25   or even explain why the asserted privileges or protections are applicable to any

26   documents.  Such patently insufficient objections are not only legally deficient, they are

27   indicative of bad faith and should result in the waiver of any privilege or protection that

28

46

APPENDIX IN SUPPORT OF MOTION TO COMPEL FURTHER
RESPONSES TO DISCOVERY REQUESTS
CASE NOS. 5:07-CV-05158-JF, 5:08-CV-00213-JF, 5:08-CV-00215-JF;
5:08-CV-00216-JF; 5:08-CV-01726-JF; 5:08-CV-01727-JF

1  may have otherwise existed (if any).

2      Local 715's objections that production would violate the privacy rights of certain

3  unidentified third parties.  In federal court cases such as the present one, where the

4  court's jurisdiction is based on a federal question, federal, rather than state, privacy law

5  governs. *Thomas, supra*, 2007 WL 4302974, (Slip Op. at 3-4).  As noted previously,

6  where a party objects to discovery requests, those objections must be stated with

7  specificity.  Here, as with Local 715's other objections Local 715 has failed to provide

8  any specifics regarding the basis of its privacy objection.  The objection is therefore

9  defective and waived.  Furthermore, the right to privacy (to the extent that it applies here

10  at all) is not absolute, but must be weighed against the need for the information. *Ragge v.*

11  *MCA Universal Studios*, 165 F.R.D. 601, 604-605 (C.D. Cal. 1995).  Local 715's bare

12  assertion of third party privacy rights gives no means to evaluate the claim and balance it

13  against the Hospitals' need for discovery.

14      Local 715 objects that the requested documents are not relevant.  The documents,

15  however, pertain to the existence and representative status of Local 715.  The Court has

16  approved discovery on these issues.

17      Finally, there are responsive documents in the Hospitals' possession that it

18  believes are in the possession of Local 715, but which were not produced.  The Hospitals

19  are in possession of images of previous versions of Local 715's website.  [Ridley Decl.

20  Exh ZZ.]  These documents were not produced by Local 715.  Indeed, Local 715 has

21  produced none of the website-related documents requested except for images, apparently

22  from its current website.  Local 715 should be ordered to make a complete response to

23  this request and sanctions should be imposed.

24  **REQUEST FOR PRODUCTION NO. 13:**

25      Produce all DOCUMENTS and WRITINGS RELATING TO LOCAL 521's

26  website from January 2007 to the present including, without limitation, all links from the

27  website to other sites, all references to LOCAL 521's status (including its creation,

28

SFCA_1420162.3

1    existence, or merger with other LOCALS), all references to LOCAL 521's funds, and all
2    references to LOCAL 521's officers and/or trustees. This request specifically includes all
3    versions of LOCAL 521's website during the time period including, without limitation,
4    all changes to the website and the reasons for such changes.

5    **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

6        Petitioner objects to this Request on the grounds that is it overbroad, unduly
7    burdensome, onerous and vague and ambiguous as to time and scope. This Request is
8    vague, ambiguous, and unintelligible as it is in reference to include alleged action on
9    behalf of multiple parties and at multiple periods of time, therefore Petitioner cannot
10   provide a complete response this Request. Petitioner objects on the ground that this
11   Request exceeds the scope of permissible discovery and is not likely to lead to the
12   discovery of admissible evidence. Petitioner also objects as this Request violates the
13   privacy of third parties and that this information is protected from disclosure by,
14   including but not limited to the attorney client privilege, work product doctrine, the
15   National Labor Relations Act, the First Amendment of the United States Constitution,
16   and on public policy grounds. Petitioner further objects to this Request on the ground
17   that the matter seeks unreasonably to intrude upon the right of privacy to the personal
18   financial affairs of third parties. After a diligent search and reasonable inquiry, and
19   without waiving any objections, there are no documents that are responsive to this
20   request.

21       Discovery is continuing. Petitioner reserves the right to alter, amend, modify
22   and/or supplement this response at a later time, up to and including at the time trial.

23   **ARGUMENT**

24       Local 715 objects that the request is "overbroad, unduly burdensome, onerous and
25   vague and ambiguous as to time and scope." It is well-established that a party responding
26   to requests for admissions must do more than make generalized boilerplate claims of
27   overbreadth, undue burden or vagueness. *Thomas v. Hickman*, 2007 WL 4302974

28                                         48

SFCA_1420162.3

1  (E.D.Cal. 2007) (Slip Op. at 10) ("Objections that are not sufficiently specific, such as

2  statements that requests are overly broad, burdensome, or oppressive, are waived.");

3  *Ramirez v. City Of Los Angeles*, 231 F.R.D. 407, 409 (E.D.Cal. 2005) ("it is well-settled

4  that all grounds for objection must be stated with specificity."); *Josephs v. Harris*

5  *Corporation*, 677 F.2d 985, 992 (3d Cir. 1982) ("The litany of overly burdensome,

6  oppressive, and irrelevant does not alone constitute a successful objection to a discovery

7  request."). Local 715 makes no attempt to describe the nature of the burden or

8  oppression that would be visited upon it by complying with the Hospitals' discovery

9  requests. Nor does Local 715 attempt to quantify the degree of burden that it would

10 experience.

11      Local 715 further objects that the request is "vague, ambiguous, and

12 unintelligible" on the grounds that "it is in reference to include alleged action on behalf

13 of multiple parties and at multiple periods of time." This objection is itself unintelligible.

14 The fact that a request calls for documents that relate to "multiple parties" or "multiple

15 periods of time" is not a legitimate reason to refuse to respond. The subject matter of the

16 request – the identity of counsel for Local 715 concerning the issues that are the subject

17 of the complaint – is easily understood. Local 715's assertion that the language used in

18 the request is vague is without merit.

19      Local 715 asserts that production of documents is excused due to a privilege or

20 other protection. The privileges and protections identified are the attorney-client

21 privilege, the attorney work product doctrine, the National Labor Relations Act

22 ("NLRA") The First Amendment to the United States Constitution ("First Amendment")

23 and unspecified "public policy grounds."

24      Initially, it is unclear (and Local 715 does not explain) why any of the requested

25 documents would be privileged or protected by the First Amendment or the NLRA.

26 Local 715 reference to "public policy" without identification whatsoever of the public

27 policy that would prevent the disclosure of otherwise discoverable documents is not a

28

49

SFCA_1420162.3

1  valid ground for refusing to produce documents.  However, even assuming that the First

2  Amendment, the NLRA, or a "public policy" might privilege or protect some of the

3  requested documents, the Federal Rules are clear that a party must do more than simply

4  assert privileges or protections in order to preserve otherwise legitimate objections.

5      Rule 26(b)(5)(A) expressly states that where otherwise discoverable information is

6  withheld based on a claim of privilege or protection for trial preparation material (i.e.

7  work product protection), the party must "describe the nature of the documents,

8  communications, or tangible things not produced or disclosed – and do so in a manner

9  that, without revealing information itself privileged or protected, will enable other parties

10 to assess the claim."  F.R.Civ.P. 26(b)(5)(A)(ii).  The bare invocation of a privilege or

11 protection does not constitute a valid objection and may result in the waiver of any

12 privilege or protection that may exist. *Burlington Northern & Santa Fe Railway*

13 *Company v. United States District Court For The District Of Montana*, 408 F.3d 1142,

14 1147-1148 (9th Cir. 2005) ("boilerplate assertion of an evidentiary privilege in response

15 to a discovery request does not satisfy the demands of Rule 26(b)(5)").

16     Local 715 has not even attempted to produce this required "privilege log" to

17 support its objections, and enable the Hospitals to evaluate its claims of privilege.  Local

18 715 did not explain the categories of documents that are allegedly privileged or protected,

19 or even explain why the asserted privileges or protections are applicable to any

20 documents.  Such patently insufficient objections are not only legally deficient, they are

21 indicative of bad faith and should result in the waiver of any privilege or protection that

22 may have otherwise existed (if any).

23     Local 715's objections that production would violate the privacy rights of certain

24 unidentified third parties.  In federal court cases such as the present one, where the

25 court's jurisdiction is based on a federal question, federal, rather than state, privacy law

26 governs.  *Thomas, supra*, 2007 WL 4302974, (Slip Op. at 3-4).  As noted previously,

27 where a party objects to discovery requests, those objections must be stated with

28

APPENDIX IN SUPPORT OF MOTION TO COMPEL FURTHER
RESPONSES TO DISCOVERY REQUESTS
CASE NOS. 5:07-CV-05158-JF, 5:08-CV-00213-JF, 5:08-CV-00215-JF;
5:08-CV-00216-JF; 5:08-CV-01726-JF; 5:08-CV-01727-JF

SFCA_1420162.3

1  specificity.  Here, as with Local 715's other objections Local 715 has failed to provide

2  any specifics regarding the basis of its privacy objection.  The objection is therefore

3  defective and waived.  Furthermore, the right to privacy (to the extent that it applies here

4  at all) is not absolute, but must be weighed against the need for the information.  *Ragge v.*

5  *MCA Universal Studios*, 165 F.R.D. 601, 604-605 (C.D. Cal. 1995).  Local 715's bare

6  assertion of third party privacy rights gives no means to evaluate the claim and balance it

7  against the Hospitals' need for discovery.

8       Local 715 objects that the requested documents are not relevant.  The documents,

9  however, pertain to the existence of Local 715.  This is among the topics that the Court

10  approved as proper areas for discovery.

11       Finally, the Hospitals note that there were statements posted on the website of

12  Local 521 indicating that Local 715, or parts of it, had been absorbed into Local 521.

13  [Ridley Decl. Exh AAA.]  Therefore, to the extent that Local 715 is in possession of

14  responsive documents, they must be produced.

15  **REQUEST FOR PRODUCTION NO. 14:**

16       Produce all DOCUMENTS and WRITINGS RELATING TO SEIU-UHW's

17  website from January 1, 2006 to the present including, without limitation, all links from

18  the website to other sites, all references to SEIU-UHW's status in any capacity as

19  representative of any employees of RESPONDENT, and all references to SEIU-UHW's

20  receipt of funds from SEIU-LOCAL 715 and/or SEIU-LOCAL 521.  This request

21  specifically includes all versions of SEIU-UHW's website during the time period

22  including, without limitation, all changes to the website and the reasons for such changes.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

24       Petitioner objects to this Request on the grounds that is it overbroad, unduly

25  burdensome, onerous and vague and ambiguous as to time and scope.  This Request is

26  vague, ambiguous, and unintelligible as it is in reference to include alleged action on

27  behalf of multiple parties and at multiple periods of time, therefore Petitioner cannot

28

SFCA_1420162.3

1   provide a complete response to this Request.  Petitioner objects on the ground that this

2   Request exceeds the scope of permissible discovery and is not likely to lead to the

3   discovery of admissible evidence.  Petitioner also objects as this Request violates the

4   privacy of third parties and that this information is protected from disclosure by,

5   including but not limited to the attorney client privilege, work product doctrine, the

6   National Labor Relations Act, the First Amendment of the United States Constitution,

7   and on public policy grounds.  Petitioner further objects to this Request on the ground

8   that the matter seeks unreasonably to intrude upon the right of privacy to the personal

9   financial affairs of third parties.  After a diligent search and reasonable inquiry, and

10  without waiving any objections, there are no documents that are responsive to this

11  request.

12      Discovery is continuing.  Petitioner reserves the right to alter, amend, modify

13  and/or supplement this response at a later time, up to and including at the time trial.

14  **ARGUMENT**

15      Local 715 objects that the request is "overbroad, unduly burdensome, onerous and

16  vague and ambiguous as to time and scope."  It is well-established that a party responding

17  to requests for admissions must do more than make generalized boilerplate claims of

18  overbreadth, undue burden or vagueness.  *Thomas v. Hickman*, 2007 WL 4302974

19  (E.D.Cal. 2007) (Slip Op. at 10) ("Objections that are not sufficiently specific, such as

20  statements that requests are overly broad, burdensome, or oppressive, are waived.");

21  *Ramirez v. City Of Los Angeles*, 231 F.R.D. 407, 409 (E.D.Cal. 2005) ("it is well-settled

22  that all grounds for objection must be stated with specificity."); *Josephs v. Harris*

23  *Corporation*, 677 F.2d 985, 992 (3d Cir. 1982) ("The litany of overly burdensome,

24  oppressive, and irrelevant does not alone constitute a successful objection to a discovery

25  request.").  Local 715 makes no attempt to describe the nature of the burden or

26  oppression that would be visited upon it by complying with the Hospitals' discovery

27  requests.  Nor does Local 715 attempt to quantify the degree of burden that it would

28

52

SFCA_1420162.3

1  experience.

2      Local 715 further objects that the request is "vague, ambiguous, and

3  unintelligible" on the grounds that "it is in reference to include alleged action on behalf

4  of multiple parties and at multiple periods of time." This objection is itself unintelligible.

5  The fact that a request calls for documents that relate to "multiple parties" or "multiple

6  periods of time" is not a legitimate reason to refuse to respond. The subject matter of the

7  request – the identity of counsel for Local 715 concerning the issues that are the subject

8  of the complaint – is easily understood. Local 715's assertion that the language used in

9  the request is vague is without merit.

10     Local 715 asserts that production of documents is excused due to a privilege or

11 other protection. The privileges and protections identified are the attorney-client

12 privilege, the attorney work product doctrine, the National Labor Relations Act

13 ("NLRA") The First Amendment to the United States Constitution ("First Amendment")

14 and unspecified "public policy grounds."

15     Initially, it is unclear (and Local 715 does not explain) why any of the requested

16 documents would be privileged or protected by the First Amendment or the NLRA.

17 Local 715 reference to "public policy" without identification whatsoever of the public

18 policy that would prevent the disclosure of otherwise discoverable documents is not a

19 valid ground for refusing to produce documents. However, even assuming that the First

20 Amendment, the NLRA, or a "public policy" might privilege or protect some of the

21 requested documents, the Federal Rules are clear that a party must do more than simply

22 assert privileges or protections in order to preserve otherwise legitimate objections.

23     Rule 26(b)(5)(A) expressly states that where otherwise discoverable information is

24 withheld based on a claim of privilege or protection for trial preparation material (i.e.

25 work product protection), the party must "describe the nature of the documents,

26 communications, or tangible things not produced or disclosed – and do so in a manner

27 that, without revealing information itself privileged or protected, will enable other parties

28

53

SFCA_1420162.3

1    to assess the claim." F.R.Civ.P. 26(b)(5)(A)(ii).  The bare invocation of a privilege or

2    protection does not constitute a valid objection and may result in the waiver of any

3    privilege or protection that may exist. *Burlington Northern & Santa Fe Railway*

4    *Company v. United States District Court For The District Of Montana*, 408 F.3d 1142,

5    1147-1148 (9th Cir. 2005) ("boilerplate assertion of an evidentiary privilege in response

6    to a discovery request does not satisfy the demands of Rule 26(b)(5)").

7        Local 715 has not even attempted to produce this required "privilege log" to

8    support its objections, and enable the Hospitals to evaluate its claims of privilege.  Local

9    715 did not explain the categories of documents that are allegedly privileged or protected,

10   or even explain why the asserted privileges or protections are applicable to any

11   documents.  Such patently insufficient objections are not only legally deficient, they are

12   indicative of bad faith and should result in the waiver of any privilege or protection that

13   may have otherwise existed (if any).

14       Local 715's objections that production would violate the privacy rights of certain

15   unidentified third parties.  In federal court cases such as the present one, where the

16   court's jurisdiction is based on a federal question, federal, rather than state, privacy law

17   governs.  *Thomas, supra*, 2007 WL 4302974, (Slip Op. at 3-4).  As noted previously,

18   where a party objects to discovery requests, those objections must be stated with

19   specificity.  Here, as with Local 715's other objections Local 715 has failed to provide

20   any specifics regarding the basis of its privacy objection.  The objection is therefore

21   defective and waived.  Furthermore, the right to privacy (to the extent that it applies here

22   at all) is not absolute, but must be weighed against the need for the information. *Ragge v.*

23   *MCA Universal Studios*, 165 F.R.D. 601, 604-605 (C.D. Cal. 1995).  Local 715's bare

24   assertion of third party privacy rights gives no means to evaluate the claim and balance it

25   against the Hospitals' need for discovery.

26       Local 715 objects that the requested documents are not relevant.  The documents,

27   however, pertain to the existence of Local 715.  This is among the topics that the Court

28                                                        54

SFCA_1420162.3

1   approved as proper areas for discovery.  Additionally, among the few documents

2   produced by Local 715 is a "Servicing Agreement" between Local 715 and UHW calling

3   for UHW to provide representational services for Local 715.  Internal SEIU documents

4   also reflect that the International adopted a plan to merge Local 715's former operations

5   into UHW.  [Ridley Decl. Exh CCC.]  Finally, the Hospitals are in possession of images

6   from UHW's website stating that UHW represents employees in the bargaining group

7   formerly represented by Local 715.  [Ridley Decl. Exh FFF.]  There clearly is (or was) a

8   relationship between Local 715 and UHW, and documents responsive to the request must

9   be produced.

10   **REQUEST FOR PRODUCTION NO. 17:**

11          Produce all DOCUMENTS and WRITINGS RELATING TO any correspondence

12   between YOU and SEIU-UHW regarding SEIU-UHW's website and/or changes thereto

13   from January 2006 to the present.

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

15          Petitioner objects to this Request on the grounds that is it overbroad, unduly

16   burdensome, onerous and vague and ambiguous as to time and scope.  This Request is

17   vague, ambiguous, and unintelligible as it is in reference to include alleged action on

18   behalf of multiple parties and at multiple periods of time, therefore Petitioner cannot

19   provide a complete response to this Request.  Petitioner objects on the ground that this

20   Request exceeds the scope of permissible discovery and is not likely to lead to the

21   discovery of admissible evidence.  Petitioner also objects as this Request violates the

22   privacy of third parties and that this information is protected from disclosure by,

23   including but not limited to the attorney client privilege, work product doctrine, the

24   National Labor Relations Act, the First Amendment of the United States Constitution,

25   and on public policy grounds.  Petitioner further objects to this Request on the ground

26   that the matter seeks unreasonably to intrude upon the right of privacy to the personal

27   financial affairs of third parties.  After a diligent search and reasonable inquiry, and

28

SFCA_1420162.3

1 | without waiving any objections, there are no documents that are responsive to this

2 | request.

3 |   Discovery is continuing. Petitioner reserves the right to alter, amend, modify

4 | and/or supplement this response at a later time, up to and including at the time trial.

5 | **ARGUMENT**

6 |   Local 715 objects that the request is "overbroad, unduly burdensome, onerous and

7 | vague and ambiguous as to time and scope." It is well-established that a party responding

8 | to requests for admissions must do more than make generalized boilerplate claims of

9 | overbreadth, undue burden or vagueness. *Thomas v. Hickman*, 2007 WL 4302974

10 | (E.D.Cal. 2007) (Slip Op. at 10) ("Objections that are not sufficiently specific, such as

11 | statements that requests are overly broad, burdensome, or oppressive, are waived.");

12 | *Ramirez v. City Of Los Angeles*, 231 F.R.D. 407, 409 (E.D.Cal. 2005) ("it is well-settled

13 | that all grounds for objection must be stated with specificity."); *Josephs v. Harris*

14 | *Corporation*, 677 F.2d 985, 992 (3d Cir. 1982) ("The litany of overly burdensome,

15 | oppressive, and irrelevant does not alone constitute a successful objection to a discovery

16 | request."). Local 715 makes no attempt to describe the nature of the burden or

17 | oppression that would be visited upon it by complying with the Hospitals' discovery

18 | requests. Nor does Local 715 attempt to quantify the degree of burden that it would

19 | experience.

20 |   Local 715 further objects that the request is "vague, ambiguous, and

21 | unintelligible" on the grounds that "it is in reference to include alleged action on behalf

22 | of multiple parties and at multiple periods of time." This objection is itself unintelligible.

23 | The fact that a request calls for documents that relate to "multiple parties" or "multiple

24 | periods of time" is not a legitimate reason to refuse to respond. The subject matter of the

25 | request – the identity of counsel for Local 715 concerning the issues that are the subject

26 | of the complaint – is easily understood. Local 715's assertion that the language used in

27 | the request is vague is without merit.

28 |

SFCA_1420162.3

1   Local 715 asserts that production of documents is excused due to a privilege or

2   other protection.  The privileges and protections identified are the attorney-client

3   privilege, the attorney work product doctrine, the National Labor Relations Act

4   ("NLRA") The First Amendment to the United States Constitution ("First Amendment")

5   and unspecified "public policy grounds."

6   Initially, it is unclear (and Local 715 does not explain) why any of the requested

7   documents would be privileged or protected by the First Amendment or the NLRA.

8   Local 715 reference to "public policy" without identification whatsoever of the public

9   policy that would prevent the disclosure of otherwise discoverable documents is not a

10   valid ground for refusing to produce documents.  However, even assuming that the First

11   Amendment, the NLRA, or a "public policy" might privilege or protect some of the

12   requested documents, the Federal Rules are clear that a party must do more than simply

13   assert privileges or protections in order to preserve otherwise legitimate objections.

14   Rule 26(b)(5)(A) expressly states that where otherwise discoverable information is

15   withheld based on a claim of privilege or protection for trial preparation material (i.e.

16   work product protection), the party must "describe the nature of the documents,

17   communications, or tangible things not produced or disclosed – and do so in a manner

18   that, without revealing information itself privileged or protected, will enable other parties

19   to assess the claim."  F.R.Civ.P. 26(b)(5)(A)(ii).  The bare invocation of a privilege or

20   protection does not constitute a valid objection and may result in the waiver of any

21   privilege or protection that may exist. *Burlington Northern & Santa Fe Railway*

22   *Company v. United States District Court For The District Of Montana*, 408 F.3d 1142,

23   1147-1148 (9th Cir. 2005) ("boilerplate assertion of an evidentiary privilege in response

24   to a discovery request does not satisfy the demands of Rule 26(b)(5)").

25   Local 715 has not even attempted to produce this required "privilege log" to

26   support its objections, and enable the Hospitals to evaluate its claims of privilege.  Local

27   715 did not explain the categories of documents that are allegedly privileged or protected,

28

57

SFCA_1420162.3

1 | or even explain why the asserted privileges or protections are applicable to any

2 | documents. Such patently insufficient objections are not only legally deficient, they are

3 | indicative of bad faith and should result in waiver of any privilege or protection that

4 | may have otherwise existed (if any).

5 |      Local 715's objections that production would violate the privacy rights of certain

6 | unidentified third parties. In federal court cases such as the present one, where the

7 | court's jurisdiction is based on a federal question, federal, rather than state, privacy law

8 | governs. *Thomas, supra*, 2007 WL 4302974, (Slip Op. at 3-4). As noted previously,

9 | where a party objects to discovery requests, those objections must be stated with

10 | specificity. Here, as with Local 715's other objections Local 715 has failed to provide

11 | any specifics regarding the basis of its privacy objection. The objection is therefore

12 | defective and waived. Furthermore, the right to privacy (to the extent that it applies here

13 | at all) is not absolute, but must be weighed against the need for the information. *Ragge v.*

14 | *MCA Universal Studios*, 165 F.R.D. 601, 604-605 (C.D. Cal. 1995). Local 715's bare

15 | assertion of third party privacy rights gives no means to evaluate the claim and balance it

16 | against the Hospitals' need for discovery.

17 |      Local 715 objects that the requested documents are not relevant. The documents,

18 | however, pertain to the existence of Local 715. This is among the topics that the Court

19 | approved as proper areas for discovery. Additionally, among the few documents

20 | produced by Local 715 is a "Servicing Agreement" between Local 715 and UHW calling

21 | for UHW to provide representational services for Local 715. Internal SEIU documents

22 | also reflect that the International adopted a plan to merge Local 715's former operations

23 | into UHW. [Ridley Decl. Exh CCC.] Finally, the Hospitals are in possession of images

24 | from UHW's website stating that UHW represents employees in the bargaining group

25 | formerly represented by Local 715. [Ridley Decl. Exh FFF.] There clearly is (or was) a

26 | relationship between Local 715 and UHW, and documents responsive to the request must

27 | be produced.

28 |

SFCA_1420162.3

1  **REQUEST FOR PRODUCTION NO. 18:**

2      Produce all DOCUMENTS and WRITINGS RELATING TO any Servicing

3  Agreement between LOCAL 715 and SEIU-UHW.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

5      Petitioner objects to this Request on the grounds that is it overbroad, unduly

6  burdensome, onerous and vague and ambiguous as to time and scope.  This Request is

7  vague, ambiguous, and unintelligible as it is in reference to include alleged action on

8  behalf of multiple parties and at multiple periods of time, therefore Petitioner cannot

9  provide a complete response to this Request.  Petitioner objects on the ground that this

10  Request exceeds the scope of permissible discovery and is not likely to lead to the

11  discovery of admissible evidence.  Petitioner also objects as this Request violates the

12  privacy of third parties and that this information is protected from disclosure by,

13  including but not limited to the attorney client privilege, work product doctrine, the

14  National Labor Relations Act, the First Amendment of the United States Constitution,

15  and on public policy grounds.  Petitioner further objects to this Request on the ground

16  that the matter seeks unreasonably to intrude upon the right of privacy to the personal

17  financial affairs of third parties.  Subject to and without waiving any objections,

18  Petitioner produces SEIU0020 to SEIU0027.

19      Discovery is continuing.  Petitioner reserves the right to alter, amend, modify

20  and/or supplement this response at a later time, up to and including at the time trial.

21  **ARGUMENT**

22      Local 715 objects that the request is "overbroad, unduly burdensome, onerous and

23  vague and ambiguous as to time and scope."  It is well-established that a party responding

24  to requests for admissions must do more than make generalized boilerplate claims of

25  overbreadth, undue burden or vagueness.  *Thomas v. Hickman*, 2007 WL 4302974

26  (E.D.Cal. 2007) (Slip Op. at 10) ("Objections that are not sufficiently specific, such as

27  statements that requests are overly broad, burdensome, or oppressive, are waived.");

28

APPENDIX IN SUPPORT OF MOTION TO COMPEL FURTHER
RESPONSES TO DISCOVERY REQUESTS
CASE NOS. 5:07-CV-05158-JF; 5:08-CV-00213-JF; 5:08-CV-00215-JF;
5:08-CV-00216-JF; 5:08-CV-01726-JF; 5:08-CV-01727-JF

SFCA_1420162.3

1   *Ramirez v. City Of Los Angeles*, 231 F.R.D. 407, 409 (E.D.Cal. 2005) ("it is well-settled
2   that all grounds for objection must be stated with specificity."); *Josephs v. Harris*
3   *Corporation*, 677 F.2d 985, 992 (3d Cir. 1982) ("The litany of overly burdensome,
4   oppressive, and irrelevant does not alone constitute a successful objection to a discovery
5   request."). Local 715 makes no attempt to describe the nature of the burden or
6   oppression that would be visited upon it by complying with the Hospitals' discovery
7   requests. Nor does Local 715 attempt to quantify the degree of burden that it would
8   experience.

9        Local 715 further objects that the request is "vague, ambiguous, and
10  unintelligible" on the grounds that "it is in reference to include alleged action on behalf
11  of multiple parties and at multiple periods of time." This objection is itself unintelligible.
12  The fact that a request calls for documents that relate to "multiple parties" or "multiple
13  periods of time" is not a legitimate reason to refuse to respond. The subject matter of the
14  request – the identity of counsel for Local 715 concerning the issues that are the subject
15  of the complaint – is easily understood. Local 715's assertion that the language used in
16  the request is vague is without merit.

17       Local 715 asserts that production of documents is excused due to a privilege or
18  other protection. The privileges and protections identified are the attorney-client
19  privilege, the attorney work product doctrine, the National Labor Relations Act
20  ("NLRA") The First Amendment to the United States Constitution ("First Amendment")
21  and unspecified "public policy grounds."

22       Initially, it is unclear (and Local 715 does not explain) why any of the requested
23  documents would be privileged or protected by the First Amendment or the NLRA.
24  Local 715 reference to "public policy" without identification whatsoever of the public
25  policy that would prevent the disclosure of otherwise discoverable documents is not a
26  valid ground for refusing to produce documents. However, even assuming that the First
27  Amendment, the NLRA, or a "public policy" might privilege or protect some of the

28

SFCA_1420162.3

1  requested documents, the Federal Rules are clear that a party must do more than simply
2  assert privileges or protections in order to preserve otherwise legitimate objections.

3       Rule 26(b)(5)(A) expressly states that where otherwise discoverable information is
4  withheld based on a claim of privilege or protection for trial preparation material (i.e.
5  work product protection), the party must "describe the nature of the documents,
6  communications, or tangible things not produced or disclosed – and do so in a manner
7  that, without revealing information itself privileged or protected, will enable other parties
8  to assess the claim." F.R.Civ.P. 26(b)(5)(A)(ii). The bare invocation of a privilege or
9  protection does not constitute a valid objection and may result in the waiver of any
10 privilege or protection that may exist. *Burlington Northern & Santa Fe Railway*
11 *Company v. United States District Court For The District Of Montana*, 408 F.3d 1142,
12 1147-1148 (9th Cir. 2005) ("boilerplate assertion of an evidentiary privilege in response
13 to a discovery request does not satisfy the demands of Rule 26(b)(5)").

14      Local 715 has not even attempted to produce this required "privilege log" to
15 support its objections, and enable the Hospitals to evaluate its claims of privilege. Local
16 715 did not explain the categories of documents that are allegedly privileged or protected,
17 or even explain why the asserted privileges or protections are applicable to any
18 documents. Such patently insufficient objections are not only legally deficient, they are
19 indicative of bad faith and should result in the waiver of any privilege or protection that
20 may have otherwise existed (if any).

21      Local 715's objections that production would violate the privacy rights of certain
22 unidentified third parties. In federal court cases such as the present one, where the
23 court's jurisdiction is based on a federal question, federal, rather than state, privacy law
24 governs. *Thomas, supra*, 2007 WL 4302974, (Slip Op. at 3-4). As noted previously,
25 where a party objects to discovery requests, those objections must be stated with
26 specificity. Here, as with Local 715's other objections Local 715 has failed to provide
27 any specifics regarding the basis of its privacy objection. The objection is therefore

28

SFCA_1420162.3

1  defective and waived.  Furthermore, the right to privacy (to the extent that it applies here

2  at all) is not absolute, but must be weighed against the need for the information.  *Ragge v.*

3  *MCA Universal Studios*, 165 F.R.D. 601, 604-605 (C.D. Cal. 1995).  Local 715's bare

4  assertion of third party privacy rights gives no means to evaluate the claim and balance it

5  against the Hospitals' need for discovery.

6       Local 715 objects that the requested documents are not relevant.  The documents,

7  however, pertain to the existence and representative status of Local 715, and legal

8  representation provided to it.  The Court has approved discovery on these issues.

9       Finally, there are responsive documents in the Hospitals' possession that it

10  believes are in the possession of Local 715, but which were not produced.  The Hospitals

11  are in possession of an internal SEIU report that references the Servicing Agreement, as

12  well as letters to and from Local 715 referring to the Servicing Agreement.  [Ridley Decl.

13  Exh. XX & CCC.]  These documents were not produced by Local 715.  It is likely that

14  there are other documents not specifically known to the Hospitals, which were also not

15  produced.  Local 715 should be ordered to make a complete response to this request and

16  sanctions should be imposed.

17  **REQUEST FOR PRODUCTION NO. 19:**

18       Produce all DOCUMENTS and WRITINGS RELATING TO any Servicing

19  Agreement between LOCAL 715 and SEIU LOCAL 1877 or its successors or affiliated

20  LOCALS.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

22       Petitioner objects to this Request on the grounds that is it overbroad, unduly

23  burdensome, onerous and vague and ambiguous as to time and scope.  This Request is

24  vague, ambiguous, and unintelligible as it is in reference to include alleged action on

25  behalf of multiple parties and at multiple periods of time, therefore Petitioner cannot

26  provide a complete response to this Request.  Petitioner objects on the ground that this

27  Request exceeds the scope of permissible discovery and is not likely to lead to the

28  
APPENDIX IN SUPPORT OF MOTION TO COMPEL FURTHER
RESPONSES TO DISCOVERY REQUESTS
CASE NOS. 5:07-CV-05158-JF; 5:08-CV-00213-JF; 5:08-CV-00215-JF;
5:08-CV-00216-JF; 5:08-CV-01726-JF; 5:08-CV-01727-JF

SFCA_1420162.3

1  discovery of admissible evidence.  Petitioner also objects as this Request violates the

2  privacy of third parties and that this information is protected from disclosure by,

3  including but not limited to the attorney client privilege, work product doctrine, the

4  National Labor Relations Act, the First Amendment of the United States Constitution,

5  and on public policy grounds.  Petitioner further objects to this Request on the ground

6  that the matter seeks unreasonably to intrude upon the right of privacy to the personal

7  financial affairs of third parties.

8      Discovery is continuing.  Petitioner reserves the right to alter, amend, modify

9  and/or supplement this response at a later time, up to and including at the time trial.

10  **ARGUMENT**

11      Local 715 objects that the request is "overbroad, unduly burdensome, onerous and

12  vague and ambiguous as to time and scope."  It is well-established that a party responding

13  to requests for admissions must do more than make generalized boilerplate claims of

14  overbreadth, undue burden or vagueness.  *Thomas v. Hickman*, 2007 WL 4302974

15  (E.D.Cal. 2007) (Slip Op. at 10) ("Objections that are not sufficiently specific, such as

16  statements that requests are overly broad, burdensome, or oppressive, are waived.");

17  *Ramirez v. City Of Los Angeles*, 231 F.R.D. 407, 409 (E.D.Cal. 2005) ("it is well-settled

18  that all grounds for objection must be stated with specificity."); *Josephs v. Harris*

19  *Corporation*, 677 F.2d 985, 992 (3d Cir. 1982) ("The litany of overly burdensome,

20  oppressive, and irrelevant does not alone constitute a successful objection to a discovery

21  request.").  Local 715 makes no attempt to describe the nature of the burden or

22  oppression that would be visited upon it by complying with the Hospitals' discovery

23  requests.  Nor does Local 715 attempt to quantify the degree of burden that it would

24  experience.

25      Local 715 further objects that the request is "vague, ambiguous, and

26  unintelligible" on the grounds that "it is in reference to include alleged action on behalf

27  of multiple parties and at multiple periods of time."  This objection is itself unintelligible.

28

APPENDIX IN SUPPORT OF MOTION TO COMPEL FURTHER
RESPONSES TO DISCOVERY REQUESTS
CASE NOS. 5:07-CV-05158-JF, 5:08-CV-00213-JF, 5:08-CV-00215-JF;
5:08-CV-00216-JF; 5:08-CV-01726-JF; 5:08-CV-01727-JF

1  The fact that a request calls for documents that relate to "multiple parties" or "multiple

2  periods of time" is not a legitimate reason to refuse to respond. The subject matter of the

3  request – the identity of counsel for Local 715 concerning the issues that are the subject

4  of the complaint – is easily understood. Local 715's assertion that the language used in

5  the request is vague is without merit.

6       Local 715 asserts that production of documents is excused due to a privilege or

7  other protection. The privileges and protections identified are the attorney-client

8  privilege, the attorney work product doctrine, the National Labor Relations Act

9  ("NLRA") The First Amendment to the United States Constitution ("First Amendment")

10  and unspecified "public policy grounds."

11       Initially, it is unclear (and Local 715 does not explain) why any of the requested

12  documents would be privileged or protected by the First Amendment or the NLRA.

13  Local 715 reference to "public policy" without identification whatsoever of the public

14  policy that would prevent the disclosure of otherwise discoverable documents is not a

15  valid ground for refusing to produce documents. However, even assuming that the First

16  Amendment, the NLRA, or a "public policy" might privilege or protect some of the

17  requested documents, the Federal Rules are clear that a party must do more than simply

18  assert privileges or protections in order to preserve otherwise legitimate objections.

19       Rule 26(b)(5)(A) expressly states that where otherwise discoverable information is

20  withheld based on a claim of privilege or protection for trial preparation material (i.e.

21  work product protection), the party must "describe the nature of the documents,

22  communications, or tangible things not produced or disclosed – and do so in a manner

23  that, without revealing information itself privileged or protected, will enable other parties

24  to assess the claim." F.R.Civ.P. 26(b)(5)(A)(ii). The bare invocation of a privilege or

25  protection does not constitute a valid objection and may result in the waiver of any

26  privilege or protection that may exist. *Burlington Northern & Santa Fe Railway*

27  *Company v. United States District Court For The District Of Montana*, 408 F.3d 1142,

28                              64

SFCA_1420162.3

1  1147-1148 (9th Cir. 2005) ("boilerplate assertion of an evidentiary privilege in response

2  to a discovery request does not satisfy the demands of Rule 26(b)(5)").

3      Local 715 has not even attempted to produce this required "privilege log" to

4  support its objections, and enable the Hospitals to evaluate its claims of privilege.  Local

5  715 did not explain the categories of documents that are allegedly privileged or protected,

6  or even explain why the asserted privileges or protections are applicable to any

7  documents.  Such patently insufficient objections are not only legally deficient, they are

8  indicative of bad faith and should result in the waiver of any privilege or protection that

9  may have otherwise existed (if any).

10      Local 715's objections that production would violate the privacy rights of certain

11  unidentified third parties.  In federal court cases such as the present one, where the

12  court's jurisdiction is based on a federal question, federal, rather than state, privacy law

13  governs.  *Thomas, supra*, 2007 WL 4302974, (Slip Op. at 3-4).  As noted previously,

14  where a party objects to discovery requests, those objections must be stated with

15  specificity.  Here, as with Local 715's other objections Local 715 has failed to provide

16  any specifics regarding the basis of its privacy objection.  The objection is therefore

17  defective and waived.  Furthermore, the right to privacy (to the extent that it applies here

18  at all) is not absolute, but must be weighed against the need for the information.  *Ragge v.*

19  *MCA Universal Studios*, 165 F.R.D. 601, 604-605 (C.D. Cal. 1995).  Local 715's bare

20  assertion of third party privacy rights gives no means to evaluate the claim and balance it

21  against the Hospitals' need for discovery.

22      Local 715 objects that the requested documents are not relevant.  The documents,

23  however, pertain to the existence, representative capacity, and legal services provided to

24  Local 715.  The Court has approved discovery on these issues.

25  **REQUEST FOR PRODUCTION NO. 20:**

26      Produce all DOCUMENTS and WRITINGS RELATING TO Weinberg, Roger &

27  Rosenfeld's representation of LOCAL 715 from January 2006 to the present.  This

28

SFCA_1420162.3

1  request does not seek production of DOCUMENTS and WRITINGS concerning

2  counsel's advice but merely seeks production of DOCUMENTS and WRITINGS

3  RELATING TO Weinberg, Roger & Rosenfeld's retention to represent LOCAL 715.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

5      Petitioner objects to this Request on the grounds that is it overbroad, unduly

6  burdensome, onerous and vague and ambiguous as to time and scope.  This Request is

7  vague, ambiguous, and unintelligible as it is in reference to include alleged action on

8  behalf of multiple parties and at multiple periods of time, therefore Petitioner cannot

9  provide a complete response to this Request.  Petitioner objects on the ground that this

10 Request exceeds the scope of permissible discovery and is not likely to lead to the

11 discovery of admissible evidence.  Petitioner also objects as this Request violates the

12 privacy of third parties and that this information is protected from disclosure by,

13 including but not limited to the attorney client privilege, work product doctrine, the

14 National Labor Relations Act, the First Amendment of the United States Constitution,

15 and on public policy grounds.  Petitioner further objects to this Request on the ground

16 that the matter seeks unreasonably to intrude upon the right of privacy to the personal

17 financial affairs of third parties.

18      Discovery is continuing.  Petitioner reserves the right to alter, amend, modify

19 and/or supplement this response at a later time, up to and including at the time trial.

20 **ARGUMENT**

21      Local 715 objects that the request is "overbroad, unduly burdensome, onerous and

22 vague and ambiguous as to time and scope."  It is well-established that a party responding

23 to requests for admissions must do more than make generalized boilerplate claims of

24 overbreadth, undue burden or vagueness.  *Thomas v. Hickman*, 2007 WL 4302974

25 (E.D.Cal. 2007) (Slip Op. at 10) ("Objections that are not sufficiently specific, such as

26 statements that requests are overly broad, burdensome, or oppressive, are waived.");

27 *Ramirez v. City Of Los Angeles*, 231 F.R.D. 407, 409 (E.D.Cal. 2005) ("it is well-settled

28

SFCA_1420162.3

1    that all grounds for objection must be stated with specificity."); *Josephs v. Harris*
2    *Corporation*, 677 F.2d 985, 992 (3d Cir. 1982) ("The litany of overly burdensome,
3    oppressive, and irrelevant does not alone constitute a successful objection to a discovery
4    request."). Local 715 makes no attempt to describe the nature of the burden or
5    oppression that would be visited upon it by complying with the Hospitals' discovery
6    requests. Nor does Local 715 attempt to quantify the degree of burden that it would
7    experience.

8         Local 715 further objects that the request is "vague, ambiguous, and
9    unintelligible" on the grounds that "it is in reference to include alleged action on behalf
10   of multiple parties and at multiple periods of time." This objection is itself unintelligible.
11   The fact that a request calls for documents that relate to "multiple parties" or "multiple
12   periods of time" is not a legitimate reason to refuse to respond. The subject matter of the
13   request – the identity of counsel for Local 715 concerning the issues that are the subject
14   of the complaint – is easily understood. Local 715's assertion that the language used in
15   the request is vague is without merit.

16        Local 715 asserts that production of documents is excused due to a privilege or
17   other protection. The privileges and protections identified are the attorney-client
18   privilege, the attorney work product doctrine, the National Labor Relations Act
19   ("NLRA") The First Amendment to the United States Constitution ("First Amendment")
20   and unspecified "public policy grounds."

21        Initially, it is unclear (and Local 715 does not explain) why any of the requested
22   documents would be privileged or protected by the First Amendment or the NLRA.
23   Local 715 reference to "public policy" without identification whatsoever of the public
24   policy that would prevent the disclosure of otherwise discoverable documents is not a
25   valid ground for refusing to produce documents. However, even assuming that the First
26   Amendment, the NLRA, or a "public policy" might privilege or protect some of the
27   requested documents, the Federal Rules are clear that a party must do more than simply

28
APPENDIX IN SUPPORT OF MOTION TO COMPEL FURTHER
RESPONSES TO DISCOVERY REQUESTS
CASE NOS. 5:07-CV-05158-JF; 5:08-CV-00213-JF, 5:08-CV-00215-JF;
5:08-CV-00216-JF; 5:08-CV-01726-JF; 5:08-CV-01727-JF

SFCA_1420162.3

1    assert privileges or protections in order to preserve otherwise legitimate objections.

2    Rule 26(b)(5)(A) expressly states that where otherwise discoverable information is

3    withheld based on a claim of privilege or protection for trial preparation material (i.e.

4    work product protection), the party must "describe the nature of the documents,

5    communications, or tangible things not produced or disclosed – and do so in a manner

6    that, without revealing information itself privileged or protected, will enable other parties

7    to assess the claim." F.R.Civ.P. 26(b)(5)(A)(ii). The bare invocation of a privilege or

8    protection does not constitute a valid objection and may result in the waiver of any

9    privilege or protection that may exist. *Burlington Northern & Santa Fe Railway*

10   *Company v. United States District Court For The District Of Montana*, 408 F.3d 1142,

11   1147-1148 (9th Cir. 2005) ("boilerplate assertion of an evidentiary privilege in response

12   to a discovery request does not satisfy the demands of Rule 26(b)(5)").

13   Local 715 has not even attempted to produce this required "privilege log" to

14   support its objections, and enable the Hospitals to evaluate its claims of privilege. Local

15   715 did not explain the categories of documents that are allegedly privileged or protected,

16   or even explain why the asserted privileges or protections are applicable to any

17   documents. Such patently insufficient objections are not only legally deficient, they are

18   indicative of bad faith and should result in the waiver of any privilege or protection that

19   may have otherwise existed (if any).

20   Local 715's objections that production would violate the privacy rights of certain

21   unidentified third parties. In federal court cases such as the present one, where the

22   court's jurisdiction is based on a federal question, federal, rather than state, privacy law

23   governs. *Thomas, supra*, 2007 WL 4302974, (Slip Op. at 3-4). As noted previously,

24   where a party objects to discovery requests, those objections must be stated with

25   specificity. Here, as with Local 715's other objections Local 715 has failed to provide

26   any specifics regarding the basis of its privacy objection. The objection is therefore

27   defective and waived. Furthermore, the right to privacy (to the extent that it applies here

28

SFCA_1420162.3

1  at all) is not absolute, but must be weighed against the need for the information. *Ragge v.*

2  *MCA Universal Studios*, 165 F.R.D. 601, 604-605 (C.D. Cal. 1995). Local 715's bare

3  assertion of third party privacy rights gives no means to evaluate the claim and balance it

4  against the Hospitals' need for discovery.

5       Local 715 objects that the requested documents are not relevant. The documents,

6  however, pertain to the legal representation of Local 715. The Court has approved

7  discovery on these issues.

8       Finally, there are responsive documents in the Hospitals' possession that it

9  believes are in the possession of Local 715, but which were not produced. The Hospitals

10  are in possession of letters to and from Weinberg Roger and Rosenfeld concerning the

11  firm's representation of Local 715. [Ridley Decl. Exh. XX.] These documents were not

12  produced by Local 715. It is likely that there are other documents not specifically known

13  to the Hospitals, which were also not produced. Local 715 should be ordered to make a

14  complete response to this request and sanctions should be imposed.

15  **REQUEST FOR PRODUCTION NO. 21:**

16       Produce all DOCUMENTS and WRITINGS RELATING TO Altshuler Berzon

17  LLP's representation of LOCAL 715 from January 2007 to the present. This request

18  does not seek production of DOCUMENTS and WRITINGS concerning counsel's advice

19  but merely seeks production of DOCUMENTS and WRITINGS RELATING TO

20  Altshuler Berzon's retention to represent LOCAL 715.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

22       Petitioner objects to this Request on the grounds that is it overbroad, unduly

23  burdensome, onerous and vague and ambiguous as to time and scope. This Request is

24  vague, ambiguous, and unintelligible as it is in reference to include alleged action on

25  behalf of multiple parties and at multiple periods of time, therefore Petitioner cannot

26  provide a complete response to this Request. Petitioner objects on the ground that this

27  Request exceeds the scope of permissible discovery and is not likely to lead to the

28

SFCA_1420162.3

discovery of admissible evidence. Petitioner also objects as this Request violates the privacy of third parties and that this information is protected from disclosure by, including but not limited to the attorney client privilege, work product doctrine, the National Labor Relations Act, the First Amendment of the United States Constitution, and on public policy grounds. Petitioner further objects to this Request on the ground that the matter seeks unreasonably to intrude upon the right of privacy to the personal financial affairs of third parties.

Discovery is continuing. Petitioner reserves the right to alter, amend, modify and/or supplement this response at a later time, up to and including at the time trial.

## ARGUMENT

Local 715 objects that the request is "overbroad, unduly burdensome, onerous and vague and ambiguous as to time and scope." It is well-established that a party responding to requests for admissions must do more than make generalized boilerplate claims of overbreadth, undue burden or vagueness. *Thomas v. Hickman*, 2007 WL 4302974 (E.D.Cal. 2007) (Slip Op. at 10) ("Objections that are not sufficiently specific, such as statements that requests are overly broad, burdensome, or oppressive, are waived."); *Ramirez v. City Of Los Angeles*, 231 F.R.D. 407, 409 (E.D.Cal. 2005) ("it is well-settled that all grounds for objection must be stated with specificity."); *Josephs v. Harris Corporation*, 677 F.2d 985, 992 (3d Cir. 1982) ("The litany of overly burdensome, oppressive, and irrelevant does not alone constitute a successful objection to a discovery request."). Local 715 makes no attempt to describe the nature of the burden or oppression that would be visited upon it by complying with the Hospitals' discovery requests. Nor does Local 715 attempt to quantify the degree of burden that it would experience.

Local 715 further objects that the request is "vague, ambiguous, and unintelligible" on the grounds that "it is in reference to include alleged action on behalf of multiple parties and at multiple periods of time." This objection is itself unintelligible.

70

1   The fact that a request calls for documents that relate to "multiple parties" or "multiple

2   periods of time" is not a legitimate reason to refuse to respond.  The subject matter of the

3   request – the identity of counsel for Local 715 concerning the issues that are the subject

4   of the complaint – is easily understood.  Local 715's assertion that the language used in

5   the request is vague is without merit.

6        Local 715 asserts that production of documents is excused due to a privilege or

7   other protection.  The privileges and protections identified are the attorney-client

8   privilege, the attorney work product doctrine, the National Labor Relations Act

9   ("NLRA") The First Amendment to the United States Constitution ("First Amendment")

10  and unspecified "public policy grounds."

11       Initially, it is unclear (and Local 715 does not explain) why any of the requested

12  documents would be privileged or protected by the First Amendment or the NLRA.

13  Local 715 reference to "public policy" without identification whatsoever of the public

14  policy that would prevent the disclosure of otherwise discoverable documents is not a

15  valid ground for refusing to produce documents.  However, even assuming that the First

16  Amendment, the NLRA, or a "public policy" might privilege or protect some of the

17  requested documents, the Federal Rules are clear that a party must do more than simply

18  assert privileges or protections in order to preserve otherwise legitimate objections.

19       Rule 26(b)(5)(A) expressly states that where otherwise discoverable information is

20  withheld based on a claim of privilege or protection for trial preparation material (i.e.

21  work product protection), the party must "describe the nature of the documents,

22  communications, or tangible things not produced or disclosed – and do so in a manner

23  that, without revealing information itself privileged or protected, will enable other parties

24  to assess the claim."  F.R.Civ.P. 26(b)(5)(A)(ii).  The bare invocation of a privilege or

25  protection does not constitute a valid objection and may result in the waiver of any

26  privilege or protection that may exist.  *Burlington Northern & Santa Fe Railway*

27  *Company v. United States District Court For The District Of Montana*, 408 F.3d 1142,

28

SFCA_1420162.3

1    1147-1148 (9th Cir. 2005) ("boilerplate assertion of an evidentiary privilege in response
2    to a discovery request does not satisfy the demands of Rule 26(b)(5)").

3         Local 715 has not even attempted to produce this required "privilege log" to
4    support its objections, and enable the Hospitals to evaluate its claims of privilege. Local
5    715 did not explain the categories of documents that are allegedly privileged or protected,
6    or even explain why the asserted privileges or protections are applicable to any
7    documents. Such patently insufficient objections are not only legally deficient, they are
8    indicative of bad faith and should result in the waiver of any privilege or protection that
9    may have otherwise existed (if any).

10        Local 715's objections that production would violate the privacy rights of certain
11   unidentified third parties. In federal court cases such as the present one, where the
12   court's jurisdiction is based on a federal question, federal, rather than state, privacy law
13   governs. *Thomas, supra*, 2007 WL 4302974, (Slip Op. at 3-4). As noted previously,
14   where a party objects to discovery requests, those objections must be stated with
15   specificity. Here, as with Local 715's other objections Local 715 has failed to provide
16   any specifics regarding the basis of its privacy objection. The objection is therefore
17   defective and waived. Furthermore, the right to privacy (to the extent that it applies here
18   at all) is not absolute, but must be weighed against the need for the information. *Ragge v.*
19   *MCA Universal Studios*, 165 F.R.D. 601, 604-605 (C.D. Cal. 1995). Local 715's bare
20   assertion of third party privacy rights gives no means to evaluate the claim and balance it
21   against the Hospitals' need for discovery.

22        Local 715 objects that the requested documents are not relevant. The documents,
23   however, pertain to the legal representation of Local 715. The Court has approved
24   discovery on these issues.

25        Finally, there are responsive documents in the Hospitals' possession that it
26   believes are in the possession of Local 715, but which were not produced. The Hospitals
27   are in possession of letters to and from Altshuler Berzon pertaining to the firm's

28
                                            72

1  representation of Local 715. [Ridley Decl. Exh. XX.] These documents were not

2  produced by Local 715. It is likely that there are other documents not specifically known

3  to the Hospitals, which were also not produced. Local 715 should be ordered to make a

4  complete response to this request and sanctions should be imposed.

5  **REQUEST FOR PRODUCTION NO. 27:**

6      Produce all DOCUMENTS and WRITINGS RELATING TO any exchange of

7  funds between LOCAL 715 and LOCAL 521 (including, without limitation, any transfer

8  of funds, payment of funds and/or receipt of funds).

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

10      Petitioner objects to this Request on the grounds that is it overbroad, unduly

11 burdensome, onerous and vague and ambiguous as to time and scope. This Request is

12 vague, ambiguous, and unintelligible as it is in reference to include alleged action on

13 behalf of multiple parties and at multiple periods of time, therefore Petitioner cannot

14 provide a complete response to this Request. This Request is vague as to the meaning of

15 "exchange of funds". Petitioner objects on the ground that this Request exceeds the

16 scope of permissible discovery and is not likely to lead to the discovery of admissible

17 evidence. Petitioner also objects as this Request violates the privacy of third parties and

18 that this information is protected from disclosure by, including but not limited to the

19 attorney client privilege, work product doctrine, the National Labor Relations Act, the

20 First Amendment of the United States Constitution, and on public policy grounds.

21 Petitioner further objects to this Request on the ground that the matter seeks unreasonably

22 to intrude upon the right of privacy to the personal financial affairs of third parties.

23      Discovery is continuing. Petitioner reserves the right to alter, amend, modify

24 and/or supplement this response at a later time, up to and including at the time trial.

25 **ARGUMENT**

26      Local 715 objects that the request is "overbroad, unduly burdensome, onerous and

27 vague and ambiguous as to time and scope." It is well-established that a party responding

28

SFCA_1420162.3

1  to requests for admissions must do more than make generalized boilerplate claims of

2  overbreadth, undue burden or vagueness. *Thomas v. Hickman*, 2007 WL 4302974

3  (E.D.Cal. 2007) (Slip Op. at 10) ("Objections that are not sufficiently specific, such as

4  statements that requests are overly broad, burdensome, or oppressive, are waived.");

5  *Ramirez v. City Of Los Angeles*, 231 F.R.D. 407, 409 (E.D.Cal. 2005) ("it is well-settled

6  that all grounds for objection must be stated with specificity."); *Josephs v. Harris*

7  *Corporation*, 677 F.2d 985, 992 (3d Cir. 1982) ("The litany of overly burdensome,

8  oppressive, and irrelevant does not alone constitute a successful objection to a discovery

9  request."). Local 715 makes no attempt to describe the nature of the burden or

10  oppression that would be visited upon it by complying with the Hospitals' discovery

11  requests. Nor does Local 715 attempt to quantify the degree of burden that it would

12  experience.

13        Local 715 further objects that the request is "vague, ambiguous, and

14  unintelligible" on the grounds that "it is in reference to include alleged action on behalf

15  of multiple parties and at multiple periods of time." This objection is itself unintelligible.

16  The fact that a request calls for documents that relate to "multiple parties" or "multiple

17  periods of time" is not a legitimate reason to refuse to respond. The subject matter of the

18  request – the identity of counsel for Local 715 concerning the issues that are the subject

19  of the complaint – is easily understood. Local 715's assertion that the language used in

20  the request is vague is without merit.

21        Local 715 asserts that production of documents is excused due to a privilege or

22  other protection. The privileges and protections identified are the attorney-client

23  privilege, the attorney work product doctrine, the National Labor Relations Act

24  ("NLRA") The First Amendment to the United States Constitution ("First Amendment")

25  and unspecified "public policy grounds."

26        Initially, it is unclear (and Local 715 does not explain) why any of the requested

27  documents would be privileged or protected by the First Amendment or the NLRA.

28
APPENDIX IN SUPPORT OF MOTION TO COMPEL FURTHER
RESPONSES TO DISCOVERY REQUESTS
CASE NOS. 5:07-CV-05158-JF; 5:08-CV-00213-JF; 5:08-CV-00215-JF;
5:08-CV-00216-JF; 5:08-CV-01726-JF; 5:08-CV-01727-JF

SFCA_1420162.3

1  Local 715 reference to "public policy" without identification whatsoever of the public

2  policy that would prevent the disclosure of otherwise discoverable documents is not a

3  valid ground for refusing to produce documents. However, even assuming that the First

4  Amendment, the NLRA, or a "public policy" might privilege or protect some of the

5  requested documents, the Federal Rules are clear that a party must do more than simply

6  assert privileges or protections in order to preserve otherwise legitimate objections.

7        Rule 26(b)(5)(A) expressly states that where otherwise discoverable information is

8  withheld based on a claim of privilege or protection for trial preparation material (i.e.

9  work product protection), the party must "describe the nature of the documents,

10  communications, or tangible things not produced or disclosed – and do so in a manner

11  that, without revealing information itself privileged or protected, will enable other parties

12  to assess the claim." F.R.Civ.P. 26(b)(5)(A)(ii). The bare invocation of a privilege or

13  protection does not constitute a valid objection and may result in the waiver of any

14  privilege or protection that may exist. *Burlington Northern & Santa Fe Railway*

15  *Company v. United States District Court For The District Of Montana*, 408 F.3d 1142,

16  1147-1148 (9th Cir. 2005) ("boilerplate assertion of an evidentiary privilege in response

17  to a discovery request does not satisfy the demands of Rule 26(b)(5)").

18        Local 715 has not even attempted to produce this required "privilege log" to

19  support its objections, and enable the Hospitals to evaluate its claims of privilege. Local

20  715 did not explain the categories of documents that are allegedly privileged or protected,

21  or even explain why the asserted privileges or protections are applicable to any

22  documents. Such patently insufficient objections are not only legally deficient, they are

23  indicative of bad faith and should result in the waiver of any privilege or protection that

24  may have otherwise existed (if any).

25        Local 715's objections that production would violate the privacy rights of certain

26  unidentified third parties. In federal court cases such as the present one, where the

27  court's jurisdiction is based on a federal question, federal, rather than state, privacy law

28

APPENDIX IN SUPPORT OF MOTION TO COMPEL FURTHER
RESPONSES TO DISCOVERY REQUESTS
CASE NOS. 5:07-CV-05158-JF; 5:08-CV-00213-JF, 5:08-CV-00215-JF;
5:08-CV-00216-JF; 5:08-CV-01726-JF; 5:08-CV-01727-JF

SFCA_1420162.3

1  governs. *Thomas, supra,* 2007 WL 4302974, (Slip Op. at 3-4). As noted previously,

2  where a party objects to discovery requests, those objections must be stated with

3  specificity. Here, as with Local 715's other objections Local 715 has failed to provide

4  any specifics regarding the basis of its privacy objection. The objection is therefore

5  defective and waived. Furthermore, the right to privacy (to the extent that it applies here

6  at all) is not absolute, but must be weighed against the need for the information. *Ragge v.*

7  *MCA Universal Studios*, 165 F.R.D. 601, 604-605 (C.D. Cal. 1995). Local 715's bare

8  assertion of third party privacy rights gives no means to evaluate the claim and balance it

9  against the Hospitals' need for discovery.

10  Local 715 objects that the requested documents are not relevant. The documents,

11  however, pertain to the existence and resources of Local 715. The Court has approved

12  discovery on these issues.

13  **REQUEST FOR PRODUCTION NO. 28:**

14  Produce all DOCUMENTS and WRITINGS RELATING TO all notices of

15  Executive Board meetings and/or Special Executive Board meetings for LOCAL 715

16  between July 1, 2005 and June 9, 2007.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

18  Petitioner objects to this Request on the grounds that is it overbroad, unduly

19  burdensome, onerous and vague and ambiguous as to time and scope. This Request is

20  vague, ambiguous, and unintelligible as it is in reference to include alleged action on

21  behalf of multiple parties and at multiple periods of time, therefore Petitioner cannot

22  provide a complete response to this Request. This Request is vague as to the meaning of

23  "all notices of Executive Board meetings and/or Special Executive Board meetings".

24  Petitioner objects on the ground that this Request exceeds the scope of permissible

25  discovery and is not likely to lead to the discovery of admissible evidence. Petitioner

26  also objects as this Request violates the privacy of third parties and that this information

27  is protected from disclosure by, including but not limited to the attorney client privilege,

28

76

SFCA_1420162.3

1  work product doctrine, the National Labor Relations Act, the First Amendment of the

2  United States Constitution, and on public policy grounds.  Petitioner further objects to

3  this Request on the ground that the matter seeks unreasonably to intrude upon the right of

4  privacy to the personal financial affairs of third parties.

5      Discovery is continuing.  Petitioner reserves the right to alter, amend, modify

6  and/or supplement this response at a later time, up to and including at the time trial.

7  **ARGUMENT**

8      Local 715 objects that the request is "overbroad, unduly burdensome, onerous and

9  vague and ambiguous as to time and scope."  It is well-established that a party responding

10  to requests for admissions must do more than make generalized boilerplate claims of

11  overbreadth, undue burden or vagueness.  *Thomas v. Hickman*, 2007 WL 4302974

12  (E.D.Cal. 2007) (Slip Op. at 10) ("Objections that are not sufficiently specific, such as

13  statements that requests are overly broad, burdensome, or oppressive, are waived.");

14  *Ramirez v. City Of Los Angeles*, 231 F.R.D. 407, 409 (E.D.Cal. 2005) ("it is well-settled

15  that all grounds for objection must be stated with specificity."); *Josephs v. Harris*

16  *Corporation*, 677 F.2d 985, 992 (3d Cir. 1982) ("The litany of overly burdensome,

17  oppressive, and irrelevant does not alone constitute a successful objection to a discovery

18  request.").  Local 715 makes no attempt to describe the nature of the burden or

19  oppression that would be visited upon it by complying with the Hospitals' discovery

20  requests.  Nor does Local 715 attempt to quantify the degree of burden that it would

21  experience.

22      Local 715 further objects that the request is "vague, ambiguous, and

23  unintelligible" on the grounds that "it is in reference to include alleged action on behalf

24  of multiple parties and at multiple periods of time."  This objection is itself unintelligible.

25  The fact that a request calls for documents that relate to "multiple parties" or "multiple

26  periods of time" is not a legitimate reason to refuse to respond.  The subject matter of the

27  request – the identity of counsel for Local 715 concerning the issues that are the subject

28

SFCA_1420162.3

1    of the complaint – is easily understood.  Local 715's assertion that the language used in

2    the request is vague is without merit.

3         Local 715 asserts that production of documents is excused due to a privilege or

4    other protection.  The privileges and protections identified are the attorney-client

5    privilege, the attorney work product doctrine, the National Labor Relations Act

6    ("NLRA") The First Amendment to the United States Constitution ("First Amendment")

7    and unspecified "public policy grounds."

8         Initially, it is unclear (and Local 715 does not explain) why any of the requested

9    documents would be privileged or protected by the First Amendment or the NLRA.

10   Local 715 reference to "public policy" without identification whatsoever of the public

11   policy that would prevent the disclosure of otherwise discoverable documents is not a

12   valid ground for refusing to produce documents.  However, even assuming that the First

13   Amendment, the NLRA, or a "public policy" might privilege or protect some of the

14   requested documents, the Federal Rules are clear that a party must do more than simply

15   assert privileges or protections in order to preserve otherwise legitimate objections.

16        Rule 26(b)(5)(A) expressly states that where otherwise discoverable information is

17   withheld based on a claim of privilege or protection for trial preparation material (i.e.

18   work product protection), the party must "describe the nature of the documents,

19   communications, or tangible things not produced or disclosed – and do so in a manner

20   that, without revealing information itself privileged or protected, will enable other parties

21   to assess the claim."  F.R.Civ.P. 26(b)(5)(A)(ii).  The bare invocation of a privilege or

22   protection does not constitute a valid objection and may result in the waiver of any

23   privilege or protection that may exist. *Burlington Northern & Santa Fe Railway*

24   *Company v. United States District Court For The District Of Montana*, 408 F.3d 1142,

25   1147-1148 (9th Cir. 2005) ("boilerplate assertion of an evidentiary privilege in response

26   to a discovery request does not satisfy the demands of Rule 26(b)(5)").

27        Local 715 has not even attempted to produce this required "privilege log" to

28

78

SFCA_1420162.3

1  support its objections, and enable the Hospitals to evaluate its claims of privilege. Local

2  715 did not explain the categories of documents that are allegedly privileged or protected,

3  or even explain why the asserted privileges or protections are applicable to any

4  documents. Such patently insufficient objections are not only legally deficient, they are

5  indicative of bad faith and should result in the waiver of any privilege or protection that

6  may have otherwise existed (if any).

7      Local 715's objections that production would violate the privacy rights of certain

8  unidentified third parties. In federal court cases such as the present one, where the

9  court's jurisdiction is based on a federal question, federal, rather than state, privacy law

10  governs. *Thomas, supra*, 2007 WL 4302974, (Slip Op. at 3-4). As noted previously,

11  where a party objects to discovery requests, those objections must be stated with

12  specificity. Here, as with Local 715's other objections Local 715 has failed to provide

13  any specifics regarding the basis of its privacy objection. The objection is therefore

14  defective and waived. Furthermore, the right to privacy (to the extent that it applies here

15  at all) is not absolute, but must be weighed against the need for the information. *Ragge v.*

16  *MCA Universal Studios*, 165 F.R.D. 601, 604-605 (C.D. Cal. 1995). Local 715's bare

17  assertion of third party privacy rights gives no means to evaluate the claim and balance it

18  against the Hospitals' need for discovery.

19      Local 715 objects that the requested documents are not relevant. The documents,

20  however, pertain to the existence and representative status of Local 715. The Court has

21  approved discovery on these issues.

22  **REQUEST FOR PRODUCTION NO. 31:**

23      Produce all DOCUMENTS and WRITINGS RELATING TO all minutes of

24  Executive Board meetings for LOCAL 715 held between July 1, 2005 and June 9, 2007

25  including, without limitation, a list of those in attendance and those not in attendance at

26  said meetings.

27

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome, onerous and vague and ambiguous as to time and scope. This Request is vague, ambiguous, and unintelligible as it is in reference to include alleged action on behalf of multiple parties and at multiple periods of time, therefore Petitioner cannot provide a complete response to this Request. Petitioner objects on the ground that this Request exceeds the scope of permissible discovery and is not likely to lead to the discovery of admissible evidence. Petitioner also objects as this Request violates the privacy of third parties and that this information is protected from disclosure by, including but not limited to the attorney client privilege, work product doctrine, the National Labor Relations Act, the First Amendment of the United States Constitution, and on public policy grounds. Petitioner further objects to this Request on the ground that the matter seeks unreasonably to intrude upon the right of privacy to the personal financial affairs of third parties.

Discovery is continuing. Petitioner reserves the right to alter, amend, modify and/or supplement this response at a later time, up to and including at the time trial.

**ARGUMENT**

Local 715 objects that the request is "overbroad, unduly burdensome, onerous and vague and ambiguous as to time and scope." It is well-established that a party responding to requests for admissions must do more than make generalized boilerplate claims of overbreadth, undue burden or vagueness. *Thomas v. Hickman*, 2007 WL 4302974 (E.D.Cal. 2007) (Slip Op. at 10) ("Objections that are not sufficiently specific, such as statements that requests are overly broad, burdensome, or oppressive, are waived."); *Ramirez v. City Of Los Angeles*, 231 F.R.D. 407, 409 (E.D.Cal. 2005) ("it is well-settled that all grounds for objection must be stated with specificity."); *Josephs v. Harris Corporation*, 677 F.2d 985, 992 (3d Cir. 1982) ("The litany of overly burdensome, oppressive, and irrelevant does not alone constitute a successful objection to a discovery

SFCA_1420162.3

1  request."). Local 715 makes no attempt to describe the nature of the burden or

2  oppression that would be visited upon it by complying with the Hospitals' discovery

3  requests. Nor does Local 715 attempt to quantify the degree of burden that it would

4  experience.

5      Local 715 further objects that the request is "vague, ambiguous, and

6  unintelligible" on the grounds that "it is in reference to include alleged action on behalf

7  of multiple parties and at multiple periods of time." This objection is itself unintelligible.

8  The fact that a request calls for documents that relate to "multiple parties" or "multiple

9  periods of time" is not a legitimate reason to refuse to respond. The subject matter of the

10 request – the identity of counsel for Local 715 concerning the issues that are the subject

11 of the complaint – is easily understood. Local 715's assertion that the language used in

12 the request is vague is without merit.

13     Local 715 asserts that production of documents is excused due to a privilege or

14 other protection. The privileges and protections identified are the attorney-client

15 privilege, the attorney work product doctrine, the National Labor Relations Act

16 ("NLRA") The First Amendment to the United States Constitution ("First Amendment")

17 and unspecified "public policy grounds."

18     Initially, it is unclear (and Local 715 does not explain) why any of the requested

19 documents would be privileged or protected by the First Amendment or the NLRA.

20 Local 715 reference to "public policy" without identification whatsoever of the public

21 policy that would prevent the disclosure of otherwise discoverable documents is not a

22 valid ground for refusing to produce documents. However, even assuming that the First

23 Amendment, the NLRA, or a "public policy" might privilege or protect some of the

24 requested documents, the Federal Rules are clear that a party must do more than simply

25 assert privileges or protections in order to preserve otherwise legitimate objections.

26     Rule 26(b)(5)(A) expressly states that where otherwise discoverable information is

27 withheld based on a claim of privilege or protection for trial preparation material (i.e.

28

SFCA_1420162.3

1    work product protection), the party must "describe the nature of the documents,

2    communications, or tangible things not produced or disclosed – and do so in a manner

3    that, without revealing information itself privileged or protected, will enable other parties

4    to assess the claim." F.R.Civ.P. 26(b)(5)(A)(ii).  The bare invocation of a privilege or

5    protection does not constitute a valid objection and may result in the waiver of any

6    privilege or protection that may exist. *Burlington Northern & Santa Fe Railway*

7    *Company v. United States District Court For The District Of Montana*, 408 F.3d 1142,

8    1147-1148 (9th Cir. 2005) ("boilerplate assertion of an evidentiary privilege in response

9    to a discovery request does not satisfy the demands of Rule 26(b)(5)").

10          Local 715 has not even attempted to produce this required "privilege log" to

11   support its objections, and enable the Hospitals to evaluate its claims of privilege.  Local

12   715 did not explain the categories of documents that are allegedly privileged or protected,

13   or even explain why the asserted privileges or protections are applicable to any

14   documents.  Such patently insufficient objections are not only legally deficient, they are

15   indicative of bad faith and should result in the waiver of any privilege or protection that

16   may have otherwise existed (if any).

17          Local 715's objections that production would violate the privacy rights of certain

18   unidentified third parties.  In federal court cases such as the present one, where the

19   court's jurisdiction is based on a federal question, federal, rather than state, privacy law

20   governs. *Thomas, supra*, 2007 WL 4302974, (Slip Op. at 3-4).  As noted previously,

21   where a party objects to discovery requests, those objections must be stated with

22   specificity.  Here, as with Local 715's other objections Local 715 has failed to provide

23   any specifics regarding the basis of its privacy objection.  The objection is therefore

24   defective and waived.  Furthermore, the right to privacy (to the extent that it applies here

25   at all) is not absolute, but must be weighed against the need for the information. *Ragge v.*

26   *MCA Universal Studios*, 165 F.R.D. 601, 604-605 (C.D. Cal. 1995).  Local 715's bare

27   assertion of third party privacy rights gives no means to evaluate the claim and balance it

28                                              82

SFCA_1420162.3

1   against the Hospitals' need for discovery.

2        Local 715 objects that the requested documents are not relevant.  The documents,

3   however, pertain to the existence and representative status of Local 715.  The Court has

4   approved discovery on these issues.

5   **REQUEST FOR PRODUCTION NO. 34:**

6        Produce all DOCUMENTS and WRITINGS RELATING TO LOCAL 715's

7   annual budget and/or budgets covering and/or applicable to calendar year 2007 or any

8   portion thereof.

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

10       Petitioner objects to this Request on the grounds that is it overbroad, unduly

11  burdensome, onerous and vague and ambiguous as to time and scope.  This Request is

12  vague, ambiguous, and unintelligible as it is in reference to include alleged action on

13  behalf of multiple parties and at multiple periods of time, therefore Petitioner cannot

14  provide a complete response to this Request.  This Request is vague as to the meaning of

15  "annual budget and/or budgets".  Petitioner objects on the ground that this Request

16  exceeds the scope of permissible discovery and is not likely to lead to the discovery of

17  admissible evidence.  Petitioner also objects as this Request violates the privacy of third

18  parties and that this information is protected from disclosure by, including but not limited

19  to the attorney client privilege, work product doctrine, the National Labor Relations Act,

20  the First Amendment of the United States Constitution, and on public policy grounds.

21  Petitioner further objects to this Request on the ground that the matter seeks unreasonably

22  to intrude upon the right of privacy to the personal financial affairs of third parties.

23       Discovery is continuing.  Petitioner reserves the right to alter, amend, modify

24  and/or supplement this response at a later time, up to and including at the time trial.

25  **ARGUMENT**

26       Local 715 objects that the request is "overbroad, unduly burdensome, onerous and

27  vague and ambiguous as to time and scope."  It is well-established that a party responding

28

83

APPENDIX IN SUPPORT OF MOTION TO COMPEL FURTHER
RESPONSES TO DISCOVERY REQUESTS
CASE NOS. 5:07-CV-05158-JF, 5:08-CV-00213-JF, 5:08-CV-00215-JF;
5:08-CV-00216-JF; 5:08-CV-01726-JF; 5:08-CV-01727-JF

1  to requests for admissions must do more than make generalized boilerplate claims of

2  overbreadth, undue burden or vagueness. *Thomas v. Hickman*, 2007 WL 4302974

3  (E.D.Cal. 2007) (Slip Op. at 10) ("Objections that are not sufficiently specific, such as

4  statements that requests are overly broad, burdensome, or oppressive, are waived.");

5  *Ramirez v. City Of Los Angeles*, 231 F.R.D. 407, 409 (E.D.Cal. 2005) ("it is well-settled

6  that all grounds for objection must be stated with specificity."); *Josephs v. Harris*

7  *Corporation*, 677 F.2d 985, 992 (3d Cir. 1982) ("The litany of overly burdensome,

8  oppressive, and irrelevant does not alone constitute a successful objection to a discovery

9  request."). Local 715 makes no attempt to describe the nature of the burden or

10 oppression that would be visited upon it by complying with the Hospitals' discovery

11 requests. Nor does Local 715 attempt to quantify the degree of burden that it would

12 experience.

13     Local 715 further objects that the request is "vague, ambiguous, and

14 unintelligible" on the grounds that "it is in reference to include alleged action on behalf

15 of multiple parties and at multiple periods of time." This objection is itself unintelligible.

16 The fact that a request calls for documents that relate to "multiple parties" or "multiple

17 periods of time" is not a legitimate reason to refuse to respond. The subject matter of the

18 request – the identity of counsel for Local 715 concerning the issues that are the subject

19 of the complaint – is easily understood. Local 715's assertion that the language used in

20 the request is vague is without merit.

21     Local 715 asserts that production of documents is excused due to a privilege or

22 other protection. The privileges and protections identified are the attorney-client

23 privilege, the attorney work product doctrine, the National Labor Relations Act

24 ("NLRA") The First Amendment to the United States Constitution ("First Amendment")

25 and unspecified "public policy grounds."

26     Initially, it is unclear (and Local 715 does not explain) why any of the requested

27 documents would be privileged or protected by the First Amendment or the NLRA.

28

SFCA_1420162.3

1  Local 715 reference to "public policy" without identification whatsoever of the public

2  policy that would prevent the disclosure of otherwise discoverable documents is not a

3  valid ground for refusing to produce documents.  However, even assuming that the First

4  Amendment, the NLRA, or a "public policy" might privilege or protect some of the

5  requested documents, the Federal Rules are clear that a party must do more than simply

6  assert privileges or protections in order to preserve otherwise legitimate objections.

7  Rule 26(b)(5)(A) expressly states that where otherwise discoverable information is

8  withheld based on a claim of privilege or protection for trial preparation material (i.e.

9  work product protection), the party must "describe the nature of the documents,

10  communications, or tangible things not produced or disclosed – and do so in a manner

11  that, without revealing information itself privileged or protected, will enable other parties

12  to assess the claim."  F.R.Civ.P. 26(b)(5)(A)(ii).  The bare invocation of a privilege or

13  protection does not constitute a valid objection and may result in the waiver of any

14  privilege or protection that may exist. *Burlington Northern & Santa Fe Railway*

15  *Company v. United States District Court For The District Of Montana*, 408 F.3d 1142,

16  1147-1148 (9th Cir. 2005) ("boilerplate assertion of an evidentiary privilege in response

17  to a discovery request does not satisfy the demands of Rule 26(b)(5)").

18  Local 715 has not even attempted to produce this required "privilege log" to

19  support its objections, and enable the Hospitals to evaluate its claims of privilege.  Local

20  715 did not explain the categories of documents that are allegedly privileged or protected,

21  or even explain why the asserted privileges or protections are applicable to any

22  documents.  Such patently insufficient objections are not only legally deficient, they are

23  indicative of bad faith and should result in the waiver of any privilege or protection that

24  may have otherwise existed (if any).

25  Local 715's objections that production would violate the privacy rights of certain

26  unidentified third parties.  In federal court cases such as the present one, where the

27  court's jurisdiction is based on a federal question, federal, rather than state, privacy law

28

85

APPENDIX IN SUPPORT OF MOTION TO COMPEL FURTHER
RESPONSES TO DISCOVERY REQUESTS
CASE NOS. 5:07-CV-05158-JF; 5:08-CV-00213-JF; 5:08-CV-00215-JF;
5:08-CV-00216-JF; 5:08-CV-01726-JF; 5:08-CV-01727-JF

1   governs. *Thomas, supra*, 2007 WL 4302974, (Slip Op. at 3-4). As noted previously,

2   where a party objects to discovery requests, those objections must be stated with

3   specificity. Here, as with Local 715's other objections Local 715 has failed to provide

4   any specifics regarding the basis of its privacy objection. The objection is therefore

5   defective and waived. Furthermore, the right to privacy (to the extent that it applies here

6   at all) is not absolute, but must be weighed against the need for the information. *Ragge v.*

7   *MCA Universal Studios*, 165 F.R.D. 601, 604-605 (C.D. Cal. 1995). Local 715's bare

8   assertion of third party privacy rights gives no means to evaluate the claim and balance it

9   against the Hospitals' need for discovery.

10       Local 715 objects that the requested documents are not relevant. The documents,

11   however, pertain to the existence and resources of Local 715. The Court has approved

12   discovery on these issues.

13       Finally, there are responsive documents in the Hospitals' possession that it

14   believes are in the possession of Local 715, but which were not produced. The Hospitals

15   are in possession of LM-2 reports that Local 715 filed with the Department of Labor.

16   [Ridley Decl. Exh. DDD- EEE.]These reports were not produced by Local 715, nor were

17   the underlying documents that were used to generate the report produced. It is likely that

18   there are other documents not specifically known to the Hospitals, which were also not

19   produced. Local 715 should be ordered to make a complete response to this request and

20   sanctions should be imposed.

21   **REQUEST FOR PRODUCTION NO. 37:**

22       Produce all DOCUMENTS and WRITINGS RELATING TO all minutes of any

23   general membership meetings for LOCAL 715 (including, without limitation, all regular

24   and special general membership meetings) held between July 1, 2005 and June 9, 2007.

25   **RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

26       Petitioner objects to this Request on the grounds that is it overbroad, unduly

27   burdensome, onerous and vague and ambiguous as to time and scope. This Request is

28

SFCA_1420162.3

1  vague, ambiguous, and unintelligible as it is in reference to include alleged action on

2  behalf of multiple parties and at multiple periods of time, therefore Petitioner cannot

3  provide a complete response to this Request.  Petitioner objects on the ground that this

4  Request exceeds the scope of permissible discovery and is not likely to lead to the

5  discovery of admissible evidence.  Petitioner also objects as this Request violates the

6  privacy of third parties and that this information is protected from disclosure by,

7  including but not limited to the attorney client privilege, work product doctrine, the

8  National Labor Relations Act, the First Amendment of the United States Constitution,

9  and on public policy grounds.  Petitioner further objects to this Request on the ground

10  that the matter seeks unreasonably to intrude upon the right of privacy to the personal

11  financial affairs of third parties.

12      Discovery is continuing.  Petitioner reserves the right to alter, amend, modify

13  and/or supplement this response at a later time, up to and including at the time trial.

14  **ARGUMENT**

15      Local 715 objects that the request is "overbroad, unduly burdensome, onerous and

16  vague and ambiguous as to time and scope."  It is well-established that a party responding

17  to requests for admissions must do more than make generalized boilerplate claims of

18  overbreadth, undue burden or vagueness. *Thomas v. Hickman*, 2007 WL 4302974

19  (E.D.Cal. 2007) (Slip Op. at 10) ("Objections that are not sufficiently specific, such as

20  statements that requests are overly broad, burdensome, or oppressive, are waived.");

21  *Ramirez v. City Of Los Angeles*, 231 F.R.D. 407, 409 (E.D.Cal. 2005) ("it is well-settled

22  that all grounds for objection must be stated with specificity."); *Josephs v. Harris*

23  *Corporation*, 677 F.2d 985, 992 (3d Cir. 1982) ("The litany of overly burdensome,

24  oppressive, and irrelevant does not alone constitute a successful objection to a discovery

25  request.").  Local 715 makes no attempt to describe the nature of the burden or

26  oppression that would be visited upon it by complying with the Hospitals' discovery

27  requests.  Nor does Local 715 attempt to quantify the degree of burden that it would

28

SFCA_1420162.3

1 | experience.

2 |      Local 715 further objects that the request is "vague, ambiguous, and
3 | unintelligible" on the grounds that "it is in reference to include alleged action on behalf
4 | of multiple parties and at multiple periods of time." This objection is itself unintelligible.
5 | The fact that a request calls for documents that relate to "multiple parties" or "multiple
6 | periods of time" is not a legitimate reason to refuse to respond. The subject matter of the
7 | request – the identity of counsel for Local 715 concerning the issues that are the subject
8 | of the complaint – is easily understood. Local 715's assertion that the language used in
9 | the request is vague is without merit.

10 |      Local 715 asserts that production of documents is excused due to a privilege or
11 | other protection. The privileges and protections identified are the attorney-client
12 | privilege, the attorney work product doctrine, the National Labor Relations Act
13 | ("NLRA") The First Amendment to the United States Constitution ("First Amendment")
14 | and unspecified "public policy grounds."

15 |      Initially, it is unclear (and Local 715 does not explain) why any of the requested
16 | documents would be privileged or protected by the First Amendment or the NLRA.
17 | Local 715 reference to "public policy" without identification whatsoever of the public
18 | policy that would prevent the disclosure of otherwise discoverable documents is not a
19 | valid ground for refusing to produce documents. However, even assuming that the First
20 | Amendment, the NLRA, or a "public policy" might privilege or protect some of the
21 | requested documents, the Federal Rules are clear that a party must do more than simply
22 | assert privileges or protections in order to preserve otherwise legitimate objections.

23 |      Rule 26(b)(5)(A) expressly states that where otherwise discoverable information is
24 | withheld based on a claim of privilege or protection for trial preparation material (i.e.
25 | work product protection), the party must "describe the nature of the documents,
26 | communications, or tangible things not produced or disclosed – and do so in a manner
27 | that, without revealing information itself privileged or protected, will enable other parties

28 |

SFCA_1420162.3

1  to assess the claim." F.R.Civ.P. 26(b)(5)(A)(ii). The bare invocation of a privilege or

2  protection does not constitute a valid objection and may result in the waiver of any

3  privilege or protection that may exist. *Burlington Northern & Santa Fe Railway*

4  *Company v. United States District Court For The District Of Montana*, 408 F.3d 1142,

5  1147-1148 (9th Cir. 2005) ("boilerplate assertion of an evidentiary privilege in response

6  to a discovery request does not satisfy the demands of Rule 26(b)(5)").

7      Local 715 has not even attempted to produce this required "privilege log" to

8  support its objections, and enable the Hospitals to evaluate its claims of privilege. Local

9  715 did not explain the categories of documents that are allegedly privileged or protected,

10  or even explain why the asserted privileges or protections are applicable to any

11  documents. Such patently insufficient objections are not only legally deficient, they are

12  indicative of bad faith and should result in the waiver of any privilege or protection that

13  may have otherwise existed (if any).

14      Local 715's objections that production would violate the privacy rights of certain

15  unidentified third parties. In federal court cases such as the present one, where the

16  court's jurisdiction is based on a federal question, federal, rather than state, privacy law

17  governs. *Thomas, supra*, 2007 WL 4302974, (Slip Op. at 3-4). As noted previously,

18  where a party objects to discovery requests, those objections must be stated with

19  specificity. Here, as with Local 715's other objections Local 715 has failed to provide

20  any specifics regarding the basis of its privacy objection. The objection is therefore

21  defective and waived. Furthermore, the right to privacy (to the extent that it applies here

22  at all) is not absolute, but must be weighed against the need for the information. *Ragge v.*

23  *MCA Universal Studios*, 165 F.R.D. 601, 604-605 (C.D. Cal. 1995). Local 715's bare

24  assertion of third party privacy rights gives no means to evaluate the claim and balance it

25  against the Hospitals' need for discovery.

26      Local 715 objects that the requested documents are not relevant. The documents,

27  however, pertain to the existence and representative status of Local 715. The Court has

28

SFCA_1420162.3

1   approved discovery on these issues.

2   **REQUEST FOR PRODUCTION NO. 40:**

3       Produce all DOCUMENTS and WRITINGS RELATING TO all bank records of

4   LOCAL 715 showing all dues receipts deposits in accounts held by LOCAL 715 from

5   January 2006 to the present.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

7       Petitioner objects to this Request on the grounds that is it overbroad, unduly

8   burdensome, onerous and vague and ambiguous as to time and scope.  This Request is

9   vague, ambiguous, and unintelligible as it is in reference to include alleged action on

10  behalf of multiple parties and at multiple periods of time, therefore Petitioner cannot

11  provide a complete response to this Request.  Petitioner objects on the ground that this

12  Request exceeds the scope of permissible discovery and is not likely to lead to the

13  discovery of admissible evidence.  Petitioner also objects as this Request violates the

14  privacy of third parties and that this information is protected from disclosure by,

15  including but not limited to the attorney client privilege, work product doctrine, the

16  National Labor Relations Act, the First Amendment of the United States Constitution,

17  and on public policy grounds.  Petitioner further objects to this Request on the ground

18  that the matter seeks unreasonably to intrude upon the right of privacy to the personal

19  financial affairs of third parties.

20      Discovery is continuing.  Petitioner reserves the right to alter, amend, modify

21  and/or supplement this response at a later time, up to and including at the time trial.

22  **ARGUMENT**

23      Local 715 objects that the request is "overbroad, unduly burdensome, onerous and

24  vague and ambiguous as to time and scope."  It is well-established that a party responding

25  to requests for admissions must do more than make generalized boilerplate claims of

26  overbreadth, undue burden or vagueness.  *Thomas v. Hickman*, 2007 WL 4302974

27  (E.D.Cal. 2007) (Slip Op. at 10) ("Objections that are not sufficiently specific, such as

28
APPENDIX IN SUPPORT OF MOTION TO COMPEL FURTHER
RESPONSES TO DISCOVERY REQUESTS
CASE NOS. 5:07-CV-05158-JF, 5:08-CV-00213-JF, 5:08-CV-00215-JF;
5:08-CV-00216-JF; 5:08-CV-01726-JF; 5:08-CV-01727-JF

SFCA_1420162.3

1  statements that requests are overly broad, burdensome, or oppressive, are waived.");

2  *Ramirez v. City Of Los Angeles*, 231 F.R.D. 407, 409 (E.D.Cal. 2005) ("it is well-settled

3  that all grounds for objection must be stated with specificity."); *Josephs v. Harris*

4  *Corporation*, 677 F.2d 985, 992 (3d Cir. 1982) ("The litany of overly burdensome,

5  oppressive, and irrelevant does not alone constitute a successful objection to a discovery

6  request."). Local 715 makes no attempt to describe the nature of the burden or

7  oppression that would be visited upon it by complying with the Hospitals' discovery

8  requests. Nor does Local 715 attempt to quantify the degree of burden that it would

9  experience.

10      Local 715 further objects that the request is "vague, ambiguous, and

11  unintelligible" on the grounds that "it is in reference to include alleged action on behalf

12  of multiple parties and at multiple periods of time." This objection is itself unintelligible.

13  The fact that a request calls for documents that relate to "multiple parties" or "multiple

14  periods of time" is not a legitimate reason to refuse to respond. The subject matter of the

15  request – the identity of counsel for Local 715 concerning the issues that are the subject

16  of the complaint – is easily understood. Local 715's assertion that the language used in

17  the request is vague is without merit.

18      Local 715 asserts that production of documents is excused due to a privilege or

19  other protection. The privileges and protections identified are the attorney-client

20  privilege, the attorney work product doctrine, the National Labor Relations Act

21  ("NLRA") The First Amendment to the United States Constitution ("First Amendment")

22  and unspecified "public policy grounds."

23      Initially, it is unclear (and Local 715 does not explain) why any of the requested

24  documents would be privileged or protected by the First Amendment or the NLRA.

25  Local 715 reference to "public policy" without identification whatsoever of the public

26  policy that would prevent the disclosure of otherwise discoverable documents is not a

27  valid ground for refusing to produce documents. However, even assuming that the First

28

SFCA_1420162.3

1  Amendment, the NLRA, or a "public policy" might privilege or protect some of the

2  requested documents, the Federal Rules are clear that a party must do more than simply

3  assert privileges or protections in order to preserve otherwise legitimate objections.

4      Rule 26(b)(5)(A) expressly states that where otherwise discoverable information is

5  withheld based on a claim of privilege or protection for trial preparation material (i.e.

6  work product protection), the party must "describe the nature of the documents,

7  communications, or tangible things not produced or disclosed – and do so in a manner

8  that, without revealing information itself privileged or protected, will enable other parties

9  to assess the claim." F.R.Civ.P. 26(b)(5)(A)(ii).  The bare invocation of a privilege or

10 protection does not constitute a valid objection and may result in the waiver of any

11 privilege or protection that may exist. *Burlington Northern & Santa Fe Railway*

12 *Company v. United States District Court For The District Of Montana*, 408 F.3d 1142,

13 1147-1148 (9th Cir. 2005) ("boilerplate assertion of an evidentiary privilege in response

14 to a discovery request does not satisfy the demands of Rule 26(b)(5)").

15     Local 715 has not even attempted to produce this required "privilege log" to

16 support its objections, and enable the Hospitals to evaluate its claims of privilege.  Local

17 715 did not explain the categories of documents that are allegedly privileged or protected,

18 or even explain why the asserted privileges or protections are applicable to any

19 documents.  Such patently insufficient objections are not only legally deficient, they are

20 indicative of bad faith and should result in the waiver of any privilege or protection that

21 may have otherwise existed (if any).

22     Local 715's objections that production would violate the privacy rights of certain

23 unidentified third parties.  In federal court cases such as the present one, where the

24 court's jurisdiction is based on a federal question, federal, rather than state, privacy law

25 governs. *Thomas, supra*, 2007 WL 4302974, (Slip Op. at 3-4).  As noted previously,

26 where a party objects to discovery requests, those objections must be stated with

27 specificity.  Here, as with Local 715's other objections Local 715 has failed to provide

28                                              92

SFCA_1420162.3

1  any specifics regarding the basis of its privacy objection.  The objection is therefore

2  defective and waived.  Furthermore, the right to privacy (to the extent that it applies here

3  at all) is not absolute, but must be weighed against the need for the information.  *Ragge v.*

4  *MCA Universal Studios*, 165 F.R.D. 601, 604-605 (C.D. Cal. 1995).  Local 715's bare

5  assertion of third party privacy rights gives no means to evaluate the claim and balance it

6  against the Hospitals' need for discovery.

7       Local 715 objects that the requested documents are not relevant.  The documents,

8  however, pertain to existence and resources of Local 715.  The Court has approved

9  discovery on these issues.

10  **REQUEST FOR PRODUCTION NO. 42:**

11       Produce all DOCUMENTS and WRITINGS RELATING TO all bank records of

12  SEIU-UHW showing all dues receipts deposits in accounts held by SEIU-UHW received

13  from or on behalf of any employees of RESPONDENT from January 2006 to the present.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

15       Petitioner objects to this Request on the grounds that is it overbroad, unduly

16  burdensome, onerous and vague and ambiguous as to time and scope.  This Request is

17  vague, ambiguous, and unintelligible as it is in reference to include alleged action on

18  behalf of multiple parties and at multiple periods of time, therefore Petitioner cannot

19  provide a complete response to this Request.  Petitioner objects on the ground that this

20  Request exceeds the scope of permissible discovery and is not likely to lead to the

21  discovery of admissible evidence.  Petitioner also objects as this Request violates the

22  privacy of third parties and that this information is protected from disclosure by,

23  including but not limited to the attorney client privilege, work product doctrine, the

24  National Labor Relations Act, the First Amendment of the United States Constitution,

25  and on public policy grounds.  Petitioner further objects to this Request on the ground

26  that the matter seeks unreasonably to intrude upon the right of privacy to the personal

27  financial affairs of third parties.

28

SFCA_1420162.3

1   Discovery is continuing. Petitioner reserves the right to alter, amend, modify
2   and/or supplement this response at a later time, up to and including at the time trial.

3   **ARGUMENT**

4   Local 715 objects that the request is "overbroad, unduly burdensome, onerous and
5   vague and ambiguous as to time and scope." It is well-established that a party responding
6   to requests for admissions must do more than make generalized boilerplate claims of
7   overbreadth, undue burden or vagueness. *Thomas v. Hickman*, 2007 WL 4302974
8   (E.D.Cal. 2007) (Slip Op. at 10) ("Objections that are not sufficiently specific, such as
9   statements that requests are overly broad, burdensome, or oppressive, are waived.");
10  *Ramirez v. City Of Los Angeles*, 231 F.R.D. 407, 409 (E.D.Cal. 2005) ("it is well-settled
11  that all grounds for objection must be stated with specificity."); *Josephs v. Harris*
12  *Corporation*, 677 F.2d 985, 992 (3d Cir. 1982) ("The litany of overly burdensome,
13  oppressive, and irrelevant does not alone constitute a successful objection to a discovery
14  request."). Local 715 makes no attempt to describe the nature of the burden or
15  oppression that would be visited upon it by complying with the Hospitals' discovery
16  requests. Nor does Local 715 attempt to quantify the degree of burden that it would
17  experience.

18  Local 715 further objects that the request is "vague, ambiguous, and
19  unintelligible" on the grounds that "it is in reference to include alleged action on behalf
20  of multiple parties and at multiple periods of time." This objection is itself unintelligible.
21  The fact that a request calls for documents that relate to "multiple parties" or "multiple
22  periods of time" is not a legitimate reason to refuse to respond. The subject matter of the
23  request – the identity of counsel for Local 715 concerning the issues that are the subject
24  of the complaint – is easily understood. Local 715's assertion that the language used in
25  the request is vague is without merit.

26  Local 715 asserts that production of documents is excused due to a privilege or
27  other protection. The privileges and protections identified are the attorney-client

28

94

SFCA_1420162.3

1  privilege, the attorney work product doctrine, the National Labor Relations Act

2  ("NLRA") The First Amendment to the United States Constitution ("First Amendment")

3  and unspecified "public policy grounds."

4       Initially, it is unclear (and Local 715 does not explain) why any of the requested

5  documents would be privileged or protected by the First Amendment or the NLRA.

6  Local 715 reference to "public policy" without identification whatsoever of the public

7  policy that would prevent the disclosure of otherwise discoverable documents is not a

8  valid ground for refusing to produce documents.  However, even assuming that the First

9  Amendment, the NLRA, or a "public policy" might privilege or protect some of the

10  requested documents, the Federal Rules are clear that a party must do more than simply

11  assert privileges or protections in order to preserve otherwise legitimate objections.

12       Rule 26(b)(5)(A) expressly states that where otherwise discoverable information is

13  withheld based on a claim of privilege or protection for trial preparation material (i.e.

14  work product protection), the party must "describe the nature of the documents,

15  communications, or tangible things not produced or disclosed – and do so in a manner

16  that, without revealing information itself privileged or protected, will enable other parties

17  to assess the claim."  F.R.Civ.P. 26(b)(5)(A)(ii).  The bare invocation of a privilege or

18  protection does not constitute a valid objection and may result in the waiver of any

19  privilege or protection that may exist. *Burlington Northern & Santa Fe Railway*

20  *Company v. United States District Court For The District Of Montana*, 408 F.3d 1142,

21  1147-1148 (9th Cir. 2005) ("boilerplate assertion of an evidentiary privilege in response

22  to a discovery request does not satisfy the demands of Rule 26(b)(5)").

23       Local 715 has not even attempted to produce this required "privilege log" to

24  support its objections, and enable the Hospitals to evaluate its claims of privilege.  Local

25  715 did not explain the categories of documents that are allegedly privileged or protected,

26  or even explain why the asserted privileges or protections are applicable to any

27  documents.  Such patently insufficient objections are not only legally deficient, they are

28

95

SFCA_1420162.3

1  indicative of bad faith and should result in the waiver of any privilege or protection that
2  may have otherwise existed (if any).

3      Local 715's objections that production would violate the privacy rights of certain
4  unidentified third parties.  In federal court cases such as the present one, where the
5  court's jurisdiction is based on a federal question, federal, rather than state, privacy law
6  governs. *Thomas, supra*, 2007 WL 4302974, (Slip Op. at 3-4).  As noted previously,
7  where a party objects to discovery requests, those objections must be stated with
8  specificity.  Here, as with Local 715's other objections Local 715 has failed to provide
9  any specifics regarding the basis of its privacy objection.  The objection is therefore
10  defective and waived.  Furthermore, the right to privacy (to the extent that it applies here
11  at all) is not absolute, but must be weighed against the need for the information. *Ragge v.*
12  *MCA Universal Studios*, 165 F.R.D. 601, 604-605 (C.D. Cal. 1995).  Local 715's bare
13  assertion of third party privacy rights gives no means to evaluate the claim and balance it
14  against the Hospitals' need for discovery.

15      Local 715 objects that the requested documents are not relevant.  The documents,
16  however, pertain to the existence and resources of Local 715.  The Court has approved
17  discovery on these issues.

18  **REQUEST FOR PRODUCTION NO. 43:**

19      Produce all DOCUMENTS and WRITINGS RELATING TO the assignment or
20  other appointment of any employee of SEIU-UHW to provide services to LOCAL 715
21  RELATING TO the representation of any employees of RESPONDENT.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

23      Petitioner objects to this Request on the grounds that is it overbroad, unduly
24  burdensome, onerous and vague and ambiguous as to time and scope.  This Request is
25  vague, ambiguous, and unintelligible as it is in reference to include alleged action on
26  behalf of multiple parties and at multiple periods of time, therefore Petitioner cannot
27  provide a complete response to this Request.  Petitioner objects on the ground that this

28  

APPENDIX IN SUPPORT OF MOTION TO COMPEL FURTHER
RESPONSES TO DISCOVERY REQUESTS
CASE NOS. 5:07-CV-05158-JF, 5:08-CV-00213-JF, 5:08-CV-00215-JF;
5:08-CV-00216-JF; 5:08-CV-01726-JF; 5:08-CV-01727-JF

SFCA_1420162.3

1    Request exceeds the scope of permissible discovery and is not likely to lead to the
2    discovery of admissible evidence. Petitioner also objects as this Request violates the
3    privacy of third parties and that this information is protected from disclosure by,
4    including but not limited to the attorney client privilege, work product doctrine, the
5    National Labor Relations Act, the First Amendment of the United States Constitution,
6    and on public policy grounds. Petitioner further objects to this Request on the ground
7    that the matter seeks unreasonably to intrude upon the right of privacy to the personal
8    financial affairs of third parties. After a diligent search and reasonable inquiry, and
9    without waiving any objections, without Petitioner produces SEIU0020 to SEIU0027.

10    Discovery is continuing. Petitioner reserves the right to alter, amend, modify
11    and/or supplement this response at a later time, up to and including at the time trial.

12    **ARGUMENT**

13    Local 715 objects that the request is "overbroad, unduly burdensome, onerous and
14    vague and ambiguous as to time and scope." It is well-established that a party responding
15    to requests for admissions must do more than make generalized boilerplate claims of
16    overbreadth, undue burden or vagueness. *Thomas v. Hickman*, 2007 WL 4302974
17    (E.D.Cal. 2007) (Slip Op. at 10) ("Objections that are not sufficiently specific, such as
18    statements that requests are overly broad, burdensome, or oppressive, are waived.");
19    *Ramirez v. City Of Los Angeles*, 231 F.R.D. 407, 409 (E.D.Cal. 2005) ("it is well-settled
20    that all grounds for objection must be stated with specificity."); *Josephs v. Harris*
21    *Corporation*, 677 F.2d 985, 992 (3d Cir. 1982) ("The litany of overly burdensome,
22    oppressive, and irrelevant does not alone constitute a successful objection to a discovery
23    request."). Local 715 makes no attempt to describe the nature of the burden or
24    oppression that would be visited upon it by complying with the Hospitals' discovery
25    requests. Nor does Local 715 attempt to quantify the degree of burden that it would
26    experience.

27    Local 715 further objects that the request is "vague, ambiguous, and

28    97

SFCA_1420162.3

1  unintelligible" on the grounds that "it is in reference to include alleged action on behalf

2  of multiple parties and at multiple periods of time." This objection is itself unintelligible.

3  The fact that a request calls for documents that relate to "multiple parties" or "multiple

4  periods of time" is not a legitimate reason to refuse to respond. The subject matter of the

5  request – the identity of counsel for Local 715 concerning the issues that are the subject

6  of the complaint – is easily understood. Local 715's assertion that the language used in

7  the request is vague is without merit.

8      Local 715 asserts that production of documents is excused due to a privilege or

9  other protection. The privileges and protections identified are the attorney-client

10 privilege, the attorney work product doctrine, the National Labor Relations Act

11 ("NLRA") The First Amendment to the United States Constitution ("First Amendment")

12 and unspecified "public policy grounds."

13     Initially, it is unclear (and Local 715 does not explain) why any of the requested

14 documents would be privileged or protected by the First Amendment or the NLRA.

15 Local 715 reference to "public policy" without identification whatsoever of the public

16 policy that would prevent the disclosure of otherwise discoverable documents is not a

17 valid ground for refusing to produce documents. However, even assuming that the First

18 Amendment, the NLRA, or a "public policy" might privilege or protect some of the

19 requested documents, the Federal Rules are clear that a party must do more than simply

20 assert privileges or protections in order to preserve otherwise legitimate objections.

21     Rule 26(b)(5)(A) expressly states that where otherwise discoverable information is

22 withheld based on a claim of privilege or protection for trial preparation material (i.e.

23 work product protection), the party must "describe the nature of the documents,

24 communications, or tangible things not produced or disclosed – and do so in a manner

25 that, without revealing information itself privileged or protected, will enable other parties

26 to assess the claim." F.R.Civ.P. 26(b)(5)(A)(ii). The bare invocation of a privilege or

27 protection does not constitute a valid objection and may result in the waiver of any

28

98

SFCA_1420162.3

1    privilege or protection that may exist. *Burlington Northern & Santa Fe Railway*

2    *Company v. United States District Court For The District Of Montana*, 408 F.3d 1142,

3    1147-1148 (9th Cir. 2005) ("boilerplate assertion of an evidentiary privilege in response

4    to a discovery request does not satisfy the demands of Rule 26(b)(5)").

5        Local 715 has not even attempted to produce this required "privilege log" to

6    support its objections, and enable the Hospitals to evaluate its claims of privilege. Local

7    715 did not explain the categories of documents that are allegedly privileged or protected,

8    or even explain why the asserted privileges or protections are applicable to any

9    documents. Such patently insufficient objections are not only legally deficient, they are

10   indicative of bad faith and should result in the waiver of any privilege or protection that

11   may have otherwise existed (if any).

12       Local 715's objections that production would violate the privacy rights of certain

13   unidentified third parties. In federal court cases such as the present one, where the

14   court's jurisdiction is based on a federal question, federal, rather than state, privacy law

15   governs. *Thomas, supra*, 2007 WL 4302974, (Slip Op. at 3-4). As noted previously,

16   where a party objects to discovery requests, those objections must be stated with

17   specificity. Here, as with Local 715's other objections Local 715 has failed to provide

18   any specifics regarding the basis of its privacy objection. The objection is therefore

19   defective and waived. Furthermore, the right to privacy (to the extent that it applies here

20   at all) is not absolute, but must be weighed against the need for the information. *Ragge v.*

21   *MCA Universal Studios*, 165 F.R.D. 601, 604-605 (C.D. Cal. 1995). Local 715's bare

22   assertion of third party privacy rights gives no means to evaluate the claim and balance it

23   against the Hospitals' need for discovery.

24       Local 715 objects that the requested documents are not relevant. The documents,

25   however, pertain to existence and representative status of Local 715. The Court has

26   approved discovery on these issues.

27       Finally, there are responsive documents in the Hospitals' possession that it

28                                              99

SFCA_1420162.3

1  believes are in the possession of Local 715, but which were not produced. The Hospitals
2  are in possession of letters and e-mails from representatives of Local 715 pertaining to
3  the appointment of UHW employees to provide services to Local 715. [Ridley Decl.
4  Exh. XX.] These documents were not produced by Local 715. It is likely that there are
5  other documents not specifically known to the Hospitals, which were also not produced.
6  Local 715 should be ordered to make a complete response to this request and sanctions
7  should be imposed.

8  **REQUEST FOR PRODUCTION NO. 45:**

9  Produce all DOCUMENTS and WRITINGS RELATING TO the assignment or
10  other appointment of counsel by SEIU-UHW to provide services to LOCAL 715
11  RELATING TO the representation of any employees of RESPONDENT.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

13  Petitioner objects to this Request on the grounds that is it overbroad, unduly
14  burdensome, onerous and vague and ambiguous as to time and scope. This Request is
15  vague, ambiguous, and unintelligible as it is in reference to include alleged action on
16  behalf of multiple parties and at multiple periods of time, therefore Petitioner cannot
17  provide a complete response to this Request. This Request is vague as to the meaning of
18  "assignment or other appointment of counsel by SEIU-UHW to provide services to
19  LOCAL 715 RELATING TO the representation of any employee of RESPONDENT."
20  Petitioner objects on the ground that this Request exceeds the scope of permissible
21  discovery and is not likely to lead to the discovery of admissible evidence. Petitioner
22  also objects as this Request violates the privacy of third parties and that this information
23  is protected from disclosure by, including but not limited to the attorney client privilege,
24  work product doctrine, the National Labor Relations Act, the First Amendment of the
25  United States Constitution, and on public policy grounds. Petitioner further objects to
26  this Request on the ground that the matter seeks unreasonably to intrude upon the right of
27  privacy to the personal financial affairs of third parties.

28

100

APPENDIX IN SUPPORT OF MOTION TO COMPEL FURTHER
RESPONSES TO DISCOVERY REQUESTS
CASE NOS. 5:07-CV-05158-JF, 5:08-CV-00213-JF, 5:08-CV-00215-JF;
5:08-CV-00216-JF; 5:08-CV-01726-JF; 5:08-CV-01727-JF

SFCA_1420162.3

1    Discovery is continuing. Petitioner reserves the right to alter, amend, modify
2    and/or supplement this response at a later time, up to and including at the time trial.
3    **ARGUMENT**
4    Local 715 objects that the request is "overbroad, unduly burdensome, onerous and
5    vague and ambiguous as to time and scope." It is well-established that a party responding
6    to requests for admissions must do more than make generalized boilerplate claims of
7    overbreadth, undue burden or vagueness. *Thomas v. Hickman*, 2007 WL 4302974
8    (E.D.Cal. 2007) (Slip Op. at 10) ("Objections that are not sufficiently specific, such as
9    statements that requests are overly broad, burdensome, or oppressive, are waived.");
10   *Ramirez v. City Of Los Angeles*, 231 F.R.D. 407, 409 (E.D.Cal. 2005) ("it is well-settled
11   that all grounds for objection must be stated with specificity."); *Josephs v. Harris*
12   *Corporation*, 677 F.2d 985, 992 (3d Cir. 1982) ("The litany of overly burdensome,
13   oppressive, and irrelevant does not alone constitute a successful objection to a discovery
14   request."). Local 715 makes no attempt to describe the nature of the burden or
15   oppression that would be visited upon it by complying with the Hospitals' discovery
16   requests. Nor does Local 715 attempt to quantify the degree of burden that it would
17   experience.

18   Local 715 further objects that the request is "vague, ambiguous, and
19   unintelligible" on the grounds that "it is in reference to include alleged action on behalf
20   of multiple parties and at multiple periods of time." This objection is itself unintelligible.
21   The fact that a request calls for documents that relate to "multiple parties" or "multiple
22   periods of time" is not a legitimate reason to refuse to respond. The subject matter of the
23   request – the identity of counsel for Local 715 concerning the issues that are the subject
24   of the complaint – is easily understood. Local 715's assertion that the language used in
25   the request is vague is without merit.

26   Local 715 asserts that production of documents is excused due to a privilege or
27   other protection. The privileges and protections identified are the attorney-client

28

101

SFCA_1420162.3

1  privilege, the attorney work product doctrine, the National Labor Relations Act

2  ("NLRA") The First Amendment to the United States Constitution ("First Amendment")

3  and unspecified "public policy grounds."

4      Initially, it is unclear (and Local 715 does not explain) why any of the requested

5  documents would be privileged or protected by the First Amendment or the NLRA.

6  Local 715 reference to "public policy" without identification whatsoever of the public

7  policy that would prevent the disclosure of otherwise discoverable documents is not a

8  valid ground for refusing to produce documents. However, even assuming that the First

9  Amendment, the NLRA, or a "public policy" might privilege or protect some of the

10  requested documents, the Federal Rules are clear that a party must do more than simply

11  assert privileges or protections in order to preserve otherwise legitimate objections.

12      Rule 26(b)(5)(A) expressly states that where otherwise discoverable information is

13  withheld based on a claim of privilege or protection for trial preparation material (i.e.

14  work product protection), the party must "describe the nature of the documents,

15  communications, or tangible things not produced or disclosed – and do so in a manner

16  that, without revealing information itself privileged or protected, will enable other parties

17  to assess the claim." F.R.Civ.P. 26(b)(5)(A)(ii). The bare invocation of a privilege or

18  protection does not constitute a valid objection and may result in the waiver of any

19  privilege or protection that may exist. *Burlington Northern & Santa Fe Railway*

20  *Company v. United States District Court For The District Of Montana*, 408 F.3d 1142,

21  1147-1148 (9th Cir. 2005) ("boilerplate assertion of an evidentiary privilege in response

22  to a discovery request does not satisfy the demands of Rule 26(b)(5)").

23      Local 715 has not even attempted to produce this required "privilege log" to

24  support its objections, and enable the Hospitals to evaluate its claims of privilege. Local

25  715 did not explain the categories of documents that are allegedly privileged or protected,

26  or even explain why the asserted privileges or protections are applicable to any

27  documents. Such patently insufficient objections are not only legally deficient, they are

28                          102

SFCA_1420162.3

1  indicative of bad faith and should result in the waiver of any privilege or protection that
2  may have otherwise existed (if any).

3         Local 715's objections that production would violate the privacy rights of certain
4  unidentified third parties.  In federal court cases such as the present one, where the
5  court's jurisdiction is based on a federal question, federal, rather than state, privacy law
6  governs.  *Thomas, supra*, 2007 WL 4302974, (Slip Op. at 3-4).  As noted previously,
7  where a party objects to discovery requests, those objections must be stated with
8  specificity.  Here, as with Local 715's other objections Local 715 has failed to provide
9  any specifics regarding the basis of its privacy objection.  The objection is therefore
10  defective and waived.  Furthermore, the right to privacy (to the extent that it applies here
11  at all) is not absolute, but must be weighed against the need for the information.  *Ragge v.*
12  *MCA Universal Studios*, 165 F.R.D. 601, 604-605 (C.D. Cal. 1995).  Local 715's bare
13  assertion of third party privacy rights gives no means to evaluate the claim and balance it
14  against the Hospitals' need for discovery.

15         Local 715 objects that the requested documents are not relevant.  The documents,
16  however, pertain to the existence of and legal representation provided to Local 715.  The
17  Court has approved discovery on these issues.

18  **REQUEST FOR PRODUCTION NO. 48:**

19         Produce all DOCUMENTS and WRITINGS RELATING TO LOCAL 715's
20  representation employees of Stanford University from January 2006 to the present.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

22         Petitioner objects to this Request on the grounds that is it overbroad, unduly
23  burdensome, onerous and vague and ambiguous as to time and scope.  This Request is
24  vague, ambiguous, and unintelligible as it is in reference to include alleged action on
25  behalf of multiple parties and at multiple periods of time, therefore Petitioner cannot
26  provide a complete response to this Request.  This Request is vague as to the meaning of
27  "representation."  Petitioner objects on the ground that this Request exceeds the scope of

28                                          103

SFCA_1420162.3

1  permissible discovery and is not likely to lead to the discovery of admissible evidence.

2  Petitioner also objects as this Request violates the privacy of third parties and that this

3  information is protected from disclosure by, including but not limited to the attorney

4  client privilege, work product doctrine, the National Labor Relations Act, the First

5  Amendment of the United States Constitution, and on public policy grounds. Petitioner

6  further objects to this Request on the ground that the matter seeks unreasonably to intrude

7  upon the right of privacy to the personal financial affairs of third parties.

8         Discovery is continuing. Petitioner reserves the right to alter, amend, modify

9  and/or supplement this response at a later time, up to and including at the time trial.

10  **ARGUMENT**

11         Local 715 objects that the request is "overbroad, unduly burdensome, onerous and

12  vague and ambiguous as to time and scope." It is well-established that a party responding

13  to requests for admissions must do more than make generalized boilerplate claims of

14  overbreadth, undue burden or vagueness. *Thomas v. Hickman*, 2007 WL 4302974

15  (E.D.Cal. 2007) (Slip Op. at 10) ("Objections that are not sufficiently specific, such as

16  statements that requests are overly broad, burdensome, or oppressive, are waived.");

17  *Ramirez v. City Of Los Angeles*, 231 F.R.D. 407, 409 (E.D.Cal. 2005) ("it is well-settled

18  that all grounds for objection must be stated with specificity."); *Josephs v. Harris*

19  *Corporation*, 677 F.2d 985, 992 (3d Cir. 1982) ("The litany of overly burdensome,

20  oppressive, and irrelevant does not alone constitute a successful objection to a discovery

21  request."). Local 715 makes no attempt to describe the nature of the burden or

22  oppression that would be visited upon it by complying with the Hospitals' discovery

23  requests. Nor does Local 715 attempt to quantify the degree of burden that it would

24  experience.

25         Local 715 further objects that the request is "vague, ambiguous, and

26  unintelligible" on the grounds that "it is in reference to include alleged action on behalf

27  of multiple parties and at multiple periods of time." This objection is itself unintelligible.

28

104

SFCA_1420162.3

1  The fact that a request calls for documents that relate to "multiple parties" or "multiple

2  periods of time" is not a legitimate reason to refuse to respond. The subject matter of the

3  request – the identity of counsel for Local 715 concerning the issues that are the subject

4  of the complaint – is easily understood. Local 715's assertion that the language used in

5  the request is vague is without merit.

6      Local 715 asserts that production of documents is excused due to a privilege or

7  other protection. The privileges and protections identified are the attorney-client

8  privilege, the attorney work product doctrine, the National Labor Relations Act

9  ("NLRA") The First Amendment to the United States Constitution ("First Amendment")

10  and unspecified "public policy grounds."

11      Initially, it is unclear (and Local 715 does not explain) why any of the requested

12  documents would be privileged or protected by the First Amendment or the NLRA.

13  Local 715 reference to "public policy" without identification whatsoever of the public

14  policy that would prevent the disclosure of otherwise discoverable documents is not a

15  valid ground for refusing to produce documents. However, even assuming that the First

16  Amendment, the NLRA, or a "public policy" might privilege or protect some of the

17  requested documents, the Federal Rules are clear that a party must do more than simply

18  assert privileges or protections in order to preserve otherwise legitimate objections.

19      Rule 26(b)(5)(A) expressly states that where otherwise discoverable information is

20  withheld based on a claim of privilege or protection for trial preparation material (i.e.

21  work product protection), the party must "describe the nature of the documents,

22  communications, or tangible things not produced or disclosed – and do so in a manner

23  that, without revealing information itself privileged or protected, will enable other parties

24  to assess the claim." F.R.Civ.P. 26(b)(5)(A)(ii). The bare invocation of a privilege or

25  protection does not constitute a valid objection and may result in the waiver of any

26  privilege or protection that may exist. *Burlington Northern & Santa Fe Railway*

27  *Company v. United States District Court For The District Of Montana*, 408 F.3d 1142,

28

SFCA_1420162.3

1 | 1147-1148 (9th Cir. 2005) ("boilerplate assertion of an evidentiary privilege in response
2 | to a discovery request does not satisfy the demands of Rule 26(b)(5)").

3 | Local 715 has not even attempted to produce this required "privilege log" to
4 | support its objections, and enable the Hospitals to evaluate its claims of privilege. Local
5 | 715 did not explain the categories of documents that are allegedly privileged or protected,
6 | or even explain why the asserted privileges or protections are applicable to any
7 | documents. Such patently insufficient objections are not only legally deficient, they are
8 | indicative of bad faith and should result in the waiver of any privilege or protection that
9 | may have otherwise existed (if any).

10 | Local 715's objections that production would violate the privacy rights of certain
11 | unidentified third parties. In federal court cases such as the present one, where the
12 | court's jurisdiction is based on a federal question, federal, rather than state, privacy law
13 | governs. *Thomas, supra*, 2007 WL 4302974, (Slip Op. at 3-4). As noted previously,
14 | where a party objects to discovery requests, those objections must be stated with
15 | specificity. Here, as with Local 715's other objections Local 715 has failed to provide
16 | any specifics regarding the basis of its privacy objection. The objection is therefore
17 | defective and waived. Furthermore, the right to privacy (to the extent that it applies here
18 | at all) is not absolute, but must be weighed against the need for the information. *Ragge v.*
19 | *MCA Universal Studios*, 165 F.R.D. 601, 604-605 (C.D. Cal. 1995). Local 715's bare
20 | assertion of third party privacy rights gives no means to evaluate the claim and balance it
21 | against the Hospitals' need for discovery.

22 | Local 715 objects that the requested documents are not relevant. The documents,
23 | however, pertain to existence and representative status of Local 715. The Court has
24 | approved discovery on these issues.

25 | Finally, there are responsive documents in the Hospitals' possession that it
26 | believes are in the possession of Local 715, but which were not produced. The Hospitals
27 | are in possession of letters to and from Local 715 or its representatives relating to Local

28 |

SFCA_1420162.3

1   715's representation of employees, internal SEIU documents referencing Local 715's

2   representation of Hospital employees and the transfer of such representative status to

3   UHW, and images from Local 715's website containing statements relating to Local

4   715's representation of Hospital employees. [Ridley Decl. Exh. ZZ & CCC.] These

5   documents were not produced by Local 715. It is likely that there are other documents

6   not specifically known to the Hospitals, which were also not produced. Local 715 should

7   be ordered to make a complete response to this request and sanctions should be imposed.

8   **REQUEST FOR PRODUCTION NO. 49:**

9      Produce all DOCUMENTS and WRITINGS RELATING TO LOCAL 715's

10   representation employees of Santa Clara University from January 2006 to the present.

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

12      Petitioner objects to this Request on the grounds that is it overbroad, unduly

13   burdensome, onerous and vague and ambiguous as to time and scope. This Request is

14   vague, ambiguous, and unintelligible as it is in reference to include alleged action on

15   behalf of multiple parties and at multiple periods of time, therefore Petitioner cannot

16   provide a complete response to this Request. This Request is vague as to the meaning of

17   "representation." Petitioner objects on the ground that this Request exceeds the scope of

18   permissible discovery and is not likely to lead to the discovery of admissible evidence.

19   Petitioner also objects as this Request violates the privacy of third parties and that this

20   information is protected from disclosure by, including but not limited to the attorney

21   client privilege, work product doctrine, the National Labor Relations Act, the First

22   Amendment of the United States Constitution, and on public policy grounds. Petitioner

23   further objects to this Request on the ground that the matter seeks unreasonably to intrude

24   upon the right of privacy to the personal financial affairs of third parties.

25      Discovery is continuing. Petitioner reserves the right to alter, amend, modify

26   and/or supplement this response at a later time, up to and including at the time trial.

27

28

SFCA_1420162.3

1 **ARGUMENT**

2      Local 715 objects that the request is "overbroad, unduly burdensome, onerous and

3 vague and ambiguous as to time and scope." It is well-established that a party responding

4 to requests for admissions must do more than make generalized boilerplate claims of

5 overbreadth, undue burden or vagueness. Thomas v. Hickman, 2007 WL 4302974

6 (E.D.Cal. 2007) (Slip Op. at 10) ("Objections that are not sufficiently specific, such as

7 statements that requests are overly broad, burdensome, or oppressive, are waived.");

8 Ramirez v. City Of Los Angeles, 231 F.R.D. 407, 409 (E.D.Cal. 2005) ("it is well-settled

9 that all grounds for objection must be stated with specificity."); Josephs v. Harris

10 Corporation, 677 F.2d 985, 992 (3d Cir. 1982) ("The litany of overly burdensome,

11 oppressive, and irrelevant does not alone constitute a successful objection to a discovery

12 request."). Local 715 makes no attempt to describe the nature of the burden or

13 oppression that would be visited upon it by complying with the Hospitals' discovery

14 requests. Nor does Local 715 attempt to quantify the degree of burden that it would

15 experience.

16      Local 715 further objects that the request is "vague, ambiguous, and

17 unintelligible" on the grounds that "it is in reference to include alleged action on behalf

18 of multiple parties and at multiple periods of time." This objection is itself unintelligible.

19 The fact that a request calls for documents that relate to "multiple parties" or "multiple

20 periods of time" is not a legitimate reason to refuse to respond. The subject matter of the

21 request – the identity of counsel for Local 715 concerning the issues that are the subject

22 of the complaint – is easily understood. Local 715's assertion that the language used in

23 the request is vague is without merit.

24      Local 715 asserts that production of documents is excused due to a privilege or

25 other protection. The privileges and protections identified are the attorney-client

26 privilege, the attorney work product doctrine, the National Labor Relations Act

27 ("NLRA") The First Amendment to the United States Constitution ("First Amendment")

28

SFCA_1420162.3

1 | and unspecified "public policy grounds."

2 |      Initially, it is unclear (and Local 715 does not explain) why any of the requested

3 | documents would be privileged or protected by the First Amendment or the NLRA.

4 | Local 715 reference to "public policy" without identification whatsoever of the public

5 | policy that would prevent the disclosure of otherwise discoverable documents is not a

6 | valid ground for refusing to produce documents.  However, even assuming that the First

7 | Amendment, the NLRA, or a "public policy" might privilege or protect some of the

8 | requested documents, the Federal Rules are clear that a party must do more than simply

9 | assert privileges or protections in order to preserve otherwise legitimate objections.

10 |      Rule 26(b)(5)(A) expressly states that where otherwise discoverable information is

11 | withheld based on a claim of privilege or protection for trial preparation material (i.e.

12 | work product protection), the party must "describe the nature of the documents,

13 | communications, or tangible things not produced or disclosed – and do so in a manner

14 | that, without revealing information itself privileged or protected, will enable other parties

15 | to assess the claim."  F.R.Civ.P. 26(b)(5)(A)(ii).  The bare invocation of a privilege or

16 | protection does not constitute a valid objection and may result in the waiver of any

17 | privilege or protection that may exist. Burlington Northern & Santa Fe Railway Company

18 | v. United States District Court For The District Of Montana, 408 F.3d 1142, 1147-1148

19 | (9th Cir. 2005) ("boilerplate assertion of an evidentiary privilege in response to a

20 | discovery request does not satisfy the demands of Rule 26(b)(5)").

21 |      Local 715 has not even attempted to produce this required "privilege log" to

22 | support its objections, and enable the Hospitals to evaluate its claims of privilege.  Local

23 | 715 did not explain the categories of documents that are allegedly privileged or protected,

24 | or even explain why the asserted privileges or protections are applicable to any

25 | documents.  Such patently insufficient objections are not only legally deficient, they are

26 | indicative of bad faith and should result in the waiver of any privilege or protection that

27 | may have otherwise existed (if any).

28 |

SFCA_1420162.3

1   Local 715's objections that production would violate the privacy rights of certain
2   unidentified third parties. In federal court cases such as the present one, where the
3   court's jurisdiction is based on a federal question, federal, rather than state, privacy law
4   governs. Thomas, supra, 2007 WL 4302974, (Slip Op. at 3-4). As noted previously,
5   where a party objects to discovery requests, those objections must be stated with
6   specificity. Here, as with Local 715's other objections Local 715 has failed to provide
7   any specifics regarding the basis of its privacy objection. The objection is therefore
8   defective and waived. Furthermore, the right to privacy (to the extent that it applies here
9   at all) is not absolute, but must be weighed against the need for the information. Ragge v.
10  MCA Universal Studios, 165 F.R.D. 601, 604-605 (C.D. Cal. 1995). Local 715's bare
11  assertion of third party privacy rights gives no means to evaluate the claim and balance it
12  against the Hospitals' need for discovery.

13  Local 715 objects that the requested documents are not relevant. The documents,
14  however, pertain to the existence of Local 715. The Court has approved discovery on
15  these issues.

16  **REQUEST FOR PRODUCTION NO. 50:**

17  Produce all DOCUMENTS and WRITINGS RELATING TO the assignment or
18  other appointment of any employee of LOCAL 1877 (or any other LOCAL) to provide
19  services to LOCAL 715 RELATING TO the representation of any employees of Stanford
20  University from January 2006 to the present.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

22  Petitioner objects to this Request on the grounds that is it overbroad, unduly
23  burdensome, onerous and vague and ambiguous as to time and scope. This Request is
24  vague, ambiguous, and unintelligible as it is in reference to include alleged action on
25  behalf of multiple parties and at multiple periods of time, therefore Petitioner cannot
26  provide a complete response to this Request. This Request is vague as to the meaning of
27  "assignment or other appointment of any employee of LOCAL 1877 (or any other

28  110

SFCA_1420162.3

1 LOCAL) to provide services". Petitioner objects on the ground that this Request exceeds
2 the scope of permissible discovery and is not likely to lead to the discovery of admissible
3 evidence. Petitioner also objects as this Request violates the privacy of third parties and
4 that this information is protected from disclosure by, including but not limited to the
5 attorney client privilege, work product doctrine, the National Labor Relations Act, the
6 First Amendment of the United States Constitution, and on public policy grounds.
7 Petitioner further objects to this Request on the ground that the matter seeks unreasonably
8 to intrude upon the right of privacy to the personal financial affairs of third parties.

9       Discovery is continuing. Petitioner reserves the right to alter, amend, modify
10 and/or supplement this response at a later time, up to and including at the time trial.

11 **ARGUMENT**

12       Local 715 objects that the request is "overbroad, unduly burdensome, onerous and
13 vague and ambiguous as to time and scope." It is well-established that a party responding
14 to requests for admissions must do more than make generalized boilerplate claims of
15 overbreadth, undue burden or vagueness. *Thomas v. Hickman*, 2007 WL 4302974
16 (E.D.Cal. 2007) (Slip Op. at 10) ("Objections that are not sufficiently specific, such as
17 statements that requests are overly broad, burdensome, or oppressive, are waived.");
18 *Ramirez v. City Of Los Angeles*, 231 F.R.D. 407, 409 (E.D.Cal. 2005) ("it is well-settled
19 that all grounds for objection must be stated with specificity."); *Josephs v. Harris*
20 *Corporation*, 677 F.2d 985, 992 (3d Cir. 1982) ("The litany of overly burdensome,
21 oppressive, and irrelevant does not alone constitute a successful objection to a discovery
22 request."). Local 715 makes no attempt to describe the nature of the burden or
23 oppression that would be visited upon it by complying with the Hospitals' discovery
24 requests. Nor does Local 715 attempt to quantify the degree of burden that it would
25 experience.

26       Local 715 further objects that the request is "vague, ambiguous, and
27 unintelligible" on the grounds that "it is in reference to include alleged action on behalf

28                                     111
APPENDIX IN SUPPORT OF MOTION TO COMPEL FURTHER
RESPONSES TO DISCOVERY REQUESTS
CASE NOS. 5:07-CV-05158-JF; 5:08-CV-00213-JF; 5:08-CV-00215-JF;
5:08-CV-00216-JF; 5:08-CV-01726-JF; 5:08-CV-01727-JF

SFCA_1420162.3

1  of multiple parties and at multiple periods of time." This objection is itself unintelligible.
2  The fact that a request calls for documents that relate to "multiple parties" or "multiple
3  periods of time" is not a legitimate reason to refuse to respond. The subject matter of the
4  request – the identity of counsel for Local 715 concerning the issues that are the subject
5  of the complaint – is easily understood. Local 715's assertion that the language used in
6  the request is vague is without merit.

7       Local 715 asserts that production of documents is excused due to a privilege or
8  other protection. The privileges and protections identified are the attorney-client
9  privilege, the attorney work product doctrine, the National Labor Relations Act
10  ("NLRA") The First Amendment to the United States Constitution ("First Amendment")
11  and unspecified "public policy grounds."

12       Initially, it is unclear (and Local 715 does not explain) why any of the requested
13  documents would be privileged or protected by the First Amendment or the NLRA.
14  Local 715 reference to "public policy" without identification whatsoever of the public
15  policy that would prevent the disclosure of otherwise discoverable documents is not a
16  valid ground for refusing to produce documents. However, even assuming that the First
17  Amendment, the NLRA, or a "public policy" might privilege or protect some of the
18  requested documents, the Federal Rules are clear that a party must do more than simply
19  assert privileges or protections in order to preserve otherwise legitimate objections.

20       Rule 26(b)(5)(A) expressly states that where otherwise discoverable information is
21  withheld based on a claim of privilege or protection for trial preparation material (i.e.
22  work product protection), the party must "describe the nature of the documents,
23  communications, or tangible things not produced or disclosed – and do so in a manner
24  that, without revealing information itself privileged or protected, will enable other parties
25  to assess the claim." F.R.Civ.P. 26(b)(5)(A)(ii). The bare invocation of a privilege or
26  protection does not constitute a valid objection and may result in the waiver of any
27  privilege or protection that may exist. *Burlington Northern & Santa Fe Railway*

28                                                     112

SFCA_1420162.3

1 *Company v. United States District Court For The District Of Montana*, 408 F.3d 1142,

2 1147-1148 (9th Cir. 2005) ("boilerplate assertion of an evidentiary privilege in response

3 to a discovery request does not satisfy the demands of Rule 26(b)(5)").

4    Local 715 has not even attempted to produce this required "privilege log" to

5 support its objections, and enable the Hospitals to evaluate its claims of privilege. Local

6 715 did not explain the categories of documents that are allegedly privileged or protected,

7 or even explain why the asserted privileges or protections are applicable to any

8 documents. Such patently insufficient objections are not only legally deficient, they are

9 indicative of bad faith and should result in the waiver of any privilege or protection that

10 may have otherwise existed (if any).

11    Local 715's objections that production would violate the privacy rights of certain

12 unidentified third parties. In federal court cases such as the present one, where the

13 court's jurisdiction is based on a federal question, federal, rather than state, privacy law

14 governs. *Thomas, supra*, 2007 WL 4302974, (Slip Op. at 3-4). As noted previously,

15 where a party objects to discovery requests, those objections must be stated with

16 specificity. Here, as with Local 715's other objections Local 715 has failed to provide

17 any specifics regarding the basis of its privacy objection. The objection is therefore

18 defective and waived. Furthermore, the right to privacy (to the extent that it applies here

19 at all) is not absolute, but must be weighed against the need for the information. *Ragge v.*

20 *MCA Universal Studios*, 165 F.R.D. 601, 604-605 (C.D. Cal. 1995). Local 715's bare

21 assertion of third party privacy rights gives no means to evaluate the claim and balance it

22 against the Hospitals' need for discovery.

23    Local 715 objects that the requested documents are not relevant. The documents,

24 however, pertain to the existence and representative status of Local 715. The Court has

25 approved discovery on these issues.

26 **REQUEST FOR PRODUCTION NO. 51:**

27    Produce all DOCUMENTS and WRITINGS RELATING TO the assignment or

28                                 113

SFCA_1420162.3

1 | other appointment of any employee of LOCAL 1877 (or any other LOCAL) to provide

2 | services to LOCAL 715 RELATING TO the representation of any employees of Santa

3 | Clara University from January 2006 to the present.

4 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

5 |      Petitioner objects to this Request on the grounds that is it overbroad, unduly

6 | burdensome, onerous and vague and ambiguous as to time and scope. This Request is

7 | vague, ambiguous, and unintelligible as it is in reference to include alleged action on

8 | behalf of multiple parties and at multiple periods of time, therefore Petitioner cannot

9 | provide a complete response to this Request. This Request if vague as to the meaning of

10 | "assignment or other appointment of any employee of LOCAL 1877 (or any other

11 | LOCAL) to provide services". Petitioner objects on the ground that this Request exceeds

12 | the scope of permissible discovery and is not likely to lead to the discovery of admissible

13 | evidence. Petitioner also objects as this Request violates the privacy of third parties and

14 | that this information is protected from disclosure by, including but not limited to the

15 | attorney client privilege, work product doctrine, the National Labor Relations Act, the

16 | First Amendment of the United States Constitution, and on public policy grounds.

17 | Petitioner further objects to this Request on the ground that the matter seeks unreasonably

18 | to intrude upon the right of privacy to the personal financial affairs of third parties.

19 |      Discovery is continuing. Petitioner reserves the right to alter, amend, modify

20 | and/or supplement this response at a later time, up to and including at the time trial.

21 | **ARGUMENT**

22 |      Local 715 objects that the request is "overbroad, unduly burdensome, onerous and

23 | vague and ambiguous as to time and scope." It is well-established that a party responding

24 | to requests for admissions must do more than make generalized boilerplate claims of

25 | overbreadth, undue burden or vagueness. *Thomas v. Hickman*, 2007 WL 4302974

26 | (E.D.Cal. 2007) (Slip Op. at 10) ("Objections that are not sufficiently specific, such as

27 | statements that requests are overly broad, burdensome, or oppressive, are waived.");

28 |

SFCA_1420162.3

1  *Ramirez v. City Of Los Angeles*, 231 F.R.D. 407, 409 (E.D.Cal. 2005) ("it is well-settled
2  that all grounds for objection must be stated with specificity."); *Josephs v. Harris*
3  *Corporation*, 677 F.2d 985, 992 (3d Cir. 1982) ("The litany of overly burdensome,
4  oppressive, and irrelevant does not alone constitute a successful objection to a discovery
5  request."). Local 715 makes no attempt to describe the nature of the burden or
6  oppression that would be visited upon it by complying with the Hospitals' discovery
7  requests. Nor does Local 715 attempt to quantify the degree of burden that it would
8  experience.

9      Local 715 further objects that the request is "vague, ambiguous, and
10  unintelligible" on the grounds that "it is in reference to include alleged action on behalf
11  of multiple parties and at multiple periods of time." This objection is itself unintelligible.
12  The fact that a request calls for documents that relate to "multiple parties" or "multiple
13  periods of time" is not a legitimate reason to refuse to respond. The subject matter of the
14  request – the identity of counsel for Local 715 concerning the issues that are the subject
15  of the complaint – is easily understood. Local 715's assertion that the language used in
16  the request is vague is without merit.

17      Local 715 asserts that production of documents is excused due to a privilege or
18  other protection. The privileges and protections identified are the attorney-client
19  privilege, the attorney work product doctrine, the National Labor Relations Act
20  ("NLRA") The First Amendment to the United States Constitution ("First Amendment")
21  and unspecified "public policy grounds."

22      Initially, it is unclear (and Local 715 does not explain) why any of the requested
23  documents would be privileged or protected by the First Amendment or the NLRA.
24  Local 715 reference to "public policy" without identification whatsoever of the public
25  policy that would prevent the disclosure of otherwise discoverable documents is not a
26  valid ground for refusing to produce documents. However, even assuming that the First
27  Amendment, the NLRA, or a "public policy" might privilege or protect some of the

28

115

SFCA_1420162.3

1  requested documents, the Federal Rules are clear that a party must do more than simply
2  assert privileges or protections in order to preserve otherwise legitimate objections.

3      Rule 26(b)(5)(A) expressly states that where otherwise discoverable information is
4  withheld based on a claim of privilege or protection for trial preparation material (i.e.
5  work product protection), the party must "describe the nature of the documents,
6  communications, or tangible things not produced or disclosed – and do so in a manner
7  that, without revealing information itself privileged or protected, will enable other parties
8  to assess the claim." F.R.Civ.P. 26(b)(5)(A)(ii). The bare invocation of a privilege or
9  protection does not constitute a valid objection and may result in the waiver of any
10 privilege or protection that may exist. *Burlington Northern & Santa Fe Railway*
11 *Company v. United States District Court For The District Of Montana*, 408 F.3d 1142,
12 1147-1148 (9th Cir. 2005) ("boilerplate assertion of an evidentiary privilege in response
13 to a discovery request does not satisfy the demands of Rule 26(b)(5)").

14     Local 715 has not even attempted to produce this required "privilege log" to
15 support its objections, and enable the Hospitals to evaluate its claims of privilege. Local
16 715 did not explain the categories of documents that are allegedly privileged or protected,
17 or even explain why the asserted privileges or protections are applicable to any
18 documents. Such patently insufficient objections are not only legally deficient, they are
19 indicative of bad faith and should result in the waiver of any privilege or protection that
20 may have otherwise existed (if any).

21     Local 715's objections that production would violate the privacy rights of certain
22 unidentified third parties. In federal court cases such as the present one, where the
23 court's jurisdiction is based on a federal question, federal, rather than state, privacy law
24 governs. *Thomas, supra*, 2007 WL 4302974, (Slip Op. at 3-4). As noted previously,
25 where a party objects to discovery requests, those objections must be stated with
26 specificity. Here, as with Local 715's other objections Local 715 has failed to provide
27 any specifics regarding the basis of its privacy objection. The objection is therefore

28

SFCA_1420162.3

1  defective and waived.  Furthermore, the right to privacy (to the extent that it applies here

2  at all) is not absolute, but must be weighed against the need for the information.  *Ragge v.*

3  *MCA Universal Studios*, 165 F.R.D. 601, 604-605 (C.D. Cal. 1995).  Local 715's bare

4  assertion of third party privacy rights gives no means to evaluate the claim and balance it

5  against the Hospitals' need for discovery.

6      Local 715 objects that the requested documents are not relevant.  The documents,

7  however, pertain to the existence of Local 715.  The Court has approved discovery on

8  these issues.

9  **REQUEST FOR PRODUCTION NO. 52:**

10      Produce all DOCUMENTS and WRITINGS RELATING TO any correspondence

11  between LOCAL 1877 (and/or any other LOCAL) and LOCAL 715 RELATING TO the

12  representation of any employees of Stanford University from January 2006 to the present.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

14      Petitioner objects to this Request on the grounds that is it overbroad, unduly

15  burdensome, onerous and vague and ambiguous as to time and scope.  This Request is

16  vague, ambiguous, and unintelligible as it is in reference to include alleged action on

17  behalf of multiple parties and at multiple periods of time, therefore Petitioner cannot

18  provide a complete response to this Request.  This Request is vague as to "and/or any

19  other LOCAL".  Petitioner objects on the ground that this Request exceeds the scope of

20  permissible discovery and is not likely to lead to the discovery of admissible evidence.

21  Petitioner also objects as this Request violates the privacy of third parties and that this

22  information is protected from disclosure by, including but not limited to the attorney

23  client privilege, work product doctrine, the National Labor Relations Act, the First

24  Amendment of the United States Constitution, and on public policy grounds.  Petitioner

25  further objects to this Request on the ground that the matter seeks unreasonably to intrude

26  upon the right of privacy to the personal financial affairs of third parties.

27      Discovery is continuing.  Petitioner reserves the right to alter, amend, modify

28

SFCA_1420162.3

1  and/or supplement this response at a later time, up to and including at the time trial.

2  **ARGUMENT**

3        Local 715 objects that the request is "overbroad, unduly burdensome, onerous and

4  vague and ambiguous as to time and scope." It is well-established that a party responding

5  to requests for admissions must do more than make generalized boilerplate claims of

6  overbreadth, undue burden or vagueness. *Thomas v. Hickman*, 2007 WL 4302974

7  (E.D.Cal. 2007) (Slip Op. at 10) ("Objections that are not sufficiently specific, such as

8  statements that requests are overly broad, burdensome, or oppressive, are waived.");

9  *Ramirez v. City Of Los Angeles*, 231 F.R.D. 407, 409 (E.D.Cal. 2005) ("it is well-settled

10 that all grounds for objection must be stated with specificity."); *Josephs v. Harris*

11 *Corporation*, 677 F.2d 985, 992 (3d Cir. 1982) ("The litany of overly burdensome,

12 oppressive, and irrelevant does not alone constitute a successful objection to a discovery

13 request."). Local 715 makes no attempt to describe the nature of the burden or

14 oppression that would be visited upon it by complying with the Hospitals' discovery

15 requests. Nor does Local 715 attempt to quantify the degree of burden that it would

16 experience.

17        Local 715 further objects that the request is "vague, ambiguous, and

18 unintelligible" on the grounds that "it is in reference to include alleged action on behalf

19 of multiple parties and at multiple periods of time." This objection is itself unintelligible.

20 The fact that a request calls for documents that relate to "multiple parties" or "multiple

21 periods of time" is not a legitimate reason to refuse to respond. The subject matter of the

22 request – the identity of counsel for Local 715 concerning the issues that are the subject

23 of the complaint – is easily understood. Local 715's assertion that the language used in

24 the request is vague is without merit.

25        Local 715 asserts that production of documents is excused due to a privilege or

26 other protection. The privileges and protections identified are the attorney-client

27 privilege, the attorney work product doctrine, the National Labor Relations Act

28

APPENDIX IN SUPPORT OF MOTION TO COMPEL FURTHER
RESPONSES TO DISCOVERY REQUESTS
CASE NOS. 5:07-CV-05158-JF; 5:08-CV-00213-JF; 5:08-CV-00215-JF;
5:08-CV-00216-JF; 5:08-CV-01726-JF; 5:08-CV-01727-JF

SFCA_1420162.3

1  ("NLRA") The First Amendment to the United States Constitution ("First Amendment")

2  and unspecified "public policy grounds."

3      Initially, it is unclear (and Local 715 does not explain) why any of the requested

4  documents would be privileged or protected by the First Amendment or the NLRA.

5  Local 715 reference to "public policy" without identification whatsoever of the public

6  policy that would prevent the disclosure of otherwise discoverable documents is not a

7  valid ground for refusing to produce documents.  However, even assuming that the First

8  Amendment, the NLRA, or a "public policy" might privilege or protect some of the

9  requested documents, the Federal Rules are clear that a party must do more than simply

10  assert privileges or protections in order to preserve otherwise legitimate objections.

11      Rule 26(b)(5)(A) expressly states that where otherwise discoverable information is

12  withheld based on a claim of privilege or protection for trial preparation material (i.e.

13  work product protection), the party must "describe the nature of the documents,

14  communications, or tangible things not produced or disclosed – and do so in a manner

15  that, without revealing information itself privileged or protected, will enable other parties

16  to assess the claim."  F.R.Civ.P. 26(b)(5)(A)(ii).  The bare invocation of a privilege or

17  protection does not constitute a valid objection and may result in the waiver of any

18  privilege or protection that may exist. *Burlington Northern & Santa Fe Railway*

19  *Company v. United States District Court For The District Of Montana*, 408 F.3d 1142,

20  1147-1148 (9th Cir. 2005) ("boilerplate assertion of an evidentiary privilege in response

21  to a discovery request does not satisfy the demands of Rule 26(b)(5)").

22      Local 715 has not even attempted to produce this required "privilege log" to

23  support its objections, and enable the Hospitals to evaluate its claims of privilege.  Local

24  715 did not explain the categories of documents that are allegedly privileged or protected,

25  or even explain why the asserted privileges or protections are applicable to any

26  documents.  Such patently insufficient objections are not only legally deficient, they are

27  indicative of bad faith and should result in the waiver of any privilege or protection that

28  

SFCA_1420162.3

1  may have otherwise existed (if any).

2       Local 715's objections that production would violate the privacy rights of certain
3  unidentified third parties.  In federal court cases such as the present one, where the
4  court's jurisdiction is based on a federal question, federal, rather than state, privacy law
5  governs. *Thomas, supra*, 2007 WL 4302974, (Slip Op. at 3-4).  As noted previously,
6  where a party objects to discovery requests, those objections must be stated with
7  specificity.  Here, as with Local 715's other objections Local 715 has failed to provide
8  any specifics regarding the basis of its privacy objection.  The objection is therefore
9  defective and waived.  Furthermore, the right to privacy (to the extent that it applies here
10  at all) is not absolute, but must be weighed against the need for the information. *Ragge v.*
11  *MCA Universal Studios*, 165 F.R.D. 601, 604-605 (C.D. Cal. 1995).  Local 715's bare
12  assertion of third party privacy rights gives no means to evaluate the claim and balance it
13  against the Hospitals' need for discovery.

14       Local 715 objects that the requested documents are not relevant.  The documents,
15  however, pertain to the existence of Local 715.  The Court has approved discovery on
16  these issues.

17  **REQUEST FOR PRODUCTION NO. 53:**

18       Produce all DOCUMENTS and WRITINGS RELATING TO any correspondence
19  between LOCAL 1877 (and/or any other LOCAL) and LOCAL 715 RELATING TO the
20  representation of any employees of Santa Clara University from January 2006 to the
21  present.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

23       Petitioner objects to this Request on the grounds that is it overbroad, unduly
24  burdensome, onerous and vague and ambiguous as to time and scope.  This Request is
25  vague, ambiguous, and unintelligible as it is in reference to include alleged action on
26  behalf of multiple parties and at multiple periods of time, therefore Petitioner cannot
27  provide a complete response to this Request.  This Request is vague as to the meaning of

28                                    120

SFCA_1420162.3

1   "and/or any other LOCAL". Petitioner objects on the ground that this Request exceeds

2   the scope of permissible discovery and is not likely to lead to the discovery of admissible

3   evidence. Petitioner also objects as this Request violates the privacy of third parties and

4   that this information is protected from disclosure by, including but not limited to the

5   attorney client privilege, work product doctrine, the National Labor Relations Act, the

6   First Amendment of the United States Constitution, and on public policy grounds.

7   Petitioner further objects to this Request on the ground that the matter seeks unreasonably

8   to intrude upon the right of privacy to the personal financial affairs of third parties.

9        Discovery is continuing. Petitioner reserves the right to alter, amend, modify

10  and/or supplement this response at a later time, up to and including at the time trial.

11  **ARGUMENT**

12        Local 715 objects that the request is "overbroad, unduly burdensome, onerous and

13  vague and ambiguous as to time and scope." It is well-established that a party responding

14  to requests for admissions must do more than make generalized boilerplate claims of

15  overbreadth, undue burden or vagueness. *Thomas v. Hickman*, 2007 WL 4302974

16  (E.D.Cal. 2007) (Slip Op. at 10) ("Objections that are not sufficiently specific, such as

17  statements that requests are overly broad, burdensome, or oppressive, are waived.");

18  *Ramirez v. City Of Los Angeles*, 231 F.R.D. 407, 409 (E.D.Cal. 2005) ("it is well-settled

19  that all grounds for objection must be stated with specificity."); *Josephs v. Harris*

20  *Corporation*, 677 F.2d 985, 992 (3d Cir. 1982) ("The litany of overly burdensome,

21  oppressive, and irrelevant does not alone constitute a successful objection to a discovery

22  request."). Local 715 makes no attempt to describe the nature of the burden or

23  oppression that would be visited upon it by complying with the Hospitals' discovery

24  requests. Nor does Local 715 attempt to quantify the degree of burden that it would

25  experience.

26        Local 715 further objects that the request is "vague, ambiguous, and

27  unintelligible" on the grounds that "it is in reference to include alleged action on behalf

28                                          121

SFCA_1420162.3

1   of multiple parties and at multiple periods of time." This objection is itself unintelligible.

2   The fact that a request calls for documents that relate to "multiple parties" or "multiple

3   periods of time" is not a legitimate reason to refuse to respond. The subject matter of the

4   request – the identity of counsel for Local 715 concerning the issues that are the subject

5   of the complaint – is easily understood. Local 715's assertion that the language used in

6   the request is vague is without merit.

7        Local 715 asserts that production of documents is excused due to a privilege or

8   other protection. The privileges and protections identified are the attorney-client

9   privilege, the attorney work product doctrine, the National Labor Relations Act

10   ("NLRA") The First Amendment to the United States Constitution ("First Amendment")

11   and unspecified "public policy grounds."

12        Initially, it is unclear (and Local 715 does not explain) why any of the requested

13   documents would be privileged or protected by the First Amendment or the NLRA.

14   Local 715 reference to "public policy" without identification whatsoever of the public

15   policy that would prevent the disclosure of otherwise discoverable documents is not a

16   valid ground for refusing to produce documents. However, even assuming that the First

17   Amendment, the NLRA, or a "public policy" might privilege or protect some of the

18   requested documents, the Federal Rules are clear that a party must do more than simply

19   assert privileges or protections in order to preserve otherwise legitimate objections.

20        Rule 26(b)(5)(A) expressly states that where otherwise discoverable information is

21   withheld based on a claim of privilege or protection for trial preparation material (i.e.

22   work product protection), the party must "describe the nature of the documents,

23   communications, or tangible things not produced or disclosed – and do so in a manner

24   that, without revealing information itself privileged or protected, will enable other parties

25   to assess the claim." F.R.Civ.P. 26(b)(5)(A)(ii). The bare invocation of a privilege or

26   protection does not constitute a valid objection and may result in the waiver of any

27   privilege or protection that may exist. *Burlington Northern & Santa Fe Railway*

28

APPENDIX IN SUPPORT OF MOTION TO COMPEL FURTHER
RESPONSES TO DISCOVERY REQUESTS
CASE NOS. 5:07-CV-05158-JF; 5:08-CV-00213-JF; 5:08-CV-00215-JF;
5:08-CV-00216-JF; 5:08-CV-01726-JF; 5:08-CV-01727-JF

SFCA_1420162.3

1 *Company v. United States District Court For The District Of Montana*, 408 F.3d 1142,
2 1147-1148 (9th Cir. 2005) ("boilerplate assertion of an evidentiary privilege in response
3 to a discovery request does not satisfy the demands of Rule 26(b)(5)").

4      Local 715 has not even attempted to produce this required "privilege log" to
5 support its objections, and enable the Hospitals to evaluate its claims of privilege. Local
6 715 did not explain the categories of documents that are allegedly privileged or protected,
7 or even explain why the asserted privileges or protections are applicable to any
8 documents. Such patently insufficient objections are not only legally deficient, they are
9 indicative of bad faith and should result in the waiver of any privilege or protection that
10 may have otherwise existed (if any).

11      Local 715's objections that production would violate the privacy rights of certain
12 unidentified third parties. In federal court cases such as the present one, where the
13 court's jurisdiction is based on a federal question, federal, rather than state, privacy law
14 governs. *Thomas, supra*, 2007 WL 4302974, (Slip Op. at 3-4). As noted previously,
15 where a party objects to discovery requests, those objections must be stated with
16 specificity. Here, as with Local 715's other objections Local 715 has failed to provide
17 any specifics regarding the basis of its privacy objection. The objection is therefore
18 defective and waived. Furthermore, the right to privacy (to the extent that it applies here
19 at all) is not absolute, but must be weighed against the need for the information. *Ragge v.*
20 *MCA Universal Studios*, 165 F.R.D. 601, 604-605 (C.D. Cal. 1995). Local 715's bare
21 assertion of third party privacy rights gives no means to evaluate the claim and balance it
22 against the Hospitals' need for discovery.

23      Local 715 objects that the requested documents are not relevant. The documents,
24 however, pertain to the existence of Local 715. The Court has approved discovery on
25 these issues.

26 **REQUEST FOR PRODUCTION NO. 56:**

27      Produce all DOCUMENTS and WRITINGS RELATING TO any exchange of

28                                    123

1  funds between LOCAL 1877 (and/or any other LOCAL) and LOCAL 715 (including,

2  without limitation, any transfer of funds, payment of funds and/or receipt of funds).

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

4      Petitioner objects to this Request on the grounds that is it overbroad, unduly

5  burdensome, onerous and vague and ambiguous as to time and scope. This Request is

6  vague, ambiguous, and unintelligible as it is in reference to include alleged action on

7  behalf of multiple parties and at multiple periods of time, therefore Petitioner cannot

8  provide a complete response to this Request. This Request is vague as to the meaning of

9  "exchange of funds." Petitioner objects on the ground that this Request exceeds the

10  scope of permissible discovery and is not likely to lead to the discovery of admissible

11  evidence. Petitioner also objects as this Request violates the privacy of third parties and

12  that this information is protected from disclosure by, including but not limited to the

13  attorney client privilege, work product doctrine, the National Labor Relations Act, the

14  First Amendment of the United States Constitution, and on public policy grounds.

15  Petitioner further objects to this Request on the ground that the matter seeks unreasonably

16  to intrude upon the right of privacy to the personal financial affairs of third parties.

17      Discovery is continuing. Petitioner reserves the right to alter, amend, modify

18  and/or supplement this response at a later time, up to and including at the time trial.

19  **ARGUMENT**

20      Local 715 objects that the request is "overbroad, unduly burdensome, onerous and

21  vague and ambiguous as to time and scope." It is well-established that a party responding

22  to requests for admissions must do more than make generalized boilerplate claims of

23  overbreadth, undue burden or vagueness. *Thomas v. Hickman*, 2007 WL 4302974

24  (E.D.Cal. 2007) (Slip Op. at 10) ("Objections that are not sufficiently specific, such as

25  statements that requests are overly broad, burdensome, or oppressive, are waived.");

26  *Ramirez v. City Of Los Angeles*, 231 F.R.D. 407, 409 (E.D.Cal. 2005) ("it is well-settled

27  that all grounds for objection must be stated with specificity."); *Josephs v. Harris*

28

124

SFCA_1420162.3

1  *Corporation*, 677 F.2d 985, 992 (3d Cir. 1982) ("The litany of overly burdensome,
2  oppressive, and irrelevant does not alone constitute a successful objection to a discovery
3  request."). Local 715 makes no attempt to describe the nature of the burden or
4  oppression that would be visited upon it by complying with the Hospitals' discovery
5  requests. Nor does Local 715 attempt to quantify the degree of burden that it would
6  experience.

7      Local 715 further objects that the request is "vague, ambiguous, and
8  unintelligible" on the grounds that "it is in reference to include alleged action on behalf
9  of multiple parties and at multiple periods of time." This objection is itself unintelligible.
10  The fact that a request calls for documents that relate to "multiple parties" or "multiple
11  periods of time" is not a legitimate reason to refuse to respond. The subject matter of the
12  request – the identity of counsel for Local 715 concerning the issues that are the subject
13  of the complaint – is easily understood. Local 715's assertion that the language used in
14  the request is vague is without merit.

15      Local 715 asserts that production of documents is excused due to a privilege or
16  other protection. The privileges and protections identified are the attorney-client
17  privilege, the attorney work product doctrine, the National Labor Relations Act
18  ("NLRA") The First Amendment to the United States Constitution ("First Amendment")
19  and unspecified "public policy grounds."

20      Initially, it is unclear (and Local 715 does not explain) why any of the requested
21  documents would be privileged or protected by the First Amendment or the NLRA.
22  Local 715 reference to "public policy" without identification whatsoever of the public
23  policy that would prevent the disclosure of otherwise discoverable documents is not a
24  valid ground for refusing to produce documents. However, even assuming that the First
25  Amendment, the NLRA, or a "public policy" might privilege or protect some of the
26  requested documents, the Federal Rules are clear that a party must do more than simply
27  assert privileges or protections in order to preserve otherwise legitimate objections.

28

125
APPENDIX IN SUPPORT OF MOTION TO COMPEL FURTHER
RESPONSES TO DISCOVERY REQUESTS
CASE NOS. 5:07-CV-05158-JF, 5:08-CV-00213-JF, 5:08-CV-00215-JF;
5:08-CV-00216-JF; 5:08-CV-01726-JF; 5:08-CV-01727-JF

SFCA_1420162.3

1    Rule 26(b)(5)(A) expressly states that where otherwise discoverable information is
2    withheld based on a claim of privilege or protection for trial preparation material (i.e.
3    work product protection), the party must "describe the nature of the documents,
4    communications, or tangible things not produced or disclosed – and do so in a manner
5    that, without revealing information itself privileged or protected, will enable other parties
6    to assess the claim." F.R.Civ.P. 26(b)(5)(A)(ii). The bare invocation of a privilege or
7    protection does not constitute a valid objection and may result in the waiver of any
8    privilege or protection that may exist. *Burlington Northern & Santa Fe Railway*
9    *Company v. United States District Court For The District Of Montana*, 408 F.3d 1142,
10   1147-1148 (9th Cir. 2005) ("boilerplate assertion of an evidentiary privilege in response
11   to a discovery request does not satisfy the demands of Rule 26(b)(5)").

12   Local 715 has not even attempted to produce this required "privilege log" to
13   support its objections, and enable the Hospitals to evaluate its claims of privilege. Local
14   715 did not explain the categories of documents that are allegedly privileged or protected,
15   or even explain why the asserted privileges or protections are applicable to any
16   documents. Such patently insufficient objections are not only legally deficient, they are
17   indicative of bad faith and should result in the waiver of any privilege or protection that
18   may have otherwise existed (if any).

19   Local 715's objections that production would violate the privacy rights of certain
20   unidentified third parties. In federal court cases such as the present one, where the
21   court's jurisdiction is based on a federal question, federal, rather than state, privacy law
22   governs. *Thomas, supra*, 2007 WL 4302974, (Slip Op. at 3-4). As noted previously,
23   where a party objects to discovery requests, those objections must be stated with
24   specificity. Here, as with Local 715's other objections Local 715 has failed to provide
25   any specifics regarding the basis of its privacy objection. The objection is therefore
26   defective and waived. Furthermore, the right to privacy (to the extent that it applies here
27   at all) is not absolute, but must be weighed against the need for the information. *Ragge v.*

28

SFCA_1420162.3

1   *MCA Universal Studios*, 165 F.R.D. 601, 604-605 (C.D. Cal. 1995).  Local 715's bare

2   assertion of third party privacy rights gives no means to evaluate the claim and balance it

3   against the Hospitals' need for discovery.

4       Local 715 objects that the requested documents are not relevant.  The documents,

5   however, pertain to the existence of Local 715.  The Court has approved discovery on

6   these issues.

7

8   Dated:  July 10, 2008                    FOLEY & LARDNER LLP
                                            LAURENCE R. ARNOLD
                                            EILEEN R. RIDLEY
9                                           SCOTT P. INCIARDI

10

11

                                      By:  _____
12                                          SCOTT P. INCIARDI
                                            Attorneys for STANFORD HOSPITAL &
13                                          CLINICS and LUCILE PACKARD
                                            CHILDREN'S HOSPITAL
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                        127

SFCA_1420162.3