# EXHIBIT E

```
 1                 UNITED STATES DISTRICT COURT

 2                NORTHERN DISTRICT OF CALIFORNIA

 3                       SAN JOSE DIVISION

 4
     SERVICE EMPLOYEES            )   CV-07-5158-JF
 5   INTERNATIONAL UNION,         )
     LOCAL 715,                   )   SAN JOSE, CALIFORNIA
 6                                )
                  PETITIONER,     )
 7                                )   APRIL 25, 2008
              VS.                 )
 8                                )
     STANFORD HOSPITAL AND        )   PAGES 1-17
 9   CLINICS & LUCILE PACKARD     )
     CHILDREN'S HOSPITAL,
10
                  RESPONDENT.
11   _____

12              TRANSCRIPT OF PROCEEDINGS
            BEFORE THE HONORABLE JEREMY FOGEL
13             UNITED STATES DISTRICT JUDGE

14
     A P P E A R A N C E S:
15

16   FOR THE PLAINTIFF:   WEINBERG, ROGER & ROSENFELD
     SEIU                 BY:  BRUCE HARLAND
17                        1001 MARINA VILLAGE PKWY.
                          STE 200
18                        ALAMEDA, CA  94501

19


20   FOR THE DEFENDANT:   FOLEY & LARDNER
     STANFORD HOSPITAL    BY:  EILEEN RIDLEY
21   LUCILE PACKARD       ONE MARITIME PLAZA, 6TH FL
                          SAN FRANCISCO, CA  94111
22

23

24

25   OFFICIAL COURT REPORTER: SUMMER CLANTON, CSR,
                              CERTIFICATE NUMBER 13185
```

```
 1   SAN JOSE, CALIFORNIA              APRIL 25, 2008
 2                  P R O C E E D I N G S
 3            (WHEREUPON, COURT CONVENED AND THE
 4   FOLLOWING PROCEEDINGS WERE HELD:)
 5            THE COURT:  ALL OF THE SEIU, WHICH I
 6   BELIEVE ALL HAVE THE SAME NAME.  SEIU VERSUS
 7   STANFORD HOSPITAL AND CLINICS.
 8            MR. HARLAND:  GOOD MORNING, YOUR HONOR.
 9   BRUCE HARLAND FOR SEIU LOCAL 715.
10            MS. RIDLEY:  GOOD MORNING, YOUR HONOR.
11   EILEEN RIDLEY, FOLEY AND LARDNER, ON BEHALF OF
12   STANFORD HOSPITAL AND LUCILE PACKARD CHILDREN'S
13   HOSPITAL.
14            THE COURT:  OKAY.  WE ACTUALLY HAVE A
15   COUPLE OF DIFFERENT THINGS GOING ON.  I DID RELATE
16   ALL THE CASES AND THERE SHOULD BE NO
17   MISUNDERSTANDING.  I DIDN'T CONSOLIDATE ANYTHING.
18   I'M TREATING THEM AS SEPARATE CASES, BUT I
19   CONCLUDED THERE IS ENOUGH OF AN OVERLAP AMONG THE
20   DISPUTES THAT IT WOULD BE APPROPRIATE FOR ONE JUDGE
21   TO HANDLE THEM.
22            I GUESS MY QUESTION IS WHETHER WE ARE IN
23   A POSITION TO SET ANY TYPE OF SCHEDULE OR WHETHER
24   WE SHOULD TRY TO GET EVERYONE TOGETHER FOR A SINGLE
25   ADR PROCEDURE OR WHAT THE APPROPRIATE NEXT MOVE IS
```

```
 1    AT THIS POINT.
 2              MR. HARLAND:  YOUR HONOR, THIS IS
 3    BRUCE HARLAND.  I DON'T THINK ANY ADR IS GOING TO
 4    BE HELPFUL IN THIS SITUATION.
 5              WHAT I WOULD PROPOSE IN THE RELATED CASE,
 6    051 -- OR, 5158 -- WE AGREED AT THE LAST CASE
 7    MANAGEMENT CONFERENCE TO FILE A DISPOSITIVE MOTION
 8    IN THAT MATTER BY JUNE 20TH.
 9              THE COURT:  OKAY.
10              MR. HARLAND:  AND THAT'S A PETITION TO
11    VACATE FILED BY STANFORD HOSPITAL.  213, BEFORE YOU
12    TODAY, IS A PETITION, PART OF AN ARBITRATION AWARD,
13    WHICH IN THE UNION'S OPINION IS JUST A STRAIGHT
14    LEGAL ISSUE.  I WOULD PROPOSE HAVING 505 ON JUNE
15    20TH.
16              THE COURT:  BASICALLY JUST SET A MOTIONS
17    DATE FOR ANY MOTIONS ANYONE WANTS TO FILE IN ANY OF
18    THE RELATED CASES?
19              MR. HARLAND:  YEAH.  BEFORE JUNE 20TH.  I
20    DON'T THINK THERE'S ANY NEED IN THESE CASES,
21    BECAUSE THERE'S JUST A PURE LEGAL ISSUE, ANY NEED
22    TO DO DISCOVERY.
23              THE COURT:  OKAY.  I SEE COUNSEL SHAKING
24    HER HEAD, SO PERHAPS I SHOULD HERE FROM HER.
25              MS. RIDLEY:  A COUPLE OF POINTS WITH
```

3

```
 1   REGARD TO THAT.
 2              ONE, THE CASES MOST RECENTLY RELATED,
 3   WE'VE NOT EVEN APPEARED YET, AND WE THINK THEY ARE
 4   SURFACE ISSUES WITH REGARD TO THOSE.  THE SURFACE
 5   ISSUES CAN BE RESOLVED MUCH LIKE THE OTHER ISSUES
 6   BUT THEY ARE IN A DIFFERENT STATUS.
 7              SECOND, THERE'S DIFFERENT ISSUES FROM THE
 8   CASE -- THE FIRST FILED CASE FROM THE RELATED CASES
 9   THAN THE OTHERS AS WE'VE DISCUSSED, BUT ONE OF THE
10   MORE IMPORTANT ISSUES IS THE STATUS OF LOCAL 715,
11   THE ISSUES OF RESOURCES, AND THE REPRESENTATIVE
12   CAPACITY.  THOSE HAVE TO BE SUBJECT TO SOME
13   DISCOVERY WHICH WE BELIEVE HAS TO BE DONE.  AND
14   GIVEN THE JUNE 20TH DATE, I DON'T KNOW WE HAVE
15   ENOUGH TIME.
16              THERE ARE SIGNIFICANT ISSUES WITH REGARD
17   TO WHAT'S GOING ON WITH REGARD TO WHO IS
18   REPRESENTING THAT LOCAL, WHETHER IT EXISTS, AND
19   WHETHER RESOURCES HAVE BEEN SENT.
20              THE COURT:  HOW QUICKLY WILL IT TAKE TO
21   DO THAT?
22              MS. RIDLEY:  I ANTICIPATE, WITH REGARD TO
23   DISCOVERY, IS SOME DOCUMENT PRODUCTION, POSSIBLE
24   REQUEST AND A POSSIBLE DEPOSITIONS.
25              THE ISSUE REALLY GOES TO A VERY DISCREET
```

```
 1    CONCERN WITH REGARD TO THE RESOURCES AND
 2    REPRESENTATION.
 3              THE COURT:  RIGHT, WHO ARE YOU DEALING
 4    WITH.
 5              LET ME GET COUNSEL TO RESPOND.
 6              MR. HARLAND?
 7              MR. HARLAND:  SURE.  I THINK IT WILL
 8    TAKE -- IT WILL BE SIGNIFICANT DISCOVERY BASED ON
 9    THE PAST RELATIONSHIP BETWEEN THE PARTIES.
10              NUMBER TWO, I DON'T THINK YOU NEED ANY OF
11    THAT INFORMATION, OR THEY NEED ANY OF THAT
12    INFORMATION TO ARGUE A PETITION TO CONFIRM AN
13    ARBITRATION AWARD OR EVEN A PETITION TO COMPEL
14    ARBITRATION.
15              THE COURT:  YOU'RE SAYING WE CAN SET THE
16    MOTION SCHEDULES ON THE ARBITRATION CASES QUICKLY,
17    AND THEN THE OTHER MATTER HAVING TO DO WITH WHO IS
18    BARGAINING WITH WHOM CAN BE WORKED OUT IN A SLOWER
19    TIME FRAME.
20              MR. HARLAND:  WHAT I WOULD SUGGEST IS WE
21    BE ALLOWED TO BRING THE MOTION BY JUNE 20TH BY ALL
22    THE CASES EXCEPT FOR THE TWO THAT HAVE JUST BEEN
23    RELATED.  I GUESS --
24              THE COURT:  ALL RIGHT.  LET ME HEAR FROM
25    STANFORD AS TO WHY THAT'S NOT APPROPRIATE.
```

```
 1              MS. RIDLEY:  THEY ARE TRYING TO COMPEL AN
 2   ARBITRATION BASED ON AN ENTITY AND A SERVICING
 3   AGREEMENT THAT WE'VE REJECTED, WITH REGARD TO
 4   COUNSEL, WHO HASN'T CLARIFIED WHO THEY ARE
 5   REPRESENTING, AN ENTITY THAT MAY NOT IN FACT EXIST.
 6              THE COURT:  WOULD ANY OF THAT GO TO THE
 7   ENFORCEABILITY OR THE LEGALITY OF THE ARBITRATION
 8   AWARDS IN QUESTION?
 9              MS. RIDLEY:  YES, YOUR HONOR.  AND WE
10   THINK THAT'S ONE OF THE ISSUES INCLUDING -- FOR
11   INSTANCE, IN THE FIRST CASE THAT EVERYTHING IS
12   RELATED TO, DEALING WITH WHETHER OR NOT THE
13   ARBITRATOR IN THAT CASE WENT BEYOND HIS POWERS TO
14   DETERMINE CERTAIN ISSUES.
15              THE COURT:  OKAY.
16              MR. HARLAND:  AND THAT'S JUST THE PURE
17   LEGAL ISSUE BECAUSE IT'S A MATTER THAT WAS
18   SUBMITTED TO THE ARBITRATOR WHICH HE EITHER WENT
19   BEYOND THAT ISSUE OR HE DIDN'T GO BEYOND THAT
20   ISSUE.  IF HE DIDN'T GO BEYOND THE ISSUES SUBMITTED
21   TO HIM --
22              THE COURT:  LET ME JUST HYPOTHETICALLY
23   SUGGEST SOMETHING AND GET A RESPONSE.
24              WITHIN THE FOUR CORNERS OF THE
25   ARBITRATION AWARD, THERE'S NO QUESTION THAT WHAT
```

```
 1    MR. HARLAND JUST SAID IS CORRECT.  THE COURT LOOKS
 2    AT THE ARBITRATION AWARD, AND IS THERE AN AGREEMENT
 3    TO ARBITRATE, AND IS THE AWARD NOT COMPLETELY OFF
 4    THE ENDS OF THE EARTH, AND SOMETIMES EVEN THOSE ARE
 5    OKAY.  AND YOU JUST EITHER DECIDE TO CONFIRM IT OR
 6    NOT.
 7             BUT IN TERMS OF THE ENFORCEABILITY OF THE
 8    ARBITRATION AWARD, THAT'S A DIFFERENT QUESTION.
 9    IF THE ARBITRATION INVOLVED PEOPLE WHO WERE NOT
10    PARTIES TO THE ARBITRATION AGREEMENT, FOR INSTANCE,
11    THEN IT DOESN'T MATTER HOW GREAT A JOB THE
12    ARBITRATOR DID IF THERE'S NOTHING TO ENFORCE.  SO
13    THOSE ARE SEPARATE QUESTIONS.
14             AND I GUESS I WANT TO TRY TO GET AN
15    INDICATION -- IS IT THE UNION'S POSITION THAT THE
16    COURT SHOULD ADJUDICATE WHETHER THE AWARD SHOULD BE
17    CONFIRMED OR NOT CONFIRMED JUST BASED ON
18    TRADITIONAL ARBITRATION PRINCIPLES, AND THEN LEAVE
19    FOR ANOTHER DAY THE QUESTION OF WHETHER AT LEAST
20    ONE PARTY TO THAT ARBITRATION ACTUALLY HAD STANDING
21    TO PARTICIPATE IN IT, WHICH IS WHAT I THINK I HEAR
22    COUNSEL SUGGESTING.
23             MR. HARLAND:  I THINK YOU CAN RESOLVE --
24    I DON'T THINK YOU HAVE TO EVEN GET TO THE SECOND
25    ISSUE, BUT I THINK YOU CAN RESOLVE BOTH OF THOSE
```

```
 1      ISSUES IN ONE MOTION WITHOUT ANY DISCOVERY.
 2              THE COURT:  BUT HOW DO YOU -- I'M SORRY
 3      TO INTERRUPT YOU -- BUT HOW DO YOU RESOLVE AN ISSUE
 4      SUCH AS REPRESENTATION WITHOUT GETTING INTO SOME
 5      TYPE OF FACTUAL INQUIRY?
 6              MR. HARLAND:  WELL, FIRST, THE COURT DOES
 7      NOT HAVE JURISDICTION OVER THE REPRESENTATIONAL
 8      STATUS OF THE UNION, THAT'S THE NLRB'S
 9      JURISDICTION, SO THAT'S JUST A PURE LEGAL ISSUE
10      THERE.
11              THE COURT IS ONLY, AS YOU SAID, LOOKING
12      AT THE CONTRACT, LOOKING AT THE ARBITRATION AND
13      DETERMINING WHETHER OR NOT THE ARBITRATOR ISSUED
14      THE ARBITRATION AWARD BY DRAWING THE ESSENCE OF THE
15      AWARD FROM THE CONTRACT OR, YOU KNOW, WHETHER OR
16      NOT HE VIOLATED POLICY.  YOU ARE REALLY LOOKING
17      ONLY AT LIMITED THINGS.
18              THE REPRESENTATIONAL STATUS OF THE UNION,
19      IS NOT AN ISSUE BEFORE THIS COURT AND THE COURT
20      DOESN'T HAVE ANY JURISDICTION.
21              THE COURT:  BUT WHY WOULD THE COURT WANT
22      TO SPEND THE TIME EVALUATING THE ENFORCEABILITY OF
23      AN ARBITRATION AWARD IF ULTIMATELY THE PARTIES WHO
24      ARE SEEKING ENFORCEMENT DON'T HAVE STANDING?
25              IN OTHER WORDS, I UNDERSTAND YOUR POINT,
```

```
 1    THE COURT CAN LOOK AT THE AWARD WITHOUT EVEN
 2    LOOKING AT THE ISSUE OF REPRESENTATIONAL STATUS,
 3    BUT WHY WOULD THE COURT DO THAT AS A MATTER OF
 4    JUDICIAL ADMINISTRATION IF THERE'S GOING TO BE A
 5    FIGHT ABOUT THAT LATER?
 6              MR. HARLAND:  WELL, AGAIN, I THINK YOU
 7    CAN DO ALL OF THAT WITHOUT ANY DISCOVERY.
 8              I MEAN, FOR EXAMPLE, THE WHOLE THING THAT
 9    TICKED US OFF WAS A PETITION TO VACATE FILES BY
10    STANFORD.  THEY SAY THEY DON'T THINK EXISTS -- OR
11    THEY HAVE DOUBTS THAT EXISTS.  THERE IS -- I DON'T
12    KNOW HOW ELSE TO ANSWER THE QUESTION OTHER THAN I
13    DON'T THINK ANY DISCOVERY IS NECESSARY IN TERMS OF
14    THE UNION.  BUT THE COURT COULD CONFIRM THE
15    ARBITRATION AWARD AND THEN ENFORCE IT, AT THAT
16    POINT, DETERMINE IF THE UNION HAD ANY STANDING OR
17    NOT.
18              THE COURT:  WHY WOULD -- IF IT'S NOT
19    ENFORCEABLE -- AND I DON'T MEAN TO GET INTO A
20    HYPOTHETICAL ARGUMENT.  BUT IF IT'S NOT ENFORCEABLE
21    BECAUSE IT WASN'T OBTAINED BY A PARTY WITH
22    STANDING, WHY WOULD THE COURT WANT TO INVEST THE
23    RESOURCES DECIDING WHETHER IT'S ENFORCEABLE OR NOT?
24              MR. HARLAND:  IN TERMS OF WHO HAS
25    STANDING, THE ONLY PARTY THAT HAS STANDING IS THE
```

```
 1    PARTY TO THE CONTRACT.
 2            THE COURT:  RIGHT.
 3            MR. HARLAND:  AND AGAIN, THIS IS A LEGAL
 4    ISSUE IN TERMS OF WHO THE PARTIES HAVE AS THEIR
 5    ADVOCATE AT THE ARBITRATION.
 6            THE COURT:  I'M NOT SURE THAT'S TRUE,
 7    COUNSEL.
 8            AND AGAIN, I'M NOT TRYING EXERCISE
 9    JURISDICTION OVER SOMETHING I DON'T HAVE
10    JURISDICTION OVER.  BUT SAY THERE'S A CONTRACT
11    BETWEEN A AND B, AND Z SHOWS UP AT THE ARBITRATION
12    AND SAYS, I'M A.
13            MR. HARLAND:  THAT'S NOT THE SITUATION WE
14    ARE DEALING WITH.  WHAT WE ARE DEALING WITH IS THE
15    CONTRACTS BETWEEN A AND B.  B SHOWS UP TO THE
16    ARBITRATION AND THE ATTORNEY FOR B SAYS, I'M
17    APPEARING ON BEHALF OF B.
18            COUNSEL FOR THE HOSPITALS ARE SAYING THAT
19    THEY QUESTION WHETHER OR NOT OUR FIRM ACTUALLY
20    REPRESENTS B DIRECTLY.
21            THAT'S NOT A STANDING ISSUE, THAT'S A
22    QUESTION OF ATTORNEY-CLIENT PRIVILEGE.
23            THE COURT:  IN MY HYPOTHETICAL, THOUGH,
24    YOU HAVE A PARTY WHO WASN'T WHO THEY SAID THEY WERE
25    PARTICIPATING IN THE ARBITRATION, AND THEN YOU GET
```

```
 1    AN ADJUDICATION WHICH IS A RESULT OF THE POSITIONS
 2    TAKEN BY THAT PARTY AND IT TURNS OUT THE ACTUAL
 3    PARTY WASN'T THERE.  THAT GOES TO THE QUESTION OF
 4    WHETHER THE ARBITRATION AWARD HAS ANY VALIDITY.
 5             THAT'S WHAT I UNDERSTAND THE ARGUMENT TO
 6    BE.  I'M NOT -- I HAVE NO IDEA WHETHER THERE'S ANY
 7    TRUTH TO IT, BUT IT'S MORE THAN A QUESTION OF WHO
 8    THE LAWYER IS.
 9             WHAT I GATHER FROM THE VARIOUS PAPERS
10    I'VE SEEN OVER THE LAST SEVERAL DAYS IS THAT
11    THERE'S A DISPUTE AS TO WHETHER A LOCAL 715
12    REPRESENTS THE PEOPLE WHO IT PURPORTS TO REPRESENT.
13             MR. HARLAND:  BUT THAT IS AN ISSUE
14    ENTIRELY BEFORE THE EXCLUSIVE JURISDICTION OF
15    THE --
16             THE COURT:  RIGHT.  IT IS.  AND I'M NOT
17    PURPORTING TO DECIDE THAT.
18             BUT WHAT I'M SAYING IS BEFORE I ENTERTAIN
19    A PETITION TO VACATE OR ENFORCE AN ARBITRATION
20    AWARD, I HAVE TO MAKE SURE THAT THE WHOLE THING
21    ISN'T GOING TO GET UNDERCUT BY AN ORDER FROM THE
22    NLRB COMING OUT AT SOME FUTURE POINT IN TIME
23    SAYING, ACTUALLY, THE PEOPLE WHO WERE THERE HAD NO
24    RIGHT TO BE THERE.
25             THIS IS A RESOURCE QUESTION FOR ME.  I
```

1   THINK WHAT YOU SAID IS ABSOLUTELY RIGHT.  THE COURT
2   CAN LOOK AT THE ARBITRATION AWARD AND DECIDE
3   WHETHER IT MAKES SENSE, IN TERMS OF THE SCOPE OF
4   THE ARBITRATION AGREEMENT, WITHOUT REVOLVING THE
5   STANDING ISSUE AT ALL.  I'M JUST TRYING TO DECIDE
6   WHETHER IT'S A PRUDENT THING TO DO.
7           WHY SHOULD THE COURT GO THROUGH
8   LITIGATING ALL OF THAT IF THERE'S A POSSIBILITY IT
9   MAY NOT MEAN ANYTHING?
10          MR. HARLAND:  YOU COULD SAY THAT IN ANY
11  PETITION TO COMPEL, OR PETITION TO CONFIRM, OR
12  PETITION TO VACATE AT ANY POINT, AND IT GIVES A
13  COLLECTIVE BARGAINING RELATIONSHIP.
14          THE EMPLOYER CAN SAY, WE DON'T THINK THE
15  UNION REPRESENTS WHO THEY PURPORT TO REPRESENT.
16  BUT THE QUESTION IS:  AT THE HEARING, THE PARTIES
17  SHOWED UP; THE UNION ENTERED AN APPEARANCE ON
18  BEHALF OF LOCAL 715; A REPRESENTATIVE WHO WAS A
19  TRUSTEE OF 715 APPEARED.
20          THERE'S NO ISSUE OTHER THAN THAT.  THE
21  UNION IS JUST SEEKING TO ENFORCE THE AWARD THAT
22  THEY RECEIVED AS A PROPOSED AGREEMENT.
23          THE COURT:  LET ME JUST ASK COUNSEL.
24          IS THERE ANY REASON WHY THE COURT CAN'T
25  LOOK AT THE MERITS OF THE ARBITRATION AWARD?

```
 1            MS. RIDLEY:  YES, BECAUSE ONE OF THE
 2   THINGS THE ARBITRATOR DID WAS DETERMINE THE ISSUE
 3   OF REPRESENTATION AND STANDING.  EVEN THOUGH DURING
 4   THE PROCEEDING THE ARBITRATOR SAID THAT'S NOT THEIR
 5   JURISDICTION, THEY ACTUALLY MADE THAT DECISION.
 6   AND THAT IS, ORGANICALLY, ONE OF THE PROBLEMS THAT
 7   GOES BEYOND WHETHER OR NOT YOU CAN CONFIRM THE
 8   ARBITRATION AWARD BUT ALSO IT'S ENFORCEABILITY.
 9            THE COURT:  SO WHAT CAN WE DO TO EXPEDITE
10   THE DISCOVERY ON THIS STANDING ISSUE?
11            MS. RIDLEY:  WE ARE PREPARED TO ISSUE THE
12   REQUESTS, TO IDENTIFY, YOU KNOW, THE DEPOSITIONS
13   THAT WE NEED WITH REGARD TO IT ONCE WE GET THE
14   DOCUMENTS WE THINK ARE RELEVANT TO FAIRLY NARROW
15   THE ISSUE WE ARE RAISING HERE.
16            THE COURT:  COUNSEL, IS THERE SOME REASON
17   WHY THAT CAN'T BE DONE QUICKLY?
18            MR. HARLAND:  ARE YOU ASKING ME?
19            THE COURT:  YES, COUNSEL.  I AM.
20            MR. HARLAND:  I MEAN, I HOPE IT COULD BE
21   DONE QUICKLY.  I DOUBT THAT IT WILL BE, BUT I HOPE
22   THAT IT COULD BE DONE QUICKLY.
23            THE COURT:  WELL, IT'S IN EVERYBODY'S
24   INTEREST.
25            ALL RIGHT, HERE'S WHAT I'M GOING TO DO.
```

```
 1    AND THIS IS NECESSARILY BASED ON IMPRESSIONS RATHER
 2    THAN HAVING POURED THROUGH HUNDREDS OF PAGES OF
 3    DOCUMENTS.  BUT I THINK DISCOVERY SHOULD PROCEED ON
 4    THIS ISSUE BECAUSE IT'S GOING ON ARISE AT SOME
 5    POINT.
 6         AND THE COURT IS NOT PURPORTING TO
 7    EXERCISE JURISDICTION OVER SOMETHING THAT THE NLRB
 8    HAS EXCLUSIVE JURISDICTION OVER, BUT ONLY TO AID
 9    THE RESOLUTIONS OF THE MOTIONS IT'S GOING TO HEAR.
10         AND I WILL MOVE THE FILING DATE FOR THE
11    PETITION TO VACATE IN THE PETITION TO COMPEL.  I
12    WILL MOVE THEM BACK 30 DAYS, SO WE WILL MOVE TO
13    JULY 18TH IN LIEU OF THE JUNE 20TH DATE.  AND
14    DISCOVERY IS TO PROCEED, AND IF THERE'S PROBLEMS
15    WITH THAT, THEY ARE REFERRED TO MAGISTRATE
16    JUDGE SEEBORG.
17         THEN THE HEARING DATE ON THE
18    CROSS-MOTIONS WITH RESPECT TO THE ARBITRATION AWARD
19    WOULD BE AUGUST 29TH.  AND I THINK THAT MAYBE -- I
20    THINK THAT WORKS.  AUGUST 20TH AT 9:00.
21         MR. HARLAND:  OKAY.  SO IF I HAVE IT
22    CORRECT, YOUR HONOR, BY JULY 18TH, 2008, DISCOVERY
23    SHOULD BE COMPLETED, ARE YOU SAYING?
24         THE COURT:  I'M SAYING THAT'S WHEN THE
25    MOTIONS SHOULD BE FILED.
```

```
 1              MR. HARLAND:  OKAY.
 2              THE COURT:  DISCOVERY IS GOING TO HAVE TO
 3   GET DONE BEFORE THAT.  I'M LEAVING THAT TO THE
 4   PARTIES.  AND I REALIZE THIS IS AN ACRIMONIOUS
 5   RELATIONSHIP, AND I EXPECT COUNSEL TO COOPERATE AND
 6   USE ALL THE PROFESSIONAL COURTESIES THAT THEY CAN
 7   TO GET IT DONE SO THAT MOTIONS CAN BE FILED ON
 8   JULY 18TH.
 9              AND THEN WE WILL HAVE A HEARING ON THE
10   CROSS-MOTIONS, WITH RESPECT TO THE ARBITRATION
11   AWARD, ON AUGUST 29TH.
12              MS. RIDLEY:  AND I WOULD --
13              MR. HARLAND:  FOR BOTH OF THEM?
14              THE COURT:  FOR BOTH OF THEM, YES.
15   THAT'S WHAT I MEAN BY CROSS-MOTIONS.
16              MS. RIDLEY:  AND JUST SO I'M CLEAR, THE
17   MOTIONS IN THE FIRST FILED CASE, JUST TO BE CLEAR.
18              THE COURT:  YES.
19              MS. RIDLEY:  AND THERE'S NO GENERAL ORDER
20   ABOUT THE CLOSURE OF DISCOVERY FOR ALL THE RELATED?
21              THE COURT:  NO, NO.  AND THERE'S ONLY ONE
22   ARBITRATION AWARD, RIGHT?
23              MS. RIDLEY:  RIGHT.
24              THE COURT:  AND ONE PARTY WANTS TO
25   ENFORCE IT AND THE OTHER ONE WANTS TO VACATE IT.
```

```
 1              MR. HARLAND:  ACTUALLY, THERE'S TWO.
 2   THERE'S AN ARBITRATION AWARD IN 5158 WHICH THE
 3   HOSPITAL IS SEEKING TO VACATE.
 4              THE COURT:  OKAY.  AND THEN THERE IS ONE
 5   THE UNION IS SEEKING TO ENFORCE.
 6              MR. HARLAND:  YES.
 7              THE COURT:  I WANT TO KEEP ALL OF THIS --
 8   AS FAR AS I'M CONCERNED, THIS IS ONE TROUBLED
 9   RELATIONSHIP.
10              THAT'S THE WAY I'M LOOKING AT IT.  I'M
11   TRYING TO LOOK AT IT WITH A BIG PICTURE RATHER THAN
12   BREAK IT UP INTO CONSTITUENT PARTS BECAUSE IT WILL
13   DRIVE ME NUTS IF I DO THAT.
14              SO THANK YOU VERY MUCH.
15              MS. RIDLEY:  THANK YOU, YOUR HONOR.
16              (WHEREUPON, THE PROCEEDINGS IN THIS
17   MATTER WERE CONCLUDED.)
18
19
20
21
22
23
24
25
```

```
 1    STATE OF CALIFORNIA      )
 2                             ) SS:
 3    COUNTY OF SANTA CLARA    )
 4
 5           I, THE UNDERSIGNED OFFICIAL COURT
 6    REPORTER OF THE UNITED STATES DISTRICT COURT FOR
 7    THE NORTHERN DISTRICT OF CALIFORNIA, 280 SOUTH
 8    FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY
 9    CERTIFY:
10           THAT THE FOREGOING TRANSCRIPT,
11    CERTIFICATE INCLUSIVE, CONSTITUTES A TRUE, FULL AND
12    CORRECT TRANSCRIPT OF MY SHORTHAND NOTES TAKEN AS
13    SUCH OFFICIAL COURT REPORTER OF THE PROCEEDINGS
14    HEREINBEFORE ENTITLED AND REDUCED BY COMPUTER-AIDED
15    TRANSCRIPTION TO THE BEST OF MY ABILITY.
16
17    {_____}
18       SUMMER A. CLANTON
19       OFFICIAL REPORTER, CSR NO. 13185
20
21
22
23
24
25
```