Case 5:07-cv-05158-JF   Document 49-14   Filed 07/11/2008   Page 1 of 19

# EXHIBIT M

## Issued by the
# UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715

V.

STANFORD HOSPITAL & CLINICS and LUCILE PACKARD CHILDREN'S HOSPITAL

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 5:08-CV-00213-JF

TO: SEIU/United Health Care Workers West Local 2005
560 THOMAS L. BERKLEY WAY, OAKLAND, CA 94612-1602

[ ] YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
[See Attachment "A"]

| PLACE | DATE AND TIME |
| --- | --- |
| Foley & Lardner LLP, One Maritime Plaza, Sixth Floor, San Francisco, CA 94111 | June 18, 2008 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| *[signature]* | May 15, 2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Eileen R. Ridley, Foley & Lardner LLP, One Maritime Plaza, Sixth Floor, San Francisco, CA 94111
Telephone: (415) 434-4484

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.FormsWorkflow.com

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|
| | |

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                             DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
  (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
  (2) Command to Produce Materials or Permit Inspection.
    (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
  (3) Quashing or Modifying a Subpoena.
    (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
    (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information;
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
      (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
    (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
  (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
    (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
    (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
  (2) Claiming Privilege or Protection.
    (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
  The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

American LegalNet, Inc.
www.FormsWorkflow.com

## Attachment "A"

## DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions apply throughout this demand for identification and production, unless the context clearly indicates otherwise:

A.  "YOU" and "YOUR" shall mean and include SEIU/United Health Care Workers West Local 2005 and any of its agents, affiliates, representatives, or any other person or entity acting on its behalf.

B.  This demand requires that YOU identify and produce all DOCUMENTS and WRITINGS responsive to the following numbered demands which are in YOUR possession or control or subject to YOUR control, wherever they may be located. The DOCUMENTS and WRITINGS which YOU must identify and produce include not only writings which YOU presently possess, but also writings which YOU are aware of (regardless of whether they are in YOUR possession or not), DOCUMENTS and WRITINGS that are in the possession or control of YOUR attorneys, accountants, bookkeepers, employees, representatives, or anyone else acting on YOUR behalf.

B.  YOU are requested to produce all DOCUMENTS and WRITINGS which are responsive to the following numbered demands for inspection and photocopying at the law offices of Foley & Lardner LLP, located at One Maritime Plaza, Sixth Floor, San Francisco, California 94111 3404, on June 18, 2008 (or 30 days after service of this demand, or the next business day if that day falls on a Saturday, Sunday or court holiday).

C.  All DOCUMENTS and WRITINGS which are responsive in whole or in part to the following numbered demand shall be produced in full, without abridgment, abbreviation or expurgation of any sort. If any such DOCUMENTS and WRITINGS cannot be

SFCA_1379766.1

produced in full, produce the DOCUMENT and/or WRITING to the greatest extent possible and indicate in YOUR written response what portion of the DOCUMENT and/or WRITING is not produced and why it could not be produced.

        D.     The term "DOCUMENT" as used herein means and includes any and all documents, tangible things, and all WRITINGS of any kind, including the originals and all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise, and includes, without limitation, agreements, purchase orders, invoices, receipts, accounting records, contracts, bills of lading, shipping records, correspondence, memoranda, notes, diaries, statistics, letters, telegrams, telex, faxes, minutes, contracts, reports, studies, statements, summaries, interoffice and intra-office communications, notations of any sort of conversations, telephone calls, meetings or other communications, computer printouts, tape recordings, audiotapes, videotapes, charts, graphs, and electronic, mechanical or electronic records, compact discs, computer discs, computer tapes, computer software, electronically stored media, and any other form of stored information. The term "WRITINGS" as used herein means and includes the definition of that term under Federal Rule of Evidence ("FRE") Rule 1001(1).

        E.     YOU are required to produce not only the original or an exact copy of the original of all DOCUMENTS and WRITINGS responsive to the following numbered demands, but also all copies of such DOCUMENTS and WRITINGS which bear any notes or markings not found on the originals and all preliminary, intermediate, final, and revised drafts of said DOCUMENTS and WRITINGS.

        F.     If YOU are not producing any DOCUMENT or WRITING responsive to any of the numbered demands below on the basis of a claimed privilege, or for any other reason, state the following information:

1. Describe the DOCUMENT and/or WRITING with specificity;

2. Identify the privilege claimed or other reason why the DOCUMENT and/or WRITING is not produced;

3. State the names and capacities of all persons who participated in the preparation of the DOCUMENT and/or WRITING; and

4. State the names and capacities of all persons to whom the DOCUMENT and/or WRITING was circulated or its contents communicated.

G. "RELATING TO" or "RELATE(S) TO" are used in their broadest sense and means referring to, describing, evidencing, containing, supporting, rebutting, reflecting, refuting, negating, pertaining to, comprising, memorializing, identifying, verifying, and/or in any way involving or having a logical connection to the subject matter of the request, in whole or in part.

H. "COMPLAINT" means the operative complaint filed in the above captioned action.

I. "RESPONDENT" means Stanford Hospital & Clinics and Lucile Packard Children's Hospital.

J. "LOCAL" means any local union or labor organization affiliated with the Service Employees International Union ("SEIU").

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**
Produce all DOCUMENTS and WRITINGS RELATING TO the identification of counsel representing LOCAL 715 regarding the issues which are the subject of the COMPLAINT.

3

SFCA_1379766.1

**REQUEST FOR PRODUCTION NO. 2:**

Produce all DOCUMENTS and WRITINGS RELATING TO the present or future representative capacity of LOCAL 715 regarding any employees of RESPONDENT from June 30, 2005 to the present.

**REQUEST FOR PRODUCTION NO. 3:**

Produce all DOCUMENTS and WRITINGS RELATING TO the present or future representative capacity of LOCAL 521, whether by that name or by other reference to the entity which became LOCAL 521 when chartered by SEIU International, regarding any employees of RESPONDENT from June 30, 2005 to the present.

**REQUEST FOR PRODUCTION NO. 4:**

Produce all DOCUMENTS and WRITINGS RELATING TO the present or future representative capacity of SEIU-UHW regarding any employees of RESPONDENT from June 30 2005 to the present.

**REQUEST FOR PRODUCTION NO. 5:**

Produce all DOCUMENTS and WRITINGS RELATING TO correspondence between YOU and any SEIU International official and/or representative from June 30, 2005 to the present regarding the status of LOCAL 715 (including, without limitation, its existence, its termination and/or its merger with or into another LOCAL, or the transfer by any manner of any of its represented bargaining units to another LOCAL or LOCALS).

**REQUEST FOR PRODUCTION NO. 6:**

Produce all DOCUMENTS and WRITINGS RELATING TO correspondence between YOU and any SEIU-UHW official and/or representative from June 30, 2005 to the present regarding the status of LOCAL 715 (including, without limitation, its existence, its

SFCA_1379766.1

termination and/or its merger with or into another LOCAL, or the transfer by any manner of its represented bargaining units to another LOCAL or LOCALS).

**REQUEST FOR PRODUCTION NO. 7:**

Produce all DOCUMENTS and WRITINGS RELATING TO correspondence between YOU and any LOCAL 521 official and/or representative from June 30, 2005 to the present regarding the status of LOCAL 715 (including, without limitation, its existence, its termination and/or its merger with or into another LOCAL, or the transfer by any manner of any of its represented bargaining units to another LOCAL or LOCALS).

**REQUEST FOR PRODUCTION NO. 8:**

Produce all DOCUMENTS and WRITINGS RELATING TO correspondence between YOU and any LOCAL 715 official and/or representative from June 30, 2005 to the present regarding the status of LOCAL 715 (including, without limitation, its existence, its termination and/or its merger with or into another LOCAL, or the transfer by any manner of any of its represented bargaining units to another LOCAL or LOCALS).

**REQUEST FOR PRODUCTION NO. 9:**

Produce all DOCUMENTS and WRITINGS RELATING TO the handling of any funds (including, without limitation, dues payments) RELATING TO LOCAL 715 (including, without limitation, all deposits, payments and transfers of said funds) from January 2007 to the present.

**REQUEST FOR PRODUCTION NO. 10:**

Produce all DOCUMENTS and WRITINGS RELATING TO the affairs and transactions of LOCAL 715 from January 2006 to the present (including, without limitation, all reports and monitoring activities of said affairs and transactions).

**REQUEST FOR PRODUCTION NO. 11:**

Produce all DOCUMENTS and WRITINGS RELATING TO the establishment of a trusteeship for LOCAL 715 from January 2007 to the present.

**REQUEST FOR PRODUCTION NO. 12:**

Produce all DOCUMENTS and WRITINGS RELATING TO LOCAL 715's website from January 2007 to the present including, without limitation, all links from the website to other sites, all references to LOCAL 715's status (including existence, termination or merger with or into another LOCAL), all references to LOCAL 715's funds, and all references to LOCAL 715's officers and/or trustees. This request specifically includes all versions of LOCAL 715's website during the time period including, without limitation, all changes to the website and the reasons for such changes.

**REQUEST FOR PRODUCTION NO. 13:**

Produce all DOCUMENTS and WRITINGS RELATING TO LOCAL 521's website from January 2007 to the present including, without limitation, all links from the website to other sites, all references to LOCAL 521's status (including its creation, existence, or merger with other LOCALS), all references to LOCAL 521's funds, and all references to LOCAL 521's officers and/or trustees. This request specifically includes all versions of LOCAL 521's website during the time period including, without limitation, all changes to the website and the reasons for such changes.

**REQUEST FOR PRODUCTION NO. 14:**

Produce all DOCUMENTS and WRITINGS RELATING TO SEIU-UHW's website from January 1, 2006 to the present including, without limitation, all links from the website to other sites, all references to SEIU-UHW's status in any capacity as representative of any employees of RESPONDENT, and all references to SEIU-UHW's receipt of funds from

SEIU-LOCAL 715 and/or SEIU-LOCAL 521. This request specifically includes all versions of SEIU-UHW's website during the time period including, without limitation, all changes to the website and the reasons for such changes.

**REQUEST FOR PRODUCTION NO. 15:**
    Produce all DOCUMENTS and WRITINGS RELATING TO any correspondence between YOU and LOCAL 715 regarding LOCAL 715's website and/or any changes thereto from January 1, 2007 to the present.

**REQUEST FOR PRODUCTION NO. 16:**
    Produce all DOCUMENTS and WRITINGS RELATING TO any correspondence between YOU and LOCAL 521 regarding LOCAL 521's website and/or changes thereto from January 1, 2007 to the present.

**REQUEST FOR PRODUCTION NO. 17:**
    Produce all DOCUMENTS and WRITINGS RELATING TO any correspondence between YOU and SEIU-UHW regarding SEIU-UHW's website and/or changes thereto from January 2006 to the present.

**REQUEST FOR PRODUCTION NO. 18:**
    Produce all DOCUMENTS and WRITINGS RELATING TO any Servicing Agreement between LOCAL 715 and SEIU-UHW.

**REQUEST FOR PRODUCTION NO. 19:**
    Produce all DOCUMENTS and WRITINGS RELATING TO any Servicing Agreement between LOCAL 715 and SEIU LOCAL 1877 or its successors or affiliated LOCALS.

**REQUEST FOR PRODUCTION NO. 20:**

Produce all DOCUMENTS and WRITINGS RELATING TO Weinberg, Roger & Rosenfeld's representation of LOCAL 715 from January 2006 to the present. This request does not seek production of DOCUMENTS and WRITINGS concerning counsel's advice but merely seeks production of DOCUMENTS and WRITINGS RELATING TO Weinberg, Roger & Rosenfeld's retention to represent LOCAL 715.

**REQUEST FOR PRODUCTION NO. 21:**

Produce all DOCUMENTS and WRITINGS RELATING TO Altshuler Berzon LLP's representation of LOCAL 715 from January 2007 to the present. This request does not seek production of DOCUMENTS and WRITINGS concerning counsel's advice but merely seeks production of DOCUMENTS and WRITINGS RELATING TO Altshuler Berzon's retention to represent LOCAL 715.

**REQUEST FOR PRODUCTION NO. 22:**

Produce all DOCUMENTS and WRITINGS RELATING TO YOUR receipt of funds from SEIU-LOCAL 715.

**REQUEST FOR PRODUCTION NO. 23:**

Produce all DOCUMENTS and WRITINGS RELATING TO YOUR receipt of funds from SEIU-LOCAL 521

**REQUEST FOR PRODUCTION NO. 24:**

Produce all DOCUMENTS and WRITINGS RELATING TO LOCAL 715's transfer and/or payment of funds to SEIU-UHW.

**REQUEST FOR PRODUCTION NO. 25:**

Produce all DOCUMENTS and WRITINGS RELATING TO LOCAL 521's transfer and/or payment of funds to SEIU-UHW.

**REQUEST FOR PRODUCTION NO. 26:**

Produce all DOCUMENTS and WRITINGS RELATING TO LOCAL 521's transfer and/or payment of funds to SEIU LOCAL 1877 or its successor or affiliated LOCALS.

**REQUEST FOR PRODUCTION NO. 27:**

Produce all DOCUMENTS and WRITINGS RELATING TO any exchange of funds between LOCAL 715 and LOCAL 521 (including, without limitation, any transfer of funds, payment of funds and/or receipt of funds).

**REQUEST FOR PRODUCTION NO. 28:**

Produce all DOCUMENTS and WRITINGS RELATING TO all notices of Executive Board meetings and/or Special Executive Board meetings for LOCAL 715 between July 1, 2005 and June 9, 2007.

**REQUEST FOR PRODUCTION NO. 29:**

Produce all DOCUMENTS and WRITINGS RELATING TO all notices of Executive Board meetings and/or Special Executive Board meetings for LOCAL 521 between July 1, 2006 and June 9, 2007.

**REQUEST FOR PRODUCTION NO. 30:**

Produce all DOCUMENTS and WRITINGS RELATING TO all notices of Executive Board meetings and/or Special Executive Board meetings for SEIU-UHW between July 1, 2005 and June 9, 2007 which reference in any manner the representation of any employees of RESPONDENT.

**REQUEST FOR PRODUCTION NO. 31:**

Produce all DOCUMENTS and WRITINGS RELATING TO all minutes of Executive Board meetings for LOCAL 715 held between July 1, 2005 and June 9, 2007

including, without limitation, a list of those in attendance and those not in attendance at said meetings.

**REQUEST FOR PRODUCTION NO. 32:**

Produce all DOCUMENTS and WRITINGS RELATING TO all minutes of Executive Board meetings for LOCAL 521 held between July 1, 2006 and June 9, 2007 including, without limitation, a list of those in attendance and those not in attendance at said meetings.

**REQUEST FOR PRODUCTION NO. 33:**

Produce all DOCUMENTS and WRITINGS RELATING TO all minutes of Executive Board meetings for SEIU-UHW held between July 1, 2005 and June 9, 2007 which reference in any manner the representation of any employees of RESPONDENT including, without limitation, a list of those in attendance and those not in attendance at said meetings.

**REQUEST FOR PRODUCTION NO. 34:**

Produce all DOCUMENTS and WRITINGS RELATING TO LOCAL 715's annual budget and/or budgets covering and/or applicable to calendar year 2007 or any portion thereof.

**REQUEST FOR PRODUCTION NO. 35:**

Produce all DOCUMENTS and WRITINGS RELATING TO LOCAL 521's annual budget and/or budgets covering and/or applicable to calendar year 2007 or any portion thereof.

**REQUEST FOR PRODUCTION NO. 36:**

Produce all DOCUMENTS and WRITINGS RELATING TO SEIU-UHW's annual budget and/or budgets covering and/or applicable to calendar years 2007 and 2008 or any portion thereof.

**REQUEST FOR PRODUCTION NO. 37:**

Produce all DOCUMENTS and WRITINGS RELATING TO all minutes of any general membership meetings for LOCAL 715 (including, without limitation, all regular and special general membership meetings) held between July 1, 2005 and June 9, 2007.

**REQUEST FOR PRODUCTION NO. 38:**

Produce all DOCUMENTS and WRITINGS RELATING TO all minutes of any general membership meetings for LOCAL 521 (including, without limitation, all regular and special general membership meetings) held between January 1, 2007 and June 9, 2007.

**REQUEST FOR PRODUCTION NO. 39:**

Produce all DOCUMENTS and WRITINGS RELATING TO all minutes of any general membership meetings for SEIU-UHW (including, without limitation, all regular and special general membership meetings) which reference in any manner the representation of any employees of RESPONDENT and were held between July 1, 2005 and June 9, 2007.

**REQUEST FOR PRODUCTION NO. 40:**

Produce all DOCUMENTS and WRITINGS RELATING TO all bank records of LOCAL 715 showing all dues receipts deposits in accounts held by LOCAL 715 from January 2006 to the present.

**REQUEST FOR PRODUCTION NO. 41:**

Produce all DOCUMENTS and WRITINGS RELATING TO all bank records of LOCAL 521 showing all dues receipts deposits in accounts held by LOCAL 521 received from or on behalf of any employees of RESPONDENT from January 2006 to the present.

11

**REQUEST FOR PRODUCTION NO. 42:**

Produce all DOCUMENTS and WRITINGS RELATING TO all bank records of SEIU-UHW showing all dues receipts deposits in accounts held by SEIU-UHW received from or on behalf of any employees of RESPONDENT from January 2006 to the present.

**REQUEST FOR PRODUCTION NO. 43:**

Produce all DOCUMENTS and WRITINGS RELATING TO the assignment or other appointment of any employee of SEIU-UHW to provide services to LOCAL 715 RELATING TO the representation of any employees of RESPONDENT.

**REQUEST FOR PRODUCTION NO. 44:**

Produce all DOCUMENTS and WRITINGS RELATING TO the assignment or other appointment of any employee of SEIU-UHW to provide services to LOCAL 521 RELATING TO the representation of any employees of RESPONDENT.

**REQUEST FOR PRODUCTION NO. 45:**

Produce all DOCUMENTS and WRITINGS RELATING TO the assignment or other appointment of counsel by SEIU-UHW to provide services to LOCAL 715 RELATING TO the representation of any employees of RESPONDENT.

**REQUEST FOR PRODUCTION NO. 46:**

Produce all DOCUMENTS and WRITINGS RELATING TO the assignment or other appointment of counsel by SEIU-UHW to provide services to LOCAL 521 RELATING TO the representation of any employees of RESPONDENT.

**REQUEST FOR PRODUCTION NO. 47:**

Produce all DOCUMENTS and WRITINGS RELATING TO the assignment or other appointment of counsel by LOCAL 521 to provide services RELATING TO the representation of any employees of RESPONDENT.

**REQUEST FOR PRODUCTION NO. 48:**

Produce all DOCUMENTS and WRITINGS RELATING TO LOCAL 715's representation employees of Stanford University from January 2006 to the present.

**REQUEST FOR PRODUCTION NO. 49:**

Produce all DOCUMENTS and WRITINGS RELATING TO LOCAL 715's representation employees of Santa Clara University from January 2006 to the present.

**REQUEST FOR PRODUCTION NO. 50:**

Produce all DOCUMENTS and WRITINGS RELATING TO the assignment or other appointment of any employee of LOCAL 1877 (or any other LOCAL) to provide services to LOCAL 715 RELATING TO the representation of any employees of Stanford University from January 2006 to the present.

**REQUEST FOR PRODUCTION NO. 51:**

Produce all DOCUMENTS and WRITINGS RELATING TO the assignment or other appointment of any employee of LOCAL 1877 (or any other LOCAL) to provide services to LOCAL 715 RELATING TO the representation of any employees of Santa Clara University from January 2006 to the present.

**REQUEST FOR PRODUCTION NO. 52:**

Produce all DOCUMENTS and WRITINGS RELATING TO any correspondence between LOCAL 1877 (and/or any other LOCAL) and LOCAL 715 RELATING TO the representation of any employees of Stanford University from January 2006 to the present.

**REQUEST FOR PRODUCTION NO. 53:**

Produce all DOCUMENTS and WRITINGS RELATING TO any correspondence between LOCAL 1877 (and/or any other LOCAL) and LOCAL 715 RELATING TO the representation of any employees of Santa Clara University from January 2006 to the present.

13

SFCA_1379766.1

**REQUEST FOR PRODUCTION NO. 54:**

Produce all DOCUMENTS and WRITINGS RELATING TO any correspondence between LOCAL 1877 (and/or any other LOCAL) and LOCAL 521 RELATING TO the representation of any employees of Stanford University from January 2006 to the present.

**REQUEST FOR PRODUCTION NO. 55:**

Produce all DOCUMENTS and WRITINGS RELATING TO any correspondence between LOCAL 1877 (and/or any other LOCAL) and LOCAL 521 RELATING TO the representation of any employees of Santa Clara University from January 2006 to the present.

**REQUEST FOR PRODUCTION NO. 56:**

Produce all DOCUMENTS and WRITINGS RELATING TO any exchange of funds between LOCAL 1877 (and/or any other LOCAL) and LOCAL 715 (including, without limitation, any transfer of funds, payment of funds and/or receipt of funds).

**REQUEST FOR PRODUCTION NO. 57:**

Produce all DOCUMENTS and WRITINGS RELATING TO any exchange of funds between LOCAL 1877 (and/or any other LOCAL) and LOCAL 521 (including, without limitation, any transfer of funds, payment of funds and/or receipt of funds).

14

# PROOF OF SERVICE

I am employed in the **County of San Francisco, State of California**. I am over the age of 18 and not a party to this action; my current business address is **One Maritime Plaza, Sixth Floor, San Francisco, CA 94111-3409**.

On **May 16, 2008**, I served the foregoing document(s) described as: **SUBPOENA IN A CIVIL CASE** on the interested parties in this action as follows:

__X__  BY THE FOLLOWING MEANS:
     I placed a true copy thereof enclosed in sealed envelope(s) addressed as follows:

*Attorneys for Petitioner SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 715

Bruce A. Harland
Weinberg, Roger & Rosenfeld
1001 Marina Village Parkway, Suite 200
Alameda, California 94501-1091

__X__  BY MAIL

    __x__  I am readily familiar with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service; the firm deposits the collected correspondence with the United States Postal Service that same day, in the ordinary course of business, with postage thereon fully prepaid, at **San Francisco, California**. I placed the envelope(s) for collection and mailing on the above date following ordinary business practices.

__X__  Executed on **May 16, 2008**, at **San Francisco, California**.

__X__  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

*Teresa Schuman* (signature)
TERESA SCHUMAN

1

| Attorney or Party without Attorney:<br>EILEEN R. RIDLEY<br>FOLEY & LARDNER, LLP<br>ONE MARITIME PLAZA<br>6th FLOOR<br>SAN FRANCISCO, CA 94111<br>Telephone No: 415-434-4484   FAX No: 415-434-4507 | For Court Use Only |
|---|---|
| | Ref. No. or File No.:<br>085437-3080 |
| Attorney for: Plaintiff | |

| Insert name of Court, and Judicial District and Branch Court: |
|---|
| United States District Court Northern District Of California |
| Plaintiff: SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715 |
| Defendant: STANFORD HOSPITAL & CLINICS, et al. |

| PROOF OF SERVICE<br>SUBPOENA - CIVIL CASE | Hearing Date:<br>Wed, Jun. 18, 2008 | Time: | Dept/Div: | Case Number:<br>5:08-CV-00213-JF |
|---|---|---|---|---|

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the SUBPOENA IN A CIVIL CASE

3. a. Party served:   SEIU/UNITED HEALTH CARE WORKERS WEST LOCAL 2005
   b. Person served:  "JANE DOE", RECEPTIONIST-PLACED DOCUMENTS IN BOX FOR LEGAL DEPARTMENT, African-American, Female, 40 Years Old, Black Hair, Brown Eyes, 5 Feet 7 Inches, 140 Pounds

4. Address where the party was served:   560 THOMAS L. BERKLEY WAY
   OAKLAND, CA 94612

5. I served the party:
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Fri., May. 16, 2008 (2) at: 3:25PM
   b. I received this subpena for service on:   Friday, May 16, 2008

6. Witness fees were not demanded or paid.

7. *Person Who Served Papers:*
   a. RAIMUNDO CARVALHO

   First Legal Support Services
   ATTORNEY SERVICES
   1138 HOWARD STREET
   San Francisco, CA 94103
   (415) 626-3111, FAX (415) 626-1331

   Recoverable Cost Per CCP 1033.5(a)(4)(B)
   d. *The Fee for Service was:*
   e. I am: (3) registered California process server
      (i)   Independent Contractor
      (ii)  Registration No.:   2005-0000968-00
      (iii) County:             San Francisco

8. I declare under penalty of perjury under the laws of the State of California and under the laws of the United States Of America that the foregoing is true and correct.
   Date: Mon, May. 19, 2008

   (RAIMUNDO CARVALHO)

Judicial Council Form
Rule 2.150.(a)&(b) Rev January 1, 2007

PROOF OF SERVICE
SUBPOENA - CIVIL CASE

6419786.folla-sf.134568