**EXHIBIT Y**

**WEINBERG, ROGER & ROSENFELD**
A PROFESSIONAL CORPORATION

Post-it® Fax Note  7671  To: Eileen Ridley  From: Andrea Laiacona
Fax #: 415 434 4507

May 29, 2008

Eileen Ridley
Foley & Lardner
One Maritime Plaza, Sixth Floor
San Francisco, CA 94111-3404

Re:   SEIU, Local 715 v. Stanford Hospital & Clinics and Lucile Packard Children's Hospital;
      Objections to Subpoena Duces Tecum
      C-07-CV-5158; 5:08-CV-00213; 5:08-CV-00215; 5:08-CV-00216; 5:08-CV-01727;
      5:08-CV-01726

Dear Ms. Ridley:

The undersigned represents SEIU Local 521 and therefore submits these written objections in accordance with Federal Rules of Civil Procedure 45(c)(B). These objections are timely because the above referenced civil subpoena appears to have been issued May 15, 2008, and delivered to SEIU Local 521 on or about May 19, 2008.

The subpoenas appear to be abusively drawn. As I am sure that you are aware, the misuse of subpoenas may result in sanctions or tort liability. Rule 45(c) of the Federal Rules of Civil Procedure specifically address this issue, cautioning that an "attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing under burden or expense on a person subject to the subpoena." The Rule continues with the warning that the "issuing court *must* enforce this duty and impose an appropriate sanction – which may include lost earnings and reasonable attorney's fees – on a party or attorney who fails to comply." (Emphasis added.)

Stanford Hospital & Clinics and Lucile Packard Children's Hospital's has requested 57 categories of documents. I understand that your client has requested the same 57 categories of documents from the Plaintiff in this case. Most, if not all, make little if any sense, and are extremely overbroad. In addition, I understand the Local 715 CBA is set to expire, and wonder if this effort to obtain information by abusing the subpoena process in an effort to gain an upper hand in contract negotiations.

SEIU Local 521 objects to the civil subpoena because, as I understand, it is duplicative of Plaintiff's Request For Production of Documents (Set No. One). SEIU Local 521 also objects to the information sought in the subpoena as irrelevant, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Finally, SEIU Local 521

05-29-2008   17:04    From-Weinberg, Roger & Rosenfeld              3371023          T-484   P.002/002   F-017

May 29, 2008
Eileen Ridley
Page 2

objects to the subpoenas on the basis that it appears that many of the requests ask for information that are not in the SEIU Local 521's control, custody or possession.

In addition, your client is not entitled to documents covered by the work-product doctrine, the attorney-client privilege and trade secrets or other confidential information. *See Mallick v. IBEW*, 749 F.2d 771, 785 (D.C.Cir. 1984) (stating that if the IBEW could demonstrate that disclosure of information "would be comparable to, for example, a corporation's disclosure of trade secrets, confidential earnings projections, or the like, or a union's disclosure of organizing strategy, negotiating plans, or other secrets, then examination should be refused").

If you have any questions, please do not hesitate to contact me.

Sincerely,

Andrea Laiacona

AL/sm
opeiu 3 afl-cio(1)