**EXHIBIT Z**



**FOLEY & LARDNER LLP**

ATTORNEYS AT LAW
ONE MARITIME PLAZA, SIXTH FLOOR
SAN FRANCISCO, CA 94111-3409
415.434.4484 TEL
415.434.4507 FAX
foley.com

June 9, 2008

CLIENT/MATTER NUMBER
085437-3056, 3080, 3081, 3083, 3094, and 3097

<u>VIA FACSIMILE AND U.S. MAIL</u>

William A. Sokol
Weinberg, Roger & Rosenfeld
1001 Marina Village Parkway, Suite 200
Alameda, California 94501-1091

Re: *SEIU, Local 715 v. Stanford Hospital & Clinics and Lucille Packard Childrens' Hospital*
U.S. Dist. Ct. Northern Dist. Ca Case Nos. C-07-cv-5158, 5:08-cv-00213, 5:08-cv-00215, 5:08-cv-00216, 5:08-cv-01727, and 5:08-cv-01726

Dear Mr. Sokol:

This will respond to your letter of May 29, 2008 regarding the subpoenas issued by my clients, Stanford Hospitals & Clinics and Lucille Packard Childrens' Hospital (the "Hospitals") to SEIU, UHW ("UHW"). Your letter is virtually identical to your colleague's (Ms. Laiacona) letter on behalf of Local 521. However, UHW's position regarding the pending subpoenas (as with Local 521's position) is without merit.

First, the documents requested in the subpoenas generally concern the existence of Local 715, its representative capacity, the use and handling of its various resources, and the involvement of UHW regarding those subjects. These are all issues with relevance to the above-captioned actions. Moreover, the Court presiding over these matters expressly agreed the Hospitals could seek such discovery in the actions. You understand this fact as your office attended the Case Management Conference where Judge Fogel permitted such discovery (indeed, it appears Mr. Harland – the attorney representing Local 715 who attended that hearing – signed your May 29, 2008 letter on your behalf as he also did for Ms. Laiacona). Thus, the subject matter of the subpoenas is not objectionable nor is it abusively drawn.

Second, while the information/documents requested may also have been requested of Petitioner (also your client), that does not permit UHW to refuse to respond or produce documents. If the documents requested are not in the custody, control or possession of UHW, UHW must state that fact as to each request where such a response is appropriate. If UHW retains responsive documents, it must produce them – regardless of whether or not another entity (whether a party to this litigation or not) also produces the document. Indeed, the fact that UHW might have a document which Petitioners also have is, in and of itself, a discoverable and informative fact. Thus, the requests are not abusive or overburdensome.

Third, your reference that "the Local 715 CBA is set to expire" is not relevant to the pending discovery requests. As your office knows, the Court expressly permitted this discovery and

BOSTON     JACKSONVILLE   NEW YORK          SAN FRANCISCO   TOKYO
BRUSSELS   LOS ANGELES    ORLANDO           SHANGHAI         WASHINGTON, D.C.
CENTURY CITY MADISON      SACRAMENTO        SILICON VALLEY
CHICAGO    MIAMI          SAN DIEGO         TALLAHASSEE
DETROIT    MILWAUKEE      SAN DIEGO/DEL MAR TAMPA

SFCA_1401574.1



**FOLEY**
FOLEY & LARDNER LLP

William A. Sokol
June 9, 2008
Page 2

attempts to evade appropriate responses to the requests by unfounded suppositions will not be tolerated by the Court.

Fourth, your letter attempts to generally object to the subpoenas as a whole and completely fails to respond to each request in the subpoenas. Indeed, you fail to identify which requests are the subject of your objections. Thus, your objections fail to meet the requirements of Rule 45 of the Federal Rules of Civil Procedure and are not responsive.

Finally, you appear to object to the subpoenas on the grounds that they seek materials protected by the work-product and attorney-client privilege doctrines. However, again, you fail to identify which requests are the focus of these objections. Rule 45(d)(2) of the Federal Rules of Civil Procedure requires a party who withholds information based on privilege to expressly make the claim and describe the nature of the withheld documents, communications or tangible things in a matter that will enable the parties to assess the claim. You have failed to provide such information.

We are, of course, willing to work with UHW to ensure its timely production of responsive documents. If you are concerned regarding the quantity of responsive documents to the requests, please inform us as to the nature of UHW's production so that we may address any logistical and/or expense issues that may arise. While we are certainly willing to work with you regarding UHW's response and production, the Hospitals will insist on an appropriate response and production to each of the requests in the subpoenas[1].

I look forward to working with you regarding this matter.

Very truly yours,

Eileen R. Ridley

---

[1] While the Hospitals served a subpoena on UHW in each of the six pending actions, UHW need only produce one set of documents which will be deemed to be a production in all actions.