**EXHIBIT AA**



**FOLEY & LARDNER LLP**

ATTORNEYS AT LAW
ONE MARITIME PLAZA, SIXTH FLOOR
SAN FRANCISCO, CA 94111-3409
415.434.4484 TEL
415.434.4507 FAX
foley.com

CLIENT/MATTER NUMBER
085437-3056, 3080, 3081, 3083, 3094, and 3097

June 9, 2008

<u>VIA FACSIMILE AND U.S. MAIL</u>

Andrea Laiacona
Weinberg, Roger & Rosenfeld
1001 Marina Village Parkway, Suite 200
Alameda, California 94501-1091

      Re:    SEIU, Local 715 v. Stanford Hospital & Clinics and Lucille
               Packard Childrens' Hospital
               U.S. Dist. Ct. Northern Dist. Ca Case Nos. C-07-cv-5158,
               5:08-cv-00213, 5:08-cv-00215, 5:08-cv-00216, 5:08-cv-01727,
               and 5:08-cv-01726

Dear Ms. Laiacona:

      This will respond to your letter of May 29, 2008 regarding the subpoenas issued by my clients, Stanford Hospitals & Clinics and Lucille Packard Childrens' Hospital (the "Hospitals") to SEIU, Local 521 ("Local 521").

      First, the documents requested in the subpoenas generally concern the existence of Local 715, its representative capacity, the use and handling of its various resources, and the involvement of Local 521 regarding those subjects. These are all issues with relevance to the above-captioned actions. Moreover, the Court presiding over these matters expressly agreed the Hospitals could seek such discovery in the actions. You understand this fact as your office attended the Case Management Conference where Judge Fogel permitted such discovery (indeed, it appears Mr. Harland – the attorney representing Local 715 who attended that hearing – signed your May 29, 2008 letter on your behalf). Thus, the subject matter of the subpoenas is not objectionable nor is it abusively drawn.

      Second, while the information/documents requested may also have been requested of Petitioner (also your client), that does not permit Local 521 to refuse to respond or produce documents. If the documents requested are not in the custody, control or possession of Local 521, Local 521 must state that fact as to each request where such a response is appropriate. If Local 521 retains responsive documents, it must produce them – regardless of whether or not another entity (whether a party to this litigation or not) also produces the document. Indeed, the fact that Local 521 might have a document which Petitioners also have is, in and of itself, a discoverable and informative fact. Thus, the requests are not abusive or overburdensome.

      Third, your reference that "the Local 715 CBA is set to expire" is not relevant to the pending discovery requests. As your office knows, the Court expressly permitted this discovery and attempts to evade appropriate responses to the requests by unfounded suppositions will not be tolerated by the Court.

BOSTON            JACKSONVILLE      NEW YORK            SAN FRANCISCO     TOKYO
BRUSSELS          LOS ANGELES       ORLANDO             SHANGHAI          WASHINGTON, D.C.
CENTURY CITY      MADISON           SACRAMENTO          SILICON VALLEY
CHICAGO           MIAMI             SAN DIEGO           TALLAHASSEE
DETROIT           MILWAUKEE         SAN DIEGO/DEL MAR   TAMPA

SFCA_1401568.1



**FOLEY**
FOLEY & LARDNER LLP

Andrea Laiacona
June 9, 2008
Page 2

    Fourth, your letter attempts to generally object to the subpoenas as a whole and completely fails to respond to each request in the subpoenas. Indeed, you fail to identify which requests are the subject of your objections. Thus, your objections fail to meet the requirements of Rule 45 of the Federal Rules of Civil Procedure and are not responsive.

    Finally, you appear to object to the subpoenas on the grounds that they seek materials protected by the work-product and attorney-client privilege doctrines. However, again, you fail to identify which requests are the focus of these objections. Rule 45(d)(2) of the Federal Rules of Civil Procedure requires a party who withholds information based on privilege to expressly make the claim and describe the nature of the withheld documents, communications or tangible things in a matter that will enable the parties to assess the claim. You have failed to provide such information.

    We are, of course, willing to work with Local 521 to ensure its timely production of responsive documents. If you are concerned regarding the quantity of responsive documents to the requests, please inform us as to the nature of Local 521's production so that we may address any logistical and/or expense issues that may arise. While we are certainly willing to work with you regarding Local 521's response and production, the Hospitals will insist on an appropriate response and production to each of the requests in the subpoenas[1].

    I look forward to working with you regarding this matter.

            Very truly yours,

            Eileen R. Ridley

---

[1] While the Hospitals served a subpoena on Local 521 in each of the six pending actions, Local 521 need only produce one set of documents which will be deemed to be a production in all actions.