EXHIBIT KK

1    WILLIAM A. SOKOL, Bar No. 072740
     W. DANIEL BOONE, Bar No. 046553
2    BRUCE A. HARLAND, Bar No. 230477
     WEINBERG, ROGER & ROSENFELD
3    A Professional Corporation
     1001 Marina Village Parkway, Suite 200
4    Alameda, California 94501-1091
     Telephone 510.337.1001
5    Fax 510.337.1023

6    Attorneys for Petitioner
     SEIU LOCAL 715

7

8                  UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10

11    SERVICE EMPLOYEES INTERNATIONAL   ) No.    C-08-CV-01727
     UNION, LOCAL 715,   )
12                              ) SEIU LOCAL 715'S RESPONSE TO
            Petitioner,   ) DEFENDANTS' REQUEST FOR
13                              ) PRODUCTION OF DOCUMENTS, SET
         v.   ) ONE
14                              )
     STANFORD HOSPITAL & CLINICS and   )
15    LUCILE PACKARD CHILDREN'S   )
     HOSPITAL,   )
16                              )
           Respondents.   )
17    _____ )

18

19    PROPOUNDING PARTY:               Stanford & Clinics and Lucile Packard Children's
                                         Hospital

20    RESPONDING PARTY:                SEIU, Local 715

21    SET NUMBER:                       One

22          Petitioner SEIU, Local 715 responds to Respondent Stanford & Clincis and Lucile Packard

23    Children's Hospital as follows:

24

25

26

27

28
WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda  94501-1091
510 337 1001

## GENERAL OBJECTIONS TO REQUEST FOR PRODUCTION

1. Petitioner objects to the requests for production, and to each category of information sought, to the extent Respondents purport to require disclosure of information covered by the attorney-client privilege, the work product doctrine, the joint defense privilege, and/or the critical self-analysis privilege.

2. Petitioner objects to the requests for production, and to each category of information sought, to the extent that they call for disclosure of information which would invade the privacy of third persons who are not parties to this litigation.

3. Petitioner objects to the requests for production generally, and to each category of information sought, to the extent that they purport to require Petitioner to conduct an investigation to obtain information beyond its own records, as unduly burdensome and oppressive.

4. Petitioner objects to the request for production, and to each category of information sought, to the extent that they seek confidential, proprietary or trade secret information.

5. Petitioner objects to the requests for production, and to each category of information sought, to the extent that they call for a legal conclusion.

6. The responses/objections herein are made solely for the purposes of this action. Each response is subject to all objections as to competence, relevance, materiality, propriety and admissibility, and to any and all other objections on any grounds which would require the exclusion from evidence of any statement herein, if any request were asked of, or any statement contained herein were made by, a witness present and testifying in court, all of which objections and grounds are expressly reserved so that these may be made at trial.

8. The responses herein are made on the basis of information and writings presently available to and located by Petitioner upon reasonable investigation and inquiry. Because discovery and investigation remain to be completed, there may be other and further information affecting Petitioner's responses/objections to this set of requests for production of which Petitioner, despite reasonable investigation and inquiry, presently is unaware. Defendants is continuing the development of facts and legal issues which are presented in this matter and inquired into by this set of request for production. Petitioner reserves the right to modify its responses/objections herein

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 2 -

SEIU, Local 715's Response to Request for Production of Documents, Set One

1  with such additional information as it may subsequently discover. These responses/objections are

2  made by Petitioner without prejudice to its using or relying at trial on subsequently discovered

3  information, or on information omitted from these responses/objections as a result of good faith

4  oversight of error.

5      9.    Petitioner expressly incorporates each and every objection and reservation listed

6  above into each and every response made below, as though set forth in full.

7                          **REQUESTS FOR PRODUCTION**

8  **REQUEST FOR PRODUCTION NO. 1:**

9      Produce all DOCUMENTS and WRITINGS RELATING TO the identification of counsel

10  representing LOCAL 715 regarding the issues which are the subject of the COMPLAINT.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

12      Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome,

13  onerous and vague and ambiguous as to time and scope. This Request is vague, ambiguous, and

14  unintelligible as it is in reference to include alleged action on behalf of multiple parties and at

15  multiple periods of time, therefore Petitioner cannot provide a complete response to this Request.

16  The Request is vague as to the meaning "identification of counsel representing Local 715 regarding

17  issues which are the subject of the COMPLAINT." Petitioner objects on the ground that this

18  Request exceeds the scope of permissible discovery and is not likely to lead to the discovery of

19  admissible evidence. Petitioner also objects as this Request violates the privacy of third parties and

20  that this information is protected from disclosure by, including but not limited to the attorney client

21  privilege, work product doctrine, the National Labor Relations Act, the First Amendment of the

22  United States Constitution, and on public policy grounds. Petitioner further objects to this Request

23  on the ground that the matter seeks unreasonably to intrude upon the right of privacy to the

24  personal financial affairs of third parties.

25      Discovery is continuing. Petitioner reserves the right to alter, amend, modify and/or

26  supplement this response at a later time, up to and including at the time of trial.

27  **REQUEST FOR PRODUCTION NO. 2:**

28      Produce all DOCUMENTS and WRITINGS RELATING TO the present or future

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510 337 1001

- 3 -

SEIU, Local 715's Response to Request for Production of Documents, Set One

1    representative capacity of LOCAL 715 regarding any employees of RESPONDENT from June 30,

2    2005 to the present.

3    **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

4        Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome,

5    onerous and vague and ambiguous as to time and scope. This Request is vague, ambiguous, and

6    unintelligible as it is in reference to include alleged action on behalf of multiple parties and at

7    multiple periods of time, therefore Petitioner cannot provide a complete response to this Request.

8    This Request is also vague as to the meaning of "present or future representative capacity of Local

9    715 regarding employees of Respondent from June 30, 2005 to the present." Petitioner objects on

10   the ground that this Request exceeds the scope of permissible discovery and is not likely to lead to

11   the discovery of admissible evidence. Petitioner also objects as this Request violates the privacy of

12   third parties and that this information is protected from disclosure by, including but not limited to

13   the attorney client privilege, work product doctrine, the National Labor Relations Act, the First

14   Amendment of the United States Constitution, and on public policy grounds. Petitioner further

15   objects to this Request on the ground that the matter seeks unreasonably to intrude upon the right

16   of privacy to the personal financial affairs of third parties.

17       Discovery is continuing. Petitioner reserves the right to alter, amend, modify and/or

18   supplement this response at a later time, up to and including the time of trial.

19   **REQUEST FOR PRODUCTION NO.3:**

20       Produce all DOCUMENTS and WRITINGS RELATING TO the present or future

21   representative capacity of LOCAL 521, whether by that name or by other reference to the entity

22   which became LOCAL 521 when chartered by SEIU International, regarding any employees of

23   RESPONDENT from June 30, 2005 to the present.

24   **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

25       Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome,

26   onerous and vague and ambiguous as to time and scope. This Request is vague, ambiguous, and

27   unintelligible as it is in reference to include alleged action on behalf of multiple parties and at

28   multiple periods of time, therefore Petitioner cannot provide a complete response to this Request.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 4 -

SEIU, Local 715's Response to Request for Production of Documents, Set One

1  This Request is also vague as to the meaning of "the present or future representative capacity of

2  Local 521, whether by name or by other reference to the entity which became Local 521 when

3  chartered by SEIU, International, regarding any employees of Respondent from June 30, 2005 to

4  present." Petitioner objects on the ground that this Request exceeds the scope of permissible

5  discovery and is not likely to lead to the discovery of admissible evidence. Petitioner also objects

6  as this Request violates the privacy of third parties and that this information is protected from

7  disclosure by, including but not limited to the attorney client privilege, work product doctrine, the

8  National Labor Relations Act, the First Amendment of the United States Constitution, and on

9  public policy grounds. Petitioner further objects to this Request on the ground that the matter

10  seeks unreasonably to intrude upon the right of privacy to the personal financial affairs of third

11  parties.

12      Discovery is continuing. Petitioner reserves the right to alter, amend, modify and/or

13  supplement this response at a later time, up to and including at the time trial.

14  **REQUEST FOR PRODUCTION NO. 4:**

15      Produce all DOCUMENTS and WRITINGS RELATING TO the present or future

16  representative capacity of SEIU-UHW regarding any employees of RESPONDENT from June 30

17  2005 to the present.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

19      Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome,

20  onerous and vague and ambiguous as to time and scope. This Request is vague, ambiguous, and

21  unintelligible as it is in reference to include alleged action on behalf of multiple parties and at

22  multiple periods of time, therefore Petitioner cannot provide a complete response to this Request.

23  This Request is also vague as to the meaning of "the present or future representative capacity of

24  SEIU-UHW regarding any employees of Respondent from June 30, 2005 to present." Petitioner

25  objects on the ground that this Request exceeds the scope of permissible discovery and is not likely

26  to lead to the discovery of admissible evidence. Petitioner also objects as this Request violates the

27  privacy of third parties and that this information is protected from disclosure by, including but not

28  limited to the attorney client privilege, work product doctrine, the National Labor Relations Act,

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 5 -

SEIU, Local 715's Response to Request for Production of Documents, Set One

1   the First Amendment of the United States Constitution, and on public policy grounds. Petitioner

2   further objects to this Request on the ground that the matter seeks unreasonably to intrude upon the

3   right of privacy to the personal financial affairs of third parties. After a diligent search and

4   reasonable inquiry, and without waiving any objections, there are no documents that are responsive

5   to this request.

6          Discovery is continuing. Petitioner reserves the right to alter, amend, modify and/or

7   supplement this response at a later time, up to and including at the time trial.

8   **REQUEST FOR PRODUCTION NO. 5:**

9          Produce all DOCUMENTS and WRITINGS RELATING TO correspondence between

10  YOU and any SEIU International official and/or representative from June 30, 2005 to the present

11  regarding the status of LOCAL 715 (including, without limitation, its existence, its termination

12  and/or its merger with or into another LOCAL, or the transfer by any manner of any of its

13  represented bargaining units to another LOCAL or LOCALS).

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

15         Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome,

16  onerous and vague and ambiguous as to time and scope. This Request is vague, ambiguous, and

17  unintelligible as it is in reference to include alleged action on behalf of multiple parties and at

18  multiple periods of time, therefore Petitioner cannot provide a complete response to this Request.

19  This Request is vague as to the meaning of the "status of Local 715". Petitioner objects on the

20  ground that this Request exceeds the scope of permissible discovery and is not likely to lead to the

21  discovery of admissible evidence. Petitioner also objects as this Request violates the privacy of

22  third parties and that this information is protected from disclosure by, including but not limited to

23  the attorney client privilege, work product doctrine, the National Labor Relations Act, the First

24  Amendment of the United States Constitution, and on public policy grounds. Petitioner further

25  objects to this Request on the ground that the matter seeks unreasonably to intrude upon the right

26  of privacy to the personal financial affairs of third parties.

27         Discovery is continuing. Petitioner reserves the right to alter, amend, modify and/or

28  supplement this response at a later time, up to and including at the time trial.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337 1001

- 6 -

**REQUEST FOR PRODUCTION NO. 6:**

Produce all DOCUMENTS and WRITINGS RELATING TO correspondence between YOU and any SEIU-UHW official and/or representative from June 30, 2005 to the present regarding the status of LOCAL 715 (including, without limitation, its existence, its termination and/or its merger with or into another LOCAL, or the transfer by any manner of its represented bargaining units to another LOCAL or LOCALS).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome, onerous and vague and ambiguous as to time and scope. This Request is vague, ambiguous, and unintelligible as it is in reference to include alleged action on behalf of multiple parties and at multiple periods of time, therefore Petitioner cannot provide a complete response to this Request. Petitioner objects on the ground that this Request exceeds the scope of permissible discovery and is not likely to lead to the discovery of admissible evidence. Petitioner also objects as this Request violates the privacy of third parties and that this information is protected from disclosure by, including but not limited to the attorney client privilege, work product doctrine, the National Labor Relations Act, the First Amendment of the United States Constitution, and on public policy grounds. Petitioner further objects to this Request on the ground that the matter seeks unreasonably to intrude upon the right of privacy to the personal financial affairs of third parties. After a diligent search and reasonable inquiry, and without waiving any objections, there are no documents that are responsive to this request.

Discovery is continuing. Petitioner reserves the right to alter, amend, modify and/or supplement this response at a later time, up to and including at the time trial.

**REQUEST FOR PRODUCTION NO.7:**

Produce all DOCUMENTS and WRITINGS RELATING TO correspondence between YOU and any LOCAL 521 official and/or representative from June 30, 2005 to the present regarding the status of LOCAL 715 (including, without limitation, its existence, its termination and/or its merger with or into another LOCAL, or the transfer by any manner of any of its represented bargaining units to another LOCAL or LOCALS).

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome, onerous and vague and ambiguous as to time and scope. This Request is vague, ambiguous, and unintelligible as it is in reference to include alleged action on behalf of multiple parties and at multiple periods of time, therefore Petitioner cannot provide a complete response to this Request. Petitioner objects on the ground that this Request exceeds the scope of permissible discovery and is not likely to lead to the discovery of admissible evidence. Petitioner also objects as this Request violates the privacy of third parties and that this information is protected from disclosure by, including but not limited to the attorney client privilege, work product doctrine, the National Labor Relations Act, the First Amendment of the United States Constitution, and on public policy grounds. Petitioner further objects to this Request on the ground that the matter seeks unreasonably to intrude upon the right of privacy to the personal financial affairs of third parties. After a diligent search and reasonable inquiry, and without waiving any objections, there are no documents that are responsive to this request.

Discovery is continuing. Petitioner reserves the right to alter, amend, modify and/or supplement this response at a later time, up to and including at the time trial.

**REQUEST FOR PRODUCTION NO. 8:**

Produce all DOCUMENTS and WRITINGS RELATING TO correspondence between YOU and any LOCAL 715 official and/or representative from June 30, 2005 to the present regarding the status of LOCAL 715 (including, without limitation, its existence, its termination and/or its merger with or into another LOCAL, or the transfer by any manner of any of its represented bargaining units to another LOCAL or LOCALS).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome, onerous and vague and ambiguous as to time and scope. This Request is vague, ambiguous, and unintelligible as it is in reference to include alleged action on behalf of multiple parties and at multiple periods of time, therefore Petitioner cannot provide a complete response to this Request. This Request is vague as to the meaning "between YOU and any LOCAL 715 official and/or

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 8 -

SEIU, Local 715's Response to Request for Production of Documents, Set One

1  representative" and as to "the status of LOCAL 715". Petitioner objects on the ground that this

2  Request exceeds the scope of permissible discovery and is not likely to lead to the discovery of

3  admissible evidence. Petitioner also objects as this Request violates the privacy of third parties and

4  that this information is protected from disclosure by, including but not limited to the attorney client

5  privilege, work product doctrine, the National Labor Relations Act, the First Amendment of the

6  United States Constitution, and on public policy grounds. Petitioner further objects to this Request

7  on the ground that the matter seeks unreasonably to intrude upon the right of privacy to the

8  personal financial affairs of third parties.

9       Discovery is continuing. Petitioner reserves the right to alter, amend, modify and/or

10  supplement this response at a later time, up to and including at the time trial.

11  **REQUEST FOR PRODUCTION NO. 9:**

12       Produce all DOCUMENTS and WRITINGS RELATING TO the handling of any funds

13  (including, without limitation, dues payments) RELATING TO LOCAL 715 (including, without

14  limitation, all deposits, payments and transfers of said funds) from January 2007 to the present.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

16       Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome,

17  onerous and vague and ambiguous as to time and scope. This Request is vague, ambiguous, and

18  unintelligible as it is in reference to include alleged action on behalf of multiple parties and at

19  multiple periods of time, therefore Petitioner cannot provide a complete response to this Request.

20  This Request is vague as to the meaning of "handling of any funds". Petitioner objects on the

21  ground that this Request exceeds the scope of permissible discovery and is not likely to lead to the

22  discovery of admissible evidence. Petitioner also objects as this Request violates the privacy of

23  third parties and that this information is protected from disclosure by, including but not limited to

24  the attorney client privilege, work product doctrine, the National Labor Relations Act, the First

25  Amendment of the United States Constitution, and on public policy grounds. Petitioner further

26  objects to this Request on the ground that the matter seeks unreasonably to intrude upon the right

27  of privacy to the personal financial affairs of third parties.

28       Discovery is continuing. Petitioner reserves the right to alter, amend, modify and/or

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510 337 1001

- 9 -

SEIU, Local 715's Response to Request for Production of Documents, Set One

1  supplement this response at a later time, up to and including at the time trial.

2  **REQUEST FOR PRODUCTION NO. 10:**

3      Produce all DOCUMENTS and WRITINGS RELATING TO the affairs and transactions of

4  LOCAL 715 from January 2006 to the present (including, without limitation, all reports and

5  monitoring activities of said affairs and transactions).

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

7      Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome,

8  onerous and vague and ambiguous as to time and scope. This Request is vague, ambiguous, and

9  unintelligible as it is in reference to include alleged action on behalf of multiple parties and at

10  multiple periods of time, therefore Petitioner cannot provide a complete response to this Request.

11  This Request is vague as to the meaning of "affairs and transactions of LOCAL 715" and "all

12  reports and monitoring activities of said affairs and transactions." Petitioner objects on the ground

13  that this Request exceeds the scope of permissible discovery and is not likely to lead to the

14  discovery of admissible evidence. Petitioner also objects as this Request violates the privacy of

15  third parties and that this information is protected from disclosure by, including but not limited to

16  the attorney client privilege, work product doctrine, the National Labor Relations Act, the First

17  Amendment of the United States Constitution, and on public policy grounds. Petitioner further

18  objects to this Request on the ground that the matter seeks unreasonably to intrude upon the right

19  of privacy to the personal financial affairs of third parties.

20      Discovery is continuing. Petitioner reserves the right to alter, amend, modify and/or

21  supplement this response at a later time, up to and including at the time trial.

22  **REQUEST FOR PRODUCTION NO. 11:**

23      Produce all DOCUMENTS and WRITINGS RELATING TO the establishment of a

24  trusteeship for LOCAL 715 from January 2007 to the present.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

26      Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome,

27  onerous and vague and ambiguous as to time and scope. This Request is vague, ambiguous, and

28  unintelligible as it is in reference to include alleged action on behalf of multiple parties and at

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 10 -

SEIU, Local 715's Response to Request for Production of Documents, Set One

1  multiple periods of time, therefore Petitioner cannot provide a complete response to this Request.

2  Petitioner objects on the ground that this Request exceeds the scope of permissible discovery and is

3  not likely to lead to the discovery of admissible evidence.  Petitioner also objects as this Request

4  violates the privacy of third parties and that this information is protected from disclosure by,

5  including but not limited to the attorney client privilege, work product doctrine, the National Labor

6  Relations Act, the First Amendment of the United States Constitution, and on public policy

7  grounds.  Petitioner further objects to this Request on the ground that the matter seeks

8  unreasonably to intrude upon the right of privacy to the personal financial affairs of third parties.

9  Subject to and without waiving any objections, Petitioner produces SEIU0001 to SEIU0009 and

10  SEIU0029 to SEIU0034.

11        Discovery is continuing.  Petitioner reserves the right to alter, amend, modify and/or

12  supplement this response at a later time, up to and including at the time trial.

13  **REQUEST FOR PRODUCTION NO. 12:**

14        Produce all DOCUMENTS and WRITINGS RELATING TO LOCAL 715's website from

15  January 2007 to the present including, without limitation, all links from the website to other sites,

16  all references to LOCAL 715's status (including existence, termination or merger with or into

17  another LOCAL), all references to LOCAL 715's funds, and all references to LOCAL 715's

18  officers and/or trustees. This request specifically includes all versions of LOCAL 715's website

19  during the time period including, without limitation, all changes to the website and the reasons for

20  such changes.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

22        Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome,

23  onerous and vague and ambiguous as to time and scope.  This Request is vague, ambiguous, and

24  unintelligible as it is in reference to include alleged action on behalf of multiple parties and at

25  multiple periods of time, therefore Petitioner cannot provide a complete response to this Request.

26  Petitioner objects on the ground that this Request exceeds the scope of permissible discovery and is

27  not likely to lead to the discovery of admissible evidence.  Petitioner also objects as this Request

28  violates the privacy of third parties and that this information is protected from disclosure by,

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 11 -

SEIU, Local 715's Response to Request for Production of Documents, Set One

1   including but not limited to the attorney client privilege, work product doctrine, the National Labor

2   Relations Act, the First Amendment of the United States Constitution, and on public policy

3   grounds. Petitioner further objects to this Request on the ground that the matter seeks

4   unreasonably to intrude upon the right of privacy to the personal financial affairs of third parties.

5   Finally, the requested documents are equally available to Respondent. Subject to and without

6   waiving any objections, Petitioner produces SEIU0010 to SEIU0019.

7       Discovery is continuing. Petitioner reserves the right to alter, amend, modify and/or

8   supplement this response at a later time, up to and including at the time trial.

9   **REQUEST FOR PRODUCTION NO. 13:**

10      Produce all DOCUMENTS and WRITINGS RELATING TO LOCAL 521's website from

11  January 2007 to the present including, without limitation, all links from the website to other sites,

12  all references to LOCAL 521's status (including its creation, existence, or merger with other

13  LOCALS), all references to LOCAL 52l's funds, and all references to LOCAL 521's officers

14  and/or trustees. This request specifically includes all versions of LOCAL 521's website during the

15  time period including, without limitation, all changes to the website and the reasons for such

16  changes.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

18      Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome,

19  onerous and vague and ambiguous as to time and scope. This Request is vague, ambiguous, and

20  unintelligible as it is in reference to include alleged action on behalf of multiple parties and at

21  multiple periods of time, therefore Petitioner cannot provide a complete response to this Request.

22  Petitioner objects on the ground that this Request exceeds the scope of permissible discovery and is

23  not likely to lead to the discovery of admissible evidence. Petitioner also objects as this Request

24  violates the privacy of third parties and that this information is protected from disclosure by,

25  including but not limited to the attorney client privilege, work product doctrine, the National Labor

26  Relations Act, the First Amendment of the United States Constitution, and on public policy

27  grounds. Petitioner further objects to this Request on the ground that the matter seeks

28  unreasonably to intrude upon the right of privacy to the personal financial affairs of third parties.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 12 -

1   After a diligent search and reasonable inquiry, and without waiving any objections, there are no

2   documents that are responsive to this request.

3       Discovery is continuing.  Petitioner reserves the right to alter, amend, modify and/or

4   supplement this response at a later time, up to and including at the time trial.

5   **REQUEST FOR PRODUCTION NO. 14:**

6       Produce all DOCUMENTS and WRITINGS RELATING TO SEIU-UHW's website from

7   January 1, 2006 to the present including, without limitation, all links from the website to other

8   sites, all references to SEIU-UHW's status in any capacity as representative of any employees of

9   RESPONDENT, and all references to SEIU-UHW's receipt of funds from SEIU-LOCAL 715

10  and/or SEIU-LOCAL 521. This request specifically includes all versions of SEIU-UHW's website

11  during the time period including, without limitation, all changes to the website and the reasons for

12  such changes.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

14      Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome,

15  onerous and vague and ambiguous as to time and scope.  This Request is vague, ambiguous, and

16  unintelligible as it is in reference to include alleged action on behalf of multiple parties and at

17  multiple periods of time, therefore Petitioner cannot provide a complete response to this Request.

18  Petitioner objects on the ground that this Request exceeds the scope of permissible discovery and is

19  not likely to lead to the discovery of admissible evidence.  Petitioner also objects as this Request

20  violates the privacy of third parties and that this information is protected from disclosure by,

21  including but not limited to the attorney client privilege, work product doctrine, the National Labor

22  Relations Act, the First Amendment of the United States Constitution, and on public policy

23  grounds.  Petitioner further objects to this Request on the ground that the matter seeks

24  unreasonably to intrude upon the right of privacy to the personal financial affairs of third parties.

25  After a diligent search and reasonable inquiry, and without waiving any objections, there are no

26  documents that are responsive to this request.

27      Discovery is continuing.  Petitioner reserves the right to alter, amend, modify and/or

28  supplement this response at a later time, up to and including at the time trial.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 13 -

SEIU, Local 715's Response to Request for Production of Documents, Set One

**REQUEST FOR PRODUCTION NO. 15:**

Produce all DOCUMENTS and WRITINGS RELATING TO any correspondence between YOU and LOCAL 715 regarding LOCAL 715's website and/or any changes thereto from January 1, 2007 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome, onerous and vague and ambiguous as to time and scope. This Request is vague, ambiguous, and unintelligible as it is in reference to include alleged action on behalf of multiple parties and at multiple periods of time, therefore Petitioner cannot provide a complete response to this Request. This Request is vague as to the meaning of "correspondence between YOU and LOCAL 715 regarding LOCAL 715's website and/or any changes thereto from January 1, 2007 to the present." Petitioner objects on the ground that this Request exceeds the scope of permissible discovery and is not likely to lead to the discovery of admissible evidence. Petitioner also objects as this Request violates the privacy of third parties and that this information is protected from disclosure by, including but not limited to the attorney client privilege, work product doctrine, the National Labor Relations Act, the First Amendment of the United States Constitution, and on public policy grounds. Petitioner further objects to this Request on the ground that the matter seeks unreasonably to intrude upon the right of privacy to the personal financial affairs of third parties.

Discovery is continuing. Petitioner reserves the right to alter, amend, modify and/or supplement this response at a later time, up to and including at the time trial.

**REQUEST FOR PRODUCTION NO. 16:**

Produce all DOCUMENTS and WRITINGS RELATING TO any correspondence between YOU and LOCAL 521 regarding LOCAL 521's website and/or changes thereto from January 1, 2007 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome, onerous and vague and ambiguous as to time and scope. This Request is vague, ambiguous, and unintelligible as it is in reference to include alleged action on behalf of multiple parties and at

1  multiple periods of time, therefore Petitioner cannot provide a complete response to this Request.

2  Petitioner objects on the ground that this Request exceeds the scope of permissible discovery and is

3  not likely to lead to the discovery of admissible evidence. Petitioner also objects as this Request

4  violates the privacy of third parties and that this information is protected from disclosure by,

5  including but not limited to the attorney client privilege, work product doctrine, the National Labor

6  Relations Act, the First Amendment of the United States Constitution, and on public policy

7  grounds. Petitioner further objects to this Request on the ground that the matter seeks

8  unreasonably to intrude upon the right of privacy to the personal financial affairs of third parties.

9       Discovery is continuing. Petitioner reserves the right to alter, amend, modify and/or

10  supplement this response at a later time, up to and including at the time trial.

11  **REQUEST FOR PRODUCTION NO. 17:**

12       Produce all DOCUMENTS and WRITINGS RELATING TO any correspondence between

13  YOU and SEIU-UHW regarding SEIU-UHW's website and/or changes thereto from January 2006

14  to the present.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

16       Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome,

17  onerous and vague and ambiguous as to time and scope. This Request is vague, ambiguous, and

18  unintelligible as it is in reference to include alleged action on behalf of multiple parties and at

19  multiple periods of time, therefore Petitioner cannot provide a complete response to this Request.

20  Petitioner objects on the ground that this Request exceeds the scope of permissible discovery and is

21  not likely to lead to the discovery of admissible evidence. Petitioner also objects as this Request

22  violates the privacy of third parties and that this information is protected from disclosure by,

23  including but not limited to the attorney client privilege, work product doctrine, the National Labor

24  Relations Act, the First Amendment of the United States Constitution, and on public policy

25  grounds. Petitioner further objects to this Request on the ground that the matter seeks

26  unreasonably to intrude upon the right of privacy to the personal financial affairs of third parties.

27  After a diligent search and reasonable inquiry, and without waiving any objections, there are no

28  documents that are responsive to this request.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510 337 1001

- 15 -

1  Discovery is continuing.  Petitioner reserves the right to alter, amend, modify and/or

2  supplement this response at a later time, up to and including at the time trial.

3  **REQUEST FOR PRODUCTION NO. 18:**

4  Produce all DOCUMENTS and WRITINGS RELATING TO any Servicing Agreement

5  between LOCAL 715 and SEIU-UHW.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

7  Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome,

8  onerous and vague and ambiguous as to time and scope.  This Request is vague, ambiguous, and

9  unintelligible as it is in reference to include alleged action on behalf of multiple parties and at

10  multiple periods of time, therefore Petitioner cannot provide a complete response to this Request.

11  Petitioner objects on the ground that this Request exceeds the scope of permissible discovery and is

12  not likely to lead to the discovery of admissible evidence.  Petitioner also objects as this Request

13  violates the privacy of third parties and that this information is protected from disclosure by,

14  including but not limited to the attorney client privilege, work product doctrine, the National Labor

15  Relations Act, the First Amendment of the United States Constitution, and on public policy

16  grounds.  Petitioner further objects to this Request on the ground that the matter seeks

17  unreasonably to intrude upon the right of privacy to the personal financial affairs of third parties.

18  Subject to and without waiving any objections, Petitioner produces SEIU0020 to SEIU0027.

19  Discovery is continuing.  Petitioner reserves the right to alter, amend, modify and/or

20  supplement this response at a later time, up to and including at the time trial.

21  **REQUEST FOR PRODUCTION NO. 19:**

22  Produce all DOCUMENTS and WRITINGS RELATING TO any Servicing Agreement

23  between LOCAL 715 and SEIU LOCAL 1877 or its successors or affiliated LOCALS.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

25  Petitioner objects to this Request on the grounds that is it overbroad, unduly

26  burdensome, onerous and vague and ambiguous as to time and scope.  This Request is vague,

27  ambiguous, and unintelligible as it is in reference to include alleged action on behalf of multiple

28  parties and at multiple periods of time, therefore Petitioner cannot provide a complete response to

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 16 -

SEIU, Local 715's Response to Request for Production of Documents, Set One

1   this Request. Petitioner objects on the ground that this Request exceeds the scope of permissible

2   discovery and is not likely to lead to the discovery of admissible evidence. Petitioner also objects

3   as this Request violates the privacy of third parties and that this information is protected from

4   disclosure by, including but not limited to the attorney client privilege, work product doctrine, the

5   National Labor Relations Act, the First Amendment of the United States Constitution, and on

6   public policy grounds. Petitioner further objects to this Request on the ground that the matter

7   seeks unreasonably to intrude upon the right of privacy to the personal financial affairs of third

8   parties.

9           Discovery is continuing. Petitioner reserves the right to alter, amend, modify and/or

10   supplement this response at a later time, up to and including at the time trial.

11   **REQUEST FOR PRODUCTION NO. 20:**

12           Produce all DOCUMENTS and WRITINGS RELATING TO Weinberg, Roger &

13   Rosenfeld's representation of LOCAL 715 from January 2006 to the present. This request does not

14   seek production of DOCUMENTS and WRITINGS concerning counsel's advice but merely seeks

15   production of DOCUMENTS and WRITINGS RELATING TO Weinberg, Roger & Rosenfeld's

16   retention to represent LOCAL 715.

17   **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

18           Petitioner objects to this Request on the grounds that is it overbroad, unduly

19   burdensome, onerous and vague and ambiguous as to time and scope. This Request is vague,

20   ambiguous, and unintelligible as it is in reference to include alleged action on behalf of multiple

21   parties and at multiple periods of time, therefore Petitioner cannot provide a complete response to

22   this Request. Petitioner objects on the ground that this Request exceeds the scope of permissible

23   discovery and is not likely to lead to the discovery of admissible evidence. Petitioner also objects

24   as this Request violates the privacy of third parties and that this information is protected from

25   disclosure by, including but not limited to the attorney client privilege, work product doctrine, the

26   National Labor Relations Act, the First Amendment of the United States Constitution, and on

27   public policy grounds. Petitioner further objects to this Request on the ground that the matter

28   seeks unreasonably to intrude upon the right of privacy to the personal financial affairs of third

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 17 -

SEIU, Local 715's Response to Request for Production of Documents, Set One

1  parties.

2  Discovery is continuing. Petitioner reserves the right to alter, amend, modify and/or

3  supplement this response at a later time, up to and including at the time trial.

4  **REQUEST FOR PRODUCTION NO. 21:**

5  Produce all DOCUMENTS and WRITINGS RELATING TO Altshuler Berzon LLP's

6  representation of LOCAL 715 from January 2007 to the present. This request does not seek

7  production of DOCUMENTS and WRITINGS concerning counsel's advice but merely seeks

8  production of DOCUMENTS and WRITINGS RELATING TO Altshuler Berzon's retention to

9  represent LOCAL 715.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

11  Petitioner objects to this Request on the grounds that is it overbroad, unduly

12  burdensome, onerous and vague and ambiguous as to time and scope. This Request is vague,

13  ambiguous, and unintelligible as it is in reference to include alleged action on behalf of multiple

14  parties and at multiple periods of time, therefore Petitioner cannot provide a complete response to

15  this Request. Petitioner objects on the ground that this Request exceeds the scope of permissible

16  discovery and is not likely to lead to the discovery of admissible evidence. Petitioner also objects

17  as this Request violates the privacy of third parties and that this information is protected from

18  disclosure by, including but not limited to the attorney client privilege, work product doctrine, the

19  National Labor Relations Act, the First Amendment of the United States Constitution, and on

20  public policy grounds. Petitioner further objects to this Request on the ground that the matter

21  seeks unreasonably to intrude upon the right of privacy to the personal financial affairs of third

22  parties.

23  Discovery is continuing. Petitioner reserves the right to alter, amend, modify and/or

24  supplement this response at a later time, up to and including at the time trial.

25  **REQUEST FOR PRODUCTION NO. 22:**

26  Produce all DOCUMENTS and WRITINGS RELATING TO YOUR receipt of funds from

27  SEIU-LOCAL 715.

28  **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 18 -

SEIU, Local 715's Response to Request for Production of Documents, Set One

1    Petitioner objects to this Request on the grounds that is it overbroad, unduly

2  burdensome, onerous and vague and ambiguous as to time and scope.  This Request is vague,

3  ambiguous, and unintelligible as it is in reference to include alleged action on behalf of multiple

4  parties and at multiple periods of time, therefore Petitioner cannot provide a complete response to

5  this Request.  This Request is vague as to the meaning of "receipt of funds from SEIU-LOCAL

6  715."  Petitioner objects on the ground that this Request exceeds the scope of permissible

7  discovery and is not likely to lead to the discovery of admissible evidence.  Petitioner also objects

8  as this Request violates the privacy of third parties and that this information is protected from

9  disclosure by, including but not limited to the attorney client privilege, work product doctrine, the

10  National Labor Relations Act, the First Amendment of the United States Constitution, and on

11  public policy grounds.  Petitioner further objects to this Request on the ground that the matter

12  seeks unreasonably to intrude upon the right of privacy to the personal financial affairs of third

13  parties.  After a diligent search and reasonable inquiry, and without waiving any objections, there

14  are no documents that are responsive to this request.

15    Discovery is continuing.  Petitioner reserves the right to alter, amend, modify and/or

16  supplement this response at a later time, up to and including at the time trial.

17  **REQUEST FOR PRODUCTION NO. 23:**

18    Produce all DOCUMENTS and WRITINGS RELATING TO YOUR receipt of funds from

19  SEIU-LOCAL 521.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

21    Petitioner objects to this Request on the grounds that is it overbroad, unduly

22  burdensome, onerous and vague and ambiguous as to time and scope.  This Request is vague,

23  ambiguous, and unintelligible as it is in reference to include alleged action on behalf of multiple

24  parties and at multiple periods of time, therefore Petitioner cannot provide a complete response to

25  this Request.  This request is vague as to the meaning of "receipt of funds".  Petitioner objects on

26  the ground that this Request exceeds the scope of permissible discovery and is not likely to lead to

27  the discovery of admissible evidence.  Petitioner also objects as this Request violates the privacy of

28  third parties and that this information is protected from disclosure by, including but not limited to

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 19 -

1  the attorney client privilege, work product doctrine, the National Labor Relations Act, the First

2  Amendment of the United States Constitution, and on public policy grounds.  Petitioner further

3  objects to this Request on the ground that the matter seeks unreasonably to intrude upon the right

4  of privacy to the personal financial affairs of third parties.

5      Discovery is continuing.  Petitioner reserves the right to alter, amend, modify and/or

6  supplement this response at a later time, up to and including at the time trial.

7  **REQUEST FOR PRODUCTION NO. 24:**

8      Produce all DOCUMENTS and WRITINGS RELATING TO LOCAL 715's transfer and/or

9  payment of funds to SEIU-UHW.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

11      Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome,

12  onerous and vague and ambiguous as to time and scope.  This Request is vague, ambiguous, and

13  unintelligible as it is in reference to include alleged action on behalf of multiple parties and at

14  multiple periods of time, therefore Petitioner cannot provide a complete response to this Request.

15  This Request is vague as to the "transfer and/or payment of funds".  Petitioner objects on the

16  ground that this Request exceeds the scope of permissible discovery and is not likely to lead to the

17  discovery of admissible evidence.  Petitioner also objects as this Request violates the privacy of

18  third parties and that this information is protected from disclosure by, including but not limited to

19  the attorney client privilege, work product doctrine, the National Labor Relations Act, the First

20  Amendment of the United States Constitution, and on public policy grounds.  Petitioner further

21  objects to this Request on the ground that the matter seeks unreasonably to intrude upon the right

22  of privacy to the personal financial affairs of third parties.

23      Discovery is continuing.  Petitioner reserves the right to alter, amend, modify and/or

24  supplement this response at a later time, up to and including at the time trial.

25  **REQUEST FOR PRODUCTION NO. 25:**

26      Produce all DOCUMENTS and WRITINGS RELATING TO LOCAL 521's transfer and/or

27  payment of funds to SEIU-UHW.

28  **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510 337 1001

1   Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome,

2   onerous and vague and ambiguous as to time and scope.  This Request is vague, ambiguous, and

3   unintelligible as it is in reference to include alleged action on behalf of multiple parties and at

4   multiple periods of time, therefore Petitioner cannot provide a complete response to this Request.

5   Petitioner objects on the ground that this Request exceeds the scope of permissible discovery and is

6   not likely to lead to the discovery of admissible evidence.  Petitioner also objects as this Request

7   violates the privacy of third parties and that this information is protected from disclosure by,

8   including but not limited to the attorney client privilege, work product doctrine, the National Labor

9   Relations Act, the First Amendment of the United States Constitution, and on public policy

10  grounds.  Petitioner further objects to this Request on the ground that the matter seeks

11  unreasonably to intrude upon the right of privacy to the personal financial affairs of third parties.

12  After a diligent search and reasonable inquiry, and without waiving any objections, there are no

13  documents that are responsive to this request.

14  Discovery is continuing.  Petitioner reserves the right to alter, amend, modify and/or

15  supplement this response at a later time, up to and including at the time trial.

16  **REQUEST FOR PRODUCTION NO. 26:**

17  Produce all DOCUMENTS and WRITINGS RELATING TO LOCAL 521's transfer and/or

18  payment of funds to SEIU LOCAL 1877 or its successor or affiliated LOCALS.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

20  Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome,

21  onerous and vague and ambiguous as to time and scope.  This Request is vague, ambiguous, and

22  unintelligible as it is in reference to include alleged action on behalf of multiple parties and at

23  multiple periods of time, therefore Petitioner cannot provide a complete response to this Request.

24  Petitioner objects on the ground that this Request exceeds the scope of permissible discovery and is

25  not likely to lead to the discovery of admissible evidence.  Petitioner also objects as this Request

26  violates the privacy of third parties and that this information is protected from disclosure by,

27  including but not limited to the attorney client privilege, work product doctrine, the National Labor

28  Relations Act, the First Amendment of the United States Constitution, and on public policy

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 21 -

SEIU, Local 715's Response to Request for Production of Documents, Set One

1   grounds. Petitioner further objects to this Request on the ground that the matter seeks

2   unreasonably to intrude upon the right of privacy to the personal financial affairs of third parties.

3   After a diligent search and reasonable inquiry, and without waiving any objections, there are no

4   documents that are responsive to this request.

5       Discovery is continuing. Petitioner reserves the right to alter, amend, modify and/or

6   supplement this response at a later time, up to and including at the time trial.

7   **REQUEST FOR PRODUCTION NO. 27:**

8       Produce all DOCUMENTS and WRITINGS RELATING TO any exchange of funds

9   between LOCAL 715 and LOCAL 521 (including, without limitation, any transfer of funds,

10  payment of funds and/or receipt of funds).

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

12      Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome,

13  onerous and vague and ambiguous as to time and scope. This Request is vague, ambiguous, and

14  unintelligible as it is in reference to include alleged action on behalf of multiple parties and at

15  multiple periods of time, therefore Petitioner cannot provide a complete response to this Request.

16  This Request is vague as to the meaning of "exchange of funds". Petitioner objects on the ground

17  that this Request exceeds the scope of permissible discovery and is not likely to lead to the

18  discovery of admissible evidence. Petitioner also objects as this Request violates the privacy of

19  third parties and that this information is protected from disclosure by, including but not limited to

20  the attorney client privilege, work product doctrine, the National Labor Relations Act, the First

21  Amendment of the United States Constitution, and on public policy grounds. Petitioner further

22  objects to this Request on the ground that the matter seeks unreasonably to intrude upon the right

23  of privacy to the personal financial affairs of third parties.

24      Discovery is continuing. Petitioner reserves the right to alter, amend, modify and/or

25  supplement this response at a later time, up to and including at the time trial.

26  **REQUEST FOR PRODUCTION NO. 28:**

27      Produce all DOCUMENTS and WRITINGS RELATING TO all notices of Executive

28  Board meetings and/or Special Executive Board meetings for LOCAL 715 between July 1, 2005 and

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 22 -

SEIU, Local 715's Response to Request for Production of Documents, Set One

1  June 9, 2007.

2  **RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

3      Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome,

4  onerous and vague and ambiguous as to time and scope.  This Request is vague, ambiguous, and

5  unintelligible as it is in reference to include alleged action on behalf of multiple parties and at

6  multiple periods of time, therefore Petitioner cannot provide a complete response to this Request.

7  This Request is vague as to the meaning of "all notices of Executive Board meetings and/or Special

8  Executive Board meetings".  Petitioner objects on the ground that this Request exceeds the scope

9  of permissible discovery and is not likely to lead to the discovery of admissible evidence.

10  Petitioner also objects as this Request violates the privacy of third parties and that this information

11  is protected from disclosure by, including but not limited to the attorney client privilege, work

12  product doctrine, the National Labor Relations Act, the First Amendment of the United States

13  Constitution, and on public policy grounds.  Petitioner further objects to this Request on the ground

14  that the matter seeks unreasonably to intrude upon the right of privacy to the personal financial

15  affairs of third parties.

16      Discovery is continuing.  Petitioner reserves the right to alter, amend, modify and/or

17  supplement this response at a later time, up to and including at the time trial.

18  **REQUEST FOR PRODUCTION NO. 29:**

19      Produce all DOCUMENTS and WRITINGS RELATING TO all notices of Executive

20  Board meetings and/or Special Executive Board meetings for LOCAL 521 between July 1, 2006 and

21  June 9, 2007.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

23      Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome,

24  onerous and vague and ambiguous as to time and scope.  This Request is vague, ambiguous, and

25  unintelligible as it is in reference to include alleged action on behalf of multiple parties and at

26  multiple periods of time, therefore Petitioner cannot provide a complete response to this Request.

27  Petitioner objects on the ground that this Request exceeds the scope of permissible discovery and is

28  not likely to lead to the discovery of admissible evidence.  Petitioner also objects as this Request

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 23 -

SEIU, Local 715's Response to Request for Production of Documents, Set One

1   violates the privacy of third parties and that this information is protected from disclosure by,

2   including but not limited to the attorney client privilege, work product doctrine, the National Labor

3   Relations Act, the First Amendment of the United States Constitution, and on public policy

4   grounds.  Petitioner further objects to this Request on the ground that the matter seeks

5   unreasonably to intrude upon the right of privacy to the personal financial affairs of third parties.

6   After a diligent search and reasonable inquiry, and without waiving any objections, there are no

7   documents that are responsive to this request.

8        Discovery is continuing.  Petitioner reserves the right to alter, amend, modify and/or

9   supplement this response at a later time, up to and including at the time trial.

10  **REQUEST FOR PRODUCTION NO. 30:**

11       Produce all DOCUMENTS and WRITINGS RELATING TO all notices of Executive

12  Board meetings and/or Special Executive Board meetings for SEIU-UHW between July 1, 2005

13  and June 9, 2007 which reference in any manner the representation of any employees of

14  RESPONDENT.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

16       Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome,

17  onerous and vague and ambiguous as to time and scope.  This Request is vague, ambiguous, and

18  unintelligible as it is in reference to include alleged action on behalf of multiple parties and at

19  multiple periods of time, therefore Petitioner cannot provide a complete response to this Request.

20  Petitioner objects on the ground that this Request exceeds the scope of permissible discovery and is

21  not likely to lead to the discovery of admissible evidence.  Petitioner also objects as this Request

22  violates the privacy of third parties and that this information is protected from disclosure by,

23  including but not limited to the attorney client privilege, work product doctrine, the National Labor

24  Relations Act, the First Amendment of the United States Constitution, and on public policy

25  grounds.  Petitioner further objects to this Request on the ground that the matter seeks

26  unreasonably to intrude upon the right of privacy to the personal financial affairs of third parties.

27  After a diligent search and reasonable inquiry, and without waiving any objections, there are no

28  documents that are responsive to this request.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510 337 1001

- 24 -

SEIU, Local 715's Response to Request for Production of Documents, Set One

1   Discovery is continuing. Petitioner reserves the right to alter, amend, modify and/or

2   supplement this response at a later time, up to and including at the time trial.

3   **REQUEST FOR PRODUCTION NO. 31:**

4   Produce all DOCUMENTS and WRITINGS RELATING TO all minutes of Executive

5   Board meetings for LOCAL 715 held between July 1, 2005 and June 9, 2007 including, without

6   limitation, a list of those in attendance and those not in attendance at said meetings.

7   **RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

8   Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome,

9   onerous and vague and ambiguous as to time and scope. This Request is vague, ambiguous, and

10   unintelligible as it is in reference to include alleged action on behalf of multiple parties and at

11   multiple periods of time, therefore Petitioner cannot provide a complete response to this Request.

12   Petitioner objects on the ground that this Request exceeds the scope of permissible discovery and is

13   not likely to lead to the discovery of admissible evidence. Petitioner also objects as this Request

14   violates the privacy of third parties and that this information is protected from disclosure by,

15   including but not limited to the attorney client privilege, work product doctrine, the National Labor

16   Relations Act, the First Amendment of the United States Constitution, and on public policy

17   grounds. Petitioner further objects to this Request on the ground that the matter seeks

18   unreasonably to intrude upon the right of privacy to the personal financial affairs of third parties.

19   Discovery is continuing. Petitioner reserves the right to alter, amend, modify and/or

20   supplement this response at a later time, up to and including at the time trial.

21   **REQUEST FOR PRODUCTION NO. 32:**

22   Produce all DOCUMENTS and WRITINGS RELATING TO all minutes of Executive

23   Board meetings for LOCAL 521 held between July 1, 2006 and June 9, 2007 including, without

24   limitation, a list of those in attendance and those not in attendance at said meetings.

25   **RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

26   Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome,

27   onerous and vague and ambiguous as to time and scope. This Request is vague, ambiguous, and

28   unintelligible as it is in reference to include alleged action on behalf of multiple parties and at

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 25 -

SEIU, Local 715's Response to Request for Production of Documents, Set One

1  multiple periods of time, therefore Petitioner cannot provide a complete response to this Request.

2  Petitioner objects on the ground that this Request exceeds the scope of permissible discovery and is

3  not likely to lead to the discovery of admissible evidence. Petitioner also objects as this Request

4  violates the privacy of third parties and that this information is protected from disclosure by,

5  including but not limited to the attorney client privilege, work product doctrine, the National Labor

6  Relations Act, the First Amendment of the United States Constitution, and on public policy

7  grounds. Petitioner further objects to this Request on the ground that the matter seeks

8  unreasonably to intrude upon the right of privacy to the personal financial affairs of third parties.

9  After a diligent search and reasonable inquiry, and without waiving any objections, there are no

10  documents that are responsive to this request.

11       Discovery is continuing. Petitioner reserves the right to alter, amend, modify and/or

12  supplement this response at a later time, up to and including at the time trial.

13  **REQUEST FOR PRODUCTION NO. 33:**

14       Produce all DOCUMENTS and WRITINGS RELATING TO all minutes of Executive

15  Board meetings for SEIU-UHW held between July 1, 2005 and June 9, 2007 which reference in

16  any manner the representation of any employees of RESPONDENT including, without limitation,

17  a list of those in attendance and those not in attendance at said meetings.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

19       Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome,

20  onerous and vague and ambiguous as to time and scope. This Request is vague, ambiguous, and

21  unintelligible as it is in reference to include alleged action on behalf of multiple parties and at

22  multiple periods of time, therefore Petitioner cannot provide a complete response to this Request.

23  Petitioner objects on the ground that this Request exceeds the scope of permissible discovery and is

24  not likely to lead to the discovery of admissible evidence. Petitioner also objects as this Request

25  violates the privacy of third parties and that this information is protected from disclosure by,

26  including but not limited to the attorney client privilege, work product doctrine, the National Labor

27  Relations Act, the First Amendment of the United States Constitution, and on public policy

28  grounds. Petitioner further objects to this Request on the ground that the matter seeks

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 26 -

SEIU, Local 715's Response to Request for Production of Documents, Set One

1   unreasonably to intrude upon the right of privacy to the personal financial affairs of third parties.

2   After a diligent search and reasonable inquiry, and without waiving any objections, there are no

3   documents that are responsive to this request.

4       Discovery is continuing.  Petitioner reserves the right to alter, amend, modify and/or

5   supplement this response at a later time, up to and including at the time trial.

6   **REQUEST FOR PRODUCTION NO. 34:**

7       Produce all DOCUMENTS and WRITINGS RELATING TO LOCAL 715's annual budget

8   and/or budgets covering and/or applicable to calendar year 2007 or any portion thereof.

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

10      Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome,

11  onerous and vague and ambiguous as to time and scope.  This Request is vague, ambiguous, and

12  unintelligible as it is in reference to include alleged action on behalf of multiple parties and at

13  multiple periods of time, therefore Petitioner cannot provide a complete response to this Request.

14  This Request is vague as to the meaning of "annual budget and/or budgets".  Petitioner objects on

15  the ground that this Request exceeds the scope of permissible discovery and is not likely to lead to

16  the discovery of admissible evidence.  Petitioner also objects as this Request violates the privacy of

17  third parties and that this information is protected from disclosure by, including but not limited to

18  the attorney client privilege, work product doctrine, the National Labor Relations Act, the First

19  Amendment of the United States Constitution, and on public policy grounds.  Petitioner further

20  objects to this Request on the ground that the matter seeks unreasonably to intrude upon the right

21  of privacy to the personal financial affairs of third parties.

22      Discovery is continuing.  Petitioner reserves the right to alter, amend, modify and/or

23  supplement this response at a later time, up to and including at the time trial.

24  **REQUEST FOR PRODUCTION NO. 35:**

25      Produce all DOCUMENTS and WRITINGS RELATING TO LOCAL 521's annual budget

26  and/or budgets covering and/or applicable to calendar year 2007 or any portion thereof.

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

28      Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome,

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

1  onerous and vague and ambiguous as to time and scope. This Request is vague, ambiguous, and

2  unintelligible as it is in reference to include alleged action on behalf of multiple parties and at

3  multiple periods of time, therefore Petitioner cannot provide a complete response to this Request.

4  Petitioner objects on the ground that this Request exceeds the scope of permissible discovery and is

5  not likely to lead to the discovery of admissible evidence. Petitioner also objects as this Request

6  violates the privacy of third parties and that this information is protected from disclosure by,

7  including but not limited to the attorney client privilege, work product doctrine, the National Labor

8  Relations Act, the First Amendment of the United States Constitution, and on public policy

9  grounds. Petitioner further objects to this Request on the ground that the matter seeks

10  unreasonably to intrude upon the right of privacy to the personal financial affairs of third parties.

11  After a diligent search and reasonable inquiry, and without waiving any objections, there are no

12  documents that are responsive to this request.

13     Discovery is continuing. Petitioner reserves the right to alter, amend, modify and/or

14  supplement this response at a later time, up to and including at the time trial.

15  **REQUEST FOR PRODUCTION NO. 36:**

16     Produce all DOCUMENTS and WRITINGS RELATING TO SEIU-UHW's annual budget

17  and/or budgets covering and/or applicable to calendar years 2007 and 2008 or any portion thereof.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

19     Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome,

20  onerous and vague and ambiguous as to time and scope. This Request is vague, ambiguous, and

21  unintelligible as it is in reference to include alleged action on behalf of multiple parties and at

22  multiple periods of time, therefore Petitioner cannot provide a complete response to this Request.

23  Petitioner objects on the ground that this Request exceeds the scope of permissible discovery and is

24  not likely to lead to the discovery of admissible evidence. Petitioner also objects as this Request

25  violates the privacy of third parties and that this information is protected from disclosure by,

26  including but not limited to the attorney client privilege, work product doctrine, the National Labor

27  Relations Act, the First Amendment of the United States Constitution, and on public policy

28  grounds. Petitioner further objects to this Request on the ground that the matter seeks

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 28 -

SEIU, Local 715's Response to Request for Production of Documents, Set One

1   unreasonably to intrude upon the right of privacy to the personal financial affairs of third parties.

2   After a diligent search and reasonable inquiry, and without waiving any objections, there are no

3   documents that are responsive to this request.

4       Discovery is continuing.  Petitioner reserves the right to alter, amend, modify and/or

5   supplement this response at a later time, up to and including at the time trial.

6   **REQUEST FOR PRODUCTION NO. 37:**

7       Produce all DOCUMENTS and WRITINGS RELATING TO all minutes of any general

8   membership meetings for LOCAL 715 (including, without limitation, all regular and special

9   general membership meetings) held between July 1, 2005 and June 9, 2007.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

11      Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome,

12  onerous and vague and ambiguous as to time and scope.  This Request is vague, ambiguous, and

13  unintelligible as it is in reference to include alleged action on behalf of multiple parties and at

14  multiple periods of time, therefore Petitioner cannot provide a complete response to this Request.

15  Petitioner objects on the ground that this Request exceeds the scope of permissible discovery and is

16  not likely to lead to the discovery of admissible evidence.  Petitioner also objects as this Request

17  violates the privacy of third parties and that this information is protected from disclosure by,

18  including but not limited to the attorney client privilege, work product doctrine, the National Labor

19  Relations Act, the First Amendment of the United States Constitution, and on public policy

20  grounds.  Petitioner further objects to this Request on the ground that the matter seeks

21  unreasonably to intrude upon the right of privacy to the personal financial affairs of third parties.

22      Discovery is continuing.  Petitioner reserves the right to alter, amend, modify and/or

23  supplement this response at a later time, up to and including at the time trial.

24  **REQUEST FOR PRODUCTION NO. 38:**

25      Produce all DOCUMENTS and WRITINGS RELATING TO all minutes of any general

26  membership meetings for LOCAL 521 (including, without limitation, all regular and special

27  general membership meetings) held between January 1, 2007 and June 9, 2007.

28  **RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

SEIU, Local 715's Response to Request for Production of Documents, Set One

1    Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome,

2    onerous and vague and ambiguous as to time and scope. This Request is vague, ambiguous, and

3    unintelligible as it is in reference to include alleged action on behalf of multiple parties and at

4    multiple periods of time, therefore Petitioner cannot provide a complete response to this Request.

5    Petitioner objects on the ground that this Request exceeds the scope of permissible discovery and is

6    not likely to lead to the discovery of admissible evidence. Petitioner also objects as this Request

7    violates the privacy of third parties and that this information is protected from disclosure by,

8    including but not limited to the attorney client privilege, work product doctrine, the National Labor

9    Relations Act, the First Amendment of the United States Constitution, and on public policy

10   grounds. Petitioner further objects to this Request on the ground that the matter seeks

11   unreasonably to intrude upon the right of privacy to the personal financial affairs of third parties.

12   After a diligent search and reasonable inquiry, and without waiving any objections, there are no

13   documents that are responsive to this request.

14    Discovery is continuing. Petitioner reserves the right to alter, amend, modify and/or

15   supplement this response at a later time, up to and including at the time trial.

16   **REQUEST FOR PRODUCTION NO. 39:**

17    Produce all DOCUMENTS and WRITINGS RELATING TO all minutes of any general

18   membership meetings for SEIU-UHW (including, without limitation, all regular and special general

19   membership meetings) which reference in any manner the representation of any employees of

20   RESPONDENT and were held between July 1, 2005 and June 9, 2007.

21   **RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

22    Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome,

23   onerous and vague and ambiguous as to time and scope. This Request is vague, ambiguous, and

24   unintelligible as it is in reference to include alleged action on behalf of multiple parties and at

25   multiple periods of time, therefore Petitioner cannot provide a complete response to this Request.

26   Petitioner objects on the ground that this Request exceeds the scope of permissible discovery and is

27   not likely to lead to the discovery of admissible evidence. Petitioner also objects as this Request

28   violates the privacy of third parties and that this information is protected from disclosure by,

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 30 -

SEIU, Local 715's Response to Request for Production of Documents, Set One

1    including but not limited to the attorney client privilege, work product doctrine, the National Labor

2    Relations Act, the First Amendment of the United States Constitution, and on public policy

3    grounds. Petitioner further objects to this Request on the ground that the matter seeks

4    unreasonably to intrude upon the right of privacy to the personal financial affairs of third parties.

5    After a diligent search and reasonable inquiry, and without waiving any objections, there are no

6    documents that are responsive to this request.

7         Discovery is continuing. Petitioner reserves the right to alter, amend, modify and/or

8    supplement this response at a later time, up to and including at the time trial.

9    **REQUEST FOR PRODUCTION NO. 40:**

10        Produce all DOCUMENTS and WRITINGS RELATING TO all bank records of LOCAL

11   715 showing all dues receipts deposits in accounts held by LOCAL 715 from January 2006 to the

12   present.

13   **RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

14        Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome,

15   onerous and vague and ambiguous as to time and scope. This Request is vague, ambiguous, and

16   unintelligible as it is in reference to include alleged action on behalf of multiple parties and at

17   multiple periods of time, therefore Petitioner cannot provide a complete response to this Request.

18   Petitioner objects on the ground that this Request exceeds the scope of permissible discovery and is

19   not likely to lead to the discovery of admissible evidence. Petitioner also objects as this Request

20   violates the privacy of third parties and that this information is protected from disclosure by,

21   including but not limited to the attorney client privilege, work product doctrine, the National Labor

22   Relations Act, the First Amendment of the United States Constitution, and on public policy

23   grounds. Petitioner further objects to this Request on the ground that the matter seeks

24   unreasonably to intrude upon the right of privacy to the personal financial affairs of third parties.

25        Discovery is continuing. Petitioner reserves the right to alter, amend, modify and/or

26   supplement this response at a later time, up to and including at the time trial.

27   **REQUEST FOR PRODUCTION NO. 41:**

28        Produce all DOCUMENTS and WRITINGS RELATING TO all bank records of LOCAL

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 31 -

SEIU, Local 715's Response to Request for Production of Documents, Set One

1    521 showing all dues receipts deposits in accounts held by LOCAL 521 received from or on behalf

2    of any employees of RESPONDENT from January 2006 to the present.

3    **RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

4         Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome,

5    onerous and vague and ambiguous as to time and scope. This Request is vague, ambiguous, and

6    unintelligible as it is in reference to include alleged action on behalf of multiple parties and at

7    multiple periods of time, therefore Petitioner cannot provide a complete response to this Request.

8    Petitioner objects on the ground that this Request exceeds the scope of permissible discovery and is

9    not likely to lead to the discovery of admissible evidence. Petitioner also objects as this Request

10    violates the privacy of third parties and that this information is protected from disclosure by,

11    including but not limited to the attorney client privilege, work product doctrine, the National Labor

12    Relations Act, the First Amendment of the United States Constitution, and on public policy

13    grounds. Petitioner further objects to this Request on the ground that the matter seeks

14    unreasonably to intrude upon the right of privacy to the personal financial affairs of third parties.

15    After a diligent search and reasonable inquiry, and without waiving any objections, there are no

16    documents that are responsive to this request.

17         Discovery is continuing. Petitioner reserves the right to alter, amend, modify and/or

18    supplement this response at a later time, up to and including at the time trial.

19    **REQUEST FOR PRODUCTION NO. 42:**

20         Produce all DOCUMENTS and WRITINGS RELATING TO all bank records of SEIU-

21    UHW showing all dues receipts deposits in accounts held by SEIU-UHW received from or on

22    behalf of any employees of RESPONDENT from January 2006 to the present.

23    **RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

24         Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome,

25    onerous and vague and ambiguous as to time and scope. This Request is vague, ambiguous, and

26    unintelligible as it is in reference to include alleged action on behalf of multiple parties and at

27    multiple periods of time, therefore Petitioner cannot provide a complete response to this Request.

28    Petitioner objects on the ground that this Request exceeds the scope of permissible discovery and is

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 32 -

1  not likely to lead to the discovery of admissible evidence. Petitioner also objects as this Request

2  violates the privacy of third parties and that this information is protected from disclosure by,

3  including but not limited to the attorney client privilege, work product doctrine, the National Labor

4  Relations Act, the First Amendment of the United States Constitution, and on public policy

5  grounds. Petitioner further objects to this Request on the ground that the matter seeks

6  unreasonably to intrude upon the right of privacy to the personal financial affairs of third parties.

7        Discovery is continuing. Petitioner reserves the right to alter, amend, modify and/or

8  supplement this response at a later time, up to and including at the time trial.

9  **REQUEST FOR PRODUCTION NO. 43:**

10       Produce all DOCUMENTS and WRITINGS RELATING TO the assignment or other

11  appointment of any employee of SEIU-UHW to provide services to LOCAL 715 RELATING TO

12  the representation of any employees of RESPONDENT.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

14       Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome,

15  onerous and vague and ambiguous as to time and scope. This Request is vague, ambiguous, and

16  unintelligible as it is in reference to include alleged action on behalf of multiple parties and at

17  multiple periods of time, therefore Petitioner cannot provide a complete response to this Request.

18  Petitioner objects on the ground that this Request exceeds the scope of permissible discovery and is

19  not likely to lead to the discovery of admissible evidence. Petitioner also objects as this Request

20  violates the privacy of third parties and that this information is protected from disclosure by,

21  including but not limited to the attorney client privilege, work product doctrine, the National Labor

22  Relations Act, the First Amendment of the United States Constitution, and on public policy

23  grounds. Petitioner further objects to this Request on the ground that the matter seeks

24  unreasonably to intrude upon the right of privacy to the personal financial affairs of third parties.

25  After a diligent search and reasonable inquiry, and without waiving any objections, without

26  Petitioner produces SEIU0020 to SEIU0027.

27       Discovery is continuing. Petitioner reserves the right to alter, amend, modify and/or

28  supplement this response at a later time, up to and including at the time trial.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 33 -

SEIU, Local 715's Response to Request for Production of Documents, Set One

**REQUEST FOR PRODUCTION NO. 44:**

Produce all DOCUMENTS and WRITINGS RELATING TO the assignment or other appointment of any employee of SEIU-UHW to provide services to LOCAL 521 RELATING TO the representation of any employees of RESPONDENT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome, onerous and vague and ambiguous as to time and scope. This Request is vague, ambiguous, and unintelligible as it is in reference to include alleged action on behalf of multiple parties and at multiple periods of time, therefore Petitioner cannot provide a complete response to this Request. Petitioner objects on the ground that this Request exceeds the scope of permissible discovery and is not likely to lead to the discovery of admissible evidence. Petitioner also objects as this Request violates the privacy of third parties and that this information is protected from disclosure by, including but not limited to the attorney client privilege, work product doctrine, the National Labor Relations Act, the First Amendment of the United States Constitution, and on public policy grounds. Petitioner further objects to this Request on the ground that the matter seeks unreasonably to intrude upon the right of privacy to the personal financial affairs of third parties. After a diligent search and reasonable inquiry, and without waiving any objections, there are no documents that are responsive to this request.

Discovery is continuing. Petitioner reserves the right to alter, amend, modify and/or supplement this response at a later time, up to and including at the time trial.

**REQUEST FOR PRODUCTION NO. 45:**

Produce all DOCUMENTS and WRITINGS RELATING TO the assignment or other appointment of counsel by SEIU-UHW to provide services to LOCAL 715 RELATING TO the representation of any employees of RESPONDENT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome, onerous and vague and ambiguous as to time and scope. This Request is vague, ambiguous, and unintelligible as it is in reference to include alleged action on behalf of multiple parties and at

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 34 -

SEIU, Local 715's Response to Request for Production of Documents, Set One

1   multiple periods of time, therefore Petitioner cannot provide a complete response to this Request.

2   This Request is vague as to the meaning of "assignment or other appointment of counsel by SEIU-

3   UHW to provide services to LOCAL 715 RELATING TO the representation of any employee of

4   RESPONDENT." Petitioner objects on the ground that this Request exceeds the scope of

5   permissible discovery and is not likely to lead to the discovery of admissible evidence. Petitioner

6   also objects as this Request violates the privacy of third parties and that this information is

7   protected from disclosure by, including but not limited to the attorney client privilege, work

8   product doctrine, the National Labor Relations Act, the First Amendment of the United States

9   Constitution, and on public policy grounds. Petitioner further objects to this Request on the ground

10   that the matter seeks unreasonably to intrude upon the right of privacy to the personal financial

11   affairs of third parties.

12        Discovery is continuing. Petitioner reserves the right to alter, amend, modify and/or

13   supplement this response at a later time, up to and including at the time trial.

14   **REQUEST FOR PRODUCTION NO. 46:**

15        Produce all DOCUMENTS and WRITINGS RELATING TO the assignment or other

16   appointment of counsel by SEIU-UHW to provide services to LOCAL 521 RELATING TO the

17   representation of any employees of RESPONDENT.

18   **RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

19        Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome,

20   onerous and vague and ambiguous as to time and scope. This Request is vague, ambiguous, and

21   unintelligible as it is in reference to include alleged action on behalf of multiple parties and at

22   multiple periods of time, therefore Petitioner cannot provide a complete response to this Request.

23   This Request is vague as to the meaning of "assignment or other appointment of counsel by SEIU-

24   UHW to provide services to LOCAL 521 RELATING TO the representation of any employees of

25   RESPONDENT." Petitioner objects on the ground that this Request exceeds the scope of

26   permissible discovery and is not likely to lead to the discovery of admissible evidence. Petitioner

27   also objects as this Request violates the privacy of third parties and that this information is

28   protected from disclosure by, including but not limited to the attorney client privilege, work

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 35 -

SEIU, Local 715's Response to Request for Production of Documents, Set One

1   product doctrine, the National Labor Relations Act, the First Amendment of the United States

2   Constitution, and on public policy grounds. Petitioner further objects to this Request on the ground

3   that the matter seeks unreasonably to intrude upon the right of privacy to the personal financial

4   affairs of third parties. After a diligent search and reasonable inquiry, and without waiving any

5   objections, there are no documents that are responsive to this request.

6       Discovery is continuing. Petitioner reserves the right to alter, amend, modify and/or

7   supplement this response at a later time, up to and including at the time trial.

8   **REQUEST FOR PRODUCTION NO. 47:**

9       Produce all DOCUMENTS and WRITINGS RELATING TO the assignment or other

10  appointment of counsel by LOCAL 521 to provide services RELATING TO the representation of

11  any employees of RESPONDENT.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

13      Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome,

14  onerous and vague and ambiguous as to time and scope. This Request is vague, ambiguous, and

15  unintelligible as it is in reference to include alleged action on behalf of multiple parties and at

16  multiple periods of time, therefore Petitioner cannot provide a complete response to this Request.

17  This Request is vague as to the meaning of "assignment or appointment of counsel by LOCAL 521

18  to provide services". Petitioner objects on the ground that this Request exceeds the scope of

19  permissible discovery and is not likely to lead to the discovery of admissible evidence. Petitioner

20  also objects as this Request violates the privacy of third parties and that this information is

21  protected from disclosure by, including but not limited to the attorney client privilege, work

22  product doctrine, the National Labor Relations Act, the First Amendment of the United States

23  Constitution, and on public policy grounds. Petitioner further objects to this Request on the ground

24  that the matter seeks unreasonably to intrude upon the right of privacy to the personal financial

25  affairs of third parties. After a diligent search and reasonable inquiry, and without waiving any

26  objections, there are no documents that are responsive to this request.

27      Discovery is continuing. Petitioner reserves the right to alter, amend, modify and/or

28  supplement this response at a later time, up to and including at the time trial.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 36 -
SEIU, Local 715's Response to Request for Production of Documents, Set One

**REQUEST FOR PRODUCTION NO. 48:**

Produce all DOCUMENTS and WRITINGS RELATING TO LOCAL 715's representation employees of Stanford University from January 2006 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome, onerous and vague and ambiguous as to time and scope. This Request is vague, ambiguous, and unintelligible as it is in reference to include alleged action on behalf of multiple parties and at multiple periods of time, therefore Petitioner cannot provide a complete response to this Request. This Request is vague as to the meaning of "representation." Petitioner objects on the ground that this Request exceeds the scope of permissible discovery and is not likely to lead to the discovery of admissible evidence. Petitioner also objects as this Request violates the privacy of third parties and that this information is protected from disclosure by, including but not limited to the attorney client privilege, work product doctrine, the National Labor Relations Act, the First Amendment of the United States Constitution, and on public policy grounds. Petitioner further objects to this Request on the ground that the matter seeks unreasonably to intrude upon the right of privacy to the personal financial affairs of third parties.

Discovery is continuing. Petitioner reserves the right to alter, amend, modify and/or supplement this response at a later time, up to and including at the time trial.

**REQUEST FOR PRODUCTION NO. 49:**

Produce all DOCUMENTS and WRITINGS RELATING TO LOCAL 715's representation employees of Santa Clara University from January 2006 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome, onerous and vague and ambiguous as to time and scope. This Request is vague, ambiguous, and unintelligible as it is in reference to include alleged action on behalf of multiple parties and at multiple periods of time, therefore Petitioner cannot provide a complete response to this Request. This Request is vague as to the meaning of "representation." Petitioner objects on the ground that this Request exceeds the scope of permissible discovery and is not likely to lead to the discovery of

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 37 -

SEIU, Local 715's Response to Request for Production of Documents, Set One

1 admissible evidence. Petitioner also objects as this Request violates the privacy of third parties and
2 that this information is protected from disclosure by, including but not limited to the attorney client
3 privilege, work product doctrine, the National Labor Relations Act, the First Amendment of the
4 United States Constitution, and on public policy grounds. Petitioner further objects to this Request
5 on the ground that the matter seeks unreasonably to intrude upon the right of privacy to the
6 personal financial affairs of third parties.

7      Discovery is continuing. Petitioner reserves the right to alter, amend, modify and/or
8 supplement this response at a later time, up to and including at the time trial.

9 **REQUEST FOR PRODUCTION NO. 50:**

10      - Produce all DOCUMENTS and WRITINGS RELATING TO the assignment or other
11 appointment of any employee of LOCAL 1877 (or any other LOCAL) to provide services to
12 LOCAL 715 RELATING TO the representation of any employees of Stanford University from
13 January 2006 to the present.

14 **RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

15     Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome,
16 onerous and vague and ambiguous as to time and scope. This Request is vague, ambiguous, and
17 unintelligible as it is in reference to include alleged action on behalf of multiple parties and at
18 multiple periods of time, therefore Petitioner cannot provide a complete response to this Request.
19 This Request is vague as to the meaning of "assignment or other appointment of any employee of
20 LOCAL 1877 (or any other LOCAL) to provide services". Petitioner objects on the ground that
21 this Request exceeds the scope of permissible discovery and is not likely to lead to the discovery of
22 admissible evidence. Petitioner also objects as this Request violates the privacy of third parties and
23 that this information is protected from disclosure by, including but not limited to the attorney client
24 privilege, work product doctrine, the National Labor Relations Act, the First Amendment of the
25 United States Constitution, and on public policy grounds. Petitioner further objects to this Request
26 on the ground that the matter seeks unreasonably to intrude upon the right of privacy to the
27 personal financial affairs of third parties.

28     Discovery is continuing. Petitioner reserves the right to alter, amend, modify and/or

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA. 94501-1091
510 337 1001

- 38 -

SEIU, Local 715's Response to Request for Production of Documents, Set One

1  supplement this response at a later time, up to and including at the time trial.

2  **REQUEST FOR PRODUCTION NO. 51:**

3      Produce all DOCUMENTS and WRITINGS RELATING TO the assignment or other

4  appointment of any employee of LOCAL 1877 (or any other LOCAL) to provide services to

5  LOCAL 715 RELATING TO the representation of any employees of Santa Clara University

6  from January 2006 to the present.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

8      Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome,

9  onerous and vague and ambiguous as to time and scope. This Request is vague, ambiguous, and

10  unintelligible as it is in reference to include alleged action on behalf of multiple parties and at

11  multiple periods of time, therefore Petitioner cannot provide a complete response to this Request.

12  This Request if vague as to the meaning of "assignment or other appointment of any employee of

13  LOCAL 1877 (or any other LOCAL) to provide services". Petitioner objects on the ground that

14  this Request exceeds the scope of permissible discovery and is not likely to lead to the discovery of

15  admissible evidence. Petitioner also objects as this Request violates the privacy of third parties and

16  that this information is protected from disclosure by, including but not limited to the attorney client

17  privilege, work product doctrine, the National Labor Relations Act, the First Amendment of the

18  United States Constitution, and on public policy grounds. Petitioner further objects to this Request

19  on the ground that the matter seeks unreasonably to intrude upon the right of privacy to the

20  personal financial affairs of third parties.

21      Discovery is continuing. Petitioner reserves the right to alter, amend, modify and/or

22  supplement this response at a later time, up to and including at the time trial.

23  **REQUEST FOR PRODUCTION NO. 52:**

24      Produce all DOCUMENTS and WRITINGS RELATING TO any correspondence between

25  LOCAL 1877 (and/or any other LOCAL) and LOCAL 715 RELATING TO the representation of

26  any employees of Stanford University from January 2006 to the present.

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

28      Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome,

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 39 -

SEIU, Local 715's Response to Request for Production of Documents, Set One

1   onerous and vague and ambiguous as to time and scope. This Request is vague, ambiguous, and
2   unintelligible as it is in reference to include alleged action on behalf of multiple parties and at
3   multiple periods of time, therefore Petitioner cannot provide a complete response to this Request.
4   This Request is vague as to "and/or any other LOCAL". Petitioner objects on the ground that this
5   Request exceeds the scope of permissible discovery and is not likely to lead to the discovery of
6   admissible evidence. Petitioner also objects as this Request violates the privacy of third parties and
7   that this information is protected from disclosure by, including but not limited to the attorney client
8   privilege, work product doctrine, the National Labor Relations Act, the First Amendment of the
9   United States Constitution, and on public policy grounds. Petitioner further objects to this Request
10  on the ground that the matter seeks unreasonably to intrude upon the right of privacy to the
11  personal financial affairs of third parties.

12      Discovery is continuing. Petitioner reserves the right to alter, amend, modify and/or
13  supplement this response at a later time, up to and including at the time trial.

14  **REQUEST FOR PRODUCTION NO. 53:**

15      Produce all DOCUMENTS and WRITINGS RELATING TO any correspondence between
16  LOCAL 1877 (and/or any other LOCAL) and LOCAL 715 RELATING TO the representation of
17  any employees of Santa Clara University from January 2006 to the present.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

19      Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome,
20  onerous and vague and ambiguous as to time and scope. This Request is vague, ambiguous, and
21  unintelligible as it is in reference to include alleged action on behalf of multiple parties and at
22  multiple periods of time, therefore Petitioner cannot provide a complete response to this Request.
23  This Request is vague as to the meaning of "and/or any other LOCAL". Petitioner objects on the
24  ground that this Request exceeds the scope of permissible discovery and is not likely to lead to the
25  discovery of admissible evidence. Petitioner also objects as this Request violates the privacy of
26  third parties and that this information is protected from disclosure by, including but not limited to
27  the attorney client privilege, work product doctrine, the National Labor Relations Act, the First
28  Amendment of the United States Constitution, and on public policy grounds. Petitioner further

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 40 -

SEIU, Local 715's Response to Request for Production of Documents, Set One

1    objects to this Request on the ground that the matter seeks unreasonably to intrude upon the right

2    of privacy to the personal financial affairs of third parties.

3         Discovery is continuing. Petitioner reserves the right to alter, amend, modify and/or

4    supplement this response at a later time, up to and including at the time trial.

5    **REQUEST FOR PRODUCTION NO. 54:**

6         Produce all DOCUMENTS and WRITINGS RELATING TO any correspondence between

7    LOCAL 1877 (and/or any other LOCAL) and LOCAL 521 RELATING TO the representation of

8    any employees of Stanford University from January 2006 to the present.

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

10         Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome,

11    onerous and vague and ambiguous as to time and scope. This Request is vague, ambiguous, and

12    unintelligible as it is in reference to include alleged action on behalf of multiple parties and at

13    multiple periods of time, therefore Petitioner cannot provide a complete response to this Request.

14    Petitioner objects on the ground that this Request exceeds the scope of permissible discovery and is

15    not likely to lead to the discovery of admissible evidence. Petitioner also objects as this Request

16    violates the privacy of third parties and that this information is protected from disclosure by,

17    including but not limited to the attorney client privilege, work product doctrine, the National Labor

18    Relations Act, the First Amendment of the United States Constitution, and on public policy

19    grounds. Petitioner further objects to this Request on the ground that the matter seeks

20    unreasonably to intrude upon the right of privacy to the personal financial affairs of third parties.

21    After a diligent search and reasonable inquiry, and without waiving any objections, there are no

22    documents that are responsive to this request.

23         Discovery is continuing. Petitioner reserves the right to alter, amend, modify and/or

24    supplement this response at a later time, up to and including at the time trial.

25    **REQUEST FOR PRODUCTION NO. 55:**

26         Produce all DOCUMENTS and WRITINGS RELATING TO any correspondence between

27    LOCAL 1877 (and/or any other LOCAL) and LOCAL 521 RELATING TO the representation of

   any employees of Santa Clara University from January 2006 to the present.

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 41 -

SEIU, Local 715's Response to Request for Production of Documents, Set One

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

2       Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome,

3  onerous and vague and ambiguous as to time and scope. This Request is vague, ambiguous, and

4  unintelligible as it is in reference to include alleged action on behalf of multiple parties and at

5  multiple periods of time, therefore Petitioner cannot provide a complete response to this Request.

6  Petitioner objects on the ground that this Request exceeds the scope of permissible discovery and is

7  not likely to lead to the discovery of admissible evidence. Petitioner also objects as this Request

8  violates the privacy of third parties and that this information is protected from disclosure by,

9  including but not limited to the attorney client privilege, work product doctrine, the National Labor

10  Relations Act, the First Amendment of the United States Constitution, and on public policy

11  grounds. Petitioner further objects to this Request on the ground that the matter seeks

12  unreasonably to intrude upon the right of privacy to the personal financial affairs of third parties.

13  After a diligent search and reasonable inquiry, and without waiving any objections, there are no

14  documents that are responsive to this request.

15       Discovery is continuing. Petitioner reserves the right to alter, amend, modify and/or

16  supplement this response at a later time, up to and including at the time trial.

17  **REQUEST FOR PRODUCTION NO. 56:**

18       Produce all DOCUMENTS and WRITINGS RELATING TO any exchange of funds

19  between LOCAL 1877 (and/or any other LOCAL) and LOCAL 715 (including, without limitation,

20  any transfer of funds, payment of funds and/or receipt of funds).

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

22       Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome,

23  onerous and vague and ambiguous as to time and scope. This Request is vague, ambiguous, and

24  unintelligible as it is in reference to include alleged action on behalf of multiple parties and at

25  multiple periods of time, therefore Petitioner cannot provide a complete response to this Request.

26  This Request is vague as to the meaning of "exchange of funds." Petitioner objects on the ground

27  that this Request exceeds the scope of permissible discovery and is not likely to lead to the

28  discovery of admissible evidence. Petitioner also objects as this Request violates the privacy of

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 42 -

SEIU, Local 715's Response to Request for Production of Documents, Set One

1  third parties and that this information is protected from disclosure by, including but not limited to

2  the attorney client privilege, work product doctrine, the National Labor Relations Act, the First

3  Amendment of the United States Constitution, and on public policy grounds. Petitioner further

4  objects to this Request on the ground that the matter seeks unreasonably to intrude upon the right

5  of privacy to the personal financial affairs of third parties.

6      Discovery is continuing. Petitioner reserves the right to alter, amend, modify and/or

7  supplement this response at a later time, up to and including at the time trial.

8  **REQUEST FOR PRODUCTION NO. 57:**

9      Produce all DOCUMENTS and WRITINGS RELATING TO any exchange of funds

10  between LOCAL 1877 (and/or any other LOCAL) and LOCAL 521 (including, without limitation,

11  any transfer of funds, payment of funds and/or receipt of funds).

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

13      Petitioner objects to this Request on the grounds that is it overbroad, unduly burdensome,

14  onerous and vague and ambiguous as to time and scope. This Request is vague, ambiguous, and

15  unintelligible as it is in reference to include alleged action on behalf of multiple parties and at

16  multiple periods of time, therefore Petitioner cannot provide a complete response to this Request.

17  Petitioner objects on the ground that this Request exceeds the scope of permissible discovery and is

18  not likely to lead to the discovery of admissible evidence. Petitioner also objects as this Request

19  violates the privacy of third parties and that this information is protected from disclosure by,

20  including but not limited to the attorney client privilege, work product doctrine, the National Labor

21  Relations Act, the First Amendment of the United States Constitution, and on public policy

22  grounds. Petitioner further objects to this Request on the ground that the matter seeks

23  unreasonably to intrude upon the right of privacy to the personal financial affairs of third parties.

24  After a diligent search and reasonable inquiry, and without waiving any objections, there are no

25  documents that are responsive to this request.

26      Discovery is continuing. Petitioner reserves the right to alter, amend, modify and/or

27  supplement this response at a later time, up to and including at the time trial.

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

1   Dated: June 23, 2008

2                                WEINBERG, ROGER & ROSENFELD
                                 A Professional Corporation
3
4                                By:    Bruce A. Harland

                                       BRUCE A. HARLAND
5                                      Attorneys for Petitioner
                                       SEIU LOCAL 715
6   118618/497479

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 44 -

**PROOF OF SERVICE**

I am a citizen of the United States, and a resident of the State of California. I am over the age of eighteen years, and not a party to the within action. My business address is 1001 Marina Village Parkway, Suite 200, Alameda, California 94501-1091. On June 23, 2008, I served upon the following parties in this action:

Eileen Ridley
Foley & Lardner
One Maritime Plaza, Sixth Floor
San Francisco, CA 94111-3404
E-Mail: eridley@foley.com

copies of the document(s) described as:

**SEIU LOCAL 715'S RESPONSE TO DEFENDANTS' REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**

[X]    **BY OVERNIGHT DELIVERY SERVICE** I placed a true copy of each document listed herein in a sealed envelope, addressed as indicated herein, and placed the same for collection by Overnight Delivery Service by following the ordinary business practices of Weinberg, Roger & Rosenfeld, Alameda, California. I am readily familiar with the practice of Weinberg, Roger & Rosenfeld for collection and processing of Overnight Delivery Service correspondence, said practice being that in the ordinary course of business, Overnight Delivery Service correspondence is deposited at the Overnight Delivery Service offices for next day delivery the same day as Overnight Delivery Service correspondence is placed for collection.

[X]    **BY ELECTRONIC MAIL** I caused to be transmitted each document listed herein via the e-mail address(s) listed above or on the attached service list.

I certify that the above is true and correct. Executed at Alameda, California, on June 23, 2008.

Joanna Son

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510 337.1001

- 45 -

SEIU, Local 715's Response to Request for Production of Documents, Set One



**Stronger Together**

ANDREW L. STERN
International President

ANNA BURGER
International Secretary-Treasurer

MARY KAY HENRY
Executive Vice President

GERRY HUDSON
Executive Vice President

ELISEO MEDINA
Executive Vice President

TOM WOODRUFF
Executive Vice President

SERVICE EMPLOYEES
INTERNATIONAL UNION
CTW, CLC

1800 Massachusetts Ave NW
Washington DC 20036

202.730.7000
TDD: 202.730.7481
www.SEIU.org

### ORDER OF EMERGENCY TRUSTEESHIP
### APPOINTING A TRUSTEE
### TO TAKE CHARGE AND CONTROL OF THE AFFAIRS OF
### SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715

**To:    All Officers and Members of Service Employees International Union, Local 715**

Pursuant to my authority under Article VIII, Sections 7(a) and (f), of the SEIU Constitution and Bylaws, I have determined that an emergency situation exists within Service Employees International Union, Local 715 (hereinafter "Local 715"), and that in order to protect the interests of the membership, the immediate appointment of a Trustee is necessary for the purpose of assuring preservation of the union's status as collective bargaining representative and its performance of collective bargaining duties and functions, and otherwise carrying out the legitimate objects of the International Union.

I have received a request from the officers and Executive Board of Local 715 requesting the imposition of the emergency trusteeship due to the difficulties the Local Union is experiencing in performing its collective bargaining duties due to the shift of members and resources to other SEIU local unions. Local 715 is in the process of reorganizing most of its members into Local 521 pursuant to the International Executive Board's June 2006 decision on California jurisdiction. At this point, many members of Local 715 have moved into Local 521 in accordance with this decision. However, Local 715 still retains collective bargaining responsibilities on behalf of members who have not yet been moved into the successor local union. Local 715's responsibilities include the representation of employees and Stanford Hospital and Clinics/Lucile Packard Children's Hospital. Pursuant to the IEB's decision, Local 715's Stanford Hospital members will be united with other SEIU healthcare members in SEIU United Healthcare Workers – West ("UHW").

Reports I have received indicate that, since May 30, 2007, the Hospital has taken the position that Local 715 no longer exists, and the Hospital is refusing to recognize Local 715's servicing agent, UHW. The Hospital's actions threaten to deprive Local 715 members at Stanford Hospital of their collectively-bargained rights. The shift of a large majority of Local 715 members, and resources associated with those members, to Local 521, is making it difficult for Local 715 to carry out its remaining collective bargaining responsibilities and to defend its status as collective bargaining agent. The significant decline in Local 715's membership and resources has impaired the Local's ability to operate as contemplated by the Local 715 constitution and bylaws.

SEIU0001

From the information that I have received, including the request from the Local 715 officers and Executive Board for imposition of an emergency trusteeship over Local 715, I have determined that placing Local 715 under trusteeship is the best means of preventing disruption of contracts, assuring that the Local Union performs its duties as collective bargaining representative, protecting the interests of the membership, and otherwise carrying out the legitimate objects of the International Union. Further, I have determined that an emergency exists that justifies pre-hearing appointment of a Trustee. Therefore, in light of the situation facing Local 715 and by virtue of my authority as International President, I have this date appointed Rusty Smith as Trustee of Local 715, with all of the powers that he is entitled to assume under the SEIU Constitution and Bylaws and applicable law. The Trustee shall assume responsibility for Local 715 immediately.

The Local Union's Constitution and Bylaws are suspended for the period of the Trusteeship. By operation of this Order of Emergency Trusteeship and pursuant to my authority under Article VIII of the SEIU Constitution and Bylaws, I hereby remove all Local 715 officers, including Executive Board members, representatives and employees of Local 715. In accordance with Article VIII, Section 7(f) of the SEIU Constitution, I will request that the International Executive Board appoint a hearing officer and that a Notice of Hearing and Appointment of a Hearing Officer be issued in the very near future. Consistent with this notice, a hearing regarding the imposition of an emergency trusteeship over Local 715 will be held within the time limits set forth in Article VIII, Section 7(f).

I am requesting that all members and employees of Local 715 cooperate with the Trustee in every respect. All former officers, representatives and employees of the Local Union should immediately make available to the Trustee all books, records, funds and other property of the Local Union in their possession and control.

Dated this 8th day of June, 2007.

Andrew L. Stern
International President

cc:    Anna Burger, International Secretary Treasurer
       Kristy Sermersheim, Executive Secretary, Local 715
       Former Executive Board Members, Local 715
       Rusty Smith, Trustee



SEIU0002

06/14/2007 16:13 FAX 408 954 1        SEIU 521        ☑001/003

**LOCAL 715**



# SEIU
Stronger Together



FACSIMILE

DATE: _6/14/07_

TO: _Laurie Quintel_

C/O: _____

FROM: _Rusty Smith_

Cover Page + _2_ page(s)

☐ Urgent    ☐ For Review    ☐ Please Comment    ☐ Please Reply    ☐ Please Recycle

Message: _____

_____

_____

_____

_____

C: _____

_____

---

### NOTE: IF FACSIMILE IS MISREDIRECTED

The page(s) comprising this facsimile transmission contain confidential information from SEIU Local 715. This information is intended solely for use by the individual or entity named as the recipient hereof. If you are not the intended recipient, be aware that any disclosure, copying, distribution, or use of the contents of this transmission is prohibited. If you have received this transmission in error, please notify us by telephone immediately.

---

**SAN JOSE OFFICE**
2302 ZANKER ROAD, SAN JOSE, CA 95131 ■ 408-954-8715 ■ Fax: 408-954-1538

**REDWOOD CITY OFFICE**
891 MARSHALL STREET, REDWOOD CITY, CA 94036 ■ 650-365-8715 ■ Fax: 650-365-7956

**STANFORD OFFICE**
P.O. BOX 19152, STANFORD, CA 94309 ■ 650-723-3680 ■ Fax: 650-723-3650

© 2003 LOCAL 715, SEIU, AFL-CIO/CLC  user opens z:Well-do/do (Office_Forms Fax_Cover_Sheet.pd) REV. 10-03

June 14, 2007

*Via Facsimile and U.S. Mail*

Laurie J. Qunitel, Director – Employee and Labor Relations
Stanford Hospital and Clinics
300 Pasteur Dive · · M/C 5513
Stanford, CA 94305-5513

Dear Ms. Qunitel:

On June 8, 2007, the International President of the Service Employees International Union ("SEIU"), CtW, CLC, Andrew L. Stern, acting pursuant to Article VIII, Section 7 of the International Union's Constitution and Bylaws and applicable federal law, took control of all operations of SEIU Local 715 ("Local 715"). A copy of the official Trusteeship Order is attached hereto.

All officers of Local 715 have been removed. President Stern appointed me as the Trustee with full authority to act on behalf of Local 715.

Effective June 8, 2007, all matters relating to the representation of the employees of your organization under the Local 715 collective bargaining agreement will be handled under my direction. We intend to fulfill all of our collective bargaining obligations, and expect no interruption in the provision of services to our members.

All servicing agreements to which Local 715 is a party will remain in full force and effect in every respect, without any change whatsoever. Accordingly, Kim Tavaglione, Joceyln Olick, and Ella Hereth will continue to be the representative responsible for servicing your facility. ·

If you have any questions, please feel free to call me at 408-316-4460. Thank you.

Sincerely yours,

*B.W. Smith*

Bruce W. ("Rusty") Smith
International Trustee

Attachment

**SEIU0004**



**SEIU.**

**Stronger Together**

June 8, 2007

**TO WHOM IT MAY CONCERN:**

In accordance with the powers vested in me by the Constitution and Bylaws of the Service Employees International Union, CtW, CLC, I have appointed Bruce W. Smith as Trustee over the affairs of SEIU Local 715, effective immediately.

The Trustee will have charge of the affairs of the Local Union until relieved of responsibility by me.

The Trustee will be governed by the provisions of the Service Employees International Union Constitution and Bylaws and the provisions of applicable law.

Sincerely,

Andrew L. Stern
International President

ANDREW L. STERN
International President

ANNA BURGER
International Secretary-Treasurer

MARY KAY HENRY
Executive Vice President

GERRY HUDSON
Executive Vice President

ELISEO MEDINA
Executive Vice President

TOM WOODRUFF
Executive Vice President

SERVICE EMPLOYEES
INTERNATIONAL UNION
CTW, CLC

1800 Massachusetts Ave NW
Washington DC 20036

202.730.7000
TDD: 202.730.7481
www.SEIU.org





**LOCAL 715** *LOCAL 715*

www.seiu715.org

*SERVICE EMPLOYEES INTERNATIONAL UNION*

Via Facsimile

June 18, 2007

Laurie J. Quintel, Director
Employee and Labor Relations
Stanford Hospital and Clinics
300 Pasteur Dive – M/C 5513
Stanford, CA  94305-5513

Dear Ms. Quintel:

On June 8, 2007, the International President of the Service Employees International
Union ("SEIU"), CTW, CLC, Andrew L. Stern, acting pursuant to Article VIII, Section 7
of the International Union's Constitution and Bylaws and applicable federal law, took
control of all operations of SEIU Local 715 ("Local 715").  A copy of the official
Trusteeship Order is attached hereto.

All officers of Local 715 have been removed.  President Stern appointed me as the
Trustee with full authority to act on behalf of Local 715.

Effective June 8, 2007, all matters relating to the representation of the employees of
your organization under the Local 715 collective bargaining agreement will be handled
under my direction.  We intend to fulfill all of our collective bargaining obligations, and
expect no interruption in the provision of services to our members.

All servicing agreements to which Local 715 is a party will remain in full force and effect
in every respect, without any change whatsoever.  Accordingly, Kim Tavaglione,
Jocelyn Olick, and Ella Hereth will continue to be the representative responsible for
servicing your facility.

If you have any questions, please feel free to call me at 408-316-4460.  Thank you.

Sincerely yours,

Bruce W. ("Rusty") Smith
International Trustee

SEIU0006

Enclosure

page 1



**Stronger Together**

June 8, 2007

**TO WHOM IT MAY CONCERN:**

In accordance with the powers vested in me by the Constitution and Bylaws of the Service Employees International Union, CtW, CLC, I have appointed Bruce W. Smith as Trustee over the affairs of SEIU Local 715, effective immediately.

The Trustee will have charge of the affairs of the Local Union until relieved of responsibility by me.

The Trustee will be governed by the provisions of the Service Employees International Union Constitution and Bylaws and the provisions of applicable law.

Sincerely,

Andrew L. Stern
International President

ANDREW L. STERN
International President

ANNA BURGER
International Secretary-Treasurer

MARY KAY HENRY
Executive Vice President

GERRY HUDSON
Executive Vice President

ELISEO MEDINA
Executive Vice President

TOM WOODRUFF
Executive Vice President

SERVICE EMPLOYEES
INTERNATIONAL UNION
CTW, CLC

1800 Massachusetts Ave NW
Washington DC 20036

202.730.7000
TDD: 202.730.7481
www.SEIU.org



**SEIU0007**

June 14, 2007

*Via Facsimile and U.S. Mail*

Ron Dahlin, General Manager
Cardinal Cogen
288 Campus Drive, Bldg. 14-105
Stanford, CA 94305-4109

Dear Mr. Dahlin:

On June 8, 2007, the International President of the Service Employees International Union ("SEIU"), CtW, CLC, Androw L. Stern, acting pursuant to Article VIII, Section 7 of the International Union's Constitution and Bylaws and applicable federal law, took control of all operations of SEIU Local 715 ("Local 715"). A copy of the official Trusteeship Order is attached hereto.

All officers of Local 715 have been removed. President Stern appointed me as the Trustee with full authority to act on behalf of Local 715.

Effective June 8, 2007, all matters relating to the representation of the employees of your organization under the Local 715 collective bargaining agreement will be handled under my direction. We intend to fulfill all of our collective bargaining obligations, and expect no interruption in the provision of services to our members.

All servicing agreements to which Local 715 is a party will remain in full force and effect in every respect, without any change whatsoever. Accordingly, Andrea Dehlendorf will continue to be the representative responsible for servicing your facility.

If you have any questions, please feel free to call me at 408-316-4460. Thank you.

Sincerely yours,

Bruce W. ("Rusty") Smith
International Trustee

Attachment

9

June 14, 2007

*Via Facsimile and U.S. Mail*

Keith Smith, Manager Employee Relations
Stanford University
655 Serra Street
Stanford, CA  94305

Dear Mr. Smith:

On June 8, 2007, the International President of the Service Employees International Union ("SEIU"), CtW, CLC, Andrew L. Stern, acting pursuant to Article VIII, Section 7 of the International Union's Constitution and Bylaws and applicable federal law, took control of all operations of SEIU Local 715 ("Local 715"). A copy of the official Trusteeship Order is attached hereto.

All officers of Local 715 have been removed. President Stern appointed me as the Trustee with full authority to act on behalf of Local 715.

Effective June 8, 2007, all matters relating to the representation of the employees of your organization under the Local 715 collective bargaining agreement will be handled under my direction. We intend to fulfill all of our collective bargaining obligations, and expect no interruption in the provision of services to our members.

All servicing agreements to which Local 715 is a party will remain in full force and effect in every respect, without any change whatsoever. Accordingly, Andrea Dehlendorf will continue to be the representative responsible for servicing your facility.

If you have any questions, please feel free to call me at 408-316-4460. Thank you.

Sincerely yours,

B.W. Smith

Bruce W. ("Rusty") Smith
International Trustee

Attachment

SEIU0009

SEIU - Home Page



## Contact Us

SEIU Local 715

2302 Zanker Road

San Jose, CA 95131

(408) 954-8715

SEIU0010



## Contact Us

SEIU Local 715

2302 Zanker Road

San Jose, CA 95131

(408) 954-8715

**SEIU0011**



# SEIU Benefits for You and Your Family

**SEIU Local 715**

**2302 Zanker Road**

**San Jose, CA 95131**

**(408) 954-8715**

Because you are a member or retiree of SEIU, you have access to a variety of services and discounts through Union Plus. These benefits supplement what you may receive through your union-negotiated contract. With these SEIU-Union Plus benefits, you can save on life insurance, health savings, mortgages, legal services, and more.

> Need assistance?
> Call 1-800-452-9425.
> Or visit www.unionplus.org .
>
> ¿Tiene preguntas? Tenemos
> informacion en Español .

## Money and Credit

Credit Card with great value and service

Secured Credit Card for members who have poor credit or little or no credit history

Loans —personal loans, lines of credit, and home equity loans

Credit Counseling to help eliminate debt

Your Credit Score for a 15% discount

## Family Services

Find a Lawyer —Union Plus legal services for your Local

Immigration Legal Services including free initial consultations and discounts on hourly rates

Planning for College — resources on applying, paying, and more

Paying for College —resources include loans, financial aid, and savings plans

Pet Health —savings on veterinary services for all animals

## House and Home

Mortgage and Real Estate —low down payments and reduced closing costs

Home Heating Oil Discounts — save on service contracts and fuel oil purchases

Moving Van Discounts —Save on interstate moves, truck rentals, and storage

## Health and Well-Being

Health Savings reduces out-of-pocket expenses for prescriptions, vision, and other services

Health Club Discounts at more than 1,500 locations

## Insurance Protection

Life Insurance protection regardless of job or health conditions

Accident Insurance including insurance for accidental death in the workplace

Auto Insurance with

## Union Marketplace

Cingular Wireless Discounts on monthly service for union members

Auto Buying Service to help you find the right vehicle for the right price

Goodyear Discounts on tires

SEIU0012

competitive rates, multi-vehicle discounts, and 24-hour service

Professional Liability Insurance for medical professionals

Pet Insurance —accident and illness insurance for your dog or cat

and service

Powell's Bookstore —a union-organized online bookstore

Union-Made Clothing —support good jobs at good pay with a discount

Union-Made Checks with your union's logo

## SEIU Scholarships

SEIU Scholarship Program

Jesse Jackson Scholarship

John Gegan Scholarship

Moe Foner Scholarship

Nora Piore Scholarship

Union Plus Scholarship Program

## Travel and Recreation

Vacation Tours with a discount

Norwegian Cruise Line discounts

Car Rentals for up to 25% off

## Computers

Dell Computers for a 5-10% discount

## Gift Shop

Flowers —delivery service with a discount

**SEIU0013**

Our Local





## Contact Us

SEIU Local 715

2302 Zanker Road

San Jose, CA 95131

(408) 954-8715

## About SEIU

The Service Employees International Union is 1.8 million working people and 50,000 retirees united to improve services and our communities throughout North America.

SEIU members are winning better wages, health care, and more secure jobs at home, while uniting their strength with their counterparts around the world to help ensure that workers, not just corporations and CEOs, benefit from today's global economy.



SEIU is the fastest-growing union in North America. Focused on uniting workers in three sectors to improve their lives and the services they provide, SEIU is:

▶▶The largest health care union, with 900,000 members in the field, including nurses, LPNs, doctors, lab technicians, nursing home workers, home care workers

▶▶The largest property services union, with 225,000 members in the building cleaning and security industries, including janitors, door men and women

▶▶The second largest public services union, with 850,000 local and state government workers, public school employees, bus drivers, and child care providers

(Total is current as of 09-27-05, and exceeds 1.8 million due to overlaps in public/health care.)

**SEIU0014**



## What is COPE?

COPE is our union's voluntary bi-partisan Political Action Committee used for political and legislative activities. We hold politicians accountable at every level of government.

▸ Read more

## What Is Change to Win?

The Change to Win Federation is made up of SEIU and six other national unions representing more than 5 million workers.

▸ Read more

**SEIU0015**



## SEIU's Stern, Rivera Named Two of Top Six Most Powerful in Healthcare

Modern Healthcare magazine released its "100 Most Powerful People in Healthcare" list, ranking SEIU President
Andy Stern and SEIU Healthcare Chair Dennis Rivera number 5 and 6, respectively. This recognition comes during a
year of landmark healthcare leadership, initiatives, and policy work for SEIU, including the formation in June of
SEIU Healthcare, a new one million member "union within a union."

» Read more

## What Is Change to Win?

The Change to Win Federation is made up of SEIU and six other national unions representing more than 5 million
workers.

» Read more

**SEIU0016**





## California Budget: the Year of Reckoning



### The Latest on the Budget Campaign: May Revise a Missed Opportunity

On May 14, the Governor unveiled his revised budget and proposed deeper cuts, a power grab, and more borrowing, not real solutions. In other words, he missed an opportunity to fix our chronic budget problems. Now, legislators must take responsibility. Read SEIU's reaction to the proposed budget and our latest update and analysis of the cuts.

~ Read More

## June Primary Election Results

## Election Update: SEIU Wins Major Victories, Defeating Prop. 98 and Helping Scores of Working-Family-Friendly Candidates Advance

In the June primary election, SEIU helped defeat the dangerous and deceptive Prop. 98, which would have gutted rent control and environmental laws and made it nearly impossible to build public works, by a 61% (No) - 39% (Yes) margin. We also helped pass real homeowner protection, Prop. 99, in a 62.5% (Yes) - 37.5% (No) vote.

For the California Assembly races - in a remarkable sweep - in every district where we endorsed a candidate, we won, and a 2/3 majority of SEIU-backed candidates won their Senate seats as well. In Congress, we helped Mike Lumpkin (D, CD 52) win his primary in the only district without an incumbent running. And in a closely watched, key local race, SEIU and labor allies helped lift longtime champion of working people Senator Mark Ridley-Thomas above the crowd in his L.A. County Supervisor bid, positioning him well for a November run-off.

Click here for a complete list of SEIU endorsements and results.

## Progress on Healthcare: A Three-Year Plan

### Healthcare Reform Bills Make Progress

While our primary healthcare goal this year must be to stop the devastating budget cuts that would add a million Californians to the rolls of the uninsured, SEIU continues to push for components of the healthcare reform package we fought for in 2007. Working with our allies from last year's "It's OUR Healthcare!" campaign, we continue to lay the groundwork for comprehensive reform by tackling a range of

**State Budget News Clips**

California's budget is a thing of shreds of patches

Lottery plan off target

Aid for California's disabled in peril

Governor's lottery plan could hurt school funding, analyst says

Senator says California prisons upgrade cost 'borders on the incredible'

Who Pays Taxes in California

**Press Releases**

SEIU California State Council Announces Selection of New Executive Director

Assembly Budget Moves Debate in the Right Direction

SEIU Says Governor's Budget Will Hurt California

SEIU, Health Care Groups Win Promise to Amend Flawed Health Care Bill

Parents, providers blast Gov.'s veto on child care reform

## Members Are Speaking Out!



`As a children's social worker, our primary responsibility is to protect children and make sure they have safe, permanent homes. Our

**SEIU0017**

critical healthcare issues. Some of the key reform components
have made legislative progress in recent weeks, including:
• Giving consumers more information about healthcare costs
and quality, so that consumers have real choices and can
shape the healthcare market by avoiding costly and ineffective
care AB2967 (Lieber)
• Prohibiting junk insurance and standardizing the insurance
market SB1522 (Steinberg)

Read the latest update as these bills continue to make
progress through the legislature from ally Health Access.

Link to this update:

http://www.health-access.org/labels/YearOfReform.htm

systemfunctions as the
children's parents while we
help their parentsrecover, or
find a family member or
foster parents. We're fighting
for the children and families
we serve. The children aren't
voters. They have no voice.
They're the most vulnerable
membersof our society.
That's why I became a social
worker, and that's why I'm
fighting the budget cuts."
SEIU Local 721 David Green -
Adoption Social Worker,
County of Los Angeles
» Read more

**SEIU0018**

SEIU Online Store



**Men's Wear**

**Women's Wear**

**Children's Wear**

**Generation S Wear**

**Bags & Briefcases**

**Toys & Games**

**Misc. Merchandise**

**SEIU for Obama Items**

Home | Search | Current Order | 1-800-408-2388 | Email: sales@imagepointe.com

**SEIU0019**

AUG-15-2006 10:33  FROM-LOCAL 250 SAN FRANCISCO  415-563-0914  T-060  P.001/004  F-155



# LOCAL 715

SERVICE EMPLOYEES INTERNATIONAL UNION, AFL-CIO/CLC

www.seiu715.org

TO: Laurie Quintel

FR: Greg P.

SEIU servicing
agreement.

4 pages

Any questions, please
call (415) 740-4461

San Jose Office: 2302 Zanker Road, San Jose, CA 95131-1115 • (408) 954-8715 • Fax (408) 954-1538
Redwood City Office: 891 Marshall Street, Redwood City, CA 94063 • (650) 365-8715 • Fax (650) 365-1538
Stanford Office: P.O.Box 19152, Stanford, CA 94309 • (650) 723-3680 • Fax (650) 723-3650

SEIU0020

AUG-15-2006  10:33    FROM-LOCAL 250 SAN FRANCISCO          415-563-8814        T-060  P.002/004  F-155

# SERVICING AGREEMENT

This SERVICING AGREEMENT is entered into between Local 715 ("Local 715") and SEIU UHW ("UHW").

WHEREAS, Local 715 and UHW recognize that the core jurisdiction represented by Local 715 includes public sector employees and that the core jurisdiction of UHW includes health care employees; and

WHEREAS, Local 715 and UHW recognize that the professional services provided by each organization are most highly developed in regard to their core jurisdictions; and

WHEREAS, Local 715 is the sole and exclusive collective bargaining representative for a unit of employees at the Stanford Hospital facility ("Stanford facility"); and

WHEREAS, Local 715 wishes to obtain for its members at the Stanford facility the professional services available through UHW, and UHW is willing to make its professional services available to Local 715's members at the Stanford facility; now,

THEREFORE, it is AGREED as FOLLOWS:

1.  **Effective Date**

    The terms of this Servicing Agreement shall become effective on March 1, 2006.

2.  **Cost of Services**

    For a period running concurrently with the existing collective bargaining agreement between Local 715 and the Stanford facility, UHW shall provide the professional services outlined herein at no cost to Local 715. Thereafter, if this Agreement is extended, Local 715 shall reimburse UHW for the costs of the services outlined herein from the dues and agency fees collected by UHW for each Local 715 member affected by this Agreement.

3.  **Duration of Agreement**

    This Servicing Agreement shall be effective on March 1, 2006 and shall remain in full force and effect until the end of the current collective bargaining agreement between Local 715 and the Stanford facility. The duration of this Servicing Agreement may be mutually extended by the parties. Additionally, this Agreement can be altered, amended, or rescinded by the mutual agreement of the parties. Either party may unilaterally terminate this Agreement by giving three months notice to the other party.

[W-\2000A001\01\06\000478.DOC]

**SEIU0021**

RECEIVED  AUG-14-06  13:48    FROM-                    TO-SEIU UHW SF      PAGE  002

AUG-15-2006 10:34    FROM-LOCAL 250 SAN FRANCISCO    415-563-8914    T-060  P.003/004  F-155

4. **Services Provided By UHW**

For the duration of this Servicing Agreement, UHW's staff, acting as designated agents of Local 715, shall provide the following professional services to Local 715 for its members at the Stanford facility:

Representation in the grievance procedure and at arbitration hearings

Representation at labor-management meetings

Assistance to members appearing before the National Labor Relations Board on behalf of the Local 715 Chapter at the Stanford facility.

5. **Oversight By Local 715**

The UHW staff member assigned to the day-to-day servicing of the Stanford facility unit will meet on a regular basis with an officer of Local 715 to review the status of representation matters within the unit. In addition, UHW will provide Local 715 with advance notice of all membership meetings and site visits and clear all correspondence with Local 715. The parties acknowledge that Local 715 has the ultimate responsibility for collective bargaining matters on behalf of the Stanford facility unit.

6. **Services Provided By Local 715**

For the duration of this Agreement, Local 715 shall continue to administer the collection of membership dues, and shall have access to, and may assist with, all membership meetings, and shall have access to all records associated with the bargaining unit.

7. **Designation of Agency Status**

Local 715 shall notify the Employer in writing of its designation of the appropriate employees of UHW to serve as the agents of Local 715 in providing services to Local 715's membership at the Stanford facility.

Should the Employer challenge or refuse to accept the legitimacy of this Servicing Agreement, the parties will cooperate in processing the legal actions necessary to its enforcement. (This may include filing an unfair labor practice charge under the name of Local 715). UHW will provide professional assistance in this process. During the pendency of this process, Local 715 will continue to provide representation and the administration of all aspects of the collective bargaining agreement through its own staff until such matter is resolved.

8. **Chapter Structure and Members' Rights**

a) Following the implementation of this Servicing Agreement, Local 715's unit at the Stanford facility shall maintain the same officers and other employee-representatives, under the same internal Chapter structure that existed prior to implementation of this Agreement;

SEIU0022

RECEIVED AUG-14-06 13:48    FROM-    TO-SEIU UHW SF    PAGE 003

h)     Following implementation of this Servicing Agreement, Local 715 members at the Stanford facility will continue to be full members of Local 715, with the right to vote in Local 715 elections and otherwise participate in Local 715's affairs. Employees in the bargaining unit will be offered Associate Member status with UHW but shall keep whatever membership rights are accorded them under the Local 715 by-laws and the Service Employees International Union constitution;

c)     Nothing herein shall prohibit UHW from permitting Local 715's Chapter leaders or members from the Stanford facility to participate in UHW educational functions, or appearing as guests at other UHW functions.

**9.     Severability**

The parties hereto believe that all provisions of this Servicing Agreement comply with applicable law. However, should any position of this Agreement be found illegal by any tribunal of competent jurisdiction, this shall not affect the remainder of the Agreement. Rather, the parties shall promptly meet to negotiate an acceptable, lawful substitute to the stricken provisions.

_____     _____
Sal Rosselli, President, UHW          Kristy Sermersheim, Executive Secretary,
                                       Local 715

                                       2/20/2006

_____     _____
Date                               Date

**WEINBERG, ROGER & ROSENFELD**
A PROFESSIONAL CORPORATION

1001 Marina Village Parkway, Suite 200
Alameda, CA 94501-1091
TELEPHONE 510.337.1001
FAX 510.337.1023

August 11, 2006

Larry Arnold
Foley & Lardner
One Maritime Plaza, Sixth Floor
San Francisco, CA 94111-3404

Re:   SEIU United Healthcare Workers-West and SEIU Local 715
      Stanford Medical Center

Dear Mr. Arnold:

Enclosed please find a copy of the Servicing Agreement with respect to the Stanford Medical
Center Bargaining Unit, between Local 715 and UHW.

I am sending this to you at your request, so there will be no further confusion concerning this
matter, and so that henceforth, the Employer will understand and recognize the fact that SEIU
Local 715 is the bargaining representative, but is being aided by UHW.

Lest it is not apparent from the document, it is modeled directly and completely on servicing
agreements approved by the NLRB.

I trust this will resolve this henceforth.

Sincerely,

William A. Sokol

WAS/rfb
opeiu 3 afl-cio(1)
Enclosure
cc:   Greg Pullman
      Kristy Sermersheim
      John Borsos
      Sal Rosselli

1/430729

**SEIU0024**

# SERVICING AGREEMENT

This SERVICING AGREEMENT is entered into between Local 715 ("Local 715") and SEIU UHW ("UHW").

WHEREAS, Local 715 and UHW recognize that the core jurisdiction represented by Local 715 includes public sector employees and that the core jurisdiction of UHW includes health care employees; and

WHEREAS, Local 715 and UHW recognize that the professional services provided by each organization are most highly developed in regard to their core jurisdictions; and

WHEREAS, Local 715 is the sole and exclusive collective bargaining representative for a unit of employees at the Stanford Hospital facility ("Stanford facility"); and

WHEREAS, Local 715 wishes to obtain for its members at the Stanford facility the professional services available through UHW, and UHW is willing to make its professional services available to Local 715's members at the Stanford facility; now,

THEREFORE, it is AGREED as FOLLOWS:

1.    **Effective Date**

The terms of this Servicing Agreement shall become effective on March 1, 2006.

2.    **Cost of Services**

For a period running concurrently with the existing collective bargaining agreement between Local 715 and the Stanford facility, UHW shall provide the professional services outlined herein at no cost to Local 715. Thereafter, if this Agreement is extended, Local 715 shall reimburse UHW for the costs of the services outlined herein from the dues and agency fees collected by UHW for each Local 715 member affected by this Agreement.

3.    **Duration of Agreement**

This Servicing Agreement shall be effective on March 1, 2006 and shall remain in full force and effect until the end of the current collective bargaining agreement between Local 715 and the Stanford facility. The duration of this Servicing Agreement may be mutually extended by the parties. Additionally, this Agreement can be altered, amended, or rescinded by the mutual agreement of the parties. Either party may unilaterally terminate this Agreement by giving three months notice to the other party.

4.    **Services Provided By UHW**

For the duration of this Servicing Agreement, UHW's staff, acting as designated agents of Local 715, shall provide the following professional services to Local 715 for its members at the Stanford facility:

Representation in the grievance procedure and at arbitration hearings

Representation at labor-management meetings

Assistance to members appearing before the National Labor
Relations Board on behalf of the Local 715 Chapter at the Stanford facility.

5.    **Oversight By Local 715**

The UHW staff member assigned to the day-to-day servicing of the Stanford facility unit will meet on a regular basis with an officer of Local 715 to review the status of representation matters within the unit. In addition, UHW will provide Local 715 with advance notice of all membership meetings and site visits and clear all correspondence with Local 715. The parties acknowledge that Local 715 has the ultimate responsibility for collective bargaining matters on behalf of the Stanford facility unit.

6.    **Services Provided By Local 715**

For the duration of this Agreement, Local 715 shall continue to administer the collection of membership dues, and shall have access to, and may assist with, all membership meetings, and shall have access to all records associated with the bargaining unit.

7.    **Designation of Agency Status**

Local 715 shall notify the Employer in writing of its designation of the appropriate employees of UHW to serve as the agents of Local 715 in providing services to Local 715's membership at the Stanford facility.

Should the Employer challenge or refuse to accept the legitimacy of this Servicing Agreement, the parties will cooperate in processing the legal actions necessary to its enforcement. (This may include filing an unfair labor practice charge under the name of Local 715). UHW will provide professional assistance in this process. During the pendency of this process, Local 715 will continue to provide representation and the administration of all aspects of the collective bargaining agreement through its own staff until such matter is resolved.

8.    **Chapter Structure and Members' Rights**

a)    Following the implementation of this Servicing Agreement, Local 715's unit at the Stanford facility shall maintain the same officers and other employee-representatives, under the same internal Chapter structure that existed prior to implementation of this Agreement;

SEIU0026

b)      Following implementation of this Servicing Agreement, Local 715 members at the Stanford facility will continue to be full members of Local 715, with the right to vote in Local 715 elections and otherwise participate in Local 715's affairs. Employees in the bargaining unit will be offered Associate Member status with UHW but shall keep whatever membership rights are accorded them under the Local 715 by-laws and the Service Employees nternational Union constitution;

c)      Nothing herein shall prohibit UHW from permitting Local 715's Chapter leaders or members from the Stanford facility to participate in UHW educational functions, or appearing as guests at other UHW functions.

## 9.    Severability

The parties hereto believe that all provisions of this Servicing Agreement comply with applicable law. However, should any position of this Agreement be found illegal by any tribunal of competent jurisdiction, this shall not affect the remainder of the Agreement. Rather, the parties shall promptly meet to negotiate an acceptable, lawful substitute to the stricken provisions.

_____
Sal Roselli, President, UHW

_____
Kristy Sermersheim, Executive Secretary,
Local 715

2 | 18 | 06
_____
Date

2/20/2006
_____
Date

SEIU0027

**WEINBERG, ROGER & ROSENFELD**
A PROFESSIONAL CORPORATION

1001 Marina Village Parkway, Suite 200
Alameda, CA 94501-1091
TELEPHONE 510.337.1001
FAX 510.337.1023

August 17, 2006

Larry Arnold
Foley & Lardner
One Maritime Plaza, Sixth Floor
San Francisco, CA 94111-3404

Re:     Servicing Agreement

Dear Mr. Arnold:

Per your request, enclosed please find the Servicing Agreement between Local 715 and UHW. For your information, it is modeled on the servicing agreement which has expressly been upheld as lawful by the NLRB, see Suburban Pavilion.

I trust this will calm any insecurities you and/or your client may have concerning this matter and that henceforth you will recognize that UHW is servicing Local 715, which continues to be the exclusive bargaining representative of the bargaining unit at the Stanford Medical Facilities.

If you have any questions or comments, please do not hesitate to contact me.

Sincerely,

William A. Sokol

WAS/jys
opeiu 3 afl-cio(1)

Enclosure

1/431225

SEIU0028

U.S. Department of Labor
Office of Labor-Management
Standards
Washington, DC 20210

# FORM LM-15
# TRUSTEESHIP REPORT

Form approved
Office of Management
and Budget
No. 1215-0188
Expires 11-30-2009

For Official Use
Only

This report is mandatory under P.L. 86-257 as amended. Failure to comply may result in criminal prosecution, fines, or civil penalties as provided by 29 U.S.C. 461.

**READ THE INSTRUCTIONS CAREFULLY BEFORE PREPARING THIS REPORT.**

| 1. File Number of Labor Organization Held in Trusteeship | 2. Type of Report | 3. Date Trusteeship Established |
|---|---|---|
| 513-588 | Initial (complete pages 1 through 4.)<br>X  Semiannual for period ending (Complete pages 1 and 2 only.)  12 / 8 / 2007 | 6 / 8 / 2007 |

**4. Labor Organization Held in Trusteeship**

Affiliation or Organization Name  Service Employees International Union

Designation LU - Local Union

Designation Number  ____  ____ 715  ____

Unit Name (if any)

P.O. Box, Bldg. and Room No., if any

Number and Street 2302 Zanker Road

City  San Jose

State California                    ZIP Code + 4 95134

**5. Labor Organization Imposing the Trusteeship**

Name Service Employees International Union

File Number 000-137

P.O. Box, Building and Room Number, if any

Number and Street 1800 Massachusetts Avenue, NW

City Washington          State District of Columbia          ZIP Code + 4 20036

**6. List the article(s) and section(s) of the constitution which specifically authorize imposition of the trusteeship:**

Article VIII, Sections 7(a) and 7(f).

## Signatures

Each of the undersigned, duly authorized officials of the labor organization imposing the trusteeship over the above labor organization, declares, under penalty of perjury and other applicable penalties of law, that all of the information submitted in this report (including the information contained in any accompanying documents) has been examined by the signatory and is, to the best of the undersigned's knowledge and belief, true, correct, and complete. (See the section on penalties in the instructions.)

24. Signed  _Maria L. Stern_     President (if other title, see instructions.)     26. Signed  _D W Smith_     Trustee (if other title, see instructions.)

Other (Specify)
International President

On _5/20/08_   (202) 730-7000
   Date      Telephone Number

Trustee

On _05/19/08_   (408) 954-1538
   Date      Telephone Number

25. Signed  _Anna Sargimo_     Treasurer (if other title, see instructions.)     27. Signed  _____     Trustee (if other title, see instructions.)

Other (Specify)
International Secretary-Treasurer

On _5/20/08_   (202) 730-7000
   Date      Telephone Number

Trustee

On _____   _____
   Date      Telephone Number

SEIU0029

| Name of Labor Organization Held In Trusteeship | File Number |
|---|---|
| Service Employees International Union | 513-588 |

7. Check the reason(s) for establishing or continuing the trusteeship:

      a. To correct corruption or financial malpractice.

   X  b. To assure the performance of collective bargaining agreements or other duties of a bargaining representative.

      c. To restore democratic procedures.

      d. Other.

8. Provide a detailed statement which explains each reason checked in item 7, above.

As the result of changes in the jurisdiction of SEIU local unions in California, Local 715 is in the process of reorganizing the majority of its members into other SEIU local unions. The shift of a large majority of Local 715 members, and resources associated with those members, to other SEIU unions is making it difficult for Local 715 to carry out its remaining collective bargaining responsibilities and to defend its status as collective bargaining agent. The significant decline in Local 715's membership and resources has impaired Local 715's ability to operate as contemplated by the Local 715 Constitution and Bylaws. The process of reorganizing the remaining Local 715 members into their new SEIU local unions is still underway.

9. During the period covered by this report

  a. Did a convention or other policy-determining body meet to which the trusteed labor organization sent delegates or would have sent delegates if not in trusteeship?

     Yes    X  No
    (if the answer is "Yes," complete and file Form LM-15A.)

  b. Did the labor organization imposing the trusteeship hold an election of officers?

     Yes    X  No
    (if the answer is "Yes," complete and file Form LM-15A.)

SEIU0030

07/24/07  15:18 FAX 202 693 1345                                          ☑002

530

U.S. Department of Labor
Office of Labor-Management
Standards
Washington, DC 20216

# FORM LM-15
# TRUSTEESHIP REPORT

Form approved
Office of Management
and Budget
No. 1215-0188
Expires 11-30-2009


For Official Use

This report is mandatory under P.L. 86-257 as amended. Failure to comply may result in criminal prosecution, fines, or civil penalties as provided by 29 U.S.C. 461.

**READ THE INSTRUCTIONS CAREFULLY BEFORE PREPARING THIS REPORT.**

| 1. File Number of Labor Organization Held in Trusteeship | 2. Type of Report | 3. Date Trusteeship Established |
|---|---|---|
| 513-588 | ☒ Initial (complete pages 1 through 4.)  Semiannual for period ending (Complete pages 1 and 2 only.) / / | 6 / 8 / 2007 |

**4. Labor Organization Held in Trusteeship**

Affiliation or Organization Name  **Service Employees International Union**

Designation **LU - Local Union**                    P.O. Box, Bldg. and Room No., if any

Designation Number   **715**                         Number and Street  **2302 Zanker Road**

                                                     City  **San Jose**

Unit Name (if any)                                   State  **California**            ZIP Code + 4  **95134**

**5. Labor Organization Imposing the Trusteeship**

Name  **Service Employees International Union**

File Number  **000-137.**

P.O. Box, Building and Room Number, if any

Number and Street  **1800 Massachusetts Avenue, NW**

City  **Washington**                    State  **District of Columbia**        ZIP Code + 4  **20036**

**6. List the article(s) and section(s) of the constitution which specifically authorize imposition of the trusteeship:**

**Article VIII, Sections 7(a) and 7(f).**

## Signatures

Each of the undersigned, duly authorized officials of the labor organization imposing the trusteeship over the above labor organization, declares, under penalty of perjury and other applicable penalties of law, that all of the information submitted in this report (including the information contained in any accompanying documents) has been examined by the signatory and is, to the best of the undersigned's knowledge and belief, true, correct, and complete. (See the section on penalties in the instructions.)

| 24. Signed _Marie L. Stei_ | President (If other title, see instructions.) | 26. Signed _B.W. (Rusty) Smith_ | Trustee (If other title, see instructions.) |
|---|---|---|---|
| Other (Specify)  **International President** | | **Trustee** | |
| On _7/9/07_  Date   (202) 730-7000  Telephone Number | | On _07/06/07_  Date   (408) 954-1538  Telephone Number | |
| 25. Signed _Anna Burger_ | Treasurer (If other title, see instructions.) | 27. Signed _____ | Trustee (If other title, see instructions.) |
| Other (Specify)  **International Secretary-Treasurer** | | **Trustee** | |
| On _7/9/07_  Date   (202) 730-7000  Telephone Number | | On _____  Date   _____  Telephone Number | |

Form LM-15 (2003)                                                        Page 1 of 4

SEIU0031

58

| Name of Labor Organization Held in Trusteeship | File Number |
|---|---|
| Service Employees International Union | 513-588 |

**7. Check the reason(s) for establishing or continuing the trusteeship:**

      a. To correct corruption or financial malpractice.

  X  b. To assure the performance of collective bargaining agreements or other duties of a bargaining representative.

      c. To restore democratic procedures.

      d. Other.

**8. Provide a detailed statement which explains each reason checked in item 7, above.**

As the result of changes in the jurisdiction of SEIU local unions in California, Local 715 is in the process of reorganizing the majority of its members into other SEIU local unions. The shift of a large majority of Local 715 members, and resources associated with those members, to other SEIU unions is making it difficult for Local 715 to carry out its remaining collective bargaining responsibilities and to defend its status as collective bargaining agent. The significant decline in Local 715's membership and resources has impaired Local 715's ability to operate as contemplated by the Local 715 Constitution and Bylaws.

**9. During the period covered by this report**

  a. Did a convention or other policy-determining body meet to which the trusteed labor organization sent delegates or would have sent delegates if not in trusteeship?

      Yes    X No
    *(If the answer is "Yes," complete and file Form LM-15A.)*

  b. Did the labor organization imposing the trusteeship hold an election of officers?

      Yes    X No
    *(If the answer is "Yes," complete and file Form LM-15A.)*

SEIU0032

'07/24/07  15:19 FAX 202 693 1345 _____ ___                                    ☒004

| Name of Labor Organization Held in Trusteeship - | File Number |
|---|---|
| Service Employees International Union | 513-588 |

## Statement of Assets and Liabilities  (Complete for Initial Report Only)

| Assets as of Date Trusteeship Imposed | | | Liabilities as of Date Trusteeship Imposed | | |
|---|---|---|---|---|---|
| Item | From Sch. # | Amount | Item | From Sch. # | Amount |
| 10. Cash | | 3,845,823 | 18. Accounts Payable | | 299,863 |
| 11. Accounts Receivable | | 6,863 | 19. Loans Payable | 6 | 0 |
| 12. Loans Receivable | 1 | 0 | 20. Mortgages Payable | | 0 |
| 13. U.S. Treasury Securities | | | 21. Other Liabilities | 4 | 1,127,259 |
| 14. Investments | 2 | 0 | 22. TOTAL LIABILITIES | | 1,427,122 |
| 15. Fixed Assets | 6 | 536,075 | 23. NET ASSETS (Item 17 less Item 22) | | |
| 16. Other Assets | 3 | 281,217 | | | |
| 17. TOTAL ASSETS | | 4,659,980 | | | 3,231,858 |

## Schedule 1 - Loans Receivable (See Instructions for Item 12)

| (A) Name of officer, employee, member, or business enterprise | (B) Purpose of loan, security, if any, and terms for repayment | (C) Amount |
|---|---|---|
| 1. 0 | | 0 |
| 2. 0 | | 0 |
| 3. 0 | | 0 |
| | 4. Total from additional pages (if any) | 0 |
| | 5. Total of loans not listed above | 0 |
| | 6. Total of Lines 1 through 5 | 0 |

| Schedule 2 - Investments (See Instructions for Item 14) | | Schedule 3 - Other Assets (See Instructions for Item 16) | |
|---|---|---|---|
| (A) Description | (B) Amount | (A) Description | (B) Book Value |
| **Marketable Securities:** | | 1. Prepaid Expenses | 16,285 |
| 1. Total Cost | 0 | 2. Deposit | 33,540 |
| 2. Total Book Value | 0 | 3. Due to/from 521 others | 231,392 |
| 3. List each marketable security that has a book value over $1,000 and exceeds 20% of Line 2. | | 4. | 0 |
| | | 5. | |
| (a) | | 6. | |
| (b) | | 7. Total from additional pages (if any) | 0 |
| (c) Total from additional pages (if any) | 0 | 8. Total of Lines 1 through 7 | 281,217 |
| **Other Investments:** | | | |
| | | Schedule 4 - Other Liabilities (See Instructions for Item 21) | |
| 4. Total Cost | 0 | (A) Description | (B) Amount |
| 5. Total Book Value | 0 | 1. Capital lease | 17,582 |
| 6. List each other investment which has a book value over $1,000 and exceeds 20% of Line 5. Also list each subsidiary or trust which is an investment. | | 2. IRS9 Payable | 188,167 |
| | | 3. Security Deposit | 2,500 |
| (a) | | 4. Other Payable | 264,647 |
| (b) | 0 | 5. Accrued Vacation | 654,363 |
| (c) Total from additional pages (if any) | 0 | 6. | 0 |
| | | 7. Total from additional pages (if any) | 0 |
| 7. Total of Lines 2 and 5 | 0 | 8. Total of Lines 1 through 7 | 1,127,259 |

Form LM-15 (2003)                                                                          Page 3 of 4

SEIU0033

| Name of Labor Organization Held in Trusteeship | File Number |
|---|---|
| Service Employees International Union | 513-588 |

| Schedule 8 - Fixed Assets (See Instructions for Item 15) | | | | |
|---|---|---|---|---|
| (A) Description | (B) Cost or Other Basis | (C) Total Depreciation or Amount Expensed | (D) Book Value | (E) Fair Market Value |
| 1. Land (give location) | 0 0 0 | | | |
| 2. Total from additional pages (if any) | 0 | | 0 | 0 |
| 3. Buildings (give location) | 0 0 0 | | | |
| 4. Total from additional pages (if any) | 0 | 0 | 0 | 0 |
| 5. Automobiles and Other Vehicles | 0 | | | |
| 6. Office Furniture and Equipment | 1,004,263 | 478,188 | 526,075 | |
| 7. Other Fixed Assets | | | 0 | |
| 8. Total of Lines 1 through 7 | 1,004,263 | 478,188 | 526,075 | 0 |

| Schedule 9 - Loans Payable (See Instructions for Item 19) | |
|---|---|
| (A) Source | (B) Amount |
| 1. | 0 |
| 2. | 0 |
| 3. | 0 |
| 4. | 0 |
| 5. Total from additional pages (if any) | 0 |
| 6. Total of Lines 1 through 5 | 0 |

Form LM-15 (2003)

**SEIU0034**

Page 4 of 4