# EXHIBIT VV

## Inciardi, Scott P.

**From:** Ridley, Eileen R.
**Sent:** Thursday, July 03, 2008 7:55 AM
**To:** Bruce Harland
**Cc:** Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy
**Subject:** RE: SEIU v. Stanford Cases

From the Desk of: Eileen R. Ridley

My Location   My V-card   My Bio



**FOLEY**
FOLEY & LARDNER LLP
www.foley.com

Bruce

I believe the statements made in our motion are accurate. Our case management statement specifically discussed the discovery related to the existence of Local715, the use of its resources and its representative capacity. This was discussed with the Court and it agreed such discovery could take place. In fact, there was no limit on the subjects of discovery whatsoever. Further, given the fact that the uniform response to the discovery served was to object, I believe the description of these responses by your office is accurate.

Having said that, we are hopeful these issues can be resolved without bringing a motion to compel. I think your idea of speaking early next week is a good one in order to facilitate the most complete discussion. I am generally available either July 7 or July 8. I would suggest talking sometime in the afternoon of either day. Let me know what works for you. Thank you.

Eileen

INFO

-----Original Message-----
From: Bruce Harland [bharland@unioncounsel.net]
Sent: Wednesday, July 02, 2008 7:18 PM
To: Ridley, Eileen R.
Cc: Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy
Subject: RE: SEIU v. Stanford Cases

Eileen,

The purpose of my email was not to start a debate, but simply explain to you why my clients could not agree to continuing the filing date for dispositive motions. Obviously, you and your clients take issue with those reasons.

While I do not think it is necessary to continue the debate, I do wish to address your accusation that everyone that you subpoenaed and our firm has "conduct[ed] a coordinated strategy of stonewalling and refusing to respond to any discovery request . . . ." That is simply

inaccurate. Moreover, it was completely misleading and inappropriate for you to make such a statement to the Court today in your motion to continue the filing date, as it is not grounded on fact or reality.

It is also inaccurate to suggest that the Court permitted discovery on the "existence of Local 715, its representative capacity and the handling of its resources." I have reviewed the transcript of the scheduling conference, and my understanding is that the Court permitted discovery on a very narrow issue -- that is, whether Local 715 had standing at the arbitration hearing. (See Tr. 7:7-13; 8:21-24; 9:18-23; 10:23-25; 11:1-8, 18-24; 12:1-6.)

Now, turning to the scheduling the meet and confer process, I will be available after noon. However, I do have a meeting tentatively scheduled for sometime in the late afternoon. If you can email times that work for you in the afternoon, I will make every effort to schedule my meeting around the call.

If these times do not work, I would suggest an alternative approach: that we reschedule the telephone conference for early next week, so that I can respond to your July 1, 2008 "meet and confer" letter that you emailed last night. This might help focus the conversation. This will also allow you to enjoy your vacation. If you like this alternate approach, then I would suggest that you give me some times and dates that you can participate in a call next week.

I look forward to hearing from you.

Bruce


-----Original Message-----
From: Ridley, Eileen R. [ERidley@foley.com]
Sent: Tuesday, July 01, 2008 9:12 PM
To: Bruce Harland
Cc: Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy
Subject: RE: SEIU v. Stanford Cases


Thank you for your email. It is unfortunate that your client has chosen to refuse to stipulate to a continuance of the deadline to file dispositive motions and we will therefore raise the issue with the Court.

There has been no delay in this action by my clients. Once the Court confirmed that discovery could be conducted during the April 25th Case Management Conference we served requests for production and subpoenas within two weeks in all six matters. That is hardly "waiting until the last minute". Your clients and your firm, however, have decided to conduct a coordinated strategy of stonewalling and refusing to respond to any discovery request by either refusing to answer or produce documents, refusing to produce witnesses for deposition (including the trustee of Local 715), and characterizing every discovery request as "harrassment". This is a designed pattern and practice that is contrary to the law and a blatent attempt to prejudice my client regarding the dispositive motions in this case. If there is any delay in this matter it has been caused by your firm's clients and their refusal to properly respond to legal discovery requests (even after being provided with requested extensions).

The discovery propounded by my clients was specifically designed to

7/4/2008

address the areas the Court permitted to be the subject of discovery - the existance of Local 715, its representative capacity and the handling of its resources. This is not requesting every document held by Local 715 but your comment underscores a major issue regarding the pending discovery - Local 715 has failed to provide complete responses and has further failed to produce responsive documents. Further, we have not noticed "scores" of depositions. We have noticed five depositions of indivudals who have direct knowledge of these issues -including the trustee of Local 715 whom you refused to produce. Again, any "delay" is solely due to your clients' conduct.

That being said, you have indicated you are available to discuss these matters on July 3, 2008. I will be on vacation but will make myself available for a call. What time works for you? Thank you.

-----Original Message-----
From: Bruce Harland [bharland@unioncounsel.net]
Sent: Tuesday, July 01, 2008 5:14 PM
To: Ridley, Eileen R.
Cc: Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy
Subject: RE: SEIU v. Stanford Cases

Dear Ms. Ridley,

I have talked with my client, Local 715, regarding whether or not it would agree to stipulate to continue the July 18, 2008 filing date for dispositive motions.

Unfortunately, my client does not wish to stipulate to continuing the filing date. The cases pending before Judge Fogel not only involve terminations of employees, but also issues of back pay.

For example, with respect to the petition to vacate that your client filed against the Union, every day of delay means a day that anesthesia techs do not receive the back pay that a neutral arbitrator ruled they are entitled to. The same is true for the petition to confirm that Local 715 filed, involving the termination of Victor Acosta. Further delay just means that Mr. Acosta will have to wait longer to get his job back and the back pay that he is owed, despite the fact that a neutral arbitrator has already determined that your client terminated him without just cause.

Furthermore, the primary reason that it appears that your client needs to continue the July 18, 2008 hearing date is because your client waited to propound 57 requests for documents to multiple parties, and to take depositions of various individuals until the last minute.

All of the requests for documents were extremely overbroad -- both in time and scope -- essentially asking for every single document ever produced by Local 715. And rather than immediately notice a deposition of the person most knowledgeable about Local 715's standing to sue, your client noticed depositions of scores of individuals from Washington D.C. to California for the end of June, just weeks before the fourth of July.

Turning to the scheduling of depositions for Rusty Smith and Myriam Escamilla, Mr. Smith is unavailable until July 14, 15, 16, and 17, 2008.

As to Ms. Escamilla, you stated in your June 23, 2008 letter that she was noticed as a non-party, or in other words as an employee of SEIU, United Healthcare Workers -- West. First, service of the subpoena was improper, as you served the subpoena to her at the Local 715 address. Second, it is unclear what you need her to testify to, given that you served her as a non-party. Judge Fogel was clear in his instructions: discovery was limited to whether or not Local 715 had standing to sue. Mr. Smith, as the Trustee of Local 715, could certainly be deposed on this matter. As you are already aware, Ms. Escamilla is not available for deposition on July 2, 2008. However, before I offer alternative dates for her deposition, there are various matters we need to discuss, including service of the subpoena and the relevance of her testimony as a non-party.

I am available to meet and confer on July 3, 2008. You can reach me at my office number, 510-337-1001.

Bruce Harland

-----Original Message-----
From: Ridley, Eileen R. [ERidley@foley.com]
Sent: Tuesday, July 01, 2008 4:28 PM
To: Bruce Harland
Cc: Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy
Subject: RE: SEIU v. Stanford Cases

http://mm1.lettermark.net/foleylaw/card/ANCB_3.map
http://mm1.lettermark.net/foleylaw/card/ANCB_3.gif

Mr. Harland -

I have not heard further from you regarding this matter. Please provide your response by tomorrow morning (9 a.m.) including whether your client will stipulate to a continuance of the filing date - otherwise we will bring a motion before Judge Fogel to continue the date. Thanks very much.

Eileen

http://www.lettermark.net/emailhelp.asp?id=Foley & Lardner LLP>

-----Original Message-----
From: Bruce Harland [bharland@unioncounsel.net]
Sent: Monday, June 30, 2008 7:41 AM
To: Ridley, Eileen R.
Cc: Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy
Subject: RE: SEIU v. Stanford Cases

Eileen,

7/4/2008

I'm out of the office and will not be back until tomorrow, Tuesday, July 1, 2008. I will have to talk to my client about the stipulation that you propose. I will talk to you tomorrow.

Bruce

-----Original Message-----
From: Ridley, Eileen R. [ERidley@foley.com]
Sent: Fri 6/27/2008 4:59 PM
To: Bruce Harland
Cc: Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy
Subject: RE: SEIU v. Stanford Cases

http://mm1.lettermark.net/foleylaw/card/ANCB_3.map
http://mm1.lettermark.net/foleylaw/card/ANCB_3.gif

Mr. Harland:

I have yet to hear from you regarding the matters discussed below. As the Court has set a date for filing dispositive motions for July 18, 2008 and we have not resolved our pending discovery disputes, will you stipulate to a continuance of the July 18, 2008 deadline? Please provide your response to this question and the issues raised below by Monday, June 30, 2008. Thank you

Eileen

http://www.lettermark.net/emailhelp.asp?id=Foley & Lardner LLP>

---

From: Ridley, Eileen R.
Sent: Wednesday, June 25, 2008 11:20 AM
To: Bruce Harland
Cc: Arnold, Laurence R.; Inciardi, Scott P.; Kunisaki, Kristy
Subject: SEIU v. Stanford Cases

Mr. Harland:

I have not yet received a response to my letter of June 23, 2008 regarding the above cases and the depositions of Mr. Smith and Ms. Escamilla. We understand that you are refusing to produce Mr. Smith for his deposition tomorrow. Please immediately provide alternative dates for Mr. Smith and Ms. Escamilla as these depositions must be completed soon given July 18th deadline to file dispositive motions. We

7/4/2008

would prefer not to have to seek Court intervention in this matter and look forward to resolving it soon. However, we are prepared to file a motion to compel these depositions if we cannot reach an agreement with you. We look forward to your response.

In the meantime, we have received the responses to my clients' request for production/subpoenas from your clients and believe they are insufficient and incomplete. We will address those issues by separate correspondence. However, the responses specifically include objections based upon privilege but no privilege log was provided. Please provide that log immediately. Thank you.

Eileen

The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.

Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.

The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.

Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it

cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.

The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.

Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.