**EXHIBIT Z**



**FOLEY & LARDNER LLP**

FOLEY & LARDNER LLP
ATTORNEYS AT LAW

ONE MARITIME PLAZA, SIXTH FLOOR
SAN FRANCISCO, CA  94111-3409
415.434.4484 TEL
415.434.4507 FAX
www.foley.com

WRITER'S DIRECT LINE
415.984.9819
larnold@foley.com EMAIL

CLIENT/MATTER NUMBER
085437-3000

June 7, 2006

<u>VIA FACSIMILE AND U.S. MAIL</u>

Greg Pullman
Staff Director
SEIU, Local 715
2302 Zanker Road
San Jose, CA  95131-1115

Re:   **Stanford Hospital & Clinics and SEIU, Local 715**

Dear Mr. Pullman:

I write on behalf of Stanford Hospital & Clinics and Lucile Packard Children's Hospital. Not long after the contract negotiations were completed, you wrote Laurie Quintel to advise that certain individuals employed by SEIU-UHW were going to be utilized on behalf of SEIU Local 715 to assist in contract administration. When the Hospitals initially raised the issue of their use and SEIU Local 715's status as the exclusive representative of the employees in the bargaining unit at the Hospitals for which it is certified, you responded with assurances that SEIU Local 715 remained the exclusive representative. Accordingly, the Hospitals accepted this assurance, and assumed that SEIU Local 715 was having staffing difficulties for which UHW was supplying manpower assistance until they could be addressed within SEIU Local 715.

Subsequent events and statements now lead the Hospitals to the conclusion that more may be involved. The Hospitals have received letters from union counsel, who represent both SEIU Local 715 and UHW, referring to arbitrations at the Hospitals and referencing, as the labor organization, "SEIU-UHW (formerly SEIU Local 715)." The Hospitals have also received letters from counsel requesting that deducted dues be paid directly to UHW, and making requests for information that is to be sent directly to UHW. Virtually all correspondence has, until the last few days, been on UHW letterhead with no mention of SEIU Local 715. While the Hospitals have recently received correspondence with the SEIU Local 715 letterhead pasted onto earlier correspondence received from UHW on UHW letterhead (and returned by the Hospitals), the text in many cases still refers to grievances filed by UHW on behalf of its members.

**■FOLEY**

Greg Pullman
June 7, 2006
Page 2

      UHW personnel assigned "to assist" SEIU Local 715 have also boldly denied that they are working for Local 715, but rather assert that they work for UHW, even though their only possible representational role at the Hospitals would be working for and on behalf of SEIU Local 715. As previously noted, grievances are purportedly being filed by SEIU-UHW in its name on behalf of employees described as its members, even though they are Hospital employees represented exclusively by SEIU Local 715. You even recently wrote to Laurie Quintel directing her to deal with the UHW personnel who are "handling all representational matters," and you have attempted to turn over to UHW personnel the right and responsibility for resolving any issues regarding the agreement recently negotiated on behalf of SEIU Local 715, in which they had and have no cognizable role or place. It certainly appears, from these actions and communication and others, that SEIU Local 715 has abandoned, or is effectively in the process of abandoning, its status as the certified representative.

      As a result of, and in response to, these actions and communications, please be formally advised that Stanford Hospital & Clinics and Lucile Packard Children's Hospital do not assent to any assignment of SEIU Local 715's representation rights under its certification to another labor organization, formally or informally. You stated in one of your recent e-mails to Laurie Quintel that the union has the right to select its representatives. The union may have the right to employ personnel from another local to negotiate its contract on its behalf, as it did by using Mr. Vellardita as its chief negotiator, but it does not have the unilateral right to select another labor organization to take on its representational role and rights, at least not in any manner that binds or obligates the Hospitals to recognize and deal with that other labor organization. There are, of course, procedures that must be followed, and criteria that must be met, in order to transfer representational rights. To the Hospitals' knowledge no such procedures have been followed, and no such criteria have been met.

      Because of the various above-described circumstances, it is imperative that the Hospitals have an understanding of status of SEIU Local 715 as it relates to the employees at the Hospitals it is certified to represent, and to receive appropriate assurances that SEIU Local 715 remains, in practice and not in name only, the exclusive collective bargaining representative of the bargaining unit employees. If there has not been a transfer of representational responsibilities and control, then the Hospitals must have an understanding of the role which SEIU Local 715 is asking UHW to perform before they can determine whether that is a proper role under the law and whether the Hospitals are obligated to honor that role. If, on the other hand, you contend that there has been a transfer of bargaining rights, please provide information regarding this purported transfer and how it was affected.

      The Hospitals certainly stand ready, willing and able to continue honoring their obligations with respect to SEIU Local 715 and to work with your organization as the certified representative of certain of their employees. Indeed, they even hope that a better and more collaborative relationship between the parties can be forged in an environment of mutual respect and mutual adherence to the terms and the spirit of the parties' agreement. Accordingly, they will continue to meet and deal with such representatives of SEIU Local 715 as you may designate and who are employed by SEIU Local 715, while the matter is sorted out. However, until they receive

# ▪FOLEY

Greg Pullman
June 7, 2006
Page 3

suitable assurances that SEIU Local 715 has not transferred its representational rights and role to UHW, and that SEIU Local 715 is maintaining control of the representational activities of those persons designated by it to represent it, they will no longer meet with representatives of UHW, nor will they respond to their requests, demands or other communications; provide information to their representatives; recognize UHW personnel in any grievance proceeding or investigatory meetings with Hospital employees, or honor requests for participation by UHW personnel.

       The Hospitals hope that the issues can be resolved quickly. To that end, please provide to the undersigned information and documentation describing the relationship between your organization and UHW that clearly sets forth the nature of, and limitations on, the latter's role as between the two labor organizations. The Hospitals are willing to review that documentation and other evidence and information promptly to determine whether they are satisfied that SEIU Local 715 is in fact retaining its status as the exclusive representative of the Hospital employees it was certified to represent. The Hospitals are also amenable to meeting promptly with you or an officer of SEIU Local 715 to review the information and to discuss these issues and their concerns if you would prefer such a meeting. To arrange such a meeting, please call either Laurie Quintel or me.

       In the mean time, and until that can occur, please immediately designate other representatives employed and controlled by SEIU Local 715 to serve as the representatives of the Hospital employees represented by your organization, since, effective immediately, and until the matter can be resolved, UHW employees will no longer be acknowledged, and have no contractual right of access to the Hospitals or to the employees while on Hospital premises. In the interim, in the absence of SEIU Local 715 representatives being appointed, the Hospitals will look to the stewards and to you to handle the representational activities in the Hospitals.

       Again, the Hospitals look forward to a prompt and amicable resolution of the issues.

       Sincerely,

*[signature]*

Laurence R. Arnold

LRA:sey
cc:    Laurie Quintel

Job number   : 066      \*\*\* SEND SUCCESSFUL \*\*\*


FOLEY & LARDNER LLP

ATTORNEYS AT LAW
ONE MARITIME PLAZA, SIXTH FLOOR
SAN FRANCISCO, CA 94111-3409
TELEPHONE  415.434.4484
FACSIMILE  415.434.4507
WWW.FOLEY.COM

## FACSIMILE TRANSMISSION

ORIGINAL WILL BE SENT BY MAIL

Total # of Pages 4 (including this page)

| TO: | PHONE #: | FAX #: |
|---|---|---|
| Greg Pullman<br>SEIU, Local 715 | (408) 954-8715 | (408) 954-1538 |
| CC: | PHONE #: | FAX #: |
| Laurie Quintel<br>Stanford Hospital & Clinics | (650) 725-2770 | (650) 723-2370 |

From: Laurence R. Arnold
Email Address: larnold@foley.com
Sender's Direct Dial: 415.984.9819
Date: June 7, 2006
Client/Matter No: 082437-3000
User ID No: 0034

MESSAGE:

If there are any problems with this transmission or if you have not received all of the pages, please call 415.434.4484, extension 858

| Operator: | Time Sent: | Return Original To: Susan E. Yardley |

CONFIDENTIALITY NOTICE: THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS NAMED ABOVE. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR ANY AGENT RESPONSIBLE FOR DELIVERING IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT YOU HAVE RECEIVED THIS DOCUMENT IN ERROR, AND THAT ANY REVIEW, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US BY MAIL. THANK YOU.

SFCA_387743.1                      Cover Page 1 of 1