**EXHIBIT KK**

07/02/2007 16:07 FAX 4153628064   ALTSHULER BERZON   ⌀001

085437-3068
pleadings

## ALTSHULER BERZON LLP
ATTORNEYS AT LAW
177 POST STREET, SUITE 300
SAN FRANCISCO, CALIFORNIA 94108
(415) 421-7151
FAX (415) 362-8064
www.altshulerberzon.com

# FACSIMILE COVER SHEET

**TO:** Laurence R. Arnold, Esq.      **FAX #:** (415) 434-4507

**DATE:** July 2, 2007                 **PAGES:** 4 (including cover page)

**FROM:** Jeffrey B. Demain, Esq.

**RE:** Arbitration Between Stanford Hospital & Clinics and SEIU Local 715 concerning the termination of Joe Hayes

**MESSAGE:** Please see the attached Subpoena Duces Tecum. I understand from your e-mail of June 29 that you have agreed to accept service of such a subpoena for the employer. After today, please call Stacey Leyton in my office if you have any questions, as I will be out of the office until Friday, July 6. Thanks.

---

IF YOU ENCOUNTER PROBLEMS RECEIVING THIS TRANSMISSION, PLEASE CALL (415) 421-7151.

**CONFIDENTIALITY NOTE**
The information contained in this facsimile transmission is legally privileged and confidential, intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the agent or employee responsible for delivering it to the intended recipient, you are hereby notified that any dissemination, distribution, copying or other use of this facsimile is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone at (415) 421-7151, and return the original facsimile to us at the above address by mail. Thank you.

## IN ARBITRATION PROCEEDINGS

### PURSUANT TO THE AGREEMENT BETWEEN THE PARTIES

In the Matter of a Controversy )
between, )
) **SUBPOENA DUCES TECUM**
Stanford Hospital & Clinics, )
Employer, )
)
and, )
)
SEIU, Local 715, )
Union. )
)
_____Joe Hayes Termination Arbitration_____ )

TO: _Stanford Hospital & Clinics_____

You are hereby commanded, business and excuses being set aside, to attend and to testify, at the request of __SEIU, Local 715, the Union in_____ the above proceedings at Foley & Lardner, 1530 Page Mill Road, Palo Alto, CA_____ on __July 10, 2007__ at _10:00 a.m._ to testify in the above captioned matter.

And you are hereby required to bring with you and produce at said time and place the books, records, correspondence and documents more specifically described in the attached "List of Documents Subpoenaed by the Union from the Employer for the Joe Hayes Arbitration"_____.

Disobedience of the Subpoena Duces Tecum will be punished as contempt in the manner and form prescribed by law.

The personal attendance of the custodian or other qualified witness and the production of the original records are required by this subpoena. The procedures authorized pursuant to the subdivision (b) of Section 1560, and Section 1561 and 1562, of the Evidence Code will not be deemed sufficient compliance with this subpoena.

Dated: July 2, 2007_____

_/s/ David C. Nevins_____
**ARBITRATOR**

### List of Documents Subpoenaed by the Union from the Employer for the Joe Hayes Arbitration

1. The personnel file of Joe Hayes.

2. All complaints or reports regarding patient safety, transport, and/or training issues filed or submitted to the employer or its agents or representatives by Joe Hayes, including but not limited to those complaints or reports filed in the Patient Safety Network under another person's login that mention Mr. Hayes as the source of the complaint/report or that mention Mr. Hayes in any other capacity.

3. All written communications by or to Joe Hayes, or written records of any oral communications by or to Mr. Hayes, concerning the November 9, 2006 incident allegedly underlying the termination of his employment, the termination of his employment, or patient safety, transport, and/or training issues.

4. All agendas, notes, and minutes of, and any other written record concerning, any staff meetings or training sessions attended by any Patient Transporter employee(s) at which patient safety, transport, or training matters were discussed within the year preceding November 9, 2006.

5. All agendas, notes, and minutes of, and any other written record concerning, any meetings at which Joe Hayes' complaints or reports regarding patient safety, transport, and/or training issues were discussed.

6. The Stanford Hospital & Clinics Rules of Conduct in effect on November 9, 2006.

7. Notes and minutes of, or any other written record concerning, any meeting(s) concerning the November 9, 2006 incident allegedly underlying the termination of Joe Hayes' employment, including any such documents relating to the December 1, 2006 investigatory meeting or the January 26, 2007 meeting concerning Mr. Hayes' grievance.

8. A list of all individuals (including but not limited to bargaining unit and management employees) who gave witness statements or otherwise spoke with management concerning the November 9, 2006 incident allegedly underlying the termination of Joe Hayes' employment.

9. All notes, minutes, reports, and/or any other written record of or concerning any interview with any witness to the November 9, 2006 incident allegedly underlying the termination of Joe Hayes' employment.

10. All documentation concerning any discipline of any employee for violation of the provisions of the Stanford Hospital & Clinic's Rules of Conduct that prohibit "[u]se of abusive language or disorderly conduct in a patient care, public contact, or general work area" and/or "[t]hreatening, intimidating, or coercing another employee, patient, or visitor, including verbal or physical altercations or related disorderly conduct," at any point during the five years preceding November 9, 2006.

11. All documentation concerning any violation by any employee of the provisions of the Stanford Hospital & Clinic's Rules of Conduct that prohibit "[u]se of abusive language or disorderly conduct in a patient care, public contact, or general work area" and/or "[t]hreatening, intimidating, or coercing another employee, patient, or visitor, including verbal or physical altercations or related disorderly conduct," at any point during the five years preceding November 9, 2006, where no discipline was imposed.