EXHIBIT GGG



**STANFORD UNIVERSITY MEDICAL CENTER**
*Stanford Hospital and Clinics*
*Lucile Packard Children's Hospital*

*Department of Food Services*

Jt. Exh. 2

**To:** Victor Acosta
**From:** Bob Figy, Director of Food Services
**Date:** March 14, 2007
**Re:** Termination of Employment

---

On Friday March 9, 2007 you were suspended from duty pending the investigation of your alleged theft of food from the Café. The subsequent investigation revealed that you had been seen by several staff members of both management and your peer group filling a large fountain beverage cup with fried shrimp. The cup was then set aside in an inconspicuous place for later pick up.

After that, you disappeared from your area of assignment for approximately thirty minutes. Due to your previous behavior with the shrimp, you were being observed and your disappearance was quite obvious. You later returned and clocked out, then went and changed to your street clothes to leave for the day. When you returned in your street clothes you were observed returning to the Café, retrieving the cup full of shrimp, placing a straw in the lid as with a beverage and headed for the exit. At the exit you were stopped by Zelko Zivkovic, the retail manager and asked what you were drinking in the cup to which your reply was "coffee". At this time Mr. Zivkovic asked to see the contents of the cup which revealed it to be filled with fried shrimp.

When brought to my office the contents of the cup were emptied revealing it contained 22 shrimp with a retail sales value of approximately $20.00. You were questioned with the assistance of an interpreter and admitted that you had taken the shrimp. Additionally you were questioned about your disappearance and could not provide any legitimate explanation for where you had been and what you'd been doing. After questioning witnesses about what had been seen, and your admission to the theft it is obvious that you had intentionally set yourself up in advance to steal the shrimp on your way out from the end of your shift.

As per Human Resources policy on corrective action, paragraph I. Rules of Conduct, Section 1. Gross Misconduct, Sub-section i; misappropriation, or theft, is grounds for immediate termination of employment. This is an action that impacts the members of the team, the department and the hospital and cannot be condoned in any fashion.

V. Acosta Termination
Page 2

Therefore the decision of your case, based on the outcome of the investigation and after conferring with Human Resources, is that your employment is terminated effective March 14, 2007.

I have read, understood and received a copy of this written notice

_____   3/14/7
Sign and Date

APR-14-2007 17:33   FROM-LOCAL 250   FRANCISCO   415-563-9914   T-445  P.004/006  F-682



# SEIU GRIEVANCE FORM  Jt. Exh. 3

**Instructions:** This form is to be used by an individual SEIU employee, a group of SEIU employees, and the Union to file a formal grievance for an alleged violation of a specific provision in the Agreement with SEIU. Please attach additional sheets to the form if needed.

Grievant's Name: Victor Acosta

Home Address: 450 Vera Ave Apt 7, Redwood City, CA 94061

Home Phone: 650 839-1438           Work Phone:         Ext.

Employer (County, School District, City, etc): Stanford

Department: Dietary            Job Classification:

Dept. Mgr.: Bob Figy            Immediate Supervisor

---

**STATEMENT OF GRIEVANCE:** Please describe what was the action you believe to be improper and describe specifically, what took place, how it happened, who was involved (please attach additional written documentation if needed): Unjust Termination

1. PLEASE DESCRIBE THE SPECIFIC ARTICLE(S) & SECTION(S) OF THE AGREEMENT WITH SEIU THAT HAS BEEN VIOLATED: The contract as a whole including: Just Cause

2. WHO IS THE GRIEVANCE BROUGHT AGAINST? The Employer

3. WHEN DID THE INCIDENT OCCUR? (date and, if appropriate, time or if ongoing): 3/14/07

4. PLEASE DESCRIBE WHAT WAS THE CONSEQUENCE OR ADVERSE EFFECT ON YOU AS A RESULT OF THE IMPROPER ACTION: Unjust termination

5. PLEASE DESCRIBE INFORMAL ATTEMPTS MADE BY YOU TO RESOLVE THIS GRIEVANCE AS COVERED BY STEP 1. (Informal Review) OF THE GRIEVANCE AND ARBITRATION PROCEDURE: n/a

6. THE REMEDY OR ACTION THAT YOU ARE REQUESTING TO RESOLVE THE GRIEVANCE: Make whole.

7. ADDITIONAL COMMENTS:

---

GRIEVANT: Victor Acosta
STEWARD: Jesus Andrade                      DATE: 3/17/06
WORKSITE ORGANIZER:                         DATE:
EMPLOYER SIGNATURE:                         DATE:

Please send and fax one copy of this form to HR and give a second copy to the union representative.



# LOCAL 715

**LOCAL 715**
www.seiu715.org

SERVICE EMPLOYEES INTERNATIONAL UNION, AFL-CIO/CLC

Jt. 4

April 16, 2007                                    Via Fax 650-723-2370 & Certified Mail

Ms. Laurie Quintel
Employee/Labor Relations
Stanford Hospital and Clinics
300 Pasteur Drive
Palo Alto, CA 94305

Dear Mrs. Quintel:

Please be advised that we are moving the Victor Acosta termination grievance to binding arbitration.

Sincerely,

*Jesus Andrade*

Jesus Andrade

Cc:  Victor Acosta
     Ella Hereth
     Jocelyn Olick
     Kim Tavaglione

EH/ca/LVAcosta 4/opeiu 29

STEWART WEINBERG
DAVID A. ROSENFELD
WILLIAM A. SOKOL
VINCENT A. HARRINGTON, JR.
W. DANIEL BOONE
BLYTHE MICKELSON
BARRY E. HINKLE
JAMES RUTKOWSKI •
SANDRA RAE BENSON
CHRISTIAN L. RAISNER
JAMES J. WESSER
THEODORE FRANKLIN
ANTONIO RUIZ
MATTHEW J. GAUGER
ASHLEY K. IKEDA ••
LINDA BALDWIN JONES
PATRICIA A. DAVIS
ALAN G. CROWLEY
J. FELIX DE LA TORRE
KRISTINA L. HILLMAN •••
ANDREA LAIACONA
EMILY P. RICH

**_INBERG, ROGER & ROSENF_**
A PROFESSIONAL CORPORATION

1001 Marina Village Parkway, Suite 200
Alameda, CA 94501-1091
TELEPHONE 510.337.1001
FAX 510.337.1023

LORI K. AQUINO ••
ANNE I. YEN
NICOLE M. PHILLIPS
BROOKE D. PIERMAN •••
BRUCE A. HARLAND
CONCEPCIÓN E. LOZANO-BATISTA
CAREN P. SENCER
LINELLE S. MOGADO
MANJARI CHAWLA
KRISTINA M. ZINNEN

PATRICIA M. GATES, Of Counsel
ROBERTA D. PERKINS, Of Counsel
JOHN PLOTZ, Of Counsel

• Also admitted in Arizona
•• Admitted in Hawaii
••• Also admitted in Nevada

May 16, 2007

Jt. Exh. 5

Thomas Angelo, Arbitrator
P.O. Box 1937
Mill Valley, CA 94942

Re:   SEIU United Healthcare Workers - West
      Stanford Hospital and Clinics
      Victor Acosta - Unjust Termination
      FMCS Case No. 070420-55892-A

Dear Mr. Angelo:

We are pleased to inform you that you have been selected to serve as the arbitrator in the above matter. This office represents the Union and the employer representative appears below.

Please submit a list of available dates to the respective representatives of the parties.

To assure that our records are accurate concerning your current per diem fee and cancellation requirements, we ask that when you respond to the parties with your available dates, that you include this information in your response. Thank you.

Sincerely,

*W. Daniel Boone*

W. Daniel Boone

WDB/ar
opeiu 3 afl-cio(1)
115888/457647

cc:   Larry Arnold
      Foley & Lardner
      One Maritime Plaza, Sixth Floor
      San Francisco, CA 94111-3404
      (415) 984-9819

      LaKisha Hackett
      Ella Hereth
      Sal Rosselli



LOS ANGELES OFFICE
3435 Wilshire Boulevard, Suite 620
Los Angeles, CA 90010-1907
TEL 213.380.2344 FAX 213.381.1088

SACRAMENTO OFFICE
428 J Street, Suite 520
Sacramento, CA 95814-2341
TEL 916.443.6600 FAX 916.442.0244

HONOLULU OFFICE
1099 Alakea Street, Suite 1602
Honolulu, HI 96813-4500
TEL 808.528.8880 FAX 808.528.8881

*Thomas Angelo*
Labor Arbitrator
Post Office Box 1937
Mill Valley, California 94942
(415) 381-1701
Fax (415) 380-9792

LS2207

RECEIVED
JUL 11 2007
W R & R
Jt. 6

July 10, 2007

Laurence R. Arnold
Foley & Lardner
One Maritime Plaza, 6th Floor
San Francisco CA  94111-3409

W. Daniel Boone
Weinberg, Roger & Rosenfeld
1001 Marina Village Pkwy., Ste. 200
Alameda CA  94501-1091

                      Re:  Stanford Hospital and Clinics
                           SEIU
                           Victor Acosta - Termination

Gentlemen:

    This will confirm the hearing in the above matter has been scheduled for November 28, 2007.  I understand the parties will advise me of the location for the hearing, and I assume proceedings will begin at 10:00 a.m.  I do not require the services of a court reporter but have no objections if the parties wish to have a transcript prepared.

    This will also confirm my per diem charge of $1600.00 and that a cancellation fee of $1600.00 for each day scheduled will be charged unless notification is received 30 calendar days prior to hearing.

Sincerely yours,

Thomas Angelo

COPY SENT TO CALENDAR
JUL 11 2007
VAN BOURG, WEINBERG,
ROGER & ROSENFELD



Jt. Exh. 7

**STANFORD UNIVERSITY MEDICAL CENTER**

Stanford Hospital & Clinics
Lucile Salter Packard Children's Hospital

April 5, 2007                                              *Via Fax & U.S. Mail*

Jesus Andrade, Chief Steward
SEIU, Local 715
P.O. Box 19152
Stanford, CA 94309

Re:   2nd Step Decision – Victor Acosta

Jesus,

We met on April 2, 2007, regarding the 2nd step grievance filed on behalf of Food Service Worker Victor Acosta. Mr. Acosta was terminated March 14, 2007, for the theft of food from the cafeteria. The grievance alleges that the discipline is in violation of "the contract as a whole including: just cause".

On March 9, 2007, Mr. Acosta had clocked-out and changed out of his uniform. He returned to the cafeteria and was stopped while exiting the cafeteria by Retail Manager Zelko Zivkovic and questioned about an issue with his timecard that day. Mr. Acosta was holding a 32 oz. drink cup with a lid and a straw in it. He was asked what was in the cup, and he replied "coffee". Mr. Acosta was asked to come into the back office, where it was revealed that the cup held twenty-two (22) cooked shrimp, which was being served on the food line that day.

You stated in the hearing that Mr. Acosta was stopped by Mr. Zivkovic at the cash register and was escorted away before being given an opportunity to pay for the shrimp. Mr. Acosta was asked if he intended to pay for the shrimp, why he didn't inform Mr. Zivkovic of this before leaving the area with him. Mr. Acosta replied he did not have a chance to. He was asked why he put the shrimp in a cup instead of a food container. He answered, "A cup is easier to handle." He was then asked if the cup was used as an 'easy to handle' container, why he inserted a straw into it. He replied that he needed a cup with a straw for a drink he already had out on a table.

The Union's position is that Mr. Acosta did not steal. He intended to pay for the shrimp but was stopped and removed from the register by Mr. Zivkovic before he could pay. You also said that termination is too severe a penalty for the amount taken, a $20 retail value. You presented a petition containing seventy-four (74) signatures in support of Mr. Acosta being returned to work. This petition also acknowledges theft is in violation of Hospital policy. The Union asks that Mr. Acosta be reinstated and made whole.

It was reported that Mr. Acosta filled a cup with shrimp and placed it on the counter past the food line. He was later observed after his clock-out time returning to the cafeteria in street clothes, picking up the cup of shrimp, and exiting the area. Contrary to your statement that Mr. Acosta was stopped at the register, witnesses state he was approached past the registers, as he was exiting the cafeteria. He lied about the contents of the cup when first asked about it, saying it contained coffee. Mr. Acosta hid the shrimp in a 32 oz. cup with a straw to give the appearance he was holding a drink, which Food Service Employees are permitted to have at no charge during their lunch or break. His explanation as to why he placed the shrimp in a drink container with a straw in it, to reuse it for a drink he had waiting, is simply not credible. His attempt to take the food without paying for it was premeditated.

It is a stated policy that Food Service Workers are prohibited from removing food items from the cafeteria unless the individual pays for the food, as a customer. Moreover, the hospital requires that patrons of the cafeteria, be they patients, visitors, or staff, pay for any food items taken or consumed. This requirement is no different from any institution where payment for goods and or services is a basic tenet of business operations. The unauthorized removal of food is considered theft and would result in termination.

Facts of the case reveal the termination was warranted. Accordingly, this grievance is denied.

*[signature]*

Brian Coffman
Sr. Employee/Labor Relations Specialist


Cc:     Laurie Quintel
        Bob Figy

# Message Confirmation Report

APR-05-2007 11:01 AM THU

Fax Number : 16507232370
Name :

| | | |
|---|---|---|
| Name/Number | : | SEIU / 914089541538-7190022 |
| Page | : | 3 |
| Start Time | : | APR-05-2007 11:01AM THU |
| Elapsed Time | : | 00'33" |
| Mode | : | STD ECM |
| Results | : | [O.K] |



**STANFORD**
HOSPITAL & CLINICS
Stanford University Medical Center

Employee & Labor Relations Department
300 Pasteur Drive, Room HG005
Stanford, CA 94305-5250
Tel. 650-723-6251    Fax 650-723-2370

## FAX TRANSMISSION

| | | | |
|---|---|---|---|
| To: | Jesus Andrade | Fax: | (408) 954-8715 |
| From: | Brian Coffman | Fax: | (650) 723-2370 |
| Re: | Acosta grievance decision | Pages: | 3, including cover |
| CC: | | Date: | 4/4/2007 |

☐ Urgent    ☐ For Review    ☐ Please Comment    ☐ Please Reply    ☐ Please Recycle

Comments:

The information in this fax message is confidential information. It is unlawful for unauthorized persons to review, copy, disclose or disseminate confidential information. If the reader of this warning is not the intended fax recipient or the intended recipient's agent, you are hereby notified that you have received this fax message in error and that review or further disclosure of the information contained therein is strictly prohibited.

APR-16-07  10:52   FROM-SEIU U.     415 563 9..   T-515  P.001/001  F-112



# LOCAL 715

www.seiu715.org

SERVICE EMPLOYEES INTERNATIONAL UNION, AFL-CIO/CLC

April 16, 2007    Via Fax 650-723-2370 & Certified Mail

Ms. Laurie Quintel
Employee/Labor Relations
Stanford Hospital and Clinics
300 Pasteur Drive
Palo Alto, CA 94305

Dear Mrs. Quintel:

#2007012

Please be advised that we are moving the Victor Acosta termination grievance to binding arbitration.

Sincerely,

*Jesus Andrade*

Jesus Andrade

Cc: Victor Acosta
    Ella Hereth
    Jocelyn Olick
    Kim Tavaglione

EJ/ca/LVAcosta 4opels 29

San Jose Office: 2302 Zanker Road, San Jose, CA 95131-1115 • (408) 954-8715 • Fax (408) 954-1538
Redwood City Office: 891 Marshall Street, Redwood City, CA 94063 • (650) 365-8715 • Fax (650) 365-1538
Stanford Office: P.O. Box 19152, Stanford, CA 94309 • (650) 723-3680 • Fax (650) 723-3650
-Affiliated SEIU 1972-