**EXHIBIT LLL**

UNITED STATES OF AMERICA
BEFORE THE NATIONAL LABOR RELATIONS BOARD
REGION 32

SERVICE EMPLOYEES INTERNATIONAL
UNION, LOCAL 715

and

STANFORD HOSPITAL AND CLINICS/
LUCILE PACKARD CHILDREN'S HOSPITAL

Cases 32-CB-6237
32-CB-6350
32-CB-6351

## ORDER CONSOLIDATING CASES, CONSOLIDATED COMPLAINT AND NOTICE OF HEARING

It having been charged in Cases 32-CB-6237, 32-CB-6350 and 32-CB-6351 by Stanford Hospital and Clinics/Lucile Packard Children's Hospital, herein called the Employer, that Service Employees International Union, Local 715, herein called Respondent, has engaged in, and is engaging in, certain unfair labor practices affecting commerce as set forth and defined in the National Labor Relations Act, as amended, 29 U.S.C. Sec. 151, et seq., herein called the Act, the General Counsel of the National Labor Relations Board, herein called the Board, on behalf of the Board, by the undersigned, having duly considered the matter and deeming it necessary in order to effectuate the purposes of the Act and to avoid unnecessary costs and delay,

**HEREBY ORDERS**, pursuant to Section 102.33 of the Board's Rules and Regulations, Series 8, as amended, that these cases be, and they hereby are, consolidated.

Said cases having been consolidated, the General Counsel of the Board, on behalf of the Board, by the undersigned, pursuant to Section 10(b) of the Act and Section 102.15 of the

Board's Rules and Regulations, Series 8, as amended, hereby issues this Consolidated Complaint and Notice of Hearing and alleges as follows:

1.

(a)     The charge in Case 32-CB-6237 was filed by the Employer on or about April 16, 2007, and a copy was served upon Respondent by mail on or about April 17, 2007.

(b)     The charge in Case 32-CB-6350 was filed by the Employer on or about October 19, 2007, and a copy was served upon Respondent by mail on or about October 22, 2007.

(c)     The charge in Case 32-CB-6351 was filed by the Employer on or about October 19, 2007, and a copy was served upon Respondent by mail on or about October 22, 2007.

2.

(a)     At all times material herein, the Employer, a California corporation with an office and place of business located in Palo Alto, California, has been engaged in the operation of an acute-care hospital and medical clinics providing inpatient and outpatient medical care.

(b)     During the past twelve months, the Employer, in the course and conduct of its business operations, derived gross revenues in excess of $250,000.

(c)     During the past twelve months, the Employer, in the course and conduct of its business operations, purchased and received goods valued in excess of $5,000 that originated outside the State of California.

3.

The Employer is now, and has been at all times material herein, an employer engaged in commerce within the meaning of Section 2(2), (6) and (7) of the Act.

4.

Respondent is now, and has been at all times material herein, a labor organization within the meaning of Section 2(5) of the Act.

5.

The following-described employees of the Employer, herein called the Unit, constitute a unit appropriate for the purposes of collective bargaining within the meaning of Section 9(b) of the Act:

> All full-time, part-time, and relief non-professional employees performing service and patient care functions employed at Stanford Hospital, Lucile Packard Children's Hospital, Welch Road and Blake Wilbur Drive locations in positions or classifications listed as included in Appendix A of Respondent and the Employer's January 20, 2006 through November 4, 2008 collective bargaining agreement (herein called the Agreement); excluding employees employed in those positions or classifications listed as excluded in Appendix A of the Agreement, employees represented by any other labor organization, managerial, supervisory or confidential employees within the meaning of the Act, and all other employees.

6.

Since early 2000, and at all times material herein, Respondent has been the designated exclusive collective bargaining representative of the employees in the Unit, and since said date

Respondent has been recognized as such representative by the Employer. Such recognition has been embodied in the Agreement.

7.

At all times since early 2000, Respondent, by virtue of Section 9(a) of the Act, has been, and is, the exclusive representative of the employees in the Unit, for the purpose of collective bargaining with respect to rates of pay, wages, hours of employment, and other terms and conditions of employment.

8.

(a)     On or about March 29, 2007, in writing, and again on May 15 and June 22, 2007, again in writing, the Employer requested Respondent to provide it with the following information pertaining to the status of Respondent as the exclusive collective bargaining representative of the employees in the Unit, herein collectively called the March 29 Information:

1. Identity of officers, directors, executives and managerial employees of SEIU Local 715.

2. Identity of officers, directors, executives and managerial employees of SEIU Local 521.

3. Identity of SEIU Local 715's employees.

4. Identity of all individuals authorized to act on behalf of SEIU Local 715.

5. Identity of all individuals who receive paychecks reflecting the name and address of the legal entity of the employer as SEIU, Local 715, pursuant to California Labor Code 226(a)(8).

6. The current organization chart of SEIU, Local 715.

4

      7. The organization chart of SEIU, Local 521.

      8. SEIU Local 715's current bylaws.

      9. SEIU Local 521's current bylaws.

      10. A description of SEIU, Local 715's current assets.

      11. A description of SEIU, Local 521's current assets.

      12. Any documents filed with the State of California or the U.S. Department of Labor regarding any change in the status of Local SEIU, 715.

(b)   On or about August 1, 2007, in writing, and again on October 8, 2007, again in writing, the Employer requested Respondent to provide it with the following information pertaining to the status of Respondent as the exclusive collective bargaining representative of the employees in the Unit, herein collectively called the August 1 Information:

      1. The name and position held of each employee on the active payroll and who received pay in of the first pay period of each of the months of April, May, and June of 2007, and the name of each employee on the active payroll on June 7, 2007.

      2. The name and title of each officer of Local 715 as of the first day of each of the months of April, May, and June of 2007, and on June 7, 2007, and the amounts of compensation and expense reimbursements paid to each.

      3. A list of assets as the first day of each of the months of April, May, and on June of 2007.

      4. A list of assets transferred or sold in each of the months of April, May and June of 2007.

      5. A list of assets acquired in each of the months of April, May and June of 2007.

(c) Prior to requesting the March 29 and August 1 Information, the Employer informed Respondent of the basis for its requests, namely, conflicting information that it had received as to whether Respondent continued to represent the Unit, whether Respondent continued to exist, or whether Respondent had been replaced by Service Employee International Union, Local 521.

(d) The March 29 and August 1 Information is each necessary for, and relevant to, the Employer's administration and enforcement of the Agreement, including its need to determine the continuing existence and/or viability of Respondent as the exclusive collective bargaining representative of the employees in the Unit.

(e) Since about March 29, 2007, Respondent has refused, and has continued to refuse, to provide the Employer with the March 29 Information.

(f) Since about August 1, 2007, Respondent has refused, and has continued to refuse, to provide the Employer with the August 1 Information.

9.

(a) On or about August 24, 2007, in writing, and again on October 5 and 16 and November 9, 2007, again in writing, the Employer requested Respondent to provide it with information pertaining to the identity of Respondent's legal representative, specifically, whether the law firm of Altshuler, Berzon LLP continued to represent Respondent, whether the law firm of Weinberg, Roger & Rosenfeld represented Respondent and, if so, whether that law firm was providing representational services to Respondent in its capacity as the legal representative of

6

United Healthcare Workers West (herein called UHW) under a service agreement entered into between Respondent and UHW, herein collectively called the Legal Representative Information.

(b) Prior to requesting the Legal Representative Information, the Employer informed Respondent of the basis for its requests, namely, conflicting information that it had received as to whether Respondent was represented by Altshuler, Berzon LLP and/or Weinberg, Roger & Rosenfeld and/or whether Weinberg, Roger & Rosenfeld was providing representational services to Respondent pursuant to a service agreement between Respondent and UHW that the Employer had previously rejected.

(c) The Legal Representative Information is necessary for, and relevant to, the Employer's administration and enforcement of the Agreement, including its need to determine the identity of the party seeking to bargain with the Employer on behalf of the employees in the Unit and to insure that the Employer was bargaining with the designated exclusive collective bargaining representative of the employees in the Unit.

(d) Since about August 24, 2007, Respondent has refused, and continues to refuse, to provide the Employer with the Legal Representative Information.

10.

By the acts and conduct described above in paragraphs 8(e), 8(f) and 9(d), and by each of said acts, Respondent has failed and refused, and is failing and refusing, to bargain collectively and in good faith as the representative of the Employer's employees, and Respondent thereby has been engaging in unfair labor practices affecting commerce within the meaning of Section 8(b)(3) and Section 2(6) and (7) of the Act.

**PLEASE TAKE NOTICE** that commencing on the 6th day of May 2008, at 9:00 a.m., in the Oakland Regional Office of the Board, Oakland Federal Building, 1301 Clay Street, Room 300N, Oakland, California 94612-5224, and continuing on consecutive days thereafter until completed, a hearing will be conducted before a duly designated Administrative Law Judge of the Board on the allegations set forth in the above Consolidated Complaint, at which time and place you will have the right to appear in person, or otherwise, and give testimony. Form NLRB-4668, Statement of Standard Procedures in Formal Hearings Held Before the National Labor Relations Board in Unfair Labor Practice Cases, is attached.

## ANSWER REQUIREMENT

Respondent is notified that, pursuant to Sections 102.20 and 102.21 of the Board's Rules and Regulations, it must file an answer to the Consolidated Complaint. The answer must be received by this office by **March 13, 2008, or postmarked on or before March 12, 2008.** Respondent should file an original and four (4) copies of the answer with this office and serve a copy of the answer on each of the other parties. An answer may also be filed electronically, by using the E-Filing system on the Agency's website. In order to file an answer electronically, access the Agency's website at http://www.nlrb.gov, click on **E-Gov**, then click on the **E-Filing** link on the pull-down menu. Click on the "File Documents" button under "Regional, Subregional and Resident Offices" and then follow the directions. The responsibility for the receipt and usability of the answer rests exclusively upon the sender. A failure to timely file the answer will not be excused on the basis that the transmission could not be accomplished because the Agency's website was off-line or unavailable for some other reason. When an answer is filed

electronically, an original and four (4) paper copies must be sent to this office so that it is received no later than three (3) business days after the date of electronic filing. Service of the answer on each of the other parties must still be accomplished by means allowed under the Board's Rules and Regulations. The answer may **not** be filed by facsimile transmission. If no answer is filed, the Board may find, pursuant to a Motion for Default Judgment, that the allegations in the Consolidated Complaint are true.

**DATED AT** Oakland, California this 28th day of February, 2008.

William A. Baudler
Acting Regional Director
National Labor Relations Board
Region 32
1301 Clay Street, Suite 300N
Oakland, CA 94612-5224

NLRB-4338
(6-9G)

UNITED STATES GOVERNMENT

**NATIONAL LABOR RELATIONS BOARD**

## NOTICE

Case: 32-CB-6237-1 et. al.

The issuance of the notice of formal hearing in this case does not mean that the matter cannot be disposed by agreement of the parties. On the contrary, it is the policy of this office to encourage voluntary ustments. The examiner or attorney assigned to the case will be pleased to receive and to act promptly on your suggestions or comments to this end. An agreement between the parties, approved by the Regional ector, would serve to cancel the hearing.

However, unless otherwise specifically ordered, the hearing will be held at the date, hour, and place licated. Postponements *will not be granted* unless good and sufficient grounds are shown *and* the following uirements are met:

(1) The request must be in writing. An original and two copies must be filed with the Regional Director when appropriate under 29 CFR 102.16(a) or with the Division of Judges when appropriate under 29 CFR 102.16(b).

(2) Grounds must be set forth in *detail*;

(3) Alternative dates for any rescheduled hearing must be given;

(4) The positions of all other parties must be ascertained in advance by the requesting party and set forth in the request; *and*

(5) Copies must be simultaneously served on all other parties *(listed below)*, and that fact must be noted on the request.

Except under the most extreme conditions, no request for postponement will be granted during the three ys immediately preceding the date of hearing.

Ms. Kristy Sermersheim
Service Employees International
Union, Local 715
2302 Zanker Road
San Jose, CA 95131

Bruce Harland, Esq.
Weinberg, Roger & Rosenfeld
1001 Marina Village Parkway, Suite 200
Alameda, CA 94501

Laurie Quintel
Labor Relations Manager
Stanford Hospital
300 Pasteur Drive, MC 5513
Stanford, CA 94305-5513

Laurence R. Arnold,, Esq.
Foley & Lardner
One Maritime Plaza, Sixth Floor
San Francisco, CA 94111