WILLIAM A. SOKOL, Bar No. 072740
VINCENT A. HARRINGTON, JR., Bar No. 071119
BRUCE A. HARLAND, Bar No. 230477
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501-1091
Telephone 510.337.1001
Fax 510.337.1023

Attorneys for Respondent/Cross-Petitioner
SEIU, Local 715

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANFORD HOSPITAL & CLINICS and LUCILE PACKARD CHILDREN'S HOSPITAL,<br><br>    Petitioners,<br><br>    v.<br><br>SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715,<br><br>    Respondent. | No.   C-07-CV-05158-JF<br><br>RESPONDENT'S/CROSS-PETITIONER'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR CONFIRMATION OF ARBITRATION AWARD<br><br>Date:  August 29, 2008<br>Time:  9:00 a.m.<br>Judge: Hon. Jeremy Fogel<br>Courtroom:   3, 5th fl. |

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

Local 715's Memorandum In Support of Motion for Confirmation of Arbitration Award
Case No. C-07-CV-05158-JF

# TABLE OF CONTENTS

I.   INTRODUCTION ................................................................................................................. 1

II.  STATEMENT OF FACTS .................................................................................................. 2

III. LEGAL ARGUMENT ........................................................................................................ 5

    A.  THE COURT SHOULD REJECT ANY ARGUMENT THAT THE AWARD SHOULD BE VACATED BECAUSE THE UNION ALLEGEDLEY DOES NOT EXIST AND/OR LACKED STANDING TO PARTICPATE IN THE ARBITRATION. ............................................. 6

        1.  The Employer Admits that Local 715 is a Labor Organization that Represents Employees in an Industry Affecting Commerce. ................................... 7

        2.  The Employer Waived the Issues It Could Have But Failed to Address to the Arbitrator. ........................................................................... 9

        3.  The Union Has A Right to Designate Whomever They Wish to Represent Them in Collective Bargaining Process ........................................... 9

    B.  THE EMPLOYER'S PETITION TO VACATE IS BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS. ...................................................... 10

    C.  REVIEW OF AN ARBITRATION DECISION ARISING FROM A COLLECTIVE BARGAINING AGREEMENT IS EXTREMELY LIMITED. ............................................................................................... 11

    D.  ARBITRATOR STAUDOHAR'S DECISION DRAWS ITS ESSENCE FROM THE CBA. ............................................................................. 12

    E.  ARBITRATOR STAUDOHAR DID NOT EXCEED HIS JURISDICTION AND HIS REMEDY IS ENTITLED TO SPECIAL DEFERENCE. ......................................................................................... 14

    F.  THE UNION IS ENTITLED TO AN AWARD OF ATTORNEYS' FEES. ............................................................................................................... 14

IV. CONCLUSION ................................................................................................................. 15

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

i

Local 715's Memorandum In Support of Motion for Confirmation of Arbitration Award
Case No. C-07-CV-05158-JF

# TABLE OF AUTHORITIES

**Federal Cases**

*381 F.2d 632 (6th Cir. 1967)* ........................................................................................................... 9

*Alyeska Pipeline Service Co.* v.
    *Wilderness Society*, 421 U.S. 240, 95 S. Ct. 1612, 44 L. Ed. 2d 141 (1975) .............................. 14

*Am. Title Ins. Co. v. Lacelaw Corp.*,
    861 F.2d 224 (9th Cir. 1988) ......................................................................................................... 7

*Courier-Citizen Co. v. Boston Electrotypers Union No. 11*,
    702 F.2d 273 (1st Cir. 1983) ....................................................................................................... 15

*Desert Palace v. Local Joint Exec. Bd. of Las Vegas*,
    679 F.2d 789 (9th Cir. 1982) ....................................................................................................... 14

*Ferguson v. Neighborhood Housing Servs.*,
    780 F.2d 549 (6th Cir. 1986) ..................................................................................................... 7, 8

*Ficek v. So. Pacific Co.*,
    338 F.2d 655 (9th Cir. 1964) ......................................................................................................... 9

*Gen. Drivers Warehousemen & Helpers, Local Union 89 v. Riss & Co.*,
    372 U.S. 517 (1963) ...................................................................................................................... 5

*Gen. Elec. Co. v. NLRB*,
    412 F.2d 512 (2nd Cir. 1969) ........................................................................................................ 9

*Hawaii Teamsters Local 996 v. UPS*,
    241 F.3d 1177 (9th Cir. 2001) ..................................................................................................... 12

*In re Fordson Eng. Corp., 25 B.R.*
    506 (Bankr. E.D.Mich. 1982) ........................................................................................................ 7

*Int'l Chem. Workers Union v. Mobay Chem. Corp.*,
    775 F. 2d 1107 (4th Cir. 1985) ...................................................................................................... 9

*Int'l Union of Petroleum and Indus. Workers v. Western Indus. Maint., Inc.*,
    707 F.2d 425, 428 (9th Cir. 1983) ......................................................................................... 14, 15

*Major League Baseball Players Ass'n v. Garvey*,
    532 U.S. 504 (2001) .................................................................................................................... 11

*Marino v. Writers Guild of Am., East, Inc.*,
    992 F. 2d 1480 (9th Cir. 1993) ...................................................................................................... 9

*Millmen Local 550, United Bhd. of Carpenters v. Wells Exterior Trim*,
    828 F.2d 1373 (9th Cir. 1987) ....................................................................................................... 5

*Rozay's Transfer v. Local Freight Drivers, Local 208*,
    850 F.2d 1321, 1335 (9th Cir. 1988) ........................................................................................... 14

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

*San Diego County Dist. Council of Carpenters v. Cory*,
 685 F.2d 1137 (9th Cir. 1982) ........................................................................................... 10

*Seattle Times Co. v. Seattle Mailer's Union No. 32*,
 664 F.2d 1366 (9th Cir. 1982) ........................................................................................... 14

*SFIC Props. v. Int'l Assoc. of Machinists & Aerospace Workers, Dist. Lodge 94*,
 103 F.3d 923 (9th Cir. 1996) ............................................................................................. 12

*Stead Motors of Walnut Creek v. Automotive Machinists Lodge, No. 1173*,
 886 F.2d 1200 (9th Cir. 1989) (en banc), cert. denied, 495 U.S. 946 (1990) ............. 11, 12

*United Paperworkers Int'l Union v. Misco, Inc.*,
 484 U.S. 29 (1987) ...................................................................................................... 11, 14

*United Steelworkers of Am. v. Smoke-Craft*,
 652 F.2d 1356 (9th Cir. 1981) ............................................................................................. 9

*United Steelworkers v. American Mfg. Co.*,
 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960) ...................................................... 11

*United Steelworkers v. Warrior & Gulf Navigation Co.*,
 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960) ...................................................... 11

*USWA v. Enterprise Wheel & Car Corp.*,
 363 U.S. 593 (1960) .............................................................................................. 11, 13, 14

*USWA v. U.S. Gypsum Co.*,
 492 F.2d 713 (5th Cir. 1974) ............................................................................................. 15

*Van Walters & Rogers, Inc. v. IBT*,
 56 F.3d 1132 (9th Cir. 1995) ............................................................................................. 12

*Virginia Mason Hosp. v. Washington State Nurses Ass'n*,
 511 F.3d 908 (9th Cir. 2007) ....................................................................................... 12, 13

**Federal Statutes**

29 U.S.C. § 157 ....................................................................................................................... 10

29 U.S.C. § 185 ........................................................................................................... 5, 10, 14

9 U.S.C. § 12 .......................................................................................................................... 10

**Other Authorities**

*Am. Radiator and Standard Sanitary Corp.*,
 155 N.L.R.B. 736................................................................................................................. 9

*Caribe Steel Co.*,
 313 N.L.R.B. 877 (1994)..................................................................................................... 9

*Standard Oil Co.*,
 137 N.L.R.B. 690 (1962), aff'd, 322 F.2d 40 (6th Cir. 1963) ............................................. 9

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

## I. INTRODUCTION

In an effort to have this Court decide the merits of a grievance, which has already been decided by a neutral third party arbitrator who was jointly selected by both parties, Stanford Hospital & Clinics and Lucile Packard Children's Hospital (the "employer" or "Hospital") filed the instant petition to vacate. Respondent, Service Employees International Union, Local 715 (the "Union" or "Local 715") has filed a cross-petition to confirm the arbitrator's award.

The employer's petition to vacate should be denied, and the Union's cross-petition should be granted, because the employer's petition is barred by the applicable statute of limitations. The employer failed to serve its petition within 100 days of service of the Arbitrator's decision. Furthermore, even if the employer could somehow overcome this jurisdictional hurdle, the Arbitrator's decision should be confirmed because the Arbitrator neither ignored the language of the parties' Collective Bargaining Agreement ("CBA") nor exceeded his jurisdiction or authority.

On July 2, 2007, Labor Arbitrator Paul D. Staudohar issued a Decision and Award sustaining a grievance filed by the Union, alleging that the employer violated Article 9 of the parties' Collective Bargaining Agreement when it unilaterally discontinued a five percent pay differential to Anesthesia Techs who were assigned to carry a Spectralink telephone. As a result, Arbitrator Staudohar directed the employer to restore the five percent pay differential and make whole the Anesthesia Techs for any lost wages as a result of the employer's violation. Additionally, Arbitrator Staudohar ordered that the pay differential should "remain in effect unless and until altered by mutual agreement of the Parties."

Obviously unhappy with Arbitrator Staudohar's decision, the employer now challenges the validity of Arbitrator Staudohar's decision on several unmeritorious grounds. Although the employer and the Union mutually selected Arbitrator Staudohar and the employer voluntarily agreed to submit to Arbitrator Staudohar the issue of whether or not it had violated Article 9 of the Collective Bargaining Agreement by unilaterally discontinuing the five percent pay differential, the employer nevertheless now seeks to have this Court reconsider the merits of the Arbitrator's decision. The employer's petition should be denied, and the Union's cross-petition granted,

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

1  because the employer failed to timely challenge the Arbitrator's award and is now barred by the
2  applicable statute of limitations from doing so.  By attempting to have this Court reconsider the
3  merits of the grievance, especially in light of the fact the employer clearly failed to timely serve its
4  petition within the statute of limitations period, the employer is acting in bad faith; and, therefore,
5  an award of attorneys' fees is warranted.

6  Even if the Court were to find that the employer timely filed its petition to vacate, the
7  Arbitrator's Award should be confirmed because the Arbitrator's award draws its essences from
8  the parties' Collective Bargaining Agreement and resolves issues expressly and jointly submitted
9  for a decision.  Moreover, the Court should reject any argument that the petition to vacate should
10 be granted because either the Union does not exist or had no standing to participate in the
11 arbitration hearing, as the employer never raised this issue at the arbitration hearing, the employer
12 alleged in its petition to vacate that the Union was a labor organization under Section 301 of the
13 LMRA, and the employer stipulated in the joint case management conference statement that the
14 Court had jurisdiction over the matter precisely because the Union was a labor organization as
15 defined by Section 301.

16 Based on long-standing principles and deeply imbedded precedent favoring the arbitration
17 of labor disputes, the Union's motion should be granted and Arbitrator Staudohar's decision should
18 be confirmed, together with an order for attorneys' fees.

19 **II.   STATEMENT OF FACTS**

20 During the relevant time periods, the Union and the employer were, and are currently,
21 parties to a Collective Bargaining Agreement containing a grievance procedure, leading to final
22 and binding arbitration.  (Pet. to Vacate at ¶ 5, Exh. A.)   Article 26 of the parties' Collective
23 Bargaining Agreement empowers an arbitrator to restore to affected employees "the pay, benefits,
24 or rights lost as a result of the violation of the Agreement . . . ."  (*Id.*)  The best way to secure an
25 understanding of the underlying facts regarding the Union's grievance is to read Arbitrator
26 Staudohar's decision, (Pet. to Vacate, Exh. B), but the facts are briefly recited herein.

27 > The Union represents, among others, Anesthesia Techs at the Hospital.
> There are also Lead Anesthesia Techs, but as of the date of the arbitration
28 > that position was vacant.  The typical job duties of an Anesthesia Tech

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

2

Local 715's Memorandum In Support of Motion for Confirmation of Arbitration Award
Case No. C-07-CV-05158-JF

include:  assisting anesthesiologists; providing equipment, supplies, and materials; assisting with patient care; setting up operating rooms; setting up and operating the Cell-Saver, a machine to re-circulate the patient's own blood during the course of an operation; and responding to specific requests from anesthesiologists and nurses.

(Pet. to Vacate, Exh. B at pp. 2-3.)

This particular arbitration involved a Spectralink telephone, which is similar to a cellular phone. Each Anesthesia Tech is assigned, on a rotational basis, to carry a Spectralink telephone. (*Id*. at p. 3.) Prior to the Spectralink, Anesthesia Techs were assigned to carry a pager. The Anesthesia Techs who carried a pager, and, for a period of time, those who carried the Spectralink received an additional five percent pay differential. (*Id*. at p. 4.)

Sometime in 2006, the new Anesthesia Department Manager, Alice Beltran, discovered that Anesthesia Techs, who carried a Spectralink, received a five percent pay differential; she contacted the Human Resources Department, and was told that the five percent pay differential should not be paid to Anesthesia Techs who were assigned to carry a Spectralink. On February 17, 2006, Ms. Beltran informed all Anesthesia Techs that they would no longer receive the pay differential. As a result, the Union filed a grievance. (*Id*. at p. 4.)

The employer participated in the selection of the Arbitrator, the date of arbitration, and the location of the arbitration. The Arbitration was held on April 16, 2007 at the law offices of Foley & Lardner, which are the offices of the employer's counsel. (Pet. to Vacate, Exh. B, at p. 2.) Both Laurence R. Arnold and Scott P. Inciardi, two of the attorneys representing the employer in the instant matter, represented the employer at the arbitration hearing. (*Id*.) Vincent Harrington, Jr., of Weinberg, Roger & Rosenfeld, along with Ella Hereth represented the Union at the hearing.

At the arbitration hearing, the Union argued that a long-standing practice existed of paying Anesthesia Techs a pay differential for carrying the Spectralink, which occurred both before and after the negotiations of the current Collective Bargaining Agreement. The employer never attempted to try to change the practice through negotiations, but instead unilaterally changed the practice without bargaining with the Union. (*Id*. at p. 8.) This practice buttressed the Union's argument that the language in Article 9 required the employer to pay the pay differential.

**WEINBERG, ROGER & ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

3

Local 715's Memorandum In Support of Motion for Confirmation of Arbitration Award
Case No. C-07-CV-05158-JF

The employer, on the other hand, raised several arguments against the Union's grievance; the employer's arguments focused exclusively on the merits of the grievance. First, the employer argued that carrying the Spectralink phone does not give an Anesthesia Tech any authority over other Anesthesia Techs. (*Id*. at p. 9.) Second, the employer argued that Anesthesia Techs assigned the Spectralink phone did not act as "Leads," did not perform "Lead" duties, or work in any other position in a higher wage rate. (*Id*.) Third, the employer argued that the Union failed to show that Anesthesia Techs who carried a Spectralink experienced a significant increase in their workload. (*Id*. at pp. 9-10.) Fourth, the employer argued that "past practice" was inadmissible because the contract language was clear. (*Id*. at p. 10.) Fifth, the employer argued, even if past practice was admissible, the evidence of past practice, presented by the Union, could not demonstrate a contract violation. (*Id*.) Finally, the employer argued that, even if a past practice could be demonstrated, the employer still had the right to terminate the practice once it gave advance notice of its intention to do so. (*Id*.)

Neither Mr. Arnold nor Mr. Scott, on behalf of the employer, objected to Mr. Harrington's representation of the Union, or to Ms. Hereth's presence at the hearing or in its post-hearing brief. Nor did Mr. Arnold or Mr. Inciardi, on behalf of the employer, raise any issue of the Union's status, existence, and/or standing to participate in the hearing either at the hearing or in its post-hearing brief.

Arbitrator Staudohar rejected each of the employer's arguments. Arbitrator Staudohar focused on the language of Article 9, considered the evidence of "past practice" submitted by the Union, and determined that the employer violated Section 9. In doing so, the Arbitrator determined that there was "no doubt that for two or three years a past practice [of paying the five percent differential] was in existence." (*Id*. at p. 11.) Referencing Article 9.1 of the Collective Bargaining Agreement, Arbitrator Staudohar note that the Article provides that employees temporarily assigned "to perform the typical duties of a position in a higher pay range . . . will be paid in accordance with the higher pay range rate . . . ." (Pet. to Vacate, Exh. A.) In addition, Arbitrator Staudohar noted that Article 9.1 provides that employees will be paid a five percent

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

1  differential "if they are assigned by the Employer to a position in a lead classification listed in
2  Appendix A . . . ." (*Id.*)
3        Applying the language of Article 9.1, Arbitrator Staudohar found that the language did "not
4  specifically reference what a 'position of higher pay range' might be." (Pet. to Vacate, Exh. B. at
5  p. 12.) Moreover, he noted that, according to the testimony of the employer's own witness, "it is
6  not without plausibility that an Anesthesia Tech carrying a pager/Specrtalink was operating in a
7  lead (lower case) role." (*Id.*) Given the language of the contract, the evidence of a past practice,
8  and the evidence of an increased responsibility and workload, the Arbitrator found that the
9  employer violated the parties' Collective Bargaining Agreement.
10        On July 3, 2007, the employer's counsel received a copy of Arbitrator Staudohar's
11  Decision and Award. (Pet. to Vacate, Exh. B.) The employer filed a petition to vacate on October
12  9, 2007; however, it did not *serve* its petition until October 23, 2007, which was more than 100
13  days after being served with a copy of the Arbitrator's decision.

### III. LEGAL ARGUMENT

15        Under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, a
16  district court has jurisdiction to either vacate or enforce a labor arbitration award. *Gen. Drivers*
17  *Warehousemen & Helpers, Local Union 89 v. Riss & Co.*, 372 U.S. 517, 519 (1963). Generally, an
18  arbitrator's award must be final and binding before a court can undertake judicial review of the
19  award. *See id.*; *Millmen Local 550, United Bhd. of Carpenters v. Wells Exterior Trim*, 828 F.2d
20  1373, 1375 (9th Cir. 1987). A "final" award is one in which all of the issues are resolved by the
21  Arbitrator. *See Millmen*, 828 F.2d at 1376.
22        In this case, there is no question that Arbitrator Staudohar's decision was a "final" award.
23  Nor is there any question that Arbitrator Staudohar served his award on the employer, and it was
24  received on July 3, 2008 by the employer's counsel. Yet the employer did not serve its petition on
25  the Union until October 3, 2008, more than 100 days after it was served, through its counsel, with
26  the Arbitrator's decision. Given this undisputed fact, the employer's petition is clearly barred by
27  the applicable statute of limitations under Section 1288 of the California Code of Civil Procedure.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

On this basis alone, the employer's petition should be dismissed, and the Union's cross-petition should be granted.

Furthermore, even if the employer were to somehow overcome this obstacle, the employer's petition should still be dismissed, and the Union's cross-petition granted, because the Arbitrator neither ignored the parties' Collective Bargaining Agreement nor exceeded his jurisdiction. The Arbitrator was mutually selected by the parties and given the task to determine whether or not the employer violated the Collective Bargaining Agreement; he established the contours of the dispute to be within the terms of Article 9; and he determined that the weight of the evidence demonstrated that the employer violated Section 9 of the Collective Bargaining Agreement. Accordingly, the Court should deny the employer's petition to vacate and grant the Union's cross-petition to confirm.

### A. THE COURT SHOULD REJECT ANY ARGUMENT THAT THE AWARD SHOULD BE VACATED BECAUSE THE UNION ALLEGEDLEY DOES NOT EXIST AND/OR LACKED STANDING TO PARTICPATE IN THE ARBITRATION.

While nothing more than a red herring, Local 715 addresses the issue of its status and standing, since the employer raised the prospect of such an argument for the first time in relation to several related, pending cases involving the same parties.[1] In the instant matter, throughout the grievance and arbitration process, the employer, through counsel, not only participated in the selection of the arbitrator, but also in the selection of the date and the location of the arbitration. At no time during the hearing or in its post-hearing brief did the employer raise any issue or objection about the existence or standing of the Union; the fact that the law firm of Weinberg, Roger & Rosenfeld ("WRR") represented the Union; or the fact that Ella Hereth, an employee of SEIU, United Healthcare Workers – West ("UHW"), who was servicing Local 715's members pursuant to a servicing agreement between UHW and Local 715, participated in the hearing.

Indeed, in its untimely petition to vacate filed on October 9, 2007, but served on October 18, 2007, the employer admits that Local 715 "is a labor organization representing employees in an

---

[1] While it is not clear whether the employer is making is raising this issue, Local 715 addresses it.

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

industry affecting commerce within the territorial jurisdiction of this Court within the meaning of Section 301 [of the LMRA]." (*See* Pet. to Vacate at ¶ 3.) The Court should treat this factual allegation as a judicial admission, which is conclusively binding upon the employer. Moreover, any argument related to the existence and/or status of Local 715 should not be considered as the employer never raised these issues in arbitration.

### 1. The Employer Admits that Local 715 is a Labor Organization that Represents Employees in an Industry Affecting Commerce.

In their Complaint, Plaintiffs allege that Local 715 "is a labor organization representing employees in an industry affecting commerce within the territorial jurisdiction of this Court within the meaning of Section 301 [of the LMRA]." (*See* Pet. to Vacate at ¶ 3.)  Plaintiff's factual assertion that the Local 715 "is a labor organization . . . within the meaning of Section 301," unless amended is a "judicial admission" and is conclusively binding on Plaintiffs in the instant action. *See Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988). "Judicial admissions are formal admissions in the pleadings which have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact." *Id*. (quoting *In re Fordson Eng. Corp.*, 25 B.R. 506, 509 (Bankr. E.D.Mich. 1982)).  Under federal law, judicial admissions are not only conclusively binding on the parties but on the Court as well. *See id.* (citing *Ferguson v. Neighborhood Housing Servs.*, 780 F.2d 549, 551 (6th Cir. 1986)).

In *Ferguson*, the plaintiff sued her employer under the Fair Labor Standards Act ("FLSA"), asserting in her complaint that her employer was a an employer within the meaning of the FLSA. 780 F.2d at 550.  In its answer, the defendant admitted that it was an employer within the meaning of the FLSA. *Id.*  On the eve of trial, the defendant attempted to amend its answer, denying that it was an employer under the FLSA. *Id.*  The trial court ruled that the defendant could not amend its answer. *Id.*  Defendant appealed.  The primary issue that the Court of Appeals addressed was the significance of the defendant's admission that it was an employer within the meaning of the FLSA. The Court of Appeals concluded that defendant's had admitted as fact that it was an employer within the meaning of the FLSA "and the establishment of that fact creat[ed] federal subject matter jurisdiction." *Id*. at 551.

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

The *Ferguson* court grounded its ruling on the principle that "Rule 11 of the Federal Rules of Civil Procedure requires the lawyers to certify that the allegations made in pleadings are grounded in fact, based on reasonable inquiry." *Id.* In addition, the court of appeals noted that the "early elimination of litigation over facts forming the basis for the court's jurisdiction should be encouraged." *Id.* At least one other district court has similar held that the defendants' admission that they were an employer within the meaning of Title VII of the Civil Rights Act of 1964 was a factual allegation that was binding upon them. *See Getner v. Cheyney Univ. of Penn.*, 1988 WL 32652, at 2 (E.D. Pa. Jan. 27, 1988).

Here, Plaintiffs clearly have admitted, in the Complaint that they filed on October 9, 2007 and served on October 18, 2007, that Local 715 "is a labor organization representing employees in an industry affecting commerce within the territorial jurisdiction of this Court within the meaning of Section 301 [of the LMRA]." (Pet. to Vacate at ¶ 3.) This is a factual admission that is conclusively binding on Plaintiffs and the Court as well. This factual admission is buttressed by other factual admissions made in the course of these proceedings.[2] (*See*, *eg*., Plfs. Opp. to Adm. Mtn. to Consider Whether Cases Should Be Related at p. 3, lines 3-12 (distinguishing this case from the petitions to compel arbitration filed by Local 715 on the basis that the instant matter does not raise the issue of Local 715's status or existence); Jt. Case Mgt. Conf. Stmt. at p. 2, lines 1-4 (stipulating to Courts jurisdiction under Section 301 of the LMRA).)

Although Plaintiffs have attempted to set up a straw man argument by introducing as an issue the status or existence of Local 715 in the subsequent and related cases, the fact remains that in this action Plaintiffs factually admit that Local 715 is a labor organization. Plaintiffs have never sought to amend their complaint, nor have they ever asserted that the court lacks jurisdiction in this suit because Local 715 is not a labor organization. Thus, the Court should bind Plaintiffs to their factual admission that Local 715 is a labor organization within the meaning of Section 301.

---

[2] Local 715 requests that the Court take judicial notice of Petitioner's Opposition to Administrative Motion and Joint Case Management Conference Statement.

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

**2.    The Employer Waived the Issues It Could Have But Failed to Address to the Arbitrator.**

Even if the Court were to find that the employer is not bound by their evidentiary admission that Local 715 is a labor organization, the employer should be estopped from raising that issue now, because they never raised that issued to the Arbitrator. "Parties to arbitration proceedings cannot sit idle while an arbitration decision is rendered and then, if the decision is adverse, seek to attack the award collaterally on grounds not raised before the arbitrator." *United Steelworkers of Am. v. Smoke-Craft,* 652 F.2d 1356, 1360 (9th Cir. 1981); *see also Ficek v. So. Pacific Co.*, 338 F.2d 655, 657 (9th Cir. 1964) ("A claimant may not voluntarily submit his claim to arbitration, await the outcome, and, if the decision is unfavorable, then challenge the authority of the arbitrators to act"), *Int'l Chem. Workers Union v. Mobay Chem. Corp.*, 775 F. 2d 1107, 1112 (4th Cir. 1985), and *Marino v. Writers Guild of Am., East, Inc.*, 992 F. 2d 1480, 1484 (9th Cir. 1993). Similarly, in the instant case, the employer failed to raise any objection or issue related to the issue of Local 715's existence.

**3.    The Union Has A Right to Designate Whomever They Wish to Represent Them in Collective Bargaining Process.**

It is fundamental to the collective bargaining process that either party may designate who represents them. *See Gen. Elec. Co. v. NLRB*, 412 F.2d 512, 520 (2nd Cir. 1969) (finding that the employer engaged in an unfair labor practice when it refused to negotiate with Union designees); *Caribe Steel Co.*, 313 N.L.R.B. 877, 892 (1994) (same); *Am. Radiator and Standard Sanitary Corp.*, 155 N.L.R.B. 736 (same), *enforcement denied on other grounds*, 381 F.2d 632 (6th Cir. 1967); *Standard Oil Co.*, 137 N.L.R.B. 690 (1962) (holding that Union had the right to invite in others to the bargaining table even though they were members of other Unions at other plants of the employer), *aff'd*, 322 F.2d 40 (6th Cir. 1963).

In other words, the Union can designate whomever they choose to represent them in the collective bargaining process. If the Union seeks to be represented by a lawyer, a member of the Union, a Union official, or anyone else they choose, that is the Union's prerogative. Similarly, the employer is free to select one, two, three or four lawyers to represent them if they wish. Neither

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

9
Local 715's Memorandum In Support of Motion for Confirmation of Arbitration Award
Case No. C-07-CV-05158-JF

party has a right to dictate who the other representative or designee must be.  *See* 29 U.S.C. § 157 ("Employees shall have the right . . . to bargain collectively through representatives of their own choosing.")

B.  **THE EMPLOYER'S PETITION TO VACATE IS BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS.**

The employer's petition to vacate is clearly barred by the applicable statute of limitations because failed to timely serve its petition on the Union.  In cases arising in California, a petition to vacate under Section 301 of the LMRA must be filed *and* served within 100 days of service of the Arbitrator's final award on the petitioner.  *See San Diego County Dist. Council of Carpenters v. Cory*, 685 F.2d 1137, 1142 (9th Cir. 1982).

In *Cory*, the sole issue before the court was whether the 100-day limitation period under Section 1288 of the California Code of Civil Procedure or the three-month statute of limitations under Section 12 of the United States Arbitration Act ("USAA"), 9 U.S.C. § 12, applied to actions brought under Section 301 of the LMRA, 29 U.S.C. § 185, to vacate an arbitration award.  *Cory*, 685 F.2d at 1138.  Section 1288 of the California Code of Civil Procedure requires that "[a] petition to vacate an award . . . shall be *served and filed* not later than 100 days after the date of the service of a signed copy of the award on the petitioner."  Cal. Code of Civ. Proc. § 1288 (emphasis added).  The *Cory* court held that the California limitations period applied to actions, brought under Section 301 of the LMRA, to vacate an arbitration award.  *Id*.

Here, Arbitrator Staudohar served his decision on the employer and a copy of the decision was received by the employer's counsel on July 3, 2007; the decision submitted by the employer, and attached to its petition to vacate, bears a date stamp of "Foley & Lardner LPP Received of Jul 03 2007."  (*See* Pet. to Vacate, Exh. B.)  That means in order for the employer's petition to vacate to survive the statute of limitations, the employer would have had to file and serve its petition by October 11, 2007.  While the employer filed its petition on October 9, 2007, it did not *serve* the petition until October 18, 2007.

Even if the Court were to apply the three-month statute of limitations under Section 12 of the USSA, the employer's petition to vacate would still be untimely.  The employer filed its

**WEINBERG, ROGER & ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

petition to vacate more than three months – 98 days – after it was served, through counsel, with a copy of the decision.   Thus, under either scenario, the employer's petition to vacate should be dismissed as barred by the statute of limitations; and the Union's petition to confirm should be granted.

C. **REVIEW OF AN ARBITRATION DECISION ARISING FROM A COLLECTIVE BARGAINING AGREEMENT IS EXTREMELY LIMITED.**

Even if the employer could somehow overcome the statute of limitation hurdle, its petition to vacate should still be denied because neither ignored the parties' Agreement nor exceeded his jurisdiction.  Due to the unique nature of the collective bargaining process, the United States Supreme Court has repeatedly emphasized an extremely limited review of labor arbitration awards, first articulating this narrow approach in the *Steelworkers Trilogy*.[3]  As the Supreme Court has repeatedly stated:

> The refusal of courts to review the merits of an arbitration award is the proper approach to arbitration under collective bargaining agreements.  The federal policy of settling labor disputes by arbitration would be undermined if courts had the final say on the merits of the awards.

*USWA v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 596 (1960).  The Court reaffirmed this exceptionally deferential review in *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29 (1987), noting that the

> reasons for insulating arbitral decisions from judicial review are grounded in the federal statutes regulating labor-management relations.  These statutes reflect a decided preference for private settlement of labor disputes without the intervention of government.

484 U.S. at 37; *see also Major League Baseball Players Ass'n v. Garvey,* 532 U.S. 504, 509 (2001) ("Judicial review of a labor-arbitration decision pursuant to such an agreement is very limited.").

Likewise, the Ninth Circuit Court of Appeals has adhered to this deferential approach in reviewing arbitration awards.  In *Stead Motors of Walnut Creek v. Automotive Machinists Lodge, No. 1173*, 886 F.2d 1200 (9th Cir. 1989) (en banc), *cert. denied*, 495 U.S. 946 (1990), the Court

---

[3] *United Steelworkers v. American Mfg. Co.,* 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960); *United Steelworkers v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); *United Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960).

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

11

Local 715's Memorandum In Support of Motion for Confirmation of Arbitration Award
Case No. C-07-CV-05158-JF

"reemphasize[d] the unique character of an arbitrator's function and the *nearly unparalleled degree of deference* we afford his decisions. . . . Deference is the rule; rare indeed is the exception." 886 F.2d at 1205, 1209 (emphasis added); *see also Hawaii Teamsters Local 996 v. UPS*, 241 F.3d 1177, 1182 (9th Cir. 2001) (emphasizing that an arbitrator "cannot 'misinterpret' a collective bargaining agreement."). Just recently, the Ninth Circuit reaffirmed these principles in *Virginia Mason Hosp. v. Washington State Nurses Ass'n*, 511 F.3d 908 (9th Cir. 2007), where it noted that an arbitrator and his decision "is entitled to considerable deference."

There are limited exceptions to the general rule that deference must be given to an arbitrator's decision, and none of these exceptions apply to the present case. Pursuant to well-established case law, the employer faces a weighty burden in moving to vacate the arbitration award. Accordingly, the Court should deny the employer's petition to vacate, and grant the Union's cross-petition to confirm.

### D. ARBITRATOR STAUDOHAR'S DECISION DRAWS ITS ESSENCE FROM THE CBA.

In order to determine whether an arbitrator's award draws its essence from the parties' CBA, courts look to whether the arbitrator's award is based on language in the CBA. *SFIC Props. v. Int'l Assoc. of Machinists & Aerospace Workers, Dist. Lodge 94*, 103 F.3d 923, 925 (9th Cir. 1996); *see also Stead Motors*, 886 F.2d at 1205 fn.6 ("This term [fails to draw its essence] is reserved for those egregious cases in which a court determines that the arbitrator's award ignored the plain language of the contract, that he 'manifestly disregarded' the contours of the bargain expressed in outline by the collective bargaining agreement.").

In the present matter, the employer hopes that the Court will reconsider the merits of this matter. Yet the test is not whether Arbitrator Staudohar was wrong – because, of course, the employer believes he was wrong – but whether his decision was based on the parties' CBA. *See SFIC Props.*, 103 F.3d at 925; *Van Walters & Rogers, Inc. v. IBT*, 56 F.3d 1132, 1136 (9th Cir. 1995) (holding that an arbitration award must be confirmed, "[a]s long as the arbitrator is arguably construing or applying the contract and acting within the scope of his authority").

Even though the employer wishes for this Court to second-guess Arbitrator Staudohar, the

Court is not empowered to do so. *See Enterprise Wheel*, 363 U.S. 593 at 599 ("It is the arbitrator's construction which was bargained for; and so far as the arbitrator's decision concerns construction of the contract, the courts have no business overruling him because their interpretation of the contract is different from his."). Where a party attacks that plausibility of an arbitrator's interpretation of the contract, the court's review "'does not represent an independent avenue for a merits-based attack on the arbitral award' but is simply 'another way of formulating . . . . that the arbitrator must not derive the award from the essence of the contract and may not "'dispense his own brand of industrial justice.'" *Virginia Mason Hosp.*, 511 F.3d at 914.

In *Virginia Mason*, the employer petitioned to vacate an arbitrator's decision that found that the hospital violated the parties' CBA by implementing a policy requiring employees to receive an annual flu vaccination without first bargaining with the Union. Like the employer in this case, the employer in *Virginia Mason* argued that the arbitrator ignored certain provisions of the CBA. The court noted that it could only vacate the arbitrator's decision only if he ignored the plain language of the CBA, even if the court were convinced that the arbitrator misread or misinterpreted the CBA. *Id*. In holding that Arbitrator did not ignore the plain language of the CBA, the court noted that the arbitrator "listed all of them in the 'Relevant Contract Provisions' section of his written decision, and devoted entire sections of that decision to analysis of the . . . clauses." *Id*. Moreover, the court noted that the arbitrator acknowledged the employer's arguments "but simply found them unpersuasive." *Id*.

Contrary to the employer's assertions in this matter, Arbitrator Staudohar's decision draws its essence directly from the parties' CBA. The employer, in this case, suggests that Arbitrator Staudohar essentially ignored three provisions: (1) the management rights article, Article 2; (2) the temporary assignment article, Article 9; and (3) the grievance and arbitration procedure, Article 26. A careful reading of Arbitrator Staudohar's decision shows that he addressed each of these arguments, but simply did not find them persuasive. As such, the Court should grant the Union's cross-petition to confirm, and deny the employer's petition to vacate.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

13
Local 715's Memorandum In Support of Motion for Confirmation of Arbitration Award
Case No. C-07-CV-05158-JF

### E. ARBITRATOR STAUDOHAR DID NOT EXCEED HIS JURISDICTION AND HIS REMEDY IS ENTITLED TO SPECIAL DEFERENCE.

The employer also contends, in its petition to vacate, that Arbitrator Staudohar exceeded his jurisdiction when he fashioned his remedy. This claim is unmeritorious. The Supreme Court has repeatedly held that parties, having chosen the arbitrator to hear the merits of their case, are bound by the arbitrator's decision. *See Misco*, 484 U.S. at 39; *Enterprise Wheel*, 363 U.S. at 599. In addition, Arbitrator's Staudohar's remedy is due special deference. *Enterprise Wheel*, 363 U.S. at 597; *Desert Palace v. Local Joint Exec. Bd. of Las Vegas*, 679 F.2d 789 (9th Cir. 1982) ("As long as a plausible solution is available within the general framework of the agreement, the arbitrator has the authority to decide what the parties would have agreed on had they foreseen the particular item in dispute.")

### F. THE UNION IS ENTITLED TO AN AWARD OF ATTORNEYS' FEES.

Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185, does not specifically provide for an award of attorneys' fees, and the Ninth Circuit has found no statutory basis for such an award. *See*, *e.g.*, *Seattle Times Co. v. Seattle Mailer's Union No. 32*, 664 F.2d 1366, 1370 (9th Cir. 1982). Despite Section 301's silence, the Ninth Circuit and the Supreme Court have held that "section 301 allows courts to fashion remedies even though lacking in express statutory sanction and that "[t]he range of judicial inventiveness] under section 301 will be determined by the nature of the problem." *Rozay's Transfer v. Local Freight Drivers, Local 208*, 850 F.2d 1321, 1335 (9th Cir. 1988) (quoting *Textile Workers v. Lincoln Mills*, 353 U.S. 448, 456-57 (1957)). Such remedies may include attorneys' fees. When the losing party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons," attorneys' fees may be awarded. *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 258-259, 95 S. Ct. 1612, 1622, 44 L. Ed. 2d 141 (1975).

The Ninth Circuit has held that "an unjustified refusal to abide by an arbitrator's award may equate [with] an act taken in bad faith, vexatiously or for oppressive reasons." *Int'l Union of Petroleum and Indus. Workers v. Western Indus. Maint., Inc.*, 707 F.2d 425, 428 (9th Cir. 1983). Arbitration is a fundamental foundation for stable national labor relations policy, and advances the

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

1  effective resolution of disputes and the furthering of industrial stabilization.  This goal is

2  undermined when arbitration becomes a mere prelude to litigation.  Therefore, "the deterrence

3  aspect of an award of attorneys' fees is particularly served where a party, without justification,

4  refuses to abide by an arbitration award." *Id.* at 428.

5        Here, the employer's arguments are unmeritorious, flying in the face of well-settled law.

6  The employer's challenge to the arbitration award deprives the Union of the finality of the

7  arbitration process.  The failure of a party unhappy with a decision to challenge it on valid grounds,

8  thus forcing the other party to undertake the time consuming and burdensome expense of an

9  enforcement action, are factors in determining bad faith.  *See Courier-Citizen Co. v. Boston*

10  *Electrotypers Union No. 11*, 702 F.2d 273, 282 (1st Cir. 1983) (endorsing attorneys' fees award

11  "when a party 'without justification' contests an enforceable award"); *USWA v. U.S. Gypsum Co.*,

12  492 F.2d 713, 724 (5th Cir. 1974) ("The district court has the authority to award attorneys' fees

13  where it determines that a party has without justification refused to abide by an award of an

14  arbitrator.").

15        An award of attorneys' fees in this case is both necessary and appropriate to compensate

16  the Union "for the added expense of having to vindicate clearly established rights in court" and to

17  deter the employer from engaging in such tactics.  *See Western Indus.*, 707 F.2d at 428.

## IV.  CONCLUSION

19        For all of the forgoing reasons the Union respectfully requests that the Court grant its

20  motion to confirm an order and award of attorneys' fees.

21  Dated: July 17, 2008

22                          WEINBERG, ROGER & ROSENFELD
                        A Professional Corporation

24                  By:  */s/* VINCENT A. HARRINGTON
25                        WILLIAM A. SOKOL
                      VINCENT A. HARRINGTON, JR.
26                        BRUCE A. HARLAND
                      Attorneys for Respondent
                      SEIU, Local 715

117443/500173

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001