WILLIAM A. SOKOL, Bar No. 072740
VINCENT A. HARRINGTON, JR., Bar No. 071119
BRUCE A. HARLAND, Bar No. 230477
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501-1091
Telephone 510.337.1001
Fax 510.337.1023

Attorneys for Respondent/Cross-Petitioner
SEIU, Local 715

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715,<br><br>Petitioner,<br><br>v.<br><br>STANFORD HOSPITAL & CLINICS and LUCILE PACKARD CHILDREN'S HOSPITAL,<br><br>Respondents. | ) No.    5:07-CV-05158- JF<br>)<br>) DECLARATION OF BRUCE A.<br>) HARLAND IN SUPPORT OF LOCAL<br>) 715'S MOTION TO COMPEL<br>) ARBITRATION<br>)<br>) Date:    August 29, 2008<br>) Time:  9:00 a.m.<br>) Judge: Hon. Jeremy Fogel<br>) Courtroom:    3, 5th fl.<br>)<br>)<br>) |

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

1    I, Bruce A. Harland, hereby declare as follows:

2    1.    I am an attorney at law, admitted to practice before this Court, and a shareholder

3  with the law firm of Weinberg, Roger and Rosenfeld, attorneys for SEIU, Local 715 in the above-

4  referenced matter. I make this declaration upon my personal knowledge, and, if called as a

5  witness, I could competently testify to the facts hereinafter stated.

6    2.    Attached as Exhibit A are true and correct copies of the relevant pages of a

7  transcript in an arbitration proceeding before Arbitrator Thomas Angelo on November 28, 2007,

8  involving the grievance of Victor Acosta.

9    3.    Attached as Exhibit B are true and correct copies of Stanford Hospital and Clinics

10 and Lucile Packard Children's Hospital's responses to requests for admissions.

11    I declare under penalty of perjury under the laws of the United States of America and the

12 State of California that the foregoing is true and correct. Executed this 18th day of July 2008 in

13 Alameda, California.

14

15                                 _/s/_BRUCE A. HARLAND_____
                                        BRUCE A. HARLAND
16  117986/500199

17

18

19

20

21

22

23

24

25

26

27

28

**WEINBERG, ROGER &
ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

Declaration of Bruce A. Harland in Support of Local 715's Memorandum of Points and Authorities In Support of
Motion to Confirm Arbitration Award, Case No. 5:07-CV-05158- JF

IN ARBITRATION PROCEEDINGS

BEFORE HONORABLE THOMAS ANGELO, LABOR ARBITRATOR

In re: an arbitration between )
                              )
STANFORD HOSPITAL & CLINICS   )
LUCILE PACKARD CHILDREN'S     )
HOSPITAL,                     )          CERTIFIED COPY
                             ·)
          Complainant,        )
                              )
and                           ) FMCS No. 070420-55892-A
                              )
SEIU LOCAL 715,               )
                              )
          Respondent.         )
_____)
                              )
Grievance of Victor Acosta    )
_____)

TRANSCRIPT OF PROCEEDINGS

PALO ALTO, CALIFORNIA

NOVEMBER 28, 2007

REPORTED BY:  JANE H. STULLER, CSR NO. 7223
(401481)

M E R R I L L    L E G A L    S O L U T I O N S

135 Main Street, 4th Floor    415.357.4300
San Francisco, CA 94105
rp.com/law

PROCEEDINGS    November 28, 2007

1    to hear this dispute.

2         Joint Exhibit 6 is a letter over my signature

3    to the parties dated July 10, 2007 indicating today

4    would be the date for the hearing.

5         Joint Exhibit 7 is a step-two decision from the

6    hospital dated April 5, 2007.  It has attached -- it's a

7    two-page decision.  It has attached, apparently, the

8    invocation from the union I previously described.

9         I should also note there has been some

10   correspondence between the parties and the arbitrator

11   regarding another matter.  I'm assuming that will be

12   discussed at our next event.

13        Let me also say that the parties have agreed

14   that with respect to the dispute itself, the issues

15   would be whether the grievant was terminated for just

16   cause; and if not, what should the remedy be.

17        The parties have also agreed that should we

18   proceed further today, the matter is properly before the

19   arbitrator for resolution and that all time limits and

20   requirements to the contract with respect to the

21   processing of the grievance and invocation of

22   arbitration have been satisfied.

23        And they further agree that should I issue a

24   decision, an award in this matter, I may retain

25   jurisdiction to resolve any disputes over the meaning or

Merrill Legal Solutions
(800) 869-9132

PROCEEDINGS   November 28, 2007

1    application of the decision and award.

2         I've indicated the documents I previously

3    described are provisionally marked as joint exhibits.  I

4    won't admit them at this point in light of what I

5    understand to be a procedural matter, and I will ask if

6    the parties wish to address that question at this point.

7         MR. ARNOLD:  The Employer does.

8         THE ARBITRATOR:  Okay.  Mr. Arnold, the floor

9    is yours.

10        MR. ARNOLD:  Mr. Arbitrator, as you are aware

11   from prior conversations, there is an underlying issue

12   that is fundamental to the arbitration of this

13   grievance, a grievance challenging the termination of

14   the grievant, Victor Acosta for theft.

15        But that underlying issue has nothing to do

16   with the merits of the grievance itself.  That issue

17   involves a dispute concerning the status of individuals

18   and entities purporting to act as the representatives of

19   SEIU Local 715 and of the bargaining unit employee at

20   the Stanford Hospital and Clinics and Lucile Packard

21   Children's Hospital.

22        While that issue is unrelated to the merits of

23   the particular grievance for which you were selected, it

24   is nevertheless a threshold issue.  For if the

25   individuals and entities attempting to appear here as

8

# CERTIFICATE OF CERTIFIED SHORTHAND REPORTER

I, JANE STULLER, hereby certify that I am a Certified Shorthand Reporter; that I reported in shorthand writing the foregoing matter at the time and place therein stated; that the foregoing pages are a full, true and complete transcript of my said shorthand notes and is a full, true and correct record of the proceedings had in said matter at said time and place.

Dated: December 13, 2007.

_Jane H. Stuller_

JANE STULLER

Certified Shorthand Reporter

California License #7223

1
2

**FOLEY & LARDNER LLP**
ONE MARITIME PLAZA, SIXTH FLOOR
SAN FRANCISCO, CA 94111-3409
TELEPHONE:    415.434.4484
FACSIMILE:    415.434.4507

3
4
5

LAURENCE R. ARNOLD, CA BAR NO. 133715
EILEEN R. RIDLEY, CA BAR NO. 151735
SCOTT P. INCIARDI, CA BAR NO. 228814
Attorneys for Petitioners Stanford Hospital & Clinics
and Lucile Packard Children's Hospital

6
7
8

# UNITED STATES DISTRICT COURT

9

## NORTHERN DISTRICT OF CALIFORNIA

10
11
12
13
14
15
16
17
18
19

| | |
|---|---|
| STANFORD HOSPITAL & CLINICS and LUCILE PACKARD CHILDREN'S HOSPITAL <br><br> Petitioners, <br><br> v. <br><br> SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715 <br><br> Respondent. | Case No: 5:07-CV-05158 JF <br><br> **PETITIONER LUCILE PACKARD CHILDREN'S HOSPITAL'S RESPONSE TO RESPONDENT'S REQUEST FOR ADMISSIONS UNDER RULE 36 (SET ONE)** <br><br> **Judge:      Hon. Jeremy Fogel** |

20
21

PROPOUNDING PARTY:      SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715

22

RESPONDING PARTY:      LUCILE PACKARD CHILDREN'S HOSPITAL

23

SET NUMBER:      ONE

24

Petitioner Lucile Packard Children's Hospital ("LPCH") responds to the requests for

25

admissions (set one) propounded by respondent Service Employees International Union, Local

26

715 ("Local 715") as follows:

27

**REQUEST FOR ADMISSION NO. 1:**

28

Admit that Lucile Packard Children's Hospital, through its counsel, stipulated that the

1 | United States District for the Northern District has personal jurisdiction by virtue of Section 301

2 | of the Labor-Management Relations Act.

3 | **RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

4 | LPCH admits that it alleged in its Petition To Vacate Arbitration Award (the "Petition")

5 | that the United States District Court has jurisdiction over this action by virtue of Section 301 of

6 | the Labor Management Relations Act.

7 | **REQUEST FOR ADMISSION NO. 2:**

8 | Admit that Lucile Packard Children's Hospital is an employer engaged in an industry

9 | affecting commerce as defined by the National Labor Relations Act.

10 | **RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

11 | Admitted.

12 | **REQUEST FOR ADMISSION NO. 3:**

13 | Admit that SEIU, Local 715 is an organization that employees at Lucile Packard

14 | Children's Hospital participate in and which exists for the purpose, in whole or in part, of dealing

15 | with Lucile Packard Children's Hospital concerning grievances, labor disputes, wages, rates of

16 | pay, hours of employment, or conditions of work.

17 | **RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

18 | LPCH admits that prior to March 1, 2007 or thereabouts, Local 715 was an organization

19 | that employees at LPCH participated in and which existed for the purpose, in whole or in part, of

20 | dealing with LPCH concerning grievances, labor disputes, wages, rates of pay, hours of

21 | employment, or conditions of work.  After reasonable inquiry, based on information presently

22 | known or reasonably available, LPCH lacks sufficient information at this time to admit or deny

23 | that Local 715 maintained this status after March 1, 2007.  Discovery is ongoing.

24 | **REQUEST FOR ADMISSION NO. 4:**

25 | Admit that Lucile Packard Children's Hospital deals with SEIU, Local 715 Shop

26 | Stewards over grievances.

27 | **RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

28 | LPCH admits that it deals over grievances with persons who, prior to March 1, 2007,

SFCA 1407077.1

1 || were designated by Local 715 as shop stewards.

2 || **REQUEST FOR ADMISSION NO. 5:**

3 ||     Admit that Lucile Packard Children's Hospital deals with SEIU, Local 715 Shop

4 || Stewards over labor disputes.

5 || **RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

6 ||     LPCH denies that, apart from grievances as described above, there been any labor

7 || disputes about which it would deal with any person.

8 || **REQUEST FOR ADMISSION NO. 6:**

9 ||     Admit that Lucile Packard Children's Hospital deals with SEIU, Local 715 Shop

10 || Stewards over rates of pay.

11 || **RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

12 ||     LPCH admits that it has given notices regarding rates of pay to persons who, prior to

13 || March 1, 2007, were designated by Local 715 as shop stewards, but denies that it has dealt with

14 || anyone over rates of pay since March 1, 2007.

15 || **REQUEST FOR ADMISSION NO. 7:**

16 ||     Admit that Lucile Packard Children's Hospital deals with SEIU, Local 715 Shop

17 || Stewards over hours of employment.

18 || **RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

19 ||     LPCH admits that it deals over hours of employment with persons who, prior to March 1,

20 || 2007, were designated by Local 715 as shop stewards.

21 || **REQUEST FOR ADMISSION NO. 8:**

22 ||     Admit that Lucile Packard Children's Hospital deals with SEIU, Local 715 Shop

23 || Stewards over conditions of work.

24 || **RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

25 ||     LPCH admits that it deals over conditions of work with persons who, prior to March 1,

26 || 2007, were designated by Local 715 as shop stewards.

27 || **REQUEST FOR ADMISSION NO. 9:**

28 ||     Admit that SEIU, Local 715 is a labor organization representing employees in an industry

3

SFCA_1407077.1

1 | affecting commerce as defined by the National Labor Relations Act.

2 | **RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

3 |      LPCH alleged in the Petition To Vacate the Arbitrator's decision issued concerning a

4 | grievance filed on or about April 25, 2006, and referred by Local 715 to arbitration prior to

5 | March 1, 2007, that Local 715 is "a labor organization representing employees in an industry

6 | affecting commerce within the territorial jurisdiction of this Court within the meaning of Section

7 | 301." LPCH admits that at the time the grievance was filed, and at the time it was referred to

8 | binding arbitration, both prior to March 1, 2007, Local 715 was a labor organization representing

9 | employees in an industry affecting commerce as defined by the National Labor Relations Act.

10 | After reasonable inquiry, based on information presently known or reasonably available, LPCH

11 | lacks sufficient information at this time to admit or deny that Local 715 maintained this status

12 | after March 1, 2007. Discovery is ongoing.

13 | **REQUEST FOR ADMISSION NO. 10:**

14 |      Admit that the Director of Employee and Labor Relations, Laurie Quintel, testified under

15 | oath on May 9, 2008 before an Administrative Law Judge of the National Labor Relations Board

16 | that Stanford Hospital and Clinics and Lucile Packard Children's Hospital deals with SEIU,

17 | Local 715 Shop Stewards with respect to the wages, hours, and terms and conditions of

18 | employment regarding workers represented by SEIU, Local 715.

19 | **RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

20 |      LPCH denies that Director of Employee and Labor Relations Laurie Quintel testified

21 | under oath in any forum on May 9, 2008. LPCH admits that Ms. Quintel testified at a hearing

22 | before Administrative Law Judge John J. McCarrick on May 6, 2008, but denies that her

23 | testimony was as described above.

24 | **REQUEST FOR ADMISSION NO. 11:**

25 |      Admit that the National Labor Relations Board has certified SEIU, Local 715 as the

26 | exclusive representative of employees at Stanford Hospital and Clinics and Lucile Packard

27 | Children's Hospital pursuant to a Certification of Representation issued by the National Labor

28 | Relations Board in Case No. 32-RC-4504, as modified in Case No. 32-UC-363.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

LPCH admits that, pursuant to an order of the National Labor Relations Board dated November 30, 1998 in Case No. 32-RC-4504, as modified in Case No. 32-UC-363, SEIU Local 715, AFL-CIO, CLC was certified as the exclusive collective-bargaining representative of a group of employees of LPCH and Stanford Hospital And Clinics ("SHC") as set forth in that order.

**REQUEST FOR ADMISSION NO. 12:**

Admit that Stanford Hospital and Clinics and Lucile Packard Children's Hospital recognizes SEIU, Local 715 as the sole and exclusive representative for the purpose of collective bargaining for all full-time, part-time, and relief non-professional employees performing service and patient care functions employed at Stanford Hospital, Lucile Packard Children's Hospital, Welch Road and Blake Wilbur Drive.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

LPCH admits that it recognized Local 715 as the sole and exclusive representative for the purposes of collective bargaining for all full-time, part-time, and relief non-professional employees performing service and patient care functions employed at Stanford Hospital, Lucile Packard Children's Hospital, Welch Road and Blake Wilbur Drive until March 1, 2007 or thereabouts. LPCH believes that, after March 1, 2007 or thereabouts, Local 715 effectively ceased to exist and/or attempted to transfer its representational rights to Service Employees International Union, United Healthcare Workers – West. Discovery is continuing.

**REQUEST FOR ADMISSION NO. 13:**

Admit that Lucile Packard Children's Hospital has not withdrawn recognition of SEIU, Local 715.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Admitted.

**REQUEST FOR ADMISSION NO. 14:**

Admit that the Director of Labor Relations, Laurie Quintel, testified under oath on May 9, 2008 before an Administrative Law Judge of the National Labor Relations Board that

1   Lucile Packard Children's Hospital has not withdrawn recognition of SEIU, Local 715.

2   **RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

3       LPCH denies that Director of Employee and Labor Relations Laurie Quintel testified

4   under oath in any forum on May 9, 2008.  LPCH admits that Ms. Quintel testified at a hearing

5   before Administrative Law Judge John J. McCarrick on May 6, 2008, and that at that hearing,

6   she testified that, at that time, LPCH had not withdrawn recognition from of Local 715.

7   **REQUEST FOR ADMISSION NO. 15:**

8       Admit that there is a collective bargaining agreement between SEIU, Local 715 and

9   Stanford Hospital and Clinics and Lucile Packard Children's Hospital, effective January 20,

10  2006 through November 4, 2008.

11  **RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

12      LPCH admits that, prior to March 1, 2007, LPCH and Local 715 negotiated and executed

13  a collective bargaining agreement, which agreement bears the effective dates of January 20, 2006

14  through November 4, 2008.

15  **REQUEST FOR ADMISSION NO. 16:**

16      Admit that SEIU, Local 715 enjoys an irrebuttable presumption of continuing majority

17  status for the duration of the collective bargaining agreement between Stanford Hospital and

18  Clinics and Lucile Packard Children's Hospital.

19  **RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

20      LPCH admits that, if Local 715 in fact continues to exist, and if it has not transferred its

21  representational right to another labor organization, whether properly or improperly, it would

22  enjoy an irrebuttable presumption of continuing majority support for the duration of the

23  collective bargaining agreement between LPCH and Local 715.

24  **REQUEST FOR ADMISSION NO. 17:**

25      Admit that Stanford Hospital and Clinics and Lucile Packard Children's Hospital filed

26  three unfair labor practice charges, Case Nos. 32-CB-6237, 32-CB-5350 and 32-CB-6351,

27  alleging that SEIU, Local 715 failed to provide relevant and necessary information to Stanford

28  Hospital and Clinics and Lucile Packard Children's Hospital, pursuant to its obligation as a labor

SFCA  1407077.1

1  organization under the National Labor Relations Act.

2  **RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

3  LPCH admits that, on or around April 16, 2007, it filed an unfair labor practice charge

4  against Local 715 designated Case No. 32-CB-6237 stating as the basis of the charge that:

5
6  > Despite repeated requests, the Union refuses to provide the
   > Employer with sufficient information to permit the Employer
7  > to determine whether the Union continues to exist as an active
   > labor organization within the meaning of the Act.
8  > Repeated calls to the telephone number for the Union yield
   > the response that it no longer exists. The Union's website,
9  > SEIU715.org, transfers the visitor to a website for SEIU521,
   > which advises that SEIU Local 715 is now part of that local,
10 > and that the resources of Local 715 and four (4) other locals
11 > have been transferred to Local 521.

12 LPCH admits that, on or around October 19, 2007, it filed an unfair labor practice charge

13 against Local 715 designated Case No. 32-CB-6350 stating as the basis of the charge that:

14
15 > The Union has failed and refused to provide information
   > concerning whether the firm of Weinberg Roger & Rosenfeld
   > is providing representational services directly on behalf of the
16 > Union, or on behalf of SEIU-UHW pursuant to an invalid
17 > servicing agreement between the Union and SEIU-UHW,
   > which servicing agreement has previously been rejected by
18 > the Employer.

19 LPCH admits that, on or around October 19, 2007, it filed an unfair labor practice charge

20 against Local 715 designated Case No. 32-CB-6351 stating as the basis of the charge that:

21
22 > The Union has refused to provide requested information
   > relevant to the status and viability of SEIU, Local 715, for
   > each month in the period from the announcement of the
23 > merger of Local 715 and four (4) other locals into Local 521
24 > until the purported appointment of a "trustee" for SEIU,
   > Local 715 by SEIU International.

25 **REQUEST FOR ADMISSION NO. 18:**

26 Admit that Region 32 of the National Labor Relations Board issued a Complaint, on

27 behalf of Stanford Hospital and Clinics and Lucile Packard's Children's Hospital, against SEIU,

28

1  Local 715 in Case Nos. 32-CB-6237, 32-CB-6350 and 32-CB-6351.

2  **RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

3      LPCH admits that Region 32 of the National Labor Relations Board issued a complaint in

4  Case Nos. 32-CB-6237, 32-CB-6350 and 32-CB-6351.  LPCH denies that the complaint was

5  issued on behalf of LPCH and/or SHC.

6  **REQUEST FOR ADMISSION NO. 19:**

7      Admit that Region 32 of the National Labor Relations Board alleged that SEIU,

8  Local 715 "is now, and has been at all times material herein, a labor organization within the

9  meaning of Section 2(5) of [the National Labor Relations] Act."

10  **RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

11      LPCH admits that Region 32 of the National Labor Relations Board issued a complaint in

12  Case Nos. 32-CB-6237, 32-CB-6350 and 32-CB-6351, and that Paragraph 4 of that complaint

13  states that: "Respondent is now, and has been at all times material herein, a labor organization

14  within the meaning of Section 2(5) of the Act."

15  **REQUEST FOR ADMISSION NO. 20:**

16      Admit that at no time during the hearing, on May 9, 2008, did Stanford Hospital and

17  Clinics and Lucile Packard Children's Hospital object to the allegation that SEIU, Local 715 "is

18  now, and has been at all times material herein, a labor organization within the meaning of

19  Section 2(5) of [the National Labor Relations] Act."

20  **RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

21      LPCH denies that any hearing took place on May 9, 2008.  LPCH further denies that it

22  was in a position to object to, or otherwise file pleadings responsive to the Complaint issued by

23  Region 32 of the National Labor Relations Board.

24  **REQUEST FOR ADMISSION NO. 21:**

25      Admit that had Stanford Hospital and Clinics and Lucile Packard Children's Hospital

26  objected to the allegation that SEIU, Local 715 "is now, and has been at all times material herein,

27  a labor organization within the meaning of Section 2(5) of [the National Labor Relations] Act"

28  the Complaint issued by Region 32 of the National Labor Relations Board would have been

8

SFCA  1407077.1

1   dismissed because of SEIU, Local 715's lack of standing as a labor organization.

2   **RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

3       LPCH objects to Request For Admission No. 21 on the grounds that it requests an

4   admission based on speculation regarding the hypothetical actions of third parties based upon a

5   hypothetical fact pattern.  As LPCH cannot ascertain such facts, it can neither admit nor deny the

6   content of the request for admission.

7   **REQUEST FOR ADMISSION NO. 22:**

8       Admit that because SEIU, Local 715 is an existing labor organization, under Section 8(g)

9   of the National Labor Relations Act, if it chose to engage in any strike, picketing, or other

10  concerted refusal to work at Stanford Hospital and Clinics and Lucile Packard Children's

11  Hospital, it must notify in writing Stanford Hospital and Clinics and Lucile Packard Children's

12  Hospital and the Federal Mediation and Conciliation Service of its intent to do so, not less than

13  ten days prior to engaging in any strike, picketing, or other concerted refusal to work.

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28

PETITIONER LPCH'S RESPONSE TO RESPONDENT'S REQUEST FOR ADMISSIONS
UNDER RULE 36 (SET ONE); CASE NO:  5:07-CV-05158 JF

SFCA_1407077.1

**RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

LPCH objects to the request for admission on the grounds that it seeks information that is not relevant to a claim or defense of any party and that it calls for a conclusion of law. Notwithstanding such objections, LPCH admits that if Local 715 is in fact a labor organization, it would be required to give notice to LPCH and SHC before engaging an any strike, picketing, or other refusal to work at LPCH and/or SHC under Section 8(g) of the National Labor Relations Act, and that, if Local 715 is in fact a labor organization, it would be prohibited from engaging in a strike, concerted refusal to work, or any picketing other than informational picketing against LPCH and/or SHC by an existing collective bargaining agreement, whether or not it gave the notice required under Section 8(g).

Dated: July _//_, 2008

FOLEY & LARDNER LLP
LAURENCE R. ARNOLD
EILEEN R. RIDLEY
SCOTT P. INCIARDI

By: _____
EILEEN R. RIDLEY
Attorneys for Petitioners
Stanford Hospital & Clinics and Lucile
Packard Children's Hospital

PETITIONER LPCH'S RESPONSE TO RESPONDENT'S REQUEST FOR ADMISSIONS
UNDER RULE 36 (SET ONE); CASE NO: 5:07-CV-05158 JF

SFCA_1407077.1

## VERIFICATION

I, Laurie J. Quintel, declare:

I am the Director of Employee and Labor Relations for Lucile Packard Children's Hospital ("LPCH"), and am authorized to make this verification for, and on behalf of, LPCH. I have read LPCH's "Response To Respondent's Request For Admissions Under Rule 36 (Set One)" and know its contents. The information is true and correct of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Dated: July 10, 2008

LAURIE J. QUINTEL

1

# PROOF OF SERVICE

2   I am employed in the **County of San Francisco**, **State of California**.  I am over the age
of 18 and not a party to this action; my current business address is **One Maritime Plaza,**
3   **Sixth Floor, San Francisco, CA 94111-3409**.

4   On **July 11, 2008**, I served the foregoing document(s) described as: **PETITIONER**
**LUCILE PACKARD CHILDREN'S HOSPITAL'S RESPONSE TO**
5   **RESPONDENT'S REQUEST FOR ADMISSIONS UNDER RULE 36 (SET ONE),**
**Case No. 5:07-CV-05158-JF,** on the interested parties in this action as follows:

6
✓       BY THE FOLLOWING MEANS:
7            I placed a true copy thereof enclosed in sealed envelope(s) addressed as follows:

8
William Sokol, Esq.
9   W. Daniel Boone, Esq.
Bruce A. Harland, Esq.
10  Weinberg, Roger & Rosenfeld
1001 Marina Village Pkwy, Suite 200
11  Alameda, CA  94501-1091
(510) 337-1023
12

13
✓       BY EXPRESS SERVICE CARRIER (**Via Overnight Courier Service**)
14
✓       I am readily familiar with the firm's practice for collection and processing
15           of correspondence for delivery by Federal Express:  collected packages are
picked up by an express carrier representative on the same day, with the
16           Airbill listing the account number for billing to sender, at **San Francisco,**
**California,** in the ordinary course of business.  I placed the envelope(s) in
17           an envelope or package designated by the express service carrier for
collection and processing for express service delivery on the above date
18           following ordinary business practices.

19  ✓   Executed on **July 11, 2008**, at **San Francisco, California**.

20  ✓       I declare under penalty of perjury under the laws of the State of California
that the above is true and correct.
21  ✓       I declare that I am employed in the office of a member of the bar of this
court at whose direction the service was made.
22

23

24                                          _Patricia A. Lee_____
Patricia A. Lee

25

26

27

28

1    **FOLEY & LARDNER LLP**
ONE MARITIME PLAZA, SIXTH FLOOR
SAN FRANCISCO, CA 94111-3409
2    TELEPHONE:   415.434.4484
FACSIMILE:   415.434.4507

3    LAURENCE R. ARNOLD, CA BAR NO. 133715
EILEEN R. RIDLEY, CA BAR NO. 151735
4    SCOTT P. INCIARDI, CA BAR NO. 228814
Attorneys for Petitioners Stanford Hospital & Clinics
5    and Lucile Packard Children's Hospital

6

7

8                 **UNITED STATES DISTRICT COURT**

9                 **NORTHERN DISTRICT OF CALIFORNIA**

10

11

12    **STANFORD HOSPITAL & CLINICS and LUCILE PACKARD CHILDREN'S HOSPITAL**      Case No: **5:07-CV-05158 JF**

13

14             **Petitioners,**      **PETITIONER STANFORD HOSPITAL AND CLINICS' RESPONSE TO RESPONDENT'S REQUEST FOR ADMISSIONS UNDER RULE 36 (SET ONE)**

15         v.

16    **SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715**

17           **Respondent.**

18         **Judge:**      **Hon. Jeremy Fogel**

19

20    PROPOUNDING PARTY:    SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715

21

22    RESPONDING PARTY:    STANFORD HOSPITAL AND CLINICS

23    SET NUMBER:        ONE

24        Petitioner Stanford Hospital And Clinics ("SHC") responds to the requests for admissions

25 (set one) propounded by respondent Service Employees International Union, Local 715 ("Local

26 715") as follows:

27    **REQUEST FOR ADMISSION NO. 1:**

28        Admit that Stanford Hospital and Clinics, through its counsel, stipulated that the United

PETITIONER STANFORD'S RESPONSE TO RESPONDENT'S REQUEST FOR ADMISSIONS
UNDER RULE 36 (SET ONE); CASE NO: 5:07-CV-05158 JF

SFCA_1406895.1

1    States District for the Northern District has personal jurisdiction by virtue of Section 301 of the

2    Labor-Management Relations Act.

3    **RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

4         SHC admits that it alleged in its Petition To Vacate Arbitration Award (the "Petition")

5    that the United States District Court has jurisdiction over this action by virtue of Section 301 of

6    the Labor Management Relations Act.

7    **REQUEST FOR ADMISSION NO. 2:**

8         Admit that Stanford Hospital and Clinics is an employer engaged in an industry affecting

9    commerce as defined by the National Labor Relations Act.

10   **RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

11        Admitted.

12   **REQUEST FOR ADMISSION NO. 3:**

13        Admit that SEIU, Local 715 is an organization that employees at Stanford Hospital and

14   Clinics participate in and which exists for the purpose, in whole or in part, of dealing with

15   Stanford Hospital and Clinics concerning grievances, labor disputes, wages, rates of pay, hours

16   of employment, or conditions of work.

17   **RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

18        SHC admits that prior to March 1, 2007 or thereabouts, Local 715 was an organization

19   that employees at SHC participated in and which existed for the purpose, in whole or in part, of

20   dealing with SHC concerning grievances, labor disputes, wages, rates of pay, hours of

21   employment, or conditions of work.  After reasonable inquiry, based on information presently

22   known or reasonably available, SHC lacks sufficient information at this time to admit or deny

23   that Local 715 maintained this status after March 1, 2007.  Discovery is ongoing.

24   **REQUEST FOR ADMISSION NO. 4:**

25        Admit that Stanford Hospital and Clinics deals with SEIU, Local 715 Shop Stewards over

26   grievances.

27   **RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

28        SHC admits that it deals over grievances with persons who, prior to March 1, 2007, were

2

SFCA_1406895.1

1  designated by Local 715 as shop stewards.

2  **REQUEST FOR ADMISSION NO. 5:**

3      Admit that Stanford Hospital and Clinics deals with SEIU, Local 715 Shop Stewards over

4  labor disputes.

5  **RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

6      SHC denies that, apart from grievances as described above, there been any labor disputes

7  about which it would deal with any person.

8  **REQUEST FOR ADMISSION NO. 6:**

9      Admit that Stanford Hospital and Clinics deals with SEIU, Local 715 Shop Stewards over

10  rates of pay.

11  **RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

12      SHC admits that it has given notices regarding rates of pay to persons who, prior to

13  March 1, 2007, were designated by Local 715 as shop stewards, but denies that it has dealt with

14  anyone over rates of pay since March 1, 2007.

15  **REQUEST FOR ADMISSION NO. 7:**

16      Admit that Stanford Hospital and Clinics deals with SEIU, Local 715 Shop Stewards over

17  hours of employment.

18  **RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

19      SHC admits that it deals over hours of employment with persons who, prior to March 1,

20  2007, were designated by Local 715 as shop stewards.

21  **REQUEST FOR ADMISSION NO. 8:**

22      Admit that Stanford Hospital and Clinics deals with SEIU, Local 715 Shop Stewards over

23  conditions of work.

24  **RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

25      SHC admits that it deals over conditions of work with persons who, prior to March 1,

26  2007, were designated by Local 715 as shop stewards.

27  **REQUEST FOR ADMISSION NO. 9:**

28      Admit that SEIU, Local 715 is a labor organization representing employees in an industry

3

SFCA_1406895.1

1  affecting commerce as defined by the National Labor Relations Act.

2  **RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

3         SHC alleged in the Petition To Vacate the Arbitrator's decision issued concerning a

4  grievance filed on or about April 25, 2006, and referred by Local 715 to arbitration prior to

5  March 1, 2007, that Local 715 is "a labor organization representing employees in an industry

6  affecting commerce within the territorial jurisdiction of this Court within the meaning of Section

7  301." SHC admits that at the time the grievance was filed, and at the time it was referred to

8  binding arbitration, both prior to March 1, 2007, Local 715 was a labor organization representing

9  employees in an industry affecting commerce as defined by the National Labor Relations Act.

10 After reasonable inquiry, based on information presently known or reasonably available, SHC

11 lacks sufficient information at this time to admit or deny that Local 715 maintained this status

12 after March 1, 2007.  Discovery is ongoing.

13 **REQUEST FOR ADMISSION NO. 10:**

14        Admit that the Director of Employee and Labor Relations, Laurie Quintel, testified under

15 oath on May 9, 2008 before an Administrative Law Judge of the National Labor Relations Board

16 that Stanford Hospital and Clinics and Lucile Packard Children's Hospital deals with SEIU,

17 Local 715 Shop Stewards with respect to the wages, hours, and terms and conditions of

18 employment regarding workers represented by SEIU, Local 715.

19 **RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

20        SHC denies that Director of Employee and Labor Relations Laurie Quintel testified under

21 oath in any forum on May 9, 2008.  SHC admits that Ms. Quintel testified at a hearing before

22 Administrative Law Judge John J. McCarrick on May 6, 2008, but denies that her testimony was

23 as described above.

24 **REQUEST FOR ADMISSION NO. 11:**

25        Admit that the National Labor Relations Board has certified SEIU, Local 715 as the

26 exclusive representative of employees at Stanford Hospital and Clinics and Lucile Packard

27 Children's Hospital pursuant to a Certification of Representation issued by the National Labor

28 Relations Board in Case No. 32-RC-4504, as modified in Case No. 32-UC-363.

4

1 **RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

2       SHC admits that, pursuant to an order of the National Labor Relations Board dated

3 November 30, 1998 in Case No. 32-RC-4504, as modified in Case No. 32-UC-363, SEIU Local

4 715, AFL-CIO, CLC was certified as the exclusive collective-bargaining representative of a

5 group of employees of SHC and Lucile Packard Children's Hospital ("LPCH") as set forth in

6 that order.

7 **REQUEST FOR ADMISSION NO. 12:**

8       Admit that Stanford Hospital and Clinics and Lucile Packard Children's Hospital

9 recognizes SEIU, Local 715 as the sole and exclusive representative for the purpose of collective

10 bargaining for all full-time, part-time, and relief non-professional employees performing service

11 and patient care functions employed at Stanford Hospital, Lucile Packard Children's Hospital,

12 Welch Road and Blake Wilbur Drive.

13 **RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

14       SHC admits that it recognized Local 715 as the sole and exclusive representative for the

15 purposes of collective bargaining for all full-time, part-time, and relief non-professional

16 employees performing service and patient care functions employed at Stanford Hospital, Lucile

17 Packard Children's Hospital, Welch Road and Blake Wilbur Drive until March 1, 2007 or

18 thereabouts.  SHC believes that, after March 1, 2007 or thereabouts, Local 715 effectively ceased

19 to exist and/or attempted to transfer its representational rights to Service Employees International

20 Union, United Healthcare Workers – West.  Discovery is continuing.

21 **REQUEST FOR ADMISSION NO. 13:**

22       Admit that Stanford Hospital and Clinics has not withdrawn recognition of SEIU,

23 Local 715.

24 **RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

25       Admitted.

26 **REQUEST FOR ADMISSION NO. 14:**

27       Admit that the Director of Labor Relations, Laurie Quintel, testified under oath on

28 May 9, 2008 before an Administrative Law Judge of the National Labor Relations Board that

1   Stanford Hospital and Clinics has not withdrawn recognition of SEIU, Local 715.

2   **RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

3     SHC denies that Director of Employee and Labor Relations Laurie Quintel testified under

4   oath in any forum on May 9, 2008.  SHC admits that Ms. Quintel testified at a hearing before

5   Administrative Law Judge John J. McCarrick on May 6, 2008, and that at that hearing, she

6   testified that, at that time, SHC had not withdrawn recognition from of Local 715.

7   **REQUEST FOR ADMISSION NO. 15:**

8     Admit that there is a collective bargaining agreement between SEIU, Local 715 and

9   Stanford Hospital and Clinics and Lucile Packard Children's Hospital, effective January 20,

10  2006 through November 4, 2008.

11  **RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

12    SHC admits that, prior to March 1, 2007, SHC and Local 715 negotiated and executed a

13  collective bargaining agreement, which agreement bears the effective dates of January 20, 2006

14  through November 4, 2008.

15  **REQUEST FOR ADMISSION NO. 16:**

16    Admit that SEIU, Local 715 enjoys an irrebuttable presumption of continuing majority

17  status for the duration of the collective bargaining agreement between Stanford Hospital and

18  Clinics and Lucile Packard Children's Hospital.

19  **RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

20    SHC admits that, if Local 715 in fact continues to exist, and if it has not transferred its

21  representational right to another labor organization, whether properly or improperly, it would

22  enjoy an irrebuttable presumption of continuing majority support for the duration of the

23  collective bargaining agreement between SHC and Local 715.

24  **REQUEST FOR ADMISSION NO. 17:**

25    Admit that Stanford Hospital and Clinics and Lucile Packard Children's Hospital filed

26  three unfair labor practice charges, Case Nos. 32-CB-6237, 32-CB-5350 and 32-CB-6351,

27  alleging that SEIU, Local 715 failed to provide relevant and necessary information to Stanford

28  Hospital and Clinics and Lucile Packard Children's Hospital, pursuant to its obligation as a labor

SFCA_1406895.1

1    organization under the National Labor Relations Act.

2    **RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

3        SHC admits that, on or around April 16, 2007, it filed an unfair labor practice charge

4    against Local 715 designated Case No. 32-CB-6237 stating as the basis of the charge that:

5    
6            Despite repeated requests, the Union refuses to provide the
Employer with sufficient information to permit the Employer to

7    determine whether the Union continues to exist as an active labor
organization within the meaning of the Act.

8    Repeated calls to the telephone number for the Union yield the
response that it no longer exists.  The Union's website,

9    SEIU715.org, transfers the visitor to a website for SEIU521, which
advises that SEIU Local 715 is now part of that local, and that the

10    resources of Local 715 and four (4) other locals have been
transferred to Local 521.

11        SHC admits that, on or around October 19, 2007, it filed an unfair labor practice charge

12    against Local 715 designated Case No. 32-CB-6350 stating as the basis of the charge that:

13    
14            The Union has failed and refused to provide information
concerning whether the firm of Weinberg Roger & Rosenfeld is

15    providing representational services directly on behalf of the Union,
or on behalf of SEIU-UHW pursuant to an invalid servicing

16    agreement between the Union and SEIU-UHW, which servicing
agreement has previously been rejected by the Employer.

17        SHC admits that, on or around October 19, 2007, it filed an unfair labor practice charge

18    against Local 715 designated Case No. 32-CB-6351 stating as the basis of the charge that:

19    
20            The Union has refused to provide requested information relevant to
the status and viability of SEIU, Local 715, for each month in the

21    period from the announcement of the merger of Local 715 and four
(4) other locals into Local 521 until the purported appointment of a

22    "trustee" for SEIU, Local 715 by SEIU International.

23    **REQUEST FOR ADMISSION NO. 18:**

24        Admit that Region 32 of the National Labor Relations Board issued a Complaint, on

25    behalf of Stanford Hospital and Clinics and Lucile Packard's Children's Hospital, against SEIU,

26    Local 715 in Case Nos. 32-CB-6237, 32-CB-6350 and 32-CB-6351.

27    **RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

28        SHC admits that Region 32 of the National Labor Relations Board issued a complaint in

7

PETITIONER STANFORD'S RESPONSE TO RESPONDENT'S REQUEST FOR ADMISSIONS
UNDER RULE 36 (SET ONE); CASE NO:  5:07-CV-05158 JF

SFCA_1406895.1

1  Case Nos. 32-CB-6237, 32-CB-6350 and 32-CB-6351.  SHC denies that the complaint was

2  issued on behalf of SHC and/or LPCH.

3  **REQUEST FOR ADMISSION NO. 19:**

4      Admit that Region 32 of the National Labor Relations Board alleged that SEIU,

5  Local 715 "is now, and has been at all times material herein, a labor organization within the

6  meaning of Section 2(5) of [the National Labor Relations] Act."

7  **RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

8      SHC admits that Region 32 of the National Labor Relations Board issued a complaint in

9  Case Nos. 32-CB-6237, 32-CB-6350 and 32-CB-6351, and that Paragraph 4 of that complaint

10  states that: "Respondent is now, and has been at all times material herein, a labor organization

11  within the meaning of Section 2(5) of the Act."

12  **REQUEST FOR ADMISSION NO. 20:**

13      Admit that at no time during the hearing, on May 9, 2008, did Stanford Hospital and

14  Clinics and Lucile Packard Children's Hospital object to the allegation that SEIU, Local 715 "is

15  now, and has been at all times material herein, a labor organization within the meaning of

16  Section 2(5) of [the National Labor Relations] Act."

17  **RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

18      SHC denies that any hearing took place on May 9, 2008.  SHC further denies that it was

19  in a position to object to, or otherwise file pleadings responsive to the Complaint issued by

20  Region 32 of the National Labor Relations Board.

21  **REQUEST FOR ADMISSION NO. 21:**

22      Admit that had Stanford Hospital and Clinics and Lucile Packard Children's Hospital

23  objected to the allegation that SEIU, Local 715 "is now, and has been at all times material herein,

24  a labor organization within the meaning of Section 2(5) of [the National Labor Relations] Act"

25  the Complaint issued by Region 32 of the National Labor Relations Board would have been

26  dismissed because of SEIU, Local 715's lack of standing as a labor organization.

27  **RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

28      SHC objects to Request For Admission No. 21 on the grounds that it requests an

8

SFCA 1406895 1

1  admission based on speculation regarding the hypothetical actions of third parties based upon a

2  hypothetical fact pattern.  As SHC cannot ascertain such facts, it can neither admit nor deny the

3  content of the request for admission.

4  **REQUEST FOR ADMISSION NO. 22:**

5        Admit that because SEIU, Local 715 is an existing labor organization, under Section 8(g)

6  of the National Labor Relations Act, if it chose to engage in any strike, picketing, or other

7  concerted refusal to work at Stanford Hospital and Clinics and Lucile Packard Children's

8  Hospital, it must notify in writing Stanford Hospital and Clinics and Lucile Packard Children's

9  Hospital and the Federal Mediation and Conciliation Service of its intent to do so, not less than

10  ten days prior to engaging in any strike, picketing, or other concerted refusal to work.

11  **RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

12        SHC objects to the request for admission on the grounds that it seeks information that is

13  not relevant to a claim or defense of any party and that it calls for a conclusion of law.

14  Notwithstanding such objections, SHC admits that if Local 715 is in fact a labor organization, it

15  would be required to give notice to SHC and LPCH before engaging an any strike, picketing, or

16  other refusal to work at SHC and/or LPCH under Section 8(g) of the National Labor Relations

17  Act, and that, if Local 715 is in fact a labor organization, it would be prohibited from engaging in

18  a strike, concerted refusal to work, or any picketing other than informational picketing against

19  SHC and/or LPCH by an existing collective bargaining agreement, whether or not it gave the

20  notice required under Section 8(g).

21  Dated:  June _11_, 2008
                          FOLEY & LARDNER LLP

22                                        LAURENCE R. ARNOLD
EILEEN R. RIDLEY

23                                        SCOTT P. INCIARDI

24

25                 By: _____

26                       EILEEN R. RIDLEY
Attorneys for Petitioners

27                       Stanford Hospital & Clinics and Lucile
Packard Children's Hospital

28

PETITIONER STANFORD'S RESPONSE TO RESPONDENT'S REQUEST FOR ADMISSIONS
UNDER RULE 36 (SET ONE); CASE NO:  5:07-CV-05158 JF

SFCA_1406895.1

1

2
## VERIFICATION

3

4
I, Laurie J. Quintel, declare:

5
     I am the Director of Employee and Labor Relations for Stanford Hospital and Clinics

6
("SHC"), and am authorized to make this verification for, and on behalf of, SHC. I have read

7
SHC's "Response To Respondent's Request For Admissions Under Rule 36 (Set One)" and

8
know its contents. The information is true and correct of my own knowledge, except as to those

9
matters which are stated on information and belief, and as to those matters, I believe them to be

10
true.

     I declare under penalty of perjury under the laws of the State of California and the United

11
States of America that the foregoing is true and correct.

12

13
Dated: July 10 , 2008

14

15

16
LAURIE J. QUINTEL

17

18

19

20

21

22

23

24

25

26

27

28

SFCA 1406895.1

1

**PROOF OF SERVICE**

2  I am employed in the **County of San Francisco**, **State of California**.  I am over the age of 18 and not a party to this action; my current business address is **One Maritime Plaza,**

3  **Sixth Floor, San Francisco, CA 94111-3409**.

4  On **July 11, 2008**, I served the foregoing document(s) described as: **PETITIONER STANFORD HOSPITAL AND CLINICS' RESPONSE TO RESPONDENT'S**

5  **REQUEST FOR ADMISSIONS UNDER RULE 36 (SET ONE), Case No. 5:07-CV-05158-JF**, on the interested parties in this action as follows:

6

7  ✓    BY THE FOLLOWING MEANS:
        I placed a true copy thereof enclosed in sealed envelope(s) addressed as follows:

8

9  William Sokol, Esq.
    W. Daniel Boone, Esq.
    Bruce A. Harland, Esq.

10  Weinberg, Roger & Rosenfeld
    1001 Marina Village Pkwy, Suite 200

11  Alameda, CA  94501-1091
    (510) 337-1023

12

13

14  ✓    BY EXPRESS SERVICE CARRIER (**Via Overnight Courier Service**)

15        ✓    I am readily familiar with the firm's practice for collection and processing
              of correspondence for delivery by Federal Express:  collected packages are
              picked up by an express carrier representative on the same day, with the

16            Airbill listing the account number for billing to sender, at **San Francisco,**
              **California**, in the ordinary course of business.  I placed the envelope(s) in

17            an envelope or package designated by the express service carrier for
              collection and processing for express service delivery on the above date

18            following ordinary business practices.

19  ✓    Executed on **July 11, 2008**, at **San Francisco, California**.

20  ✓        I declare under penalty of perjury under the laws of the State of California
              that the above is true and correct.

21  ✓        I declare that I am employed in the office of a member of the bar of this
              court at whose direction the service was made.

22

23

24  _____
    Patricia A. Lee

25

26

27

28