1  **FOLEY & LARDNER LLP**
   ONE MARITIME PLAZA, SIXTH FLOOR
   SAN FRANCISCO, CA 94111-3409
2  TELEPHONE:    415.434.4484
   FACSIMILE:    415.434.4507
3
   LAURENCE R. ARNOLD, CA BAR NO. 133715
   EILEEN R. RIDLEY, CA BAR NO. 151735
4  SCOTT P. INCIARDI, CA BAR NO. 228814
   Attorneys for STANFORD HOSPITAL & CLINICS and
5  LUCILE PACKARD CHILDREN'S HOSPITAL

6

7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  STANFORD HOSPITAL & CLINICS and LUCILE PACKARD CHILDREN'S<br>12  HOSPITAL,<br>13          Petitioners,<br>14       vs.<br>15  SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715,<br>16<br>17          Respondent. | Case No: 5:07-CV-05158-JF<br><br>**SUPPLEMENTAL DECLARATION OF EILEEN R. RIDLEY IN SUPPORT OF STANFORD HOSPITAL & CLINICS AND LUCILE PACKARD CHILDREN'S HOSPITAL'S MOTION TO CONTINUE DEADLINE TO FILE/HEAR DISPOSITIVE MOTIONS**<br>[Local Rules 6-1 and 603<br><br>Judge:    Hon. Jeremy Fogel |
| 20  SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715<br>21<br>22          Petitioner and Counter-<br>            Respondent,<br>23       vs.<br>24  STANFORD HOSPITAL & CLINICS and LUCILE PACKARD CHILDREN'S<br>25  HOSPITAL<br>26          Respondents and Counter-<br>            Petitioners.<br>27 | Case No: 5:08-CV-00213-JF<br><br><br><br><br><br><br>Judge:    Hon. Jeremy Fogel |

28  **SUPPLEMENTAL RIDLEY DECLARATION SUPPORTING HOSPITALS' MOTION TO CONTINUE DEADLINE TO FILE/HEAR DISPOSITIVE MOTIONS**
CASE NOS. 5:07-CV-05158-JF, 5:08-CV-00213-JF, 5:08-CV-00215-JF;
5:08-CV-00216-JF; 5:08-CV-01726-JF; 5:08-CV-01727-JF

| | |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715<br><br>Petitioner,<br><br>vs.<br><br>STANFORD HOSPITAL & CLINICS and LUCILE PACKARD CHILDREN'S HOSPITAL<br><br>Respondents. | Case No: 5:08-CV-00215-JF<br><br><br><br>Judge:       Hon. Jeremy Fogel |
| SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715<br><br>Petitioner,<br><br>vs.<br><br>STANFORD HOSPITAL & CLINICS and LUCILE PACKARD CHILDREN'S HOSPITAL<br><br>Respondents. | Case No: 5:08-CV-00216-JF<br><br><br><br>Judge:       Hon. Jeremy Fogel |
| SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715<br><br>Petitioner,<br><br>vs.<br><br>STANFORD HOSPITAL & CLINICS and LUCILE PACKARD CHILDREN'S HOSPITAL<br><br>Respondents. | Case No: 5:08-CV-01726-JF<br><br><br><br>Judge:       Hon. Jeremy Fogel |
| SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715<br><br>Petitioner,<br><br>vs.<br><br>STANFORD HOSPITAL & CLINICS and LUCILE PACKARD CHILDREN'S HOSPITAL<br><br>Respondents. | Case No: 5:08-CV-01727-JF<br><br><br><br>Judge:       Hon. Jeremy Fogel |

2

**SUPPLEMENTAL RIDLEY DECLARATION SUPPORTING HOSPITALS' MOTION TO CONTINUE DEADLINE TO FILE/HEAR DISPOSITIVE MOTIONS**
CASE NOS. 5:07-CV-05158-JF, 5:08-CV-00213-JF, 5:08-CV-00215-JF;
5:08-CV-00216-JF; 5:08-CV-01726-JF; 5:08-CV-01727-JF

SFCA_1443116.1

I, Eileen R. Ridley, declare as follows:

1. I am a partner with the law firm of Foley & Lardner, LLP, counsel for STANFORD HOSPITAL & CLINICS and LUCILE PACKARD CHILDREN'S HOSPITAL (the "HOSPITALS"). I am one of the attorneys with primary responsibility for representing the HOSPITALS in these Actions. All of the matters stated within this Declaration are within my personal knowledge, and I am fully competent to testify as to each of these matters if called upon to do so.

2. On July 7, 2008, Bruce "Rusty" Smith, the Trustee of SEIU-Local 715, requested bargaining for a new collective bargaining agreement. The HOSPITALS responded with a letter dated July 28, 2008 which withdrew recognition of SEIU-Local 715 based, in part, on the failure of SEIU – Local 715 to provide requested information regarding its existence, use of its resources and representative capacity. A true and correct copy of the HOSPITALS' July 28, 2008 letter is attached hereto as Exhibit "A".

3. On July 23, 2008 the National Labor Relations Board for Region 32 dismissed a complaint filed against the HOSPITALS by counsel for Local 715 based on the failure to provide requested information. A true and correct copy of the July 23, 2008 dismissal is attached hereto as Exhibit "B".

4. On August 1, 2008, a news release regarding UHW-West stated, in part, "[a]s part of a reorganization of locals in California in 2006, the international union merged five locals including Local 715 into a new local – Local 521. Several of those local represented a few units of private sector health care workers and at the time of the merger those units were placed in UHW because Local 521 does not represent private sector workers." A true and correct copy of the August 1, 2008 news release is attached hereto as Exhibit "C".

5. On August 1, 2008 Palo Alto Weekly published an article regarding UHW's election request which stated, in part, as follows: The United Healthcare

3
**SUPPLEMENTAL RIDLEY DECLARATION SUPPORTING HOSPITALS' MOTION TO CONTINUE DEADLINE TO FILE/HEAR DISPOSITIVE MOTIONS**
CASE NOS. 5:07-CV-05158-JF, 5:08-CV-00213-JF, 5:08-CV-00215-JF;
5:08-CV-00216-JF; 5:08-CV-01726-JF; 5:08-CV-01727-JF

SFCA_1443116.1

Workers [UHW] union has requested a union representation election from the National Labor Relations Board (NLRB) for employees at Stanford Hospital and Lucile Packard Children's Hospital. [¶] The union represents about 1,450 housekeepers, food-service workers, nursing assistants and other employees at the two hospitals who have been represented by the Service Employees International Union (SEIU), Local 715. But that local merged with SEIU, Local 521, and are now a part of United Healthcare Workers. [¶] United Healthcare Workers is now trying to correct that by requesting that the NLRB hold an election, which will probably take about a month, according to UHM (*sic*) spokeswoman Kim Curtis." A true and correct copy of the August 1, 2008 Palo Alto Weekly article is attached hereto as Exhibit "D".

    I declare, under the penalty of perjury under the laws of the United States of America, that the statements made herein a true and correct. Executed this Second day of July 2008 in San Francisco, California.

/s/
_____
EILEEN R. RIDLEY

---

**SUPPLEMENTAL RIDLEY DECLARATION SUPPORTING HOSPITALS' MOTION TO CONTINUE DEADLINE TO FILE/HEAR DISPOSITIVE MOTIONS**
CASE NOS. 5:07-CV-05158-JF, 5:08-CV-00213-JF, 5:08-CV-00215-JF;
5:08-CV-00216-JF; 5:08-CV-01726-JF; 5:08-CV-01727-JF

SFCA_1443116.1

# EXHIBIT A



**STANFORD UNIVERSITY MEDICAL CENTER**

*Stanford Hospital and Clinics*
*Lucile Packard Children's Hospital*

July 28, 2008

<u>Letter being sent by regular U.S. mail and by certified mail</u>

Mr. Bruce W. Smith
2302 Zanker Road
San Jose, CA 95131

Dear Mr. Smith:

We have received your letter dated July 7, 2008, requesting bargaining for a new collective bargaining agreement to replace the one entered into in January 2006 and expiring by its terms on November 4, 2008.

Shortly after that agreement was reached in 2006, SEIU Local 715 ("715") attempted to turn over the representation responsibilities and activities to SEIU-UHW ("UHW"), effective March 1, 2006, according to the Servicing Agreement, a copy of which was not provided to us until August 2006. From March of 2006 to the present, no employees of 715 have participated in representational activities at the hospitals, attended meetings on grievances or other contractual matters, or even communicated with us to address representational or contractual matters, despite repeated attempts to communicate with 715 on our part.

In late August of 2006, after reviewing the terms of the Servicing Agreement, and comparing them to the actual facts concerning representational activities, as well as considering the statements of the UHW representatives purporting to act pursuant thereto, we rejected the Servicing Agreement in writing to the then Executive Secretary of 715. Despite our rejection, and despite the fact that the Servicing Agreement called for Local 715 and UHW to take steps, including legal proceedings, to have it enforced if it were rejected, no action was ever taken. Moreover, despite the provision in the Servicing Agreement requiring 715 to resume all representational functions until the Servicing Agreement could be enforced, no employee of 715 ever met with or otherwise communicated with the Hospitals. Instead, UHW representatives continued to attempt to act as the representatives of our employees, and, it is clear to us, were the only persons doing so, with no participation, directly or indirectly, from any person employed by 715.

In the summer of 2006, we also learned that SEIU International's Executive Committee had approved a recommendation for reorganizing the California SEIU locals, and that the International President had directed that it be implemented after a statewide vote was taken, purposefully designed to avoid a local-by-local or bargaining unit-by-bargaining unit vote so that there would be no chance for any local to effectively reject the plan. That plan called for 715 to

merge into a new regional local and for its private sector hospital bargaining units to be merged into UHW.

The reorganization was effective March 1, 2007, and we promptly began requesting information from 715 regarding its post-merger status. We did not receive a response from any one employed by 715 after the merger. Rather, we received communications only from legal counsel to UHW and Local 521, the newly formed local into which 715 merged, claiming to be sent on behalf of 715.

We continued to reiterate our requests for information, to no avail. The only documents we received were unresponsive replies citing non-existent, invalid and often internally contradictory objections.

In June, 2007, after hearing nothing from anyone employed by 715 for over six (6) months, we received a letter from you claiming that you had been appointed trustee of 715, which as far as we knew (and know) no longer existed as a viable entity at the time of your "appointment." Nevertheless, we made renewed information requests to the counsel who we were advised you had retained, but again to no avail. We finally made requests directly to you, but heard nothing in response, even though your "appointment" was claimed to be for the purpose of defending the status of 715, which you could easily have done by providing information that would establish 715's continuous existence, if it had continuously existed.

During that same time period, we also filed three (3) unfair labor practice charges over your repeated refusals to provide information. Unfortunately, the charges were sent by the Region to the Division of Advice for review and direction, which, as is typical, took a number of months. However, the result was that the Division of Advice authorized and directed that a complaint be issued on all three (3) charges. As you may or may not know, the hearing was conducted in May 2008, and we are awaiting the decision of the Administrative Law Judge.

On yet another front, there are six (6) court actions pending in the U.S. District Court for Northern California, San Jose Division. In those proceedings, 715's existence, and therefore its standing to bring these actions, is at issue. Although the Court ordered that discovery would be permitted into matters relating to 715's existence, to date, attempts at discovery have been frustrated and delayed by inappropriate responses or non-responses by counsel on behalf of 715, 521 and UHW (counsel is notably the same for all three) and, to a lesser extent, by counsel for the International. Even attempts to depose you and others who should be knowledgeable persons have been and are being resisted. Motions to compel discovery have been required and have been filed.

More recently, in response to unfair labor practice charges purportedly filed on behalf of 715, we understand Region 32 of the NLRB has been requesting information from 715 which would establish its existence. Their requests have been ignored just as have our requests.

Presumably, if 715 does actually exist, the actions of counsel on its behalf are at your direction, although if there really was a desire to end these disputes, and if 715 really has existed as a viable labor organization all along, responses to the earlier information requests, the judicial discovery requests and the NLRB's requests demonstrating that fact could have ended it, and still could do so.

2

Despite the fact that the Hospitals have long had serious doubts concerning the continuous existence of 715 as an ongoing and viable labor organization, we have continued to honor the commitments that we made when we entered into the current Agreement before those concerns arose. The Hospitals' repeated requests for information relevant to a resolution of our legitimate concerns, caused by the actions and pronouncements of the International, 715, 521 and UHW, have, without fail, been refused. Yet, you have now requested that we meet to negotiate a new agreement.

Viewing all that has transpired in terms of the obvious transfer of representational activities and responsibilities to UHW, all of the information that we have obtained on the one hand indicating that 715 ceased to exist on March 1, 2007 and that there was an attempt to transfer representation to UHW, and on the other hand the complete and consistent failure and refusal to provide requested information that would demonstrate that 715 has continued to exist all along, the Hospitals cannot agree to your request that they meet to bargain with you, and must instead hereby withdraw any recognition of 715, effective immediately.

We take this action only after going to great lengths for over a year to obtain information from 715 that would demonstrate its continuous existence. All such efforts having failed, and in view of the request you have now made to bargain, the Hospitals are now forced to act. To be clear, our decision was made in light of the apparent fact that on March 1, 2007, 715 ceased to exist as a viable labor organization for the purpose of representing employees concerning wages, hours and other terms and conditions of employment. That being the case, 715 could not thereafter be resurrected as the representative of our employees, and to bargain with you, purporting to be acting on behalf of 715, would not be proper under the Act.

If you do in fact have a real interest in effectively representing the employees in the bargaining unit for which 715 was originally certified as the exclusive representative, and if 715 has continued to exist as you claim, perhaps the interests of the very employees which you claim to represent would be served by providing the information that we have already requested, which includes the information that has been previously sought by the Hospitals in various requests made in 2007, and the information requested by them over two months ago in discovery proceedings in the pending court actions. If you provide to our labor counsel the documentary evidence responding to these requests, the Hospitals will be willing to review it and, if satisfied both that it is authentic and that it demonstrates that 715 did continue to exist and function as the labor organization representing our employees on and after March 1, 2007, and that it has continued to do so all along, they would be willing to reconsider their withdrawal today of all recognition of 715.

Sincerely,

*Laurie J. Quintel*
Laurie Quintel
Director, Employee and Labor Relations
Stanford Hospital and Clinics
Lucile Packard Children's Hospital

# EXHIBIT B



United States Government

**NATIONAL LABOR RELATIONS BOARD**
Region 32
1301 Clay Street, Room 300N
Oakland, CA 94612-5224

FOLEY & LARDNER LLP
R E C E I V E D
JUL 2 4 2008

Telephone: (510) 637-3300
FAX: (510) 637-3315
Website: www.nlrb.gov

July 23, 2008

Bruce Harland, Esq.
Weinberg, Roger & Rosenfeld
1001 Marina Village Parkway, Suite 200
Alameda, CA 94501

Re:   **Stanford Hospital**
      **32-CA-23910**

Dear Mr. Harland:

The Region has carefully considered your charge against Stanford Hospital, herein called the Employer, alleging that it violated the National Labor Relations Act, herein called the Act.

***Decision Not to Issue Complaint:*** Based on that investigation, I have concluded that further proceedings are not warranted, and I am dismissing the charge for the following reasons.

On May 27, 2008, you filed a charge alleging that the Employer violated Section 8(a)(1) and (5) of the Act by failing and refusing to bargain changes in schedules in the Dietary Department, failing and refusing to bargain new time clock procedures, and unilaterally implementing these changes. However, the Union has yet to provide critical information requested by the Region. Thus, by way of telephone calls and letters throughout June 2008, as detailed in the Region's June 27, 2008 dismissal letter in Case 32-CA-23873, you were reminded that you had not provided this critical information, and you were informed that the Region was prepared to dismiss the instant charge, as well as the charge in Cases 32-CA-23873, if the requested information was not provided by June 27, 2008. However, the requested information was not provided. Thereafter, the same information was requested by the Region in connection with the Union's newly filed charge in Case 32-CA-23984. Thus, by way of a voicemail message and letter on July 9, you were informed that the Union had to present all of the requested critical information by July 18 and schedule the affidavit of Kristina Sermersheim by July 16, and you were informed that the Region would not go forward with the investigation if you failed to

**Stanford Hospital**
32-CA-23910
7/23/2008
Page 2

provide the requested evidence by the stated deadlines. On July 16, you left a voicemail message for the investigating Board agent to return your call but did not propose any times for Ms. Sermesheim's affidavit. On July 16 and again on July 17, the Board agent's Supervisor returned your call regarding the case, and left voicemail messages for you to return his call. To date, you have not returned the supervisor's calls, nor have you produced the requested information or produced Ms. Sermesheim for an affidavit. In view of this lack of full cooperation, I have determined that further proceedings are not warranted, and I am therefore dismissing the charge in this case.

*Your Right to Appeal:* The National Labor Relations Board Rules and Regulations permit you to obtain a review of this action by filing an appeal with the General Counsel of the National Labor Relations Board. Use of the Appeal Form (Form NLRB-4767) will satisfy this requirement. However, you are encouraged to submit a complete statement setting forth the facts and reasons why you believe that the decision to dismiss your charge was incorrect.

The appeal may be filed by regular mail addressed to the General Counsel at the National Labor Relations Board, Attn: Office of Appeals, 1099 14th Street, N.W., Washington D.C. 20570-0001. A copy of the appeal should also be mailed to the Regional Director.

An appeal also may be filed electronically by using the e-filing system on the Agency's Website. In order to file an appeal electronically, please go to the Agency's Website at www.nlrb.gov, under "**E-GOV**." Select "**E-filing**" and then click on "**File an Appeal or Other Document**" under the heading "**General Counsel's Office of Appeals**." The Website will contain detailed instructions on how to file an appeal electronically.

*Appeal Due Date:* The appeal must be received by the General Counsel in Washington, D.C. by the close of business at 5 p.m. EDT on August 6, 2008. If you mail the appeal, it will be considered timely filed if it is postmarked no later than one day before the due date set forth above. If you file the appeal electronically, it also must be received by the General Counsel by the close of business at 5:00 p.m. EDT on August 6, 2008. A failure to timely file an appeal electronically will not be excused on the basis of a claim that transmission could not be accomplished because the receiving machine was off-line or unavailable, the sending machine malfunctioned, or for any other electronic-related reason.

*Extension of Time to File Appeal:* Upon good cause shown, the General Counsel may grant you an extension of time to file the appeal. You may file a request for an extension of time to file by mail, facsimile transmission, or through the Internet. The fax number is (202) 273-4283. Special instructions for requesting an extension of time over the Internet are set forth in the attached Access Code Certificate. While an appeal

**Stanford Hospital**
32-CA-23910
7/23/2008
Page 3

will be accepted as timely filed if it is postmarked no later than one day prior to the appeal due date, this rule does not apply to requests for extensions of time. A request for an extension of time to file an appeal **must be received** on or before the original appeal due date. A request that is postmarked prior to the appeal due date but received after the appeal due date will be rejected as untimely. Unless filed through the Internet, a copy of any request for extension of time should be sent to me.

*Confidentiality/Privilege:* Please be advised that we cannot accept any limitations on the use of any appeal statement or evidence in support thereof provided to the Agency. Thus, any claim of confidentiality or privilege cannot be honored, except as provided by the FOIA, 5 U.S.C. 552, and any appeal statement may be subject to discretionary disclosure to a party upon request during the processing of the appeal. In the event the appeal is sustained, any statement or material submitted may be subject to introduction as evidence at any hearing that may be held before an administrative law judge. Further, we are required by the Federal Records Act to keep copies of documents used in our case handling for some period of years after a case closes. Accordingly, we may be required by the FOIA to disclose such records upon request, absent some applicable exemption such as those that protect confidential source, commercial/financial information or personal privacy interests (e.g., FOIA Exemptions 4, 6, 7(C) and 7(D), 5 U.S.C. § 552(b)(4), (6), (7)(C), and (7)(D)). Accordingly, we will not honor any requests to place limitations on our use of appeal statements or supporting evidence beyond those prescribed by the foregoing laws, regulations, and policies.

*Notice to Other Parties of the Appeal:* You should notify the other parties to the case that an appeal has been filed. Therefore, at the time the appeal is sent to the General Counsel, please complete the enclosed Appeal Form (NLRB-4767) and send one copy of the form to all parties whose names and addresses are set forth in this letter.

Very truly yours,

*Alan B. Reichard*
Alan B. Reichard
Regional Director

Enclosure(s)

**Stanford Hospital**
32-CA-23910
7/23/2008
Page 4

cc: General Counsel, Office of Appeals Laurie Quintel
National Labor Relations Board Labor Relations Manager
1099 – 14th Street, N. W. Stanford Hospital
Washington, D.C. 20570-0001 300 Pasteur Drive, MC 5513
 Stanford, CA 94305-5513

Judith Scott Laurence Arnold, Esq.
General Counsel Foley & Lardner
Service Employees International One Maritime Plaza, 6th Floor
Union San Francisco, CA 94111
1313 L ST NW
Washington, DC 20005-4110

Miriam Escamilla
Service Employees International
Union, Local 715
42 Arguello Way
P.O. Box 19152
Stanford, CA 94305

# EXHIBIT C

Friday, August 1, 2008
ISSN 1522-5968

# News

## Health Care Employees
## UHW-West Files for NLRB Election
## After Stanford Hospitals End Recognition

Two days after two Stanford, Calif., hospitals withdrew recognition of United Healthcare Workers-West, an affiliate of the Service Employees International Union, as the bargaining agent for some 1,450 employees, the local July 31 filed a petition with the National Labor Relations Board seeking an election.

On July 29, officials of Stanford Hospitals & Clinics and Lucile Packard Children's Hospital at Stanford, announced they were withdrawing recognition from UHW because their employees were transferred from one SEIU local to another and then to UHW, without the employees' consent.

"We did not make this decision lightly, but believe we were legally compelled to take this step because Local 715 has failed in its duty to represent our employees," Lori Curry, vice president of human resources for Stanford, said in a statement.

SEIU Local 715 had represented some 1,450 service and maintenance workers, nursing assistants, secretaries, laboratory workers, food service workers, and housekeepers at the two hospitals since 1998. The latest collective bargaining contract was reached in January 2006 and

was due to expire this November (15 DLR A-11, 1/24/06 ). About 10 days ago UHW sent the hospitals a letter seeking to begin bargaining, according to UHW Administrative Vice President John Borsos.

As part of a reorganization of locals in California in 2006, the international union merged five locals including Local 715 into a new local--Local 521. Several of those locals represented a few units of private sector health care workers and at the time of the merger those units were placed in UHW because Local 521 does not represent private sector workers, according to Borsos.

"The hospitals cannot recognize UHW as our employees' representative because that union was not elected directly by our employees," Greg Souza, vice president of human resources for Lucile Packard, said in the statement. "Fairness and the law require a National Labor Relations Board election in order to change employee representation," he added.

### Rosselli Calls Hospitals' Action 'Despicable.'

At a July 31 press conference to announce that the local was filing for the NLRB election to "formalize the representation that workers have indicated they want," UHW President Sal Rosselli called the hospitals' actions "despicable."

Rosselli charged that the withdrawal of recognition was just the latest in a series of moves seeking to "bust" the union.

Borsos claimed that Stanford has been "aggressively anti-union" since it was organized and the employees have engaged in limited strikes in every contract negotiation. He added that the hospitals also have recently engaged in "legal manuevers so they do not have to deal with the union" including walking out during arbitration hearings.

According to Borsos, following the press conference Assemblywoman Sally Lieber (D-San Jose) tried to accompany several UHW members into the hospital to present management with a letter asking it to refrain from campaigning against the union prior to the NLRB election. He said that security guards prevented Lieber and the employees from entering the hospital because they were wearing UHW T-shirts.

The way that SEIU locals have been merged by the international has been a subject of contention for UHW, and Borsos said he believes that "pooled voting" contributed to Stanford's withdrawal of recognition. Earlier this summer, UHW submitted a package of resolutions for consideration at the SEIU convention, but none of them made it to the convention floor (109 DLR C-1, 6/6/08 ). One resolution would have required that mergers between locals be approved by majority vote of the members of an affected local on a local-by-local basis, rather than pooling the votes of all the locals involved.

UHW is facing the loss of some 65,000 long-term care workers, who could be asked to vote on merging with another local that represents 190,000 long-term care workers (134 DLR A-13, 7/14/08 ).

A Stanford spokesman could not be reached for further comment.

# EXHIBIT D

***Stanford Hospital workers request union election***

By Don Kazak - Palo Alto Weekly, August 1, 2008

The United Healthcare Workers union has requested a union representation election from the National Labor Relations Board (NLRB) for employees at Stanford Hospital and Lucile Packard Children's Hospital.

The union represents about 1,450 housekeepers, food-service workers, nursing assistants and other employees at the two hospitals who have been represented by the Service Employees International Union (SEIU), Local 715. But that local merged with SEIU, Local 521, and are now a part of United Healthcare Workers.

Stanford and Packard hospitals officially withdrew recognition of the union representation on Tuesday because of the merger of the two SEIU locals and now the shift to United Healthcare Workers (UHW), without any election of the changes by the hospital workers.

United Healthcare Workers is now trying to correct that by requesting that the NLRB hold an election, which will probably take about a month, according to UHM spokeswoman Kim Curtis.

UHW, she added, "is a branch on the SEIU tree."

8/4/2008

SEIU's current contract with hospital workers was reached in 2006, although the union and the hospital management have had an often contentious relationship.

State Assemblywoman Sally Lieber, D-Mountain View, was barred by security guards from entering Stanford Hospital on Thursday with union members. Curtis said Lieber and the union members were trying to deliver a letter asking hospital management to abstain in the NLRB election that will be held.