**FOLEY & LARDNER LLP**
ONE MARITIME PLAZA, SIXTH FLOOR
SAN FRANCISCO, CA 94111-3409
TELEPHONE:   415.434.4484
FACSIMILE:   415.434.4507

LAURENCE R. ARNOLD, CA BAR NO. 133715
EILEEN R. RIDLEY, CA BAR NO. 151735
SCOTT P. INCIARDI, CA BAR NO. 228814
Attorneys for STANFORD HOSPITAL & CLINICS and
LUCILE PACKARD CHILDREN'S HOSPITAL

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANFORD HOSPITAL & CLINICS and LUCILE PACKARD CHILDREN'S HOSPITAL,<br><br>Petitioners,<br><br>vs.<br><br>SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715,<br><br>Respondent. | Case No: 5:07-CV-05158-JF<br><br>STANFORD HOSPITAL AND CLINICS' AND LUCILE PACKARD CHILDREN'S HOSPITAL'S REPLY IN SUPPORT OF MOTIONS TO COMPEL<br><br>Date:   September 24, 2008<br>Time:   9:30 A.M.<br>Dept:   Courtroom 4, 5th Floor<br><br>Judge:   Hon. Jeremy Fogel<br>Magis. Judge:   Hon. Richard Seeborg |
| SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715<br><br>Petitioner and Counter-Respondent,<br><br>vs.<br><br>STANFORD HOSPITAL & CLINICS and LUCILE PACKARD CHILDREN'S HOSPITAL<br><br>Respondents and Counter-Petitioners. | Case No: 5:08-CV-00213-JF<br><br><br><br><br><br>Judge:   Hon. Jeremy Fogel |

STANFORD HOSPITAL AND CLINICS' AND LUCILE PACKARD CHILDREN'S HOSPITAL'S
REPLY IN SUPPORT OF MOTIONS TO COMPEL
CASE NOS. 5:07-CV-05158-JF, 5:08-CV-00213-JF, 5:08-CV-00215-JF;
5:08-CV-00216-JF; 5:08-CV-01726-JF; 5:08-CV-01727-JF

SFCA_1458807.1

| | |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715<br><br>Petitioner,<br><br>vs.<br><br>STANFORD HOSPITAL & CLINICS and LUCILE PACKARD CHILDREN'S HOSPITAL<br><br>Respondents. | Case No: 5:08-CV-00215-JF<br><br><br><br>Judge:   Hon. Jeremy Fogel |
| SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715<br><br>Petitioner,<br><br>vs.<br><br>STANFORD HOSPITAL & CLINICS and LUCILE PACKARD CHILDREN'S HOSPITAL<br><br>Respondents. | Case No: 5:08-CV-00216-JF<br><br><br><br>Judge:   Hon. Jeremy Fogel |
| SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715<br><br>Petitioner,<br><br>vs.<br><br>STANFORD HOSPITAL & CLINICS and LUCILE PACKARD CHILDREN'S HOSPITAL<br><br>Respondents. | Case No: 5:08-CV-01726-JF<br><br><br><br>Judge:   Hon. Jeremy Fogel |
| SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715<br><br>Petitioner,<br><br>vs.<br><br>STANFORD HOSPITAL & CLINICS and LUCILE PACKARD CHILDREN'S HOSPITAL<br><br>Respondents. | Case No: 5:08-CV-01727-JF<br><br><br><br>Judge:   Hon. Jeremy Fogel |

STANFORD HOSPITAL AND CLINICS' AND LUCILE PACKARD CHILDREN'S HOSPITAL'S
REPLY IN SUPPORT OF MOTIONS TO COMPEL
CASE NOS. 5:07-CV-05158-JF, 5:08-CV-00213-JF, 5:08-CV-00215-JF;
5:08-CV-00216-JF; 5:08-CV-01726-JF; 5:08-CV-01727-JF

SFCA_1458807.1

## I. INTRODUCTION AND STATEMENT OF FACTS

Stanford Hospital And Clinics and Lucile Packard Children's Hospital (the "Hospitals") file this reply in support of their motions to compel in order to update the record since the initial filing of the motions in July, 2008.

At issue are motions filed by the Hospitals in the above-captioned related cases to compel Service Employees International Union, Local 715 ("Local 715") to provide adequate responses to a request for production of documents propounded upon it, and to produce Bruce W. "Rusty" Smith for deposition. The Hospitals have also moved to compel Service Employees International Union, Local 521 ("Local 521") and Service Employees International Union, United Healthcare Workers – West ("UHW") to respond to business records subpoenas propounded on each of those organizations. Finally, the Hospitals have moved to compel the depositions of Myriam Escamilla and Kristy Sermersheim.[1] ("Local 715," Local 521, UHW, Mr. Smith, Ms. Sermersheim, and Ms. Escamilla will sometimes be collectively referred to herein as the "Union Parties.")

On August 5, 2008, Magistrate Judge Richard Seeborg held a telephonic hearing on the Hospitals' motions to compel. [Declaration of Eileen R. Ridley In Support Of Motions To Compel ("Ridley Decl.") ¶ 3.] In the course of that hearing (and in a conversation between counsel or the parties prior to the hearing), Bruce Harland, who is counsel for "Local 715," and whose firm also represents Local 521 and UHW, represented that further responses to the pending document requests would be provided, and that dates for the depositions of Mr. Smith, Ms. Sermersheim, and Ms. Escamilla would be provided. [Ridley Decl. ¶ 3.] Magistrate Judge Seeborg instructed counsel for the parties to meet and confer after their respective vacations to narrow the issues

---

[1] With respect to the motions to compel the deposition of Ms. Escamilla, at the time the motions were filed, the Hospitals had not been able to effectuate personal service upon her, due to her efforts to evade service. [Ridley Decl. ¶ 4.] However, on August 22, 2008, the Hospitals were finally able to personally serve Ms. Escamilla. [Ridley Decl. ¶ 4 & Exh. A.]

1

STANFORD HOSPITAL AND CLINICS' AND LUCILE PACKARD CHILDREN'S HOSPITAL'S
REPLY IN SUPPORT OF MOTIONS TO COMPEL
CASE NOS. 5:07-CV-05158-JF, 5:08-CV-00213-JF, 5:08-CV-00215-JF;
5:08-CV-00216-JF; 5:08-CV-01726-JF; 5:08-CV-01727-JF

SFCA_1458807.1

1  between the parties, and ordered that the motions be heard on September 24, 2008.
2  [Ridley Decl. ¶ 3.]
3       On August 26, 2008, after returning from a scheduled vacation, Eileen Ridley,
4  counsel for the Hospitals, sent a letter to Mr. Harland, Andrea Laiacona, who had
5  previously identified herself as counsel for Local 521 regarding the pending discovery
6  disputes, and William A. Sokol, who had identified himself as counsel for UHW
7  regarding the pending discovery disputes.[2] Ms. Ridley requested that counsel confirm
8  that they would, within one (1) week, provide amended responses to the Hospitals'
9  document requests, produce additional documentation, and supply proposed dates for the
10 depositions. [Ridley Decl. ¶ 5 & Exh. B.]
11      Mr. Harland responded to Ms. Ridley's letter on the same day. [Ridley Decl. ¶ 6
12 & Exh. C.] Mr. Harland denied that he had represented that further responses to the
13 document requests would be forthcoming, or that he had agreed to provide dates for the
14 depositions of Ms. Sermersheim or Ms. Escamilla.[3] Mr. Harland did acknowledge that
15 he had agreed to provide dates for the deposition of Mr. Smith, however, he offered no
16 dates. Mr. Harland also acknowledged that Ms. Escamilla had now been served with
17 deposition subpoenas but stated that the noticed date "does not work for our office or for
18 Ms. Escamilla." He did not offer any alternative dates. Additionally, Mr. Harland, for
19 the first time, proposed that the parties agree to a protective order governing discovery
20 responses and depositions, and stated that he would send Ms. Ridley a draft order.
21 [Ridley Decl. ¶ 6 & Exh. C.]
22 ///

---

[2] Ms. Laiacona and Mr. Sokol are members of the same law firm as Mr. Harland – Weinberg Roger & Rosenfeld. [Ridley Decl. ¶ 5.]

[3] Mr. Harland stated that he was attaching e-mails that demonstrated that he had not agreed to provide responses and deposition dates. However, no documents were attached to the letter that Ms. Ridley received, and Mr. Harland has never supplied these purported e-mails despite this being pointed out to him in a subsequent letter. [Ridley Decl. ¶ 8.]

2
STANFORD HOSPITAL AND CLINICS' AND LUCILE PACKARD CHILDREN'S HOSPITAL'S
REPLY IN SUPPORT OF MOTIONS TO COMPEL
CASE NOS. 5:07-CV-05158-JF, 5:08-CV-00213-JF, 5:08-CV-00215-JF;
5:08-CV-00216-JF; 5:08-CV-01726-JF; 5:08-CV-01727-JF

SFCA_1458807.1

On August 28, 2008, Ms. Ridley sent a letter to Mr. Harland, Ms. Laiacona, and Mr. Sokol responding to Mr. Harland's letter. [Ridley Decl. ¶ 7 & Exh. D.] Ms. Ridley repeated her request that counsel confirm whether they would provide amended responses, additional documentation, and proposed dates for depositions. She requested that amended responses, documentation, and proposed dates be provided by September 5, 2008. Ms. Ridley also agreed to review and consider the proposed protective order that Mr. Harland had referenced in his letter. [Ridley Decl. ¶ 7 & Exh. D.]

The Hospitals received no response to Ms. Ridley's August 28, 2008 letter. [Ridley Decl. ¶ 8.] Indeed, since Mr. Harland's August 26, 2008 letter, the Hospitals have received no communications whatsoever from Mr. Harland or any of his colleagues. [Ridley Decl. ¶ 8.] The Hospitals have not received supplemental responses to their request for production of documents, or any responses to the business records subpoenas. [Ridley Decl. ¶ 8.] They have received no proposed dates for the depositions of Mr. Smith, Ms. Sermersheim, or Ms. Escamilla. [Ridley Decl. ¶ 8.] They have never received the proposed protective order that Mr. Harland discussed in his letter, and indicated that he would produce. [Ridley Decl. ¶ 8.]

Under Civil Local Rule 7-3(a), oppositions to motions are due twenty-one (21) days before the hearing. Accordingly, (given the September 24, 2008 hearing date) oppositions to the Hospitals' motions were due on or before September 3, 2008. However, no oppositions have been filed.[4] [Ridley Decl. ¶ 9.]

///
///
///
///

---

[4] A party not filing an opposition to a motion must file a statement of non-opposition under Civil Local Rule 7-3(b). However, no such statement has been filed.

3
STANFORD HOSPITAL AND CLINICS' AND LUCILE PACKARD CHILDREN'S HOSPITAL'S
REPLY IN SUPPORT OF MOTIONS TO COMPEL
CASE NOS. 5:07-CV-05158-JF, 5:08-CV-00213-JF, 5:08-CV-00215-JF;
5:08-CV-00216-JF; 5:08-CV-01726-JF; 5:08-CV-01727-JF

SFCA_1458807.1

## II. DISCUSSION

### A. As The Union Parties Have Failed To Oppose The Motions, The Motions Should Be Granted In Full

The Union Parties have failed to oppose any of the Hospitals' motions. [Ridley Decl. ¶ 9.] Furthermore, rather than engaging in a good faith effort to narrow the issues, as the Court instructed, they have reverted to their familiar pattern of delaying following by stonewalling. It has now been over a month since the conference before Magistrate Judge Seeborg, and, despite representing that they would do so, they have provided no supplemental responses, no further documents, and no privilege logs. They have not provided a single proposed date for any the depositions.

Under these circumstances, a hearing on the motions to compel is unnecessary, and would only serve to further the Union Parties' obvious effort to delay discovery for as long as possible. The Court should enter an order granting each of the motions to compel at this time, and require immediate compliance by the Union Parties with their discovery obligations.

### B. The Court Should Order The Union Parties And Their Attorneys To Pay Sanctions

The conduct of the Union Parties is blatant and outrageous. They are evidently under the impression that they can avoid their discovery obligations under the Federal Rules of Civil Procedure by simply refusing to produce responses, documents, and witnesses. If their aim was to delay the progress of this litigation for tactical reasons, they have thus far succeeded. The Court has already had to postpone the hearing on dispositive motions once. It is now over a month later – and over four months since the Court's initial case management conference – and the Hospitals have not received a complete document production from "Local 715" have not received any responses whatsoever from Local 521 and UHW, and not a single deposition has even been scheduled. The Union Parties' conduct has forced the Hospitals to incur significant

4
STANFORD HOSPITAL AND CLINICS' AND LUCILE PACKARD CHILDREN'S HOSPITAL'S
REPLY IN SUPPORT OF MOTIONS TO COMPEL
CASE NOS. 5:07-CV-05158-JF, 5:08-CV-00213-JF, 5:08-CV-00215-JF;
5:08-CV-00216-JF; 5:08-CV-01726-JF; 5:08-CV-01727-JF

SFCA_1458807.1

expenses in the bringing of these motions, as well as the months of ultimately fruitless effort to secure the Union Parties' voluntary compliance with their legal obligations.

In light of this intransigence and flagrant disregard for the federal discovery rules, the Court should issue sanctions against "Local 715" (to the extent that it continues to exist), Local 521, UHW, Mr. Smith, Ms. Sermersheim, Ms. Escamilla, and their respective attorneys. Such sanctions should be designed to penalize the conduct of the Union Parties and their attorneys and deter them from engaging in such conduct in future. *Google, Inc. v. American Blind & Wallpaper Factory*, 2007 WL 1848665 (slip copy at 3) (N.D.Cal. 2007). The sanctions should also be designed to remove the prejudice the Hospitals have suffered by awarding them their attorneys fees incurred in the bringing of these motions. *Id.* The Hospitals estimate that they have and/or will incur a total of $46,000 in the bringing of these motions. [Ridley Decl. ¶ 10.] The Court should also place the Union Parties and their attorneys on notice that further failures to comply with the federal discovery rules will result in the Court imposing evidentiary and/or terminating sanctions. *See Google supra,* 2007 WL 1848665 (slip copy at 6) (ordering monetary and evidentiary sanctions based on spoliation of evidence).

Dated: September 10, 2008

FOLEY & LARDNER LLP
LAURENCE R. ARNOLD
EILEEN R. RIDLEY
SCOTT P. INCIARDI


By: /s/
_____
EILEEN R. RIDLEY
Attorneys for STANFORD HOSPITAL & CLINICS and LUCILE PACKARD CHILDREN'S HOSPITAL