1

2

3                                                            **\*E-FILED 10/8/08\***

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                FOR THE NORTHERN DISTRICT OF CALIFORNIA

8                              SAN JOSE DIVISION

9    STANFORD HOSPITAL & CLINICS et al.,          NO. C 07-5158 JF (RS)

10                        Petitioners,            **ORDER GRANTING IN PART**
                                                  **AND DENYING IN PART**
11        v.                                      **PETITIONERS' MOTIONS TO**
                                                  **COMPEL: (1) DISCOVERY**
12   SERVICE EMPLOYEES INTERNATIONAL              **RESPONSES, AND (2)**
     UNION, LOCAL 715. et al.,                    **DEPOSITIONS**
13

14                        Respondent.
     _____/

15

16   AND ALL RELATED CASES

     _____/

17

18                              I. INTRODUCTION

19        Petitioners Stanford Hospital and Clinics and Lucile Packard Children's Hospital

20   (collectively "the hospitals") move to compel discovery responses from Service Employees

21   International Union, Local 715 ("Local 715") and non-parties Service Employees International

22   Union, Local 521 ("Local 521"), Service Employees International Union, United Healthcare

23   Workers – West ("UHW") (collectively "the unions"), and to compel the depositions of Bruce W.

24   "Rusty" Smith, and non-parties Kristy Sermersheim, and Myriam Escamilla.[1]  Local 715 opposes the

25   motions.  At the hearing on September 24, 2008 on these motions, the Court instructed the parties to

26   _____

27        [1]       The four motions at issue are the hospitals' motion to compel: (1) further responses to
     discovery requests propounded to Local 751; (2) responses to discovery subpoena propounded to
28   UHW; (3) responses to subpoena propounded to Local 521; and (4) depositions of Smith,
     Sermersheim, and Escamilla.

                                        1

United States District Court

For the Northern District of California

1   meet and confer further to attempt to resolve the discovery disputes at issue.  Both parties were

2   ordered to file a separate supplemental report addressing the remaining issues.  Each party filed a

3   separate report that reflects some narrowing of disputed issues but with certain disputes remaining

4   unresolved.[2]  As to those matters, as set forth below, the hospitals' motions to compel will be granted

5   in part and denied in part.

6                                        II. DISCUSSION

7          Despite narrowing the issues in dispute, outstanding issues remain regarding: (1) the

8   temporal scope of the document requests; (2) the production of the unions' budgets; (3) the

9   production of documents relating to the unions' websites; (4) production of documents relating to

10  legal representation provided by the law firm of Weinberg Roger & Rosenfeld ("WRR"); (5) and

11  production of documents relating to Local 715's relationships with other union locals and employers.

12

13  A.      Temporal Scope of Document Requests

14         The hospitals seek a number of documents from June 30 or July 1, 2005 (request numbers 2-

15  8, 28-33, 37, 39), or January 2006 (request numbers 10, 14, 17, 20, 40-42, 48-55), or January 2007

16  (request numbers 9, 11-13, 15-16, 21, 34-36, 38).  Local 715 argues that the time frame of the

17  discovery requests should be limited to after October 9, 2007, because it was on that date that

18  Stanford Hospital filed a petition before an administrative law judge of the National Labor Relations

19  Board allegedly conceding that Local 715 was a labor organization.  Local 715 also suggests January

20  20, 2006, as an alternative limiting date, which is the effective date of the collective bargaining

21  agreement.

22         Under Fed. R. Civ. P. 26(b)(1), parties may obtain discovery of any nonprivileged matter that

23  is relevant to any party's claims or defenses, or "for good cause," discovery of any matter relevant to

24  the subject matter involved in the action.  Fed. R. Civ. P. 26(b)(1).  Because the collective

25

26         [2]      The hospitals filed a fifth motion to compel seeking the deposition of non-party Greg
    Pullman, an employee of Service Employees International Union ("SEIU").  As indicated at the
27  hearing, because the hospitals have made significant progress toward securing voluntary compliance
    from SEIU, the Court indicated it was inclined to dismiss this motion without prejudice.  In their
28  supplemental report, the hospitals do not oppose such a disposition.  That motion, therefore, is
    dismissed without prejudice.  The remaining four motions to compel still are in dispute.

                                              2

**United States District Court**
For the Northern District of California

1    bargaining agreement presumably developed over time, the extra six month window going back to

2    July 1, 2005, is reasonably calculated to cover relevant time periods and is not unduly burdensome.

3    The remaining dates requested by the hospitals similarly cover a time period reasonably expected to

4    lead to relevant evidence and the unions therefore shall respond to the document requests in the time

5    frame designated therein unless modified below.

6    B.    <u>Budgetary Document Requests</u>

7             The hospitals seek documents in response to request numbers 34-36, which pertain to the

8    annual or other budgets prepared by the unions, and request number 40, which relates to bank

9    records for Local 715.  At the hearing the unions suggested it would produce documents related to

10   any portion of the budget that references either Local 715 or Stanford Hospital.  The unions'

11   limitation, however, could exclude responsive documents that do not specifically name Stanford

12   Hospital or Local 715 but are otherwise responsive.  The unions, therefore, will produce documents

13   reflecting those portions of the budgets that pertain or relate to the hospitals or the representation of

14   employees of the hospitals.  The unions further request that UHW's budget for 2008 be excluded

15   because UHW recently won a secret ballot election and therefore the production of such information

16   could unfairly impact the bargaining relationship between the parties.  While such material may

17   relate to sensitive issues of representation, they appear to be relevant to the matters in controversy,

18   and should be produced.  Finally, the unions seek to limit request number 40 to dues payments

19   received by employers such as Stanford Hospital, Stanford University, and Santa Clara University,

20   instead of every single financial transaction.  As opposed to request numbers 34-36, where a

21   limitation to specific names could result in the exclusion of responsive documents, such a limitation

22   here is warranted because relevant dues payments presumably would carry the name of the particular

23   involved entity.  Accordingly, production of documents in response to number 40 shall be modified

24   as requested by the unions.

25   C.    <u>Website Document Requests</u>

26            The hospitals seek documents in response to request numbers 12-14, which request

27   documents relating to UHW's website.  The unions maintain that complying with this request is

28   burdensome because the website frequently changes.  At the hearing, the Court expressed concern

1   that frequent changes to the website possibly could be burdensome and instructed the unions to

2   report how frequently such changes were made.  In their supplemental report, the unions still had no

3   clear answer, but declared that it would inform the Court by October 1, 2008.  That date has passed,

4   and without a clear picture of how often the website was changed or updated, the hospitals' request is

5   granted as it is currently written.

6   D.      WRR Document Requests

7           The hospitals seek documents in response to request number 20 relating to WRR's

8   representation of Local 715.  The hospitals acknowledge that they are not seeking documents or

9   portions of documents containing legal advice, but rather are seeking documents pertaining to

10  whether Local 715 retained WRR or whether UHW retained the firm pursuant to a servicing

11  agreement.  The unions insist that it would be extremely burdensome for its single trustee to compile

12  every document that relates to anything WRR did for Local 715 from January 2006 to the present,

13  including WRR's representation on behalf of Local 715 in any litigation, grievance proceeding,

14  arbitration, or administrative hearing whether related to the hospitals or not.  Instead, the unions are

15  willing to produce all documents and writings related to the grievances at issue in this matter.

16  Despite the unions' arguments to the contrary, limiting the hospitals to the few grievances at issue

17  would fail to provide the hospitals with an overall picture of what persons or organization was

18  retaining WRR in its provision of legal services to Local 715 relating to the its operational status.

19  Therefore, the unions shall respond to request number 20.

20  E.      Documents Relating to Relationships with Union Locals and Employers

21          The hospitals seek documents in response to request numbers 48-55 that pertain to the

22  relationships between Local 715 and Stanford University and Santa Clara University — two

23  employers whose employees Local 715 allegedly represented.  Again, the unions contend that for

24  their single trustee to compile every responsive document would be extremely burdensome.  A bare

25  allegation of burden without more information as to the number of documents that exist or estimated

26  to exist does not suffice to exempt the unions from their discovery obligations.  These documents

27  may be relevant because they may reflect the status of Local 715.  Finally, the assertion that these

28

United States District Court
For the Northern District of California

4

1  requests should be denied because they do not contain a timeline is without merit.  Each request has

2  a specific time period beginning in January 2006.

3

4  F.      Depositions of Smith, Sermersheim, and Escamilla

5          The unions do not oppose the hospitals' plan to take the depositions of Smith, Sermersheim,

6  and Escamilla.  The unions note that the parties will meet and confer to schedule the depositions to

7  take place before October 31, 2008.  The hospitals seek a date certain for the deposition to occur no

8  later than October 31, 2008.  Consequently, the motion is granted, and the depositions of Smith,

9  Sermersheim, and Escamilla shall be noticed and held within twenty days of the date of this order.

10                                    III. CONCLUSION

11         The hospitals' motions to compel are granted in part and denied in part as follows:

12         (1) The unions shall produce documents covering the time periods commencing on July 1,

13  2005, for request numbers 2-8, 28-33, 37, 39, January 2006 for request numbers 10, 14, 17, 20, 40-

14  42, 48-55, and January 2007 for request numbers 9, 11-13, 15-16, 21, 34-36, 38, unless modified

15  below.

16         (2) In response to request numbers 34-36, the unions shall produce information on those

17  portions of their budgets that pertain or relate to the hospitals or the representation of employees of

18  the hospitals.  The unions shall produce budget information for the time period including 2008.

19         (3) Request number 40 is granted in part and denied in part, in that it is limited to dues

20  payments designated from members employed by Stanford Hospital, Stanford University, and Santa

21  Clara University.

22         (4) Request numbers 12-14, which request documents relating to UHW's website, is granted

23  as presented.

24         (5)  In response to request number 20 relating to WRR's representation of Local 715,  the

25  unions shall compile documents related to anything WRR did for Local 715 from January 2006 to

26  the present which includes WRR's representation on behalf of Local 715 in any litigation, grievance

27  proceeding, arbitration, and/or administrative hearing whether specifically related to the hospitals or

28  not.

United States District Court
For the Northern District of California

1        (6)  Request numbers 48-55, which seek documents that pertain to the relationships between

2    Local 715 and Stanford University and Santa Clara University are granted.

3

4        (7) The unions shall make their supplemental responses within ten days of the date of this

5    order.

6        (8) The depositions of Smith, Sermersheim, and Escamilla shall be noticed and held within

7    twenty days of the date of this order.

8        (9) The deposition of Pullman is dismissed without prejudice as described in footnote two.

9        IT IS SO ORDERED.

10

11   Dated: October 8, 2008

12                                                          RICHARD SEEBORG
                                                           United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   ORDER GRANTING IN PART AND DENYING IN PART PETITIONERS' MOTIONS TO COMPEL: (1)
     DISCOVERY RESPONSES, AND (2) DEPOSITIONS
     C 07-5158 JF (RS)

**United States District Court**
For the Northern District of California

6

1  **THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

2  Bruce A. Harland      courtnotices@unioncounsel.net, bharland@unioncounsel.net

3  Eileen Regina Ridley      eridley@foley.com, tschuman@foley.com, wdelvalle@foley.com

4  Laurence R. Arnold      larnold@foley.com

5  Scott Powers Inciardi      sinciardi@foley.com, kkunisaki@foley.com, syardley@foley.com

6  Vincent A. Harrington , Jr      courtnotices@unioncounsel.net

7  W. Daniel Boone      courtnotices@unioncounsel.net

8  Counsel are responsible for distributing copies of this document to co-counsel who have not
9  registered for e-filing under the Court's CM/ECF program.

10  **Dated: 10/8/08**                                              **Richard W. Wieking, Clerk**

11

12                                                                     **By:**          **Chambers**

13

United States District Court
For the Northern District of California

28  ORDER GRANTING IN PART AND DENYING IN PART PETITIONERS' MOTIONS TO COMPEL: (1)
DISCOVERY RESPONSES, AND (2) DEPOSITIONS
C 07-5158 JF (RS)